UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRETT RAIO, | ) | |
| PEREZ NDI, and, | ) | |
| REETIK DHAMALA | ) | |
| *Plaintiffs*, | ) | Case No. 1:25-cv-02709 |
| | ) | |
| *v.* | ) | **Hon. Sara L. Ellis** |
| | ) | |
| The CITY OF CHICAGO, an Illinois | ) | |
| municipal corporation, and Chicago Police | ) | |
| Officers MARIO L. JACKSON, NICO A. | ) | |
| SUTOR, CARLOS R. CAMEY | ) | |
| SANDOVAL, MICHAEL P. JOYCE, | ) | |
| WILLIAM E. GATLIN, and MICHAEL | ) | |
| PETRASKI in their official and individual | ) | |
| capacities, | ) | |
| *Defendants*. | ) | |
| | ) | |

## JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

The parties have conferred as required by Rule 26(f) and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

## 1. The Nature of the Case:

**A. Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.**

Liam Harrell*
Nathan Moelker
AMERICAN CENTER FOR
    LAW & JUSTICE
201 Maryland Ave., NE
Washington, DC 20002
lharrell@aclj.org

Geoffrey Surtees
PO Box 60
New Hope, KY 40052
gsurtees@aclj.org

*Lead Trial Counsel
*Counsel for Plaintiffs*

Charles E. Hervas
Kaleah M. Ault
HERVAS, CONDON &
    BERSANI, PC
333 W. Pierce Rd.
Ste. 195
Itasca, IL 60143
chervas@hcbattorneys.com
kault@hcbattorneys.com

*Local Counsel for
Plaintiffs*

Ellen McLaughlin*
Eric Seeleman
Dylan Gill
CITY OF CHICAGO
    DEPARTMENT OF LAW
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
Tel: (312) 742-5147
Fax: (312) 742-3902
Ellen.McLaughlin@cityofchicago.org
Eric.Seeleman@cityofchicago.org
Dylan.Gill@cityofchicago.org

*Lead Trial Counsel
*Counsel for Defendants*

**B. Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims.**

*Plaintiffs' Statement of Claims*

Three street preachers—Brett Raio, Perez Ndi, and Reetik Dhamala—have filed a federal lawsuit against the City of Chicago and several police officers, alleging violations of their constitutional rights. They claim they were unlawfully cited or arrested for using sound amplification during public preaching, despite city ordinances only requiring permits for amplification louder than average conversation levels at 100 feet. Plaintiffs argue that the city enforces a de facto policy that suppresses lawful religious expression in public spaces. They seek declaratory and injunctive relief, as well as damages, under the First, Fourth, and Fourteenth Amendments, 42 U.S.C. § 1983, the Illinois Constitution, and the Illinois Religious Freedom Restoration Act.

*Defendants' Statement of Counterclaims and Affirmative Defenses*

Defendants deny that Plaintiffs are entitled to any relief whatsoever. Defendants may also assert defenses under Fed. R. Civ. P. 12(b), counterclaims, and affirmative defenses against Plaintiffs at a time required by the Federal Rules, the Local Rules of the Northern District of Illinois, or any scheduling order entered by this Court.

**C. Briefly identify the major legal and factual issues in the case.**

*Plaintiffs anticipate the following issues in this litigation:*

Whether the Plaintiffs' use of sound amplification in public areas exceeded the volume limits set by Chi., Ill., Code § 8-32-070 (i.e., louder than average conversational level at 100 feet), or if they were cited despite staying within legal limits.

Whether the Defendants arrested the Plaintiffs for their speech.

Whether the City of Chicago and its police officers applied the ordinance consistently or enforced it selectively against the Plaintiffs based on the religious content of their speech.

Whether the Plaintiffs were lawfully arrested or cited, or if officers lacked probable cause and acted under an unofficial policy to suppress public religious expression.

Whether the City has a *de facto* policy or custom of requiring permits for all amplification use, regardless of actual volume, thus effectively restricting lawful speech.

Whether the City of Chicago has a policy, custom, or practice of denying use of amplified speech to persons engaging in religious speech.

Whether Plaintiffs' speech has been chilled by the Defendants.

Whether there is a sufficient likelihood of repetition by the Defendants' response to future attempts by Plaintiffs to express their religious message through amplification.

Whether the City of Chicago's enforcement of its sound amplification ordinance violated the Plaintiffs' rights to free speech and free exercise of religion by targeting their religious expression in public spaces.

Whether the ordinance is on its face unconstitutional as a violation of the First Amendment.

Whether Plaintiffs' arrests and detentions were made without probable cause, constituting unlawful seizures under the Fourth Amendment.

Whether the city and individual officers can be held liable for constitutional violations under 42 USC § 1983.

Whether the city's actions imposed a substantial burden on Plaintiffs' religious exercise without a compelling government interest, in violation of The Illinois RFRA and State Constitutional law.

