UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRETT RAIO; PEREZ NDI; and REETIK DHAMALA, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, an Illinois municipal corporation, and Chicago Police Officers MARIO L. JACKSON, NICO A. SUTOR, CARLOS R. CAMEY SANDOVAL, MICHAEL P. JOYCE, WILLIAM E. GATLIN, and MICHAEL PETRASKI, in their official and individual capacities, <br><br> Defendants. | No. 25-cv-02709 <br><br> The Honorable Sara L. Ellis |

## DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS

Defendants City of Chicago and Chicago Police Officers Mario L. Jackson, Nico A. Sutor, Carlos R. Camey Sandoval, Michael P. Joyce, William E. Gatlin, and Michael Petraski respectfully move the Court for an order dismissing Plaintiffs' claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this Motion, Defendants incorporate their accompanying memorandum of law and state as follows:

1. Plaintiffs Brett Raio, Perez Ndi, and Reetik Dhamala violated the City's sound amplification ordinance, Municipal Code of Chicago, Ill. ("MCC") § 8-32-070, when they refused to lower the volume of their amplifier while "street preaching" on Michigan Avenue in December 2024 and February 2025. Raio was cited, and Ndi and Dhamala were arrested.

2. Plaintiffs seek equitable relief and damages under 42 U.S.C. section 1983 for alleged violations of the First Amendment (counts I, II, and VIII); due process (counts III and VIII); equal protection (count IV); the Fourth Amendment under the theory of false arrest (count

VI); and the First and Fourth Amendments under the theory of retaliatory arrest (count IV). They also assert a supplemental state-law claim under the Illinois Religious Freedom Restoration Act ("IRFRA"), 775 ILCS 35/1 *et seq*. (count V).

3.     Plaintiffs' claims against the City should be dismissed because they have not alleged a basis for municipal liability, as required under *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).

4.     Plaintiffs' alleged Due Process violations under counts III and VIII should be dismissed because they fail to show that the sound amplification ordinance is so indefinite that ordinary people cannot understand it or that there are insufficient guidelines to govern its enforcement. Plaintiffs also fail to set forth sufficient allegations supporting the existence of an "unwritten" policy or practice of enforcing the sound amplification ordinance against religious speakers, and in any event, such an unwritten policy does not establish a basis for a due process vagueness challenge.

5.     Plaintiffs' First Amendment free speech claim in count I should be dismissed because they fail to show that Defendants improperly enforced the sound amplification ordinance against them, let alone violated their First Amendment rights by preventing them from amplifying their music and speech on the public way. Similarly, Plaintiffs' First Amendment vagueness challenge under count VIII should be dismissed because they fail to show that there is a real and substantial chilling effect on their speech.

6.     Plaintiffs' equal protection claim in count IV should be dismissed because the sound amplification ordinance is rationally related to the City's legitimate interest in avoiding noise disturbances to the public, and Plaintiffs fail to allege facts showing that the ordinance was selectively enforced against them so as to discriminate against them based on their religion.

7. Plaintiffs' false arrest claim in count VI should be dismissed because there was probable cause for their detainment or arrests.

8. Plaintiffs' retaliatory arrest claim in count IV should be dismissed because they were not arrested in retaliation for protected conduct, but because they violated the MCC.

9. Plaintiffs' IRFRA claim in count II should be dismissed because Plaintiffs identify no substantial burden on their religious exercise, as IRFRA claims require, and the Illinois Tort Immunity Act bars their state-law damages claim.

10. Plaintiffs' claims against the individual Defendant officers should be dismissed because the officers are entitled to qualified immunity.

WHEREFORE, for the reasons above and in the accompanying memorandum of law, the Court should grant Defendants' Motion and dismiss the Complaint under Rule 12(b)(6) with prejudice.

Date: June 27, 2025

Respectfully submitted,

ELLEN MCLAUGHLIN
ellen.mclaughlin@cityofchicago.org
DYLAN GILL
dylan.gill@cityofchicago.org
ERIC SEELEMAN
eric.seeleman@cityofchicago.org
City of Chicago Department of Law
2 North LaSalle, Suite 520
Chicago, IL 60602
312-742-5147 / 744-4216 / 742-3902

MARY B. RICHARDSON-LOWRY,
Corporation Counsel for the City of Chicago

By:  */s/ Dylan M. Gill*
Assistant Corporation Counsel

*Attorneys for Defendant City of Chicago*