UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRETT RAIO, PEREZ NDI, and REETIK DHAMALA<br>    *Plaintiffs*,<br><br>v.<br><br>The CITY OF CHICAGO, an Illinois municipal corporation, and Chicago Police Officers MARIO L. JACKSON, NICO A. SUTOR, CARLOS R. CAMEY SANDOVAL, MICHAEL P. JOYCE, WILLIAM E. GATLIN, and MICHAEL PETRASKI, in their official and individual capacities,<br>    *Defendants*. | Case No. 1:25-cv-02709<br><br>**Hon. Sara L. Ellis** |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f) and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**1. The Nature of the Case:**
    **A. Identify all attorneys of record for each party, including the lead trial attorney.**

Liam Harrell*
Nathan Moelker
AMERICAN CENTER FOR LAW & JUSTICE
201 Maryland Ave., NE
Washington, DC 20002
lharrell@aclj.org
nmoelker@aclj.org

Geoffrey Surtees
AMERICAN CENTER FOR LAW & JUSTICE
PO Box 60
New Hope, KY 40052
gsurtees@aclj.org

*Lead Trial Counsel
*Counsel for Plaintiffs*

Ellen McLaughlin*
Eric Seeleman
Hannah Pitcher
CITY OF CHICAGO DEPARTMENT OF LAW
2 N. LaSalle Street, Suite 520 Chicago, IL 60602
(312) 742-5147 (McLaughlin)
(312) 742-3902 (Seeleman)
Ellen.McLaughlin@cityofchicago.org
Eric.Seeleman@cityofchicago.org
Hannah.Pitcher@cityofchicago.org

*Lead Trial Counsel
*Counsel for Defendants*

1

**B. Briefly describe the nature of the claims asserted in the complaint and any counterclaims and/or third party claims.**

*Plaintiffs' Statement of Claims*

Three street preachers—Brett Raio, Perez Ndi, and Reetik Dhamala—have filed suit against the City of Chicago and several police officers, alleging violations of their constitutional rights. They claim they were unlawfully cited or arrested for using sound amplification during public preaching, despite city ordinances only requiring permits for amplification louder than average conversation levels at 100 feet. Plaintiffs argue that the City utilizes the ordinance to enforce a *de facto* policy targeting and suppressing lawful religious expression in public spaces. They seek declaratory and injunctive relief, as well as damages, under the First, Fourth, and Fourteenth Amendments, 42 U.S.C. § 1983, the Illinois Constitution, and the Illinois Religious Freedom Restoration Act.

*Defendants' Statement of Counterclaims and Affirmative Defenses*

Defendants deny that Plaintiffs are entitled to any relief whatsoever. Defendants may also assert counterclaims and affirmative defenses against Plaintiffs at a time required by the Federal Rules, the Local Rules of the Northern District of Illinois, or any scheduling order entered by this Court.

**C. Briefly identify the major legal and factual issues in the case.**

*Plaintiffs anticipate the following issues in this litigation:*

Whether Plaintiffs' use of sound amplification in public areas exceeded the volume limits set by Chi., Ill., Code § 8-32-070 (i.e., louder than average conversational level at 100 feet), or whether they were cited despite staying within legal limits.

Whether Defendants arrested Plaintiffs for their speech.

Whether the City of Chicago and its police officers applied the ordinance consistently or enforced it selectively against Plaintiffs based on the religious content of their speech.

Whether Plaintiffs were lawfully arrested or cited, or if officers lacked probable cause and acted under an unofficial policy to suppress public religious expression.

Whether the City has a *de facto* policy or custom of requiring permits for all amplification use, regardless of actual volume, thus effectively restricting lawful speech.

Whether the City of Chicago has a policy, custom, or practice of denying use of amplified speech to persons engaging in religious speech.

Whether Plaintiffs' speech has been chilled by Defendants.

Whether there is a sufficient likelihood of repetition by Defendants' response to future attempts by Plaintiffs to express their religious message through amplification.

Whether the City of Chicago's enforcement of its sound amplification ordinance violated Plaintiffs' rights to free speech and free exercise of religion by targeting their religious expression in public spaces.

Whether Plaintiffs' arrests and detentions were made without probable cause, constituting unlawful seizures under the Fourth Amendment.

Whether the city and individual officers can be held liable for constitutional violations under 42 U.S.C. § 1983.

Whether the city's actions imposed a substantial burden on Plaintiffs' religious exercise without a compelling government interest, in violation of The Illinois RFRA and State Constitutional law.

*Defendants anticipate the following issues in this litigation:*

Whether Plaintiffs violated City ordinances.

Whether the individual defendants are entitled to qualified immunity.

Whether Plaintiffs have standing to seek prospective injunctive relief.

