# Exhibit A

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BRETT RAIO, | ) | |
| PEREZ NDI, and | ) | No. 25-cv-2709 |
| REETIK DHAMALA, | ) | |
| | ) | **District Judge:** |
| Plaintiffs, | ) | **The Honorable Sara L. Ellis** |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**AGREED CONFIDENTIALITY ORDER**[1]

[If by agreement] The parties to this Agreed Confidentiality Order have agreed to the terms of this Order.  [If not fully agreed] A party to this action has moved that the Court enter a confidentiality order.  ~~The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court.  Accordingly, it is ORDERED:~~

1.    **Scope.** All materials produced in discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information gained directly therefrom (collectively "documents"), are subject to this

---

[1] ~~Parties should include or delete language in brackets as necessary to their specific case.  Any changes to this model order must be shown by redlining showing both deletions and additions.  This model order is for the parties' convenience and the Court and not intended to create a presumption in favor of the provisions in this model order and against alternative language the parties may propose.  The court will make the final decision on the terms of any Order notwithstanding the parties' agreement.  Parties are to delete this footnote when submitting their proposed Order.~~

Order concerning Confidential Information as defined below. This Order is subject to the Local Rules and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Confidential Information.** As used in this Order, "Confidential Information" means information the producing party designates as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; ~~and~~ (g) personnel or employment records of a person who is not a party to the case; and (h) any information in "complaint register" or "CR" files that is of a personal, private, sensitive, or non-public nature.[2] The producing party may not designate information or documents that are available to the public as Confidential Information.

3. **Designation.**

(a) A party may designate a document as Confidential Information for protection under this Order by affixing the words "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes

---

[2] ~~If protection is sought for additional or different categories of information, the parties are to include them in this paragraph. Parties are to delete this footnote once the Paragraph is finalized.~~

electronic images, duplicates, extracts, summaries or descriptions that include or reflect the Confidential Information. The marking "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" must be applied prior to or ~~at the time~~ as soon as practicable after the documents are produced or disclosed. Applying the marking "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL- SUBJECT TO PROTECTIVE ORDER" must also be so marked, except that indices, electronic databases or lists of documents that do not show substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)     The designation of a document as Confidential Information is a certification by an attorney or a party appearing *pro se* that the document includes Confidential Information as defined in this order.[3]

4.     Depositions.[4]

~~Alternative A.~~ Deposition testimony, including exhibits, is protected by this

---

[3] An attorney who reviews the documents and designates them as CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER must be admitted to the bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the attorney is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, the designating attorney submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

[4] ~~The parties must select one Alternative for handling deposition testimony and delete the other alternative and this footnote.~~

Order only if designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on the record at the time the testimony is taken. Such designation must be specific as to the portions that include Confidential Information. Deposition testimony so designated must be treated as Confidential Information protected by this Order ~~until 14 days after delivery of the transcript by the court reporter to any party or the witness~~. Within 14 days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record identifying additional ~~the~~ specific portions of the transcript or exhibits that are designated Confidential Information, and thereafter those additional portions identified in the Notice of Designation must also be protected under the terms of this Order. The failure to serve a timely Notice of Designation waives any designation of additional deposition testimony or exhibits as Confidential Information ~~that was made on the record of the deposition,~~ unless the Court orders otherwise.

==Alternative B.== ~~Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: no later than the 14th day after the transcript is delivered to any party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless the Court~~

~~orders otherwise.~~

**5. Protection of Confidential Material.**

(a) General Protections. Confidential Information must not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof.

~~CASE: In a putative class action, Confidential Information may be disclosed only to the Named Plaintiffs and not to any other member of the putative class unless and until a class has been certified.]~~

(b) Limited Third-Party Disclosures. The parties and counsel for the parties must not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

(1) Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

(2) Parties. Individual parties and employees and insurance carriers of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed or, in the case of insurance carriers, that the actual or alleged coverage or contract with the insurance carrier(s) pertains, may pertain, or allegedly pertains to the litigation;

(3) The Court and its personnel;

(4) Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5) Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(8) Author or recipient. The author or recipient of the document (not including ~~a~~ the person who received the document in the course of litigation); and

(9) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) Control of Documents. Counsel for the parties must make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel must maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of 3 years after the termination of the case.

