## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BRETT RAIO; PEREZ NDI; and REETIK DHAMALA, <br><br> *Plaintiffs,* <br><br> *v.* <br> The CITY OF CHICAGO, an Illinois municipal corporation, and Chicago Police Officers MARIO L. JACKSON, NICO A. SUTOR, CARLOS R. CAMEY SANDOVAL, MICHAEL P. JOYCE, WILLIAM E. GATLIN, and MICHAEL PETRASKI in their official and individual capacities. <br> *Defendants.* | Case No. 1:25-cv-02709 <br><br><br> **The Hon. Sara L. Ellis** |

## JOINT MOTION REGARDING DISCOVERY DISPUTE

Pursuant to FRCP 37(a), LR 37.2, and this Court's Standing Orders, the Parties state:

## FACTUAL BACKGROUND

Plaintiffs served Defendants with Interrogatories, Requests for Production of Documents (RFPs), and Requests for Admissions on April 17, 2026. Ex. A. On May 15, Defendants requested a 30-day extension to respond, explaining that some "requests are voluminous" and client departments would "need additional time to produce responsive documents," which would need to be reviewed and redacted. Ex. B. Plaintiffs consented to the extension. Ex. B. On May 18, Plaintiffs timely responded to Defendants' First Interrogatories and First RFPs. Ex. C.

On June 17, Defendants answered the Requests for Admission and sought another 30-day extension for the remaining discovery, explaining that the responsive material was extensive, and that one supervising counsel would be "out of the office from June 24 through July 6," while the other "will be engaged in trial the week of July 6 and occupied with trial preparation in the surrounding days," so counsel needed more time to "properly review our production." Ex. C. After a June 22 phone conference,[1] Plaintiffs consented to extend the deadline for Defendants' written responses to July 13. Defendants advised that likely would be insufficient. The parties agreed that responsive documents would be produced on a rolling basis. That day, Defendants provided 488 pages of written discovery. Exs. D, E. On June 27, Plaintiffs provided suggested email search terms for IT. Ex. F.

Defendants produced no discovery between June 23 and July 13. Lindsey Bachman filed a motion to appear for Plaintiffs on July 15, 2026. Dkt. 62. On July 14, Ms. Bachman inquired about the status of discovery. Ex. G. Defendants responded on July 16, producing nearly 3,000 additional documents and stating that they would provide written responses "soon." Ex. H. On July 17, Plaintiffs requested responses by July 20, contending that late responses would be untimely. Ex. J.

---

[1] Present in the conference were: Ellen McLaughlin, Eric Seeleman, and Hannah Pitcher of the Chicago Department of Law; and Liam Harrell and Benjamin Sisney of the ACLJ.

On July 20, Plaintiffs agreed to Defendants' revised protective order, Ex. I, and Defendants provided substantial revisions to Plaintiffs' suggested email search terms. Ex. K. On July 21, Plaintiffs called and emailed, requesting a meeting. Exs. L, M. Defendants responded with additional revised search terms and confirmed responses would be provided "shortly." Ex. N. Plaintiffs again requested a call. Ex. O. On July 22, Defendants served Responses and Objections to Plaintiffs' Requests for Production, asserting general and specific objections to each of the 37 requests. Exs. P, Q. Parties conferred by video conference on July 23,[2] and Defendants explained the status of production and the interrogatory responses. On July 24, Defendants served Answers and Objections to the Interrogatories, asserting general and specific objections, Ex. R, and produced additional documents.

On July 27, the Parties met and conferred via video conference[3] to discuss Plaintiffs' position that all Defendants' objections were untimely and thus waived. Defendants inquired whether Plaintiffs had concerns about any specific discovery requests and offered to discuss each request individually. Plaintiffs declined, explaining their position that all Defendants' objections were untimely and therefore waived, making the issue this motion presents the legal effect of the untimely objections, not the merits of any particular objection. Plaintiffs asked whether Defendants were willing to withdraw any objections, but Defendants declined. The Parties were unable to resolve that dispute.