*Defendants anticipate the following issues in this litigation:*

Whether Plaintiffs violated City ordinances.

Whether Plaintiffs have alleged a First Amendment claim.

Whether Plaintiffs have alleged a Fourth Amendment claim.

Whether Plaintiffs have alleged a Fourteenth Amendment claim.

Whether Plaintiffs have alleged an Illinois RFRA claim.

Whether Plaintiffs have alleged a section 1983 claim against the City.

Whether the individual defendants are entitled to qualified immunity.

Whether Plaintiffs have standing to seek prospective injunctive relief.

Whether the Illinois Tort Immunity Act bars Plaintiffs' state law damages claims.

**D. Relief sought by Plaintiffs.**

A declaratory judgment that Chicago Ordinance § 8-32-070 is unconstitutional. A permanent injunction against Defendants from enforcing the Ordinance, or in the alternative from enforcing the Ordinance in a manner unconstitutional with Plaintiffs' First Amendment rights. Compensatory damages for the violation of their constitutional rights, or in the alternative nominal damages. The return of personal property. Attorneys' fees and costs and all other relief to which Plaintiffs may be entitled.

**2. Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**

    **A. Identify all federal statutes on which federal question jurisdiction is based.**

This Court has federal question jurisdiction under 28 U.S.C. § 1331 over the federal claims brought pursuant to 42 U.S.C. § 1983, and supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367.

    **B. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

        **(1) State whether the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount.**

        N/A

        **(2) Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.**

        Plaintiff Raio is a Citizen of the State of Maine
        Plaintiff Ndi is a Citizen of the State of Ohio
        Plaintiff Dhalma is a Citizen of the State of Illinois

        Defendant City of Chicago is an Illinois Municipal Corporation

        Defendant Police Officers (Jackson, Sutor, Sandoval Joyce, Gatlin, Petraski) are Citizens of the State of Illinois.

**3. Status of Service: Identify any defendants that have not been served.**

All Defendants have been served. The City of Chicago has been served through their Department of Law. The Police Officer Defendants have been served through the Chicago PD Office of Legal Affairs. Defense counsel is still working to confirm their representation of the individual Police Officer Defendants.

**4. Consent to Proceed Before a United States Magistrate Judge**

The parties do not consent to proceed before a Magistrate Judge

**5. Motions:**

    **A. Briefly describe any pending motions.**

There are no pending motions at this time.

4

**B. State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

Defendants anticipate filing a motion to dismiss Plaintiffs' Amended Complaint in its entirety. Defendants have requested an extension to time to file their motion to June 27, 2025.

**6. Case Plan:**

**A. Proposed discovery plan:**

Given the nature of Defendants' anticipated motion to dismiss, which will raise questions of law that have the potential to resolve the entirety of the litigation, the parties are in agreement that no discovery schedule should be set until the Court rules on the motions to dismiss.

**B. With respect to trial, indicate the following:**

**(1) Whether a jury trial is requested; and**

Yes, Plaintiffs have requested a jury trial.

**(2) The probable length of trial.**

A trial in this matter is currently estimated at three days.

**7. Status of Settlement Discussions:**

**A. Indicate whether any settlement discussions have occurred;**

No settlement discussions have yet taken place.

**B. Describe the status of any settlement discussions; and**

The parties can proceed with settlement conversations as soon as representation of all Defendants is confirmed.

**C. Whether the parties request a settlement conference.**

The parties do not request a settlement conference at this time.

**/s/ Liam R. Harrell**

Liam Harrell
Nathan Moelker
AMERICAN CENTER FOR LAW & JUSTICE
201 Maryland Ave., NE
Washington, DC 20002
Tel: (202) 641-9160
Fax: (202) 546-9309
lharrell@aclj.org
nmoelker@aclj.org

Geoffrey Surtees
AMERICAN CENTER FOR LAW & JUSTICE
PO Box 60
New Hope, KY 40052
gsurtees@aclj.org
502-549-7020 (tel)
502-549-5252 (fax)

Charles E. Hervas
Kaleah M. Ault
HERVAS, CONDON & BERSANI, PC
333 W. Pierce Rd., Ste. 195
Itasca, IL 60143
chervas@hcbattorneys.com
kault@hcbattorneys.com

*Counsel for Plaintiffs*

**/s/ Ellen W. McLaughlin**

Ellen McLaughlin
Eric Seeleman
Dylan Gill
CITY OF CHICAGO DEPARTMENT OF LAW
2 N. LaSalle Street
Suite 520
Chicago, IL 60602
(312) 742-5147
(312) 742-3902
Ellen.McLaughlin@cityofchicago.org
Eric.Seeleman@cityofchicago.org
Dylan.Gill@cityofchicago.org

*Counsel for Defendants*