Whether the Illinois Tort Immunity Act bars Plaintiffs' state law damages claims.

**D. Relief sought by Plaintiffs.**

A declaratory judgment that Chicago Ordinance § 8-32-070 is unconstitutional. A permanent injunction against Defendants from enforcing the Ordinance, or in the alternative from enforcing the Ordinance in a manner inconsistent with Plaintiffs' First Amendment rights. Compensatory damages for the violation of their constitutional rights, or in the alternative nominal damages. The return of personal property. Attorneys' fees and costs and all other relief to which Plaintiffs may be entitled.

**2. Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**

**A. Identify all federal statutes on which federal question jurisdiction is based.**

This Court has federal question jurisdiction under 28 U.S.C. § 1331 over the federal claims brought pursuant to 42 U.S.C. § 1983, and supplemental jurisdiction over the state law claim under 28 U.S.C. § 1367.

**B. If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**

**(1) State whether the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount.**

3

    N/A

**(2) Identify the state of citizenship of each named party. For unincorporated associations, LLCs, partnerships, and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.**

Plaintiff Raio is a Citizen of the State of Maine
Plaintiff Ndi is a Citizen of the State of Illinois
Plaintiff Dhamala is a Citizen of the State of Illinois

Defendant City of Chicago is an Illinois Municipal Corporation

Defendant Police Officers (Jackson, Sutor, Sandoval Joyce, Gatlin, Petraski) are Citizens of the State of Illinois.

**3. Status of Service: Identify any defendants that have not been served.**

    All Defendants have been served.

**4. Consent to Proceed Before a United States Magistrate Judge**

    The parties do not consent to proceed before a Magistrate Judge

**5. Motions:**

    **A. Briefly describe any pending motions.**

    There are no pending motions at this time.

    **B. State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

    Defendants anticipate filing their answer by: April 3, 2026

**6. Case Plan:**

    **A. Proposed discovery plan:**

| Type of Discovery Needed | Deadline |
| --- | --- |
| Rule 26(a)(1) Disclosures | April 10, 2026 |
| First Date to Issue Written Discovery Requests | April 17, 2026 |
| Completion of Written Discovery | October 30, 2026 |
| Disclosure of Plaintiff's Expert Report(s) | December 4, 2026 |
| Deadline to Depose Plaintiff's Expert(s) | January 15, 2027 |
| Completion of Fact Discovery | February 2, 2027 |

| | |
|---|---|
| Deadline of Defendant's Expert Report(s) | February 19, 2027 |
| Deadline to Depose Defendants' Expert(s) | March 12, 2027 |
| Disclosure of Plaintiff's Rebuttal Expert | March 19, 2027 |
| Deadline to Depose Plaintiff's Rebuttel Expert/ Close of Expert Discovery | April 2, 2027 |
| Final Date to File Dispositive Motions | May 21, 2027 |

    **B. With respect to trial, indicate the following:**

        **(1) Whether a jury trial is requested; and**

        Yes, Plaintiffs have requested a jury trial.

        **(2) The probable length of trial.**

        A trial in this matter is currently estimated at three days.

**7. Status of Settlement Discussions:**

    **A. Indicate whether any settlement discussions have occurred;**

No settlement discussions have yet taken place.

    **B. Describe the status of any settlement discussions; and**

Plaintiffs are willing to engage in settlement discussions.

    **C. Whether the parties request a settlement conference.**

The parties do not request a settlement conference at this time.

| | |
|---|---|
| **/s/ Liam R. Harrell** | **/s/ Ellen W. McLaughlin** |
| Liam Harrell<br>Nathan Moelker<br>AMERICAN CENTER FOR LAW & JUSTICE<br>201 Maryland Ave., NE<br>Washington, DC 20002<br>Tel: (202) 641-9160<br>Fax: (202) 546-9309<br>lharrell@aclj.org<br>nmoelker@aclj.org<br><br>Geoffrey Surtees<br>AMERICAN CENTER FOR LAW & JUSTICE<br>PO Box 60<br>New Hope, KY 40052<br>Tel: (502) 549-7020<br>Fax: (502) 549-5252<br>gsurtees@aclj.org<br><br>*Counsel for Plaintiffs* | Ellen McLaughlin<br>Eric Seeleman<br>Hannah Pitcher<br>CITY OF CHICAGO DEPARTMENT OF LAW<br>2 N. LaSalle Street<br>Suite 520<br>Chicago, IL 60602<br>(312) 742-5147 (McLaughlin)<br>(312) 742-3902 (Seeleman)<br>Ellen.McLaughlin@cityofchicago.org<br>Eric.Seeleman@cityofchicago.org<br>Hannah.Pitcher@cityofchicago.org<br><br>*Counsel for Defendants* |