**6.    Redactions of Personal Identifying Information.**

Notwithstanding the foregoing provisions, the responding party shall have the right to redact from all documents produced in discovery, social security numbers, dates of birth, and information covered by the Juvenile Court Act, as well

as, for security reasons, all references to a current or former individual police officers' confidential information about him/herself and his/her family, including but not limited to, social security number, home address, home and cellular telephone number(s), personal email address(es), the names of family members and the names of insurance beneficiaries. An officer's name, badge number, precinct and the nature of a complaint made against the officer may not be redacted pursuant to this section, nor shall any information identifying or describing noise complaint or religious issues. Plaintiffs reserve the right to object to any redactions made pursuant to this paragraph and to seek relief from the Court should the parties be unable to resolve the dispute.

6.7.  **Inadvertent Failure to Designate.**  An inadvertent failure to designate a document as Confidential Information does not by itself waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential Information after it was initially produced without such designation, the receiving party must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material was not designated as Confidential Information, even if the failure to so designate was inadvertent.

7.8.  **Filing of Confidential Information.**  This Order does not authorize the filing of any document under seal. Any party wishing to file a document

designated as Confidential Information under seal in connection with a motion, brief or other submission to the Court must comply with LR 26.2. Parties must use reasonable means (e.g., redacting, describing the matter generally) to avoid submitting Confidential Information even under seal.

8.9. **No Greater Protection of Specific Documents.** No party may withhold information from discovery, unless privilege is asserted, on the ground that it requires protection greater than that afforded by this Order without the party moving for an order requiring such special protection.

9.10. **Challenges by a Party to Designation as Confidential Information.** Parties may challenge the designation of any material or document as Confidential Information. The following procedure applies to any such challenge.

(a)     Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with the designating party. When conferring, the challenging party must explain the basis for needing to use the challenged information in litigation and for its belief that the confidentiality designation is not proper and give the designating party an opportunity to reconsider and explain the basis for the designation. The designating party must respond to the challenge within 5 business days.

(b)     Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with Subsection (a) above. The burden of persuasion in any such challenge is with

the designating party.  However, until the Court rules on the challenge, the parties must continue to treat the challenged materials as Confidential Information.

10.11. **Action by the Court.**  Applications to the Court for an order relating to materials or documents designated Confidential Information must be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

11.12. **Use of Confidential** ~~Documents or~~ **Information at Trial.**  Nothing in this Order may be construed to affect the ~~use~~ admissibility of any document, material, or information at any trial or hearing.  A party that intends to present or ~~that~~which anticipates that another party may present Confidential information at a hearing or trial must bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information.  The Court may thereafter enter such orders as necessary to govern the use of such documents or information at trial.

12.13. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that compels the disclosure of any material or document designated in this action as Confidential Information, the receiving party must notify the designating party in writing immediately and in no event more than 3 business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material the subpoena or order seeks is the subject of this Order.  The receiving party must also deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party must bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information of the other party to this case.

~~13.~~14. **Challenges by Members of the Public to Sealing Orders.**  A party or interested member of the public has a right to challenge the sealing of documents that have been filed under seal, and the party asserting confidentiality has the burden of demonstrating the propriety of filing under seal.

~~14.~~15. **Obligations on Conclusion of Litigation.**
(a)     Order Continues in Force.  Unless otherwise agreed or ordered, this Order remains in force after dismissal or entry of final judgment not subject to further appeal.

(b)     Obligations at Conclusion of Litigation. Within 63 days after dismissal

or entry of final judgment not subject to further appeal, all Confidential Information and documents marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in Paragraph 3(a), must be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return;[5] ~~or~~ (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so; or (4) the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

(c) Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain: (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information; and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information is subject to this Order's protection. An attorney may use

---

[5] The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d)     Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.  Filings under seal may be deleted from the ECF system only with a Court order.

15.16. **Order Subject to Modification.**  The Court may modify the terms of this Order on its own or in response to a motion for good cause.

16.17. **No Prior Judicial Determination.**  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery.  Nothing herein may be construed or presented as a judicial determination that any document or material designated Confidential Information is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.18. **Persons Bound.**  This Order takes effect when entered and is binding on all attorneys of record and their law firms, the parties, and persons made subject to this Order by its terms.

ENTER:

_____

**Sara L. Ellis**
**United States District Judge**

ATTACHMENT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| BRETT RAIO, | ) | |
| PEREZ NDI, and | ) | No. 25-cv-2709 |
| REETIK DHAMALA, | ) | |
| | ) | District Judge: |
| Plaintiffs, | ) | The Honorable Sara L. Ellis |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ACKNOWLEDGMENT and
AGREEMENT TO BE BOUND

The undersigned hereby acknowledges that he/she has read the Confidentiality Order entered on _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____

_____
Signature