## PLAINTIFFS' POSITION

After receiving two extensions and missing both deadlines, Defendants first served objections 96 days after Plaintiffs served discovery. A party must respond to RFPs and interrogatories within thirty days. Fed. R. Civ. P. 34(b)(2)(A); 33(b)(2). Absent good cause, untimely objections are waived. Fed. R. Civ. P. 33(b)(4); *Poulos v. Naas Foods*, 959 F.2d 69, 74 (7th Cir. 1992). Plaintiffs agreed to

---

[2] Present in the conference were: Ellen McLaughlin, Eric Seeleman, and Hannah Pitcher of the Chicago Department of Law; and Lindsey Bachman and Liam Harrell of the ACLJ.

[3] Present in the conference were: Ellen McLaughlin, Eric Seeleman, and Hannah Pitcher of the Chicago Department of Law; and Lindsey Bachman, Nathan Moelker, Liam Harrell, and Tracy Turner of the ACLJ.

multiple extensions, including a final July 13 deadline. Defendants made no additional production between June 23 and July 13, missed that deadline, and served written responses only after repeated follow-up on July 22 and 24. Any complexity, volume, or scheduling conflicts were addressed by the multiple extensions, and do not excuse further delay.

The deadlines ensure parties can evaluate objections, confer, and seek court intervention during discovery. Defendants' objections, after nearly three months, prejudiced Plaintiffs' discovery rights. Cases declining waiver as too "harsh" are distinguishable. *Ritacca v. Abbot Labs.*, 203 F.R.D. 332 (N.D. Ill. 2001) and *Romary Assoc. v. Kibbi*, No. 1:10-CV-376 (N.D. Ind. 2011) involved privilege and work-product protections, which courts treat differently from boilerplate discovery objections. Here, Defendants assert generalized objections without request-specific explanation. The objecting party bears the burden to explain why each objection applies, and rote objections need not be considered. *City of S. Bend v. Ill. Un. Ins. Co.*, 2017 U.S. Dist. LEXIS 229529 at *4 (S.D. Ind. 2017) ("When a party raises objections to discovery requests, [they] bear[] the burden to explain precisely why its objections are proper."); *Burkybile v. Mitsubishi Motors Corp.*, 2006 U.S. Dist. LEXIS 57892 (N.D. Ill. 2006).

FRP No. 9 was met with the assertion that it was "overbroad, unduly burdensome, irrelevant, and not proportional," and no documents were produced. RFP No. 32 had the same generalized objection, again with no production. These are not the privilege assertions addressed in *Ritacca* and *Romary*; they are waived boilerplate objections asserted after two extensions and the agreed deadline.

Allowing the objections to stand would convert Defendants' missed deadline into a substantive advantage. The remaining discovery period and ongoing productions do not cure that prejudice because the Rules treat timely objections and document production as separate obligations. Plaintiffs are not asking the Court to adjudicate each objection piecemeal. The issue is waiver: Defendants served their objections untimely, and they should not be permitted to use that delay to narrow Plaintiffs' discovery. Plaintiffs request an order deeming all objections waived; compelling

Defendants to serve complete and verified responses to Plaintiffs' First RFPs and First Interrogatories, without untimely objections, within seven days; compelling production of all responsive documents; and granting any further relief the Court deems just.

## DEFENDANTS' POSITION

Plaintiffs ask the Court to impose the harsh sanction of blanket waiver of every objection asserted—including attorney-client privilege and work-product doctrine—because Defendants' written responses were served a few days after the July 20 date Plaintiffs demanded. The Court has broad discretion to resolve discovery disputes, *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014), and here, Defendants' diligence, the good cause for delay, its insubstantial length, the lack of prejudice, and the over four months of fact discovery that remain weigh decisively against waiver.

At the outset, Plaintiffs' requests are complex, broad, and burdensome, seeking years of information about complaints and enforcement. *See, e.g.*, Ex. R (Interrogatories #7-8). Defendants are working in good faith to disclose information reasonably necessary to the litigation. There was good cause for the additional time Defendants required to provide responses, as explained to Plaintiffs. Defendants must collect and review responsive material from multiple City departments. Exs. B, C, Q. Defendants also advised that counsel would be out of the office and engaged in trial and trial preparation. Ex. C. After those obligations, counsel needed to review responses and obtain verification for the interrogatory answers. Ex. N. Defendants have now served written responses; obtained a protective order, *see* Dkt. 66; worked cooperatively to refine an ESI protocol; and produced over 3,400 pages of Bates-stamped material (SFL000001–SFL003451)—including arrest and case reports, body-worn camera recordings, disciplinary files, policies, and five years of Ordinance enforcement records. Defendants are reviewing additional documents for production. Exs. N, Q.

Against that record, the waiver Plaintiffs seek should be denied. Waiver of objections is a

"harsh sanction" reserved for parties "guilty of unjustified delay," *Gutierrez v. Baldwin*, No. 3:18-01478, 2020 WL 7123139, at *2 (S.D. Ill. Dec. 4, 2020), and where objections include privilege, it is particularly severe and "disfavored absent bad faith, wilfulness, or fault," *Sajda v. Brewton*, 265 F.R.D. 334, 338-39 (N.D. Ind. 2009). "Minor procedural violations, good faith attempts at compliance, and other such mitigating circumstances militate against finding waiver." *Ritacca v. Abbott Lab.,* 203 F.R.D. 332, 335 (N.D. Ill. 2001). And even absent a showing of good cause, objections are not waived if delay is insubstantial. *Wilson v. Kautex,* No. 1:07-CV-60, 2008 WL 162645, at *3–4 (N.D. Ind. Jan. 14, 2008). Courts have declined to find waiver on delays of five to nine days, *Blumenthal v. Drudge,* 186 F.R.D. 236, 240 (D.D.C. 1999); *Burlington Ins. v. Okie Dokie, Inc.*, 368 F. Supp. 2d 83, 86, 91 (D.D.C. 2005), and even a month and a half, *Romary Assocs., Inc. v. Kibbi LLC*, No. 1:10-CV-376, 2011 WL 4005346, at *4–5 (N.D. Ind. Sept. 8, 2011). Defendants' brief intervals fall comfortably in that range.

Other factors courts in this Circuit—prejudice, ability to cure, disruption to trial, and bad faith, *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 386 (7th Cir. 2008)—all cut against sanctions here. Plaintiffs have suffered no prejudice: fact discovery does not close until December 1, 2026, and no trial date is set. *See Wilson*, 2008 WL 162645, at *3 (no waiver where discovery remained open and delay was a matter of days). Plaintiffs have Defendants' written responses and over 3,400 pages of documents and identify no needed discovery that Defendants have not produced or committed to produce. Defendants' conduct shows no bad faith.

Nor do the objections Plaintiffs single out support blanket waiver. RFP No. 9 seeks the disciplinary history of a non-party officer, and RFP No. 32 seeks every amplified-sound permit issued in or around Millennium Park (a concert venue) for over five years. Exs. Q, K. These proportionality disputes can be addressed through the Local Rule 37.2 process. Defendants respectfully ask the Court to deny Plaintiffs' request to deem their objections waived and direct Plaintiffs to confer regarding any *specific* requests as to which Plaintiffs contend Defendants' production is deficient.

Page **5**

Dated July 31, 2026

Respectfully submitted,


By: /s/ Nathan J. Moelker*
Nathan J. Moelker*
Stuart J. Roth
Liam R. Harrell**
Lindsey C. Bachman**
AMERICAN CENTER FOR LAW & JUSTICE
201 Maryland Avenue, NE
Washington, D.C. 20002
Tel: (202) 641-9160
Fax: (202) 546-9309
Email: nmoelker@aclj.org
lharrell@aclj.org
lbachman@aclj.org

Geoffrey R. Surtees*
AMERICAN CENTER FOR LAW & JUSTICE
PO Box 60
New Hope, KY 40052
Tel: (502) 827-0951
Email: gsurtees@aclj.org

*Admitted to this Court's General Bar
** Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*

By: /s/ Ellen W. McLaughlin
Ellen McLaughlin
Eric Seeleman
Hannah Pitcher
CITY OF CHICAGO DEPARTMENT OF LAW
2 N. LaSalle Street Suite 520
Chicago, IL 60602
(312) 742-5147 (McLaughlin)
(312) 742-3902 (Seeleman)
Ellen.McLaughlin@cityofchicago.org
Eric.Seeleman@cityofchicago.org
Hannah.Pitcher@cityofchicago.org


*Counsel for Defendants*