Exhibit A
Email dated April 17, 2026

| | |
|---|---|
| **Subject:** | Raio v. Chicago: First Round Discovery Requests |
| **Date:** | Friday, April 17, 2026 at 11:48:36 AM Eastern Daylight Time |
| **From:** | Nathan Moelker |
| **To:** | Ellen McLaughlin, Eric Seeleman |
| **CC:** | Ben Sisney, Liam Harrell, Christy Compagnone, Geoffrey Surtees |
| **Attachments:** | Raio v. Chicago - Plaintiffs First Requests for Admissions FINAL.pdf, Raio v. Chicago - Plaintiffs First Requests for Documents FINAL.pdf, Raio v. Chicago - Plaintiffs First Set of Interrogatories FINAL.pdf, Outlook-ihcw1uyd.jpg |

Counsel,

Greetings. Please find, attached, Plaintiffs' first set of written discovery, pursuant to Court order, including the following:

Plaintiffs' First Set of Interrogatories
Plaintiffs' First Set of Requests for Production of Documents
Plaintiffs' First Request for Admissions

Please feel free to reach out with any questions you might have.

Sincerely,

# Nathan J. Moelker
*Senior Associate Counsel*
**American Center for Law & Justice**
**Admitted in VA**
**Washington, DC 20002**



## CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

Exhibit B
Email dated May 15, 2026

**Subject:** Re: Raio v. Chicago: First Round Discovery Requests
**Date:** Friday, May 15, 2026 at 5:15:16 PM Eastern Daylight Time
**From:** Liam Harrell
**To:** Ellen McLaughlin, Eric Seeleman, Hannah Pitcher
**CC:** Ben Sisney, Christy Compagnone, Geoffrey Surtees, Nathan Moelker
**Attachments:** image001.jpg, image002.jpg, image.png

Dear Ms. McLaughlin,

That should not be a problem at all, we are happy to grant the 30 day extension. Our discovery is complete, and we are just waiting on signatures, so that should be sent out shortly.

Sincerely,



**Liam Harrell**
Associate Counsel
**Phone** (202) 855-1778
**Email** lharrel@aclj.org

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Sent:** Friday, May 15, 2026 1:06 PM
**To:** Nathan Moelker <nmoelker@aclj.org>; Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>
**Cc:** Ben Sisney <bsisney@aclj.org>; Liam Harrell <lharrell@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>
**Subject:** RE: Raio v. Chicago: First Round Discovery Requests

Dear counsel,

I'm writing to request a 30-day extension of Defendants' deadline to serve written responses and make its initial production. We are diligently gathering responsive documents from multiple departments. Some of the requests are voluminous, and our client departments will need additional time to produce responsive documents, which we then need to review and redact as needed.

Given where we are in the overall schedule, we do not anticipate that this extension would

affect any other discovery deadlines or the current case schedule. Of course, we are willing to extend the same courtesy should you need additional time to respond to our initial discovery requests.

Thanks for your consideration. Please reach out if you'd like to discuss this matter.

Sincerely,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law



---

**From:** Nathan Moelker <nmoelker@aclj.org>
**Sent:** Friday, April 17, 2026 10:48 AM
**To:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Eric Seeleman <Eric.Seeleman@cityofchicago.org>
**Cc:** Ben Sisney <bsisney@aclj.org>; Liam Harrell <lharrell@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>
**Subject:** Raio v. Chicago: First Round Discovery Requests

[Warning: External email]

Counsel,

Greetings. Please find, attached, Plaintiffs' first set of written discovery, pursuant to Court order, including the following:

Plaintiffs' First Set of Interrogatories
Plaintiffs' First Set of Requests for Production of Documents
Plaintiffs' First Request for Admissions

Please feel free to reach out with any questions you might have.

Sincerely,

**Nathan J. Moelker**

*Senior Associate Counsel*

**American Center for Law & Justice**

**Admitted in VA**

**Washington, DC 20002**



CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

Exhibit C
Email dated June 17, 2026

**Subject:** RE: Raio v. Chicago: First Round Discovery Requests
**Date:** Wednesday, June 17, 2026 at 5:51:57 PM Eastern Daylight Time
**From:** Ellen McLaughlin
**To:** Liam Harrell, Eric Seeleman, Hannah Pitcher
**CC:** Ben Sisney, Christy Compagnone, Nathan Moelker, Geoffrey Surtees
**Attachments:** image002.jpg, image003.png, Raio - Defs.' Response to RFAs.6.17.26.pdf

Dear Counsel,

Attached please find Defendants' Responses to Plaintiffs' First Set of Requests for Admission.

We write to update you on the progress of our discovery production and to request a 30 day extension of time for Defendants to serve their responses to Plaintiffs' First Set of Interrogatories and First Requests for Production of Documents.

We have been collecting and reviewing a substantial volume of responsive material, including hundreds of pages of violation notices and many hours of body-worn camera recordings related to the incidents at issue in this case. We are currently reviewing these materials, applying Bates numbers, and redacting personally identifiable information as necessary before production. Given the volume of footage and documents involved, Defendants require additional time to complete this review and ensure an accurate and complete response.

We also intend to follow up shortly with a draft confidentiality order for your review which will allow us to produce certain categories of requested records.

We will make every effort to provide our responses sooner than the requested extension. Please note that I will be out of the office from June 24 through July 6, and Eric Seeleman will be engaged in trial the week of July 6 and occupied with trial preparation in the surrounding days, which is why we are asking for some additional time to make sure we can properly review our production.

Please let us know whether Plaintiffs will agree to this extension, or if you would like to discuss further. Thank you for your professional courtesy.

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law



**From:** Liam Harrell <lharrell@aclj.org>
**Sent:** Monday, May 18, 2026 8:41 AM
**To:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>
**Cc:** Ben Sisney <bsisney@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>
**Subject:** Re: Raio v. Chicago: First Round Discovery Requests

[Warning: External email]

Dear Counsel,

Good morning, we hope you are doing well. Please find, attached, Plaintiffs' responses to Defendants' first set of written discovery, including Interrogatories and Requests for Production, and a separate answer in response to Request for Production #19. A link to the folder containing all produced documents is here: Plaintiff's Productions - Raio et al v. Chicago et al. Each of your emails should have access for at least 30 days.

Please do not hesitate to reach out with any questions or if the link gives you any trouble. All the non-videos are also attached to this email. We are also confirming the 30 day extension for Defendants' discovery response.

Sincerely,



**Liam Harrell**
Associate Counsel
**Phone** (202) 855-1778
**Email** lharrell@aclj.org

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

Exhibit D
Email dated June 22, 2026

| **Subject:** | Eric Seeleman shared the folder "Raio, Brett 25 C 2709 - City of Chicago Shared Files" with you |
| --- | --- |
| **Date:** | Monday, June 22, 2026 at 2:43:13 PM Eastern Daylight Time |
| **From:** | Eric Seeleman |
| **To:** | Geoffrey Surtees, Liam Harrell, Nathan Moelker |
| **Attachments:** | 01533745-0de8-4ae2-914c-8c46310d7980.png, d24c5ad4-f93f-4bb1-a56f-46a7231b6cd8.png, e9006e06-1c39-4925-a4cd-f74308ede1e3.png |



# Eric Seeleman invited you to view a folder

Here's the folder that Eric Seeleman shared with you.

    Raio, Brett 25 C 2709 - City of Chicago Shared Files

🔒 This invite will only work for you and people with existing access.

| Open | Share |
| --- | --- |

This email is generated through City of Chicago's use of Microsoft 365 and may contain content that is controlled by City of Chicago.

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

Exhibit E
Email dated June 24, 2026

| **Subject:** | Re: Raio, Brett 25 C 02709 |
|---|---|
| **Date:** | Wednesday, June 24, 2026 at 4:44:26 PM Eastern Daylight Time |
| **From:** | Liam Harrell |
| **To:** | Eric Seeleman, Geoffrey Surtees, Nathan Moelker, Christy Compagnone, Ben Sisney |
| **CC:** | Hannah Pitcher, Ellen McLaughlin |
| **Attachments:** | image001.png, image002.png, Confidentiality-Protective Order (NDIL FORM) - Raio Brett 25 C 2709 - Redline Version 1.docx |

Mr. Seeleman,

Thanks so much. Attached is some additional redline on the protective order. Let us know if our changes are acceptable. We will get back to you on the email search form shortly.

Thanks,

-Liam Harrell | (202) 855-1778

**From:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>
**Date:** Monday, June 22, 2026 at 2:43 PM
**To:** Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Subject:** Raio, Brett 25 C 02709

Counsel:

Here is a link to bates stamped documents. It currently contains SFL001-488. More to follow. We will send an email as we add additional documents.

🗀 Raio, Brett 25 C 2709 - City of Chicago Shared Files

Also, attached are the IT request form that we will use for our email search with CPD and a draft confidentiality order with redline changes to the Northern District's standard order, for your review and comment.

Sincerely,

**Eric Seeleman**
**Assistant Corporation Counsel Supervisor**
**Special Federal Litigation Division**
City of Chicago Department of Law
2 N. LaSalle St. Ste. 420
Chicago, IL 60602
(312) 742-3902
eric.seeleman@cityofchicago.org

[www.cityofchicago.org/law](www.cityofchicago.org/law)



This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

Exhibit F
Email dated June 27, 2026

**Subject:** Re: Raio, Brett 25 C 02709
**Date:** Saturday, June 27, 2026 at 8:00:29 AM Eastern Daylight Time
**From:** Liam Harrell
**To:** Eric Seeleman, Geoffrey Surtees, Nathan Moelker, Christy Compagnone, Ben Sisney
**CC:** Hannah Pitcher, Ellen McLaughlin
**Attachments:** image001.png, image002.png, IT - CPD email request form - Raio v Chicago ACLJ Review.docx

Mr. Seeleman,

Here is our suggested email search form. Please let us know if this is acceptable. Thanks,

-Liam Harrell | 202-855-1778

**From:** Liam Harrell <lharrell@aclj.org>
**Sent:** Wednesday, June 24, 2026 4:44 PM
**To:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Subject:** Re: Raio, Brett 25 C 02709

Mr. Seeleman,

Thanks so much. Attached is some additional redline on the protective order. Let us know if our changes are acceptable. We will get back to you on the email search form shortly.

Thanks,

-Liam Harrell | (202) 855-1778

**From:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>
**Date:** Monday, June 22, 2026 at 2:43 PM
**To:** Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Subject:** Raio, Brett 25 C 02709

Counsel:

Here is a link to bates stamped documents. It currently contains SFL001-488. More to follow. We will send an email as we add additional documents.

🗁 Raio, Brett 25 C 2709 - City of Chicago Shared Files

Exhibit G
Email dated July 14, 2026

| Subject: | Re: Raio, Brett 25 C 02709 |
|---|---|
| Date: | Tuesday, July 14, 2026 at 1:20:31 PM Eastern Daylight Time |
| From: | Lindsey Bachman |
| To: | Eric Seeleman, Hannah Pitcher, Ellen McLaughlin |
| CC: | Ben Sisney, Christy Compagnone, Geoffrey Surtees, Nathan Moelker, Liam Harrell |
| Attachments: | image001.png, image002.png, image.png |

Dear Ms. Pitcher, Mr. Seeleman, and Ms. McLaughlin:

My name is Lindsey Bachman, and I recently joined the ACLJ litigation team and represent Plaintiffs in this matter. I am writing to introduce myself and to follow up regarding Defendants' outstanding discovery production in this matter.

My understanding is that the parties previously agreed to extend Defendants' deadline to respond to Plaintiffs' discovery requests to July 13, 2026. I further understand that the parties agreed to rolling production. As of today, we have not received any additional production since June 22nd, and we did not receive any production yesterday, July 13.

Could you please provide an update regarding the status of Defendants' discovery responses and document production, including when Plaintiffs may expect to receive any outstanding materials? I am happy to visit via telephone if that is easier.

I also want to follow up regarding the proposed CPD email-search terms that we provided following Defendants' invitation to do so. We provided the proposed search terms but have not received a response. Because we have not received any objections or proposed revisions, we are currently operating under the assumption that the proposed search terms are acceptable. Please let us know if Defendants have any concerns or proposed modifications.

We remain willing to work cooperatively to complete discovery efficiently. However, because the extended deadline has now passed and the requested discovery remains outstanding, we would appreciate a prompt response concerning both the anticipated production schedule and the status of the email searches.

Thank you for your attention to these matters.


Best regards,


Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice

Admitted in TX and MO
Washington, DC 20002



CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Liam Harrell <lharrell@aclj.org>
**Date:** Saturday, June 27, 2026 at 8:00 AM
**To:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Subject:** Re: Raio, Brett 25 C 02709

Mr. Seeleman,

Here is our suggested email search form. Please let us know if this is acceptable. Thanks,

-Liam Harrell | 202-855-1778

---

**From:** Liam Harrell <lharrell@aclj.org>
**Sent:** Wednesday, June 24, 2026 4:44 PM
**To:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Subject:** Re: Raio, Brett 25 C 02709

Mr. Seeleman,

Exhibit H
Email dated July 16, 2026

**Subject:** RE: Raio, Brett 25 C 02709
**Date:** Thursday, July 16, 2026 at 6:10:04 PM Eastern Daylight Time
**From:** Ellen McLaughlin
**To:** Lindsey Bachman, Eric Seeleman, Hannah Pitcher
**CC:** Ben Sisney, Christy Compagnone, Geoffrey Surtees, Nathan Moelker, Liam Harrell
**Attachments:** image003.jpg, image004.png, image005.png, image001.jpg

Dear Lindsey,

Welcome to the case! You should have received a link to an additional production today. We will follow up with written responses to the RFPs and interrogatories soon. We will also respond regarding revisions to the protective order.

As to the proposed CPD email-search terms:

- We would like to suggest some revisions to make sure the search does not result in a hit count of unmanageable scope. Just to give a couple of examples, searching for "Jackson" will yield references to anyone with this surname as well as any reference to Jackson Blvd. And "Michigan" paired with "arrest" would yield countless references to Michigan Avenue and Lake Michigan. A search with many thousands of irrelevant results will take a long time to run and even longer to review. If it's okay with you, we can try to come up with some terms that will hopefully focus on what you're looking for.

- We need to identify custodians. We'd propose doing a search using the named defendants as custodians, and another using supervisory personnel that we'll work with CPD to identify.

Let us know if that sounds okay to you.

Sincerely,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law



Exhibit I
Email dated July 17, 2026

| **Subject:** | Re: Raio, Brett 25 C 02709 |
| **Date:** | Monday, July 20, 2026 at 12:11:47 PM Eastern Daylight Time |
| **From:** | Lindsey Bachman |
| **To:** | Eric Seeleman, Liam Harrell, Geoffrey Surtees, Nathan Moelker, Christy Compagnone, Ben Sisney |
| **CC:** | Hannah Pitcher, Ellen McLaughlin, Tracy Turner |
| **Category:** | Litify |

**Attachments:** image001.png, image002.png, image.png

Eric,

Thank you for getting back to us on the Protective Order. We are agreeable to the City's revisions and agree to removing the carveouts in paragraph 2. Please feel free to make those revisions and send the signed agreement back and we will likewise execute. Many thanks.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002



CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>
**Sent:** Friday, July 17, 2026 4:21 PM
**To:** Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; Lindsey Bachman <lbachman@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>

**Subject:** RE: Raio, Brett 25 C 02709

Hello,

I have finally had time after my trial to review the proposed editions to the protective order. It looks like there were only two substantive changes proposed. The first one, we have an issue with, as explained in my comment added to this document. The second one is fine.

Please take a look at my comments in the attached and let me know if you are willing to split on the two proposed changes. The short of it is that you will still get all the information you are looking for, if it exists. Nothing that you are looking for will be redacted. Some items could hypothetically be marked confidential but not redacted. But, I would be surprised if any of the CR files relate to noise or religion. More likely than not they will relate to excessive force, false arrest, or inappropriate language.

Sincerely,

**Eric Seeleman**
**Assistant Corporation Counsel Supervisor**
**Special Federal Litigation Division**
City of Chicago Department of Law
2 N. LaSalle St. Ste. 420
Chicago, IL 60602
(312) 742-3902
eric.seeleman@cityofchicago.org
www.cityofchicago.org/law



This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

---

**From:** Liam Harrell <lharrell@aclj.org>
**Sent:** Wednesday, June 24, 2026 3:44 PM
**To:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; gsurtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; ccompagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Subject:** Re: Raio, Brett 25 C 02709

Exhibit J
Email dated July 17, 2026

**Subject:** Re: Raio, Brett 25 C 02709
**Date:** Friday, July 17, 2026 at 11:24:23 AM Eastern Daylight Time
**From:** Lindsey Bachman
**To:** Ellen McLaughlin, Eric Seeleman, Hannah Pitcher
**CC:** Ben Sisney, Christy Compagnone, Geoffrey Surtees, Nathan Moelker, Liam Harrell
**Attachments:** image003.jpg, image004.png, image005.png, image001.jpg, image.png

Dear Ellen,

Thank you for your email and for the additional document production. However, we are increasingly concerned about the status of outstanding discovery, including Defendants' written responses to Plaintiffs' First Requests for Production and Interrogatories. As you know, Plaintiffs issued discovery on April 17, 2026. On May 15, Defendants asked for 30 additional days to respond and make initial production, to which Plaintiffs agreed. On June 17, Defendants provided Requests for Admission responses and asked for an additional 30 days to respond to discovery. After a meet and confer call on June 22, Plaintiffs agreed to extend the response deadline to July 13. We also received some production of documents that day from Defendants.

To date, Plaintiffs have not received Defendants' written responses to Plaintiffs' First Requests for Production and Interrogatories. Plaintiffs now consider those responses to be untimely and overdue.

Prior to our seeking court intervention regarding these past due responses, Plaintiffs request that Defendants serve their untimely written responses to the Requests for Production and Interrogatories by the close of business day **Monday, July 20, 2026**.

With respect to the CPD email searches, we appreciate Defendants' concerns regarding the scope of certain search terms. We remain willing to work cooperatively to refine the proposed terms and custodians. To keep discovery moving forward, please provide Defendants' proposed revised search terms by **Monday, July 20**, so that we can promptly resolve any remaining issues and proceed with the searches. We are agreeable to using the named Defendants as custodians and also the supervisory personnel.

As you know, fact discovery in this case closes on December 1, 2026. The outstanding written discovery responses are necessary for Plaintiffs to evaluate the scope of additional discovery, complete document review, and begin scheduling depositions. We therefore ask that Defendants prioritize serving the overdue responses and providing the requested information regarding the email searches.

We hope court intervention will not be necessary and look forward to receiving the overdue discovery responses by Monday. Many thanks.

Best regards,


Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002



CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Sent:** Thursday, July 16, 2026 6:09 PM
**To:** Lindsey Bachman <lbachman@aclj.org>; Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>
**Cc:** Ben Sisney <bsisney@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Liam Harrell <lharrell@aclj.org>
**Subject:** RE: Raio, Brett 25 C 02709

Dear Lindsey,

Welcome to the case! You should have received a link to an additional production today. We will follow up with written responses to the RFPs and interrogatories soon. We will also respond regarding revisions to the protective order.

As to the proposed CPD email-search terms:

- We would like to suggest some revisions to make sure the search does not result in a hit count of unmanageable scope. Just to give a couple of examples, searching for "Jackson" will yield references to anyone with this surname as well as any reference to Jackson Blvd. And "Michigan" paired with "arrest" would yield countless references to Michigan Avenue and Lake Michigan. A search with many thousands of

Exhibit K
Email dated July 20, 2026

| | |
|---|---|
| **Subject:** | RE: Raio, Brett 25 C 02709 |
| **Date:** | Monday, July 20, 2026 at 5:19:54 PM Eastern Daylight Time |
| **From:** | Ellen McLaughlin |
| **To:** | Lindsey Bachman, Eric Seeleman, Liam Harrell, Geoffrey Surtees, Nathan Moelker, Christy Compagnone, Ben Sisney |
| **CC:** | Hannah Pitcher, Tracy Turner |
| **Category:** | Litify |
| **Attachments:** | image003.jpg, image004.jpg, image005.png, image006.png, IT - CPD email request form - Raio v Chicago - part 1 (1).docx, IT - CPD email request form - Raio v Chicago - part 2.docx |

Dear counsel,

Thank you for sending your proposed email search terms. We have reviewed them carefully and attach the City's proposed email request forms. These incorporate a substantial portion of what you sent.

First, we propose to run this search in two tiers:

- Part 1 covers custodians who participated in an incident at issue — the six named officer defendants and Sgt. Tomasz Zatora, the defendant in *Acevedo v. City of Chicago*, No. 24-cv-12654. For these, we propose a lookback period that begins with the date of the Acevedo incident in March 2024.
- Part 2 covers custodians with supervisory responsibility and is intended to capture communications regarding training and enforcement guidance over the longer look-back period you requested. We are working with our client to identify the individuals who held these positions during this period.

Second, as to terms:

- We have including many of your proposed terms. We have also added terms that seem relevant, including §§ 8-4-055 and 2-84-300 (cited on Mr. Raio's ANOV), and Planned Parenthood, the location where Acevedo's arrest occurred.
- We had concern about some highly general terms. In our experience, a five-year search utilizing a common term (like "Jackson"—both a common surname and a major street in Chicago) could yield an overwhelming number of irrelevant results. We have included some more general terms in the Part 1 search but have attempted to bind general terms in the Part 2 search because it includes more custodians over a longer time frame.
- We propose not running the officers' surnames as standalone terms. If their names appear in their signature blocks, those terms would return each officer's mailbox in its entirety. Instead, we propose using them as custodians.
- We have omitted your proposed strings directed at misconduct, discipline, grievances, and personnel complaints, and those directed at BWC, OEMC/CAD, and incident and arrest reports. But we are not withholding the underlying material. The

City is producing the disciplinary and complaint files themselves, so we do not believe related emails would yield relevant material the files do not already identify. Further, these search terms are extremely general and could swamp the results. As to BWC, dispatch, and report terms, the same is true. We are providing you these documents, which speak for themselves. If the produced files and records leave you with a specific gap that you believe email would fill, tell us what it is, and we will discuss targeted terms addressed to it.

- Finally, in the event that these search terms yield an unmanageable volume of hits, we may need to revise them further to better target any responsive material.

Please let us know whether you would like to propose additional terms or otherwise confer on this search.

We will be sending you our written responses to your RFPs and interrogatories soon. Thanks for your patience.

Sincerely,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law



---

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Monday, July 20, 2026 11:12 AM
**To:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; lharrell <lharrell@aclj.org>; gsurtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; ccompagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Tracy Turner <tturner@aclj.org>
**Subject:** Re: Raio, Brett 25 C 02709

[Warning: External email]

Eric,

Exhibit L
Email dated July 21, 2026

| | |
|---|---|
| **Subject:** | Re: Raio, Brett 25 C 02709 |
| **Date:** | Tuesday, July 21, 2026 at 11:12:27 AM Eastern Daylight Time |
| **From:** | Lindsey Bachman |
| **To:** | Ellen McLaughlin, Eric Seeleman, Liam Harrell, Geoffrey Surtees, Nathan Moelker, Christy Compagnone, Ben Sisney |
| **CC:** | Hannah Pitcher, Tracy Turner |
| **Attachments:** | image003.jpg, image004.jpg, image005.png, image006.png, image.png |

Good morning, Ellen,

Can you please give me a call back today when you get a chance? I left a voicemail a little earlier this morning. We'd like to meet and confer regarding Defendants' responses to Plaintiffs' First Set of Interrogatories and First Set of Requests for Production in a good-faith effort to avoid seeking court intervention.

Regarding the email search terms, I think we are close. We appreciate that Defendants included command-level and training custodians and added searches for general orders, special orders, guidance, and training. However, the revised search strings substantially narrow the original policy/training collection. The original protocol searched for policies, procedures, directives, curriculum materials, instructions, roll-call bulletins, and related training content concerning ordinance enforcement, permits, noise regulation, amplification, arrests, and enforcement practices. Those categories are directly relevant to Plaintiffs' claims regarding municipal policy, training, supervision, and enforcement practices. As such, Plaintiffs request those categories be restored as follows:

**Policies & training**

- ("general order" OR "special order" OR policy OR policies OR procedure OR directive OR guidance) AND WITHIN 25 (ordinance OR noise OR amplif* OR decibel* OR sound OR arrest* OR ANOV OR custodial OR enforce* OR permit OR preach*)
- ("training material" OR training OR curriculum OR instruction OR "roll call" OR bulletin) AND WITHIN 25 (ordinance OR noise OR amplif* OR preach* OR enforce* OR arrest* OR ANOV OR sound OR amendment)

We are happy to discuss this issue as well by telephone today. Many thanks.


Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002



CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Sent:** Monday, July 20, 2026 5:19 PM
**To:** Lindsey Bachman <lbachman@aclj.org>; Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Tracy Turner <tturner@aclj.org>
**Subject:** RE: Raio, Brett 25 C 02709

Dear counsel,

Thank you for sending your proposed email search terms. We have reviewed them carefully and attach the City's proposed email request forms. These incorporate a substantial portion of what you sent.

First, we propose to run this search in two tiers:

- Part 1 covers custodians who participated in an incident at issue — the six named officer defendants and Sgt. Tomasz Zatora, the defendant in *Acevedo v. City of Chicago*, No. 24-cv-12654. For these, we propose a lookback period that begins with the date of the Acevedo incident in March 2024.
- Part 2 covers custodians with supervisory responsibility and is intended to capture communications regarding training and enforcement guidance over the longer look-back period you requested. We are working with our client to identify the individuals who held these positions during this period.

Second, as to terms:

- We have including many of your proposed terms. We have also added terms that seem relevant, including §§ 8-4-055 and 2-84-300 (cited on Mr. Raio's ANOV), and Planned Parenthood, the location where Acevedo's arrest occurred.

Exhibit M
Email dated July 21, 2026

| | |
|---|---|
| **Subject:** | RE: Raio, Brett 25 C 02709 |
| **Date:** | Tuesday, July 21, 2026 at 3:30:41 PM Eastern Daylight Time |
| **From:** | Ellen McLaughlin |
| **To:** | Lindsey Bachman, Eric Seeleman, Liam Harrell, Geoffrey Surtees, Nathan Moelker, Christy Compagnone, Ben Sisney |
| **CC:** | Hannah Pitcher, Tracy Turner |
| **Category:** | Litify |
| **Attachments:** | image001.jpg, image002.jpg, image003.png, image004.png |

Hi Lindsey,

*This email is regarding the search terms.*

As proposed, the strings will capture a large volume of email that has nothing to do with the amplified-sound-ordinance enforcement: references to any arrest, any permit, any ordinance, contract or budget "amendments," and everyday uses of "sound" (e.g. "does that sound good to you?"). Here's an effort to capture what you're seeking by anchoring the most general terms to more specific terms, pairing the word "sound," and using a narrower proximity for "noise" as it's such a common word:

- ("general order" OR "special order" OR "department notice" OR directive OR policy OR policies OR procedure OR guidance) WITHIN 25 ("amplified sound" OR amplif* OR decibel* OR "sound ordinance" OR "sound amplification" OR "sound permit" OR preach*)

- noise WITHIN 5 (ordinance OR enforce* OR complaint* OR arrest* OR citation OR permit)

- (training OR "training material" OR "lesson plan" OR curriculum OR "roll call" OR bulletin) WITHIN 25 ("amplified sound" OR amplif* OR decibel* OR "sound ordinance" OR "sound amplification" OR preach*)

Let me know if we can revise the terms accordingly, add these to our "Part 2" search of supervisory custodians, and launch the search. Again, if these search terms yield an unmanageable volume of hits, we may need to try again.

Thank you!

Ellen

---

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Tuesday, July 21, 2026 10:11 AM
**To:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Eric Seeleman <Eric.Seeleman@cityofchicago.org>; lharrell <lharrell@aclj.org>; gsurtees <gsurtees@aclj.org>; Nathan

Moelker <nmoelker@aclj.org>; ccompagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Tracy Turner <tturner@aclj.org>
**Subject:** Re: Raio, Brett 25 C 02709

[Warning: External email]

Good morning, Ellen,

Can you please give me a call back today when you get a chance? I left a voicemail a little earlier this morning. We'd like to meet and confer regarding Defendants' responses to Plaintiffs' First Set of Interrogatories and First Set of Requests for Production in a good-faith effort to avoid seeking court intervention.

Regarding the email search terms, I think we are close. We appreciate that Defendants included command-level and training custodians and added searches for general orders, special orders, guidance, and training. However, the revised search strings substantially narrow the original policy/training collection. The original protocol searched for policies, procedures, directives, curriculum materials, instructions, roll-call bulletins, and related training content concerning ordinance enforcement, permits, noise regulation, amplification, arrests, and enforcement practices. Those categories are directly relevant to Plaintiffs' claims regarding municipal policy, training, supervision, and enforcement practices. As such, Plaintiffs request those categories be restored as follows:

**Policies & training**

- ("general order" OR "special order" OR policy OR policies OR procedure OR directive OR guidance) AND WITHIN 25 (ordinance OR noise OR amplif* OR decibel* OR sound OR arrest* OR ANOV OR custodial OR enforce* OR permit OR preach*)

- ("training material" OR training OR curriculum OR instruction OR "roll call" OR bulletin) AND WITHIN 25 (ordinance OR noise OR amplif* OR preach* OR enforce* OR arrest* OR ANOV OR sound OR amendment)

We are happy to discuss this issue as well by telephone today. Many thanks.


Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO

Washington, DC 20002



CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Sent:** Monday, July 20, 2026 5:19 PM
**To:** Lindsey Bachman <lbachman@aclj.org>; Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Tracy Turner <tturner@aclj.org>
**Subject:** RE: Raio, Brett 25 C 02709

Dear counsel,

Thank you for sending your proposed email search terms. We have reviewed them carefully and attach the City's proposed email request forms. These incorporate a substantial portion of what you sent.

First, we propose to run this search in two tiers:

- Part 1 covers custodians who participated in an incident at issue — the six named officer defendants and Sgt. Tomasz Zatora, the defendant in *Acevedo v. City of Chicago*, No. 24-cv-12654. For these, we propose a lookback period that begins with the date of the Acevedo incident in March 2024.
- Part 2 covers custodians with supervisory responsibility and is intended to capture communications regarding training and enforcement guidance over the longer look-back period you requested. We are working with our client to identify the individuals who held these positions during this period.

Second, as to terms:

- We have including many of your proposed terms. We have also added terms that seem relevant, including §§ 8-4-055 and 2-84-300 (cited on Mr. Raio's ANOV), and

Exhibit N
Email dated July 21, 2026

**Subject:** RE: Raio, Brett 25 C 02709
**Date:** Tuesday, July 21, 2026 at 6:11:43 PM Eastern Daylight Time
**From:** Ellen McLaughlin
**To:** Lindsey Bachman, Eric Seeleman, Liam Harrell, Geoffrey Surtees, Nathan Moelker, Christy Compagnone, Ben Sisney
**CC:** Hannah Pitcher, Tracy Turner
**Category:** Litify
**Attachments:** image001.jpg, image002.jpg, image003.png, image004.png

Hi Lindsey,

I tried to call back but I'm not getting through. I may have misheard your number on the voicemail, and I don't see it in your signature block.

We can do a meet and confer if necessary, but here is an update on what we're working on at the moment:

- We are finalizing the written responses. These will be sent to you shortly—as soon as we can get the necessary verifications.
- We received a new batch of documents from our client and are reviewing those for our next production.
- As soon as you confirm the search terms, we'll get the email search going. We've worked with CPD to identify a couple dozen custodians for the "policy and training" part of the search.

In sum, we're making good progress.

Sincerely,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law



---

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Tuesday, July 21, 2026 10:11 AM
**To:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Eric Seeleman

Exhibit O
Email dated July 21, 2026

| Subject: | Re: Raio, Brett 25 C 02709 |
|---|---|
| Date: | Tuesday, July 21, 2026 at 6:24:41 PM Eastern Daylight Time |
| From: | Lindsey Bachman |
| To: | Ellen McLaughlin |
| CC: | Eric Seeleman, Liam Harrell, Geoffrey Surtees, Nathan Moelker, Christy Compagnone, Ben Sisney, Hannah Pitcher, Tracy Turner |
| Category: | Litify |
| Attachments: | image001.jpg, image002.jpg, image003.png, image004.png |

Hi Ellen,

Just tried calling you back but it went to voicemail. My cell is (281)910-2516. Feel free to call this evening whenever it works. Can we hop on a quick call tomorrow morning if not this evening?
Thanks!
Lindsey


On Jul 21, 2026, at 6:11 PM, Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org> wrote:


Hi Lindsey,

I tried to call back but I'm not getting through. I may have misheard your number on the voicemail, and I don't see it in your signature block.

We can do a meet and confer if necessary, but here is an update on what we're working on at the moment:

- We are finalizing the written responses. These will be sent to you shortly —as soon as we can get the necessary verifications.
- We received a new batch of documents from our client and are reviewing those for our next production.
- As soon as you confirm the search terms, we'll get the email search going. We've worked with CPD to identify a couple dozen custodians for the "policy and training" part of the search.

In sum, we're making good progress.

Sincerely,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation

Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law
<image001.jpg>

---

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Tuesday, July 21, 2026 10:11 AM
**To:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Eric Seeleman <Eric.Seeleman@cityofchicago.org>; lharrell <lharrell@aclj.org>; gsurtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; ccompagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Tracy Turner <tturner@aclj.org>
**Subject:** Re: Raio, Brett 25 C 02709

[Warning: External email]

Good morning, Ellen,

Can you please give me a call back today when you get a chance? I left a voicemail a little earlier this morning. We'd like to meet and confer regarding Defendants' responses to Plaintiffs' First Set of Interrogatories and First Set of Requests for Production in a good-faith effort to avoid seeking court intervention.

Regarding the email search terms, I think we are close. We appreciate that Defendants included command-level and training custodians and added searches for general orders, special orders, guidance, and training. However, the revised search strings substantially narrow the original policy/training collection. The original protocol searched for policies, procedures, directives, curriculum materials, instructions, roll-call bulletins, and related training content concerning ordinance enforcement, permits, noise regulation, amplification, arrests, and enforcement practices. Those categories are directly relevant to Plaintiffs' claims regarding municipal policy, training, supervision, and enforcement practices. As such, Plaintiffs request those categories be restored as follows:

**Policies & training**

Exhibit P
Email dated July 22, 2026

| | |
|---|---|
| **Subject:** | RE: Raio, Brett 25 C 02709 |
| **Date:** | Wednesday, July 22, 2026 at 3:02:56 PM Eastern Daylight Time |
| **From:** | Ellen McLaughlin |
| **To:** | Lindsey Bachman, Eric Seeleman, Liam Harrell, Geoffrey Surtees, Nathan Moelker, Christy Compagnone, Ben Sisney |
| **CC:** | Hannah Pitcher, Tracy Turner |
| **Attachments:** | image001.jpg, image002.jpg, image003.png, image004.png, 2026.07.22 Raio - Response to 1st RFPs.pdf |

Dear counsel,

Attached please find Defendants' Response to Plaintiffs' First RFPs. We will send the Response to the Interrogatories once verified.

We would like to launch the email search soon. Let us know if you have additional suggestions for the terms.

Thanks,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law



---

**From:** Ellen McLaughlin
**Sent:** Tuesday, July 21, 2026 5:12 PM
**To:** 'Lindsey Bachman' <lbachman@aclj.org>; Eric Seeleman <Eric.Seeleman@cityofchicago.org>; lharrell <lharrell@aclj.org>; gsurtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; ccompagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Tracy Turner <tturner@aclj.org>
**Subject:** RE: Raio, Brett 25 C 02709

Hi Lindsey,

I tried to call back but I'm not getting through. I may have misheard your number on the voicemail, and I don't see it in your signature block.

We can do a meet and confer if necessary, but here is an update on what we're working on

Exhibit Q
Email dated July 22, 2026

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRETT RAIO; PEREZ NDI; and REETIK DHAMALA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 25-cv-02709 |
| CITY OF CHICAGO, an Illinois municipal corporation, and Chicago Police Officers MARIO L. JACKSON, NICO A. SUTOR, CARLOS R. CAMEY SANDOVAL, MICHAEL P. JOYCE, WILLIAM E. GATLIN, and MICHAEL PETRASKI, in their official and individual capacities, | ) ) ) ) ) ) ) ) ) | The Hon. Sara L. Ellis |
| Defendants. | ) ) | |

**DEFENDANTS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendants City of Chicago, Mario L Jackson, Nico A. Sutor, Carlos R. Camey Sandoval, Michael P. Joyce, William E. Gatlin, and Michael Petraski (collectively, "Defendants"), by and through their attorneys, hereby respond to Plaintiffs' First Requests for Production of Documents pursuant to Federal Rules of Civil Procedure 26 and 34.

**GENERAL OBJECTIONS**

1.      Defendants object to Plaintiffs' demand for "all" Documents and/or Communications related to the Requests below as unnecessarily burdensome and exceeding the needs of the case. For each response where Defendants indicate they will produce relevant, non-privileged Documents and/or Communications, Defendants' response is subject to the Parties conferring to develop reasonable search parameters to collect and allow for review of the Documents and/or Communications to be produced in response to the Requests.

2.      Defendants object to the Requests as vague and burdensome to the extent they fail to specify a reasonable time period for the Requests and will confer with Plaintiffs on time limitations as part of establishing the search parameters referenced in General Objection 1. Defendants note that the Requests purport to cover the period from 2021 to the present, which Defendants contend is overbroad as to many Requests herein.

3.      Defendants object to each Request to the extent it seeks Documents or Communications protected by the attorney-client privilege, deliberative process privilege, or attorney work product doctrine. Defendants will provide a privilege log consistent with Federal Rule of Civil Procedure 26(b)(5) to the extent any responsive documents are withheld on privilege grounds.

4.      Defendants object to each and every Request to the extent it seeks information that is not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, and the importance of the discovery in resolving the issues. *See* Fed. R. Civ. P. 26(b)(1).

5.      Defendants object to the production of documents containing personally identifiable information of third parties, including names, addresses, dates of birth, and other identifying information of individuals not party to this litigation, without an appropriate protective order governing the use and confidentiality of such information. Defendants will produce such documents subject to the entry of a mutually agreed protective order or an order of the Court.

**SPECIFIC OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION**

1.      All documents identified, referenced, or relied on in preparing Defendants' initial disclosures under Rule 26(a)(1)(A).

2

**RESPONSE**: Defendants object to the extent the request seeks attorney-client and/or work-product privileged information, calls for documents outside the control of Defendants, seeks information equally available to Plaintiff, calls for documents which are not proportional to the needs of the case, is unduly burdensome, and is not relevant to the parties claims or defenses. Subject to and without waiving these objections, Defendants will produce responsive, non-privileged documents identified or relied upon in preparing their initial disclosures. For their first production, Defendants refer Plaintiffs to documents included herewith Bates numbered SFL000640–SFL000660, SFL000663–SFL000673, SFL000674, SFL001251–SFL001254, SFL001259–SFL001264, SFL001358–SFL001383, SFL001386–SFL001393, SFL001497– SFL001499, SFL001971–SFL001979, SFL002038, SFL002059–SFL002067, SFL002073– SFL002074, SFL002077–SFL002078, SFL002150, and SFL002164–SFL002166.

2. All documents identified, referenced, or relied upon in preparing Defendants' Responses to Plaintiffs' First Set of Interrogatories.

**RESPONSE**:  Defendants object to the extent the request seeks attorney-client and/or work-product privileged information, calls for documents outside the control of Defendants, seeks information equally available to Plaintiff, calls for documents which are not proportional to the needs of the case, is unduly burdensome, and is not relevant to the parties claims or defenses. Subject to and without waiving these objections, Defendants refer Plaintiffs to documents produced by Plaintiff in discovery and those produced in response to these Requests.

3. All video or audio recordings of body-worn cameras, dashboard camera footage, in-car cameras, and any other applicable sources relating to or arising out of each of Plaintiffs' enumerated stops/arrests/citations as set forth in the Amended Complaint (Doc. 17).

**RESPONSE**:  Defendants object to the vague and ambiguous use of the terms and/or phrases "other applicable sources," and "relating to." Subject to these and Defendants' General

3

Objections, Defendants will produce responsive body-worn camera footage and other recordings relating to the December Incident and February Incident as defined in Plaintiffs' Requests, to the extent such recordings exist and are in Defendants' possession, custody, or control. For their first production, Defendants refer Plaintiffs to documents included herewith Bates numbered SFL000674, SFL001251–SFL001264, SFL001497–SFL001499, SFL001971–SFL001979, SFL002038, SFL002059–SFL002078, SFL002150–SFL002152, and SFL002164–SFL002166.

4.      Any of the following documents relating to each Plaintiff: (a) Criminal history reports (including arrest reports); (b) Traffic citations; (c) Hot desk inquiry searches; (d) Information relating to Complaint Registers or other misconduct complaints filed by Plaintiffs against CPD personnel; and (e) Office of Emergency Management and Communications (OEMC) records and communications, event queries, and audio recordings.

**RESPONSE:** Defendants object to the vague and ambiguous use of the terms and/or phrases "traffic citations," and "information relating to." Defendants further object on the grounds that the request calls for documents outside the knowledge or control of Defendants, seeks information equally available to Plaintiff, calls for documents which are not proportional to the needs of the case, is unduly burdensome, is not limited in temporal scope, and is not relevant to the parties' claims or defenses.

Subject to and without waiving the above objections, Defendants will produce responsive, non-privileged documents. For their first production, Defendants refer Plaintiffs to documents included herewith Bates numbered SFL000653–SFL000662, SFL000669–SFL000670, SFL000674–SFL0001251, SFL001373–SFL0001380, SFL001384–SFL0001385, SFL001392–SFL0001970, SFL002257–SFL0002268, and SFL002815–SFL002818.

5.      Communications between any CPD supervisory personnel and any other CPD personnel, including their superiors or subordinates, relating to the enumerated stops/arrests/citations as set forth in Plaintiffs' Amended Complaint (Doc. 17), including all dispatch audio recordings, radio communications, and Computer Aided Dispatch ("CAD") records relating to or generated relating to the February Incident or December Incident.

**RESPONSE**: Defendants object to this Request as seeking Documents and Communications subject to attorney-client privilege, deliberative process privilege, or attorney work product protection. Defendants object to the vague and ambiguous use of the terms and/or phrases "communications," "supervisory personnel," and "relating to." Defendants further object on the grounds that the request calls for documents which are not proportional to the needs of the case, is unduly burdensome, is not limited in temporal scope, and is not relevant to the parties' claims or defenses. To the extent that the request seeks e-mail records, Defendants request a 37.2 conference to discuss limiting the scope of the request to specific individuals and/or search terms.

Subject to and without waiving the above objections, Defendants will produce responsive, non-privileged documents, to the extent such records exist and are in Defendants' possession, custody, or control. For their first production, Defendants refer Plaintiffs to documents included herewith Bates numbered SFL001251, SFL001256–SFL0001258, SFL001497–SFL001498, SFL00002068–SFL002072, SFL002075–SFL002076, and SFL002150–SFL002152.

6. All documents relating to the Acevedo Incident, including but not limited to: all body-worn camera footage from every officer present, all in-car camera footage, all OEMC recordings and dispatch logs, all CAD entries and incident reports, all arrest records, charging documents, and ANOV, all supervisor approval or review records; and all internal communications generated on or after the date of the Acevedo Incident relating to that arrest.

**RESPONSE**: Defendants object to this Request as overbroad and disproportionate to the needs of this case to the extent it seeks "all" documents relating to the Acevedo Incident, a separate matter not directly at issue in this litigation. Defendants object to the vague and ambiguous use of the terms and/or phrases "internal communications," "review records," and "relating to." Defendants further object to the extent this Request seeks documents subject to

5

attorney-client privilege or work product protection. To the extent that the request seeks e-mail records, Defendants request a 37.2 conference to discuss limiting the scope of the request to specific individuals and/or search terms.

Subject to and without waiving those objections and Defendants' General Objections, Defendants will produce responsive, non-privileged documents relating to the Acevedo Incident. For their first production, Defendants refer Plaintiffs to documents included herewith Bates numbered SFL003243–SFL003398.

7. All communications—including emails, text messages, memoranda, bulletins, or oral communications documented in any form—among CPD officers, supervisors, commanders, or City of Chicago officials concerning: (a) the Acevedo Incident or (b) any CPD enforcement under the Ordinance against individuals engaged in religious speech or amplified evangelism on public sidewalks.

**RESPONSE**: Defendants object to this Request as overbroad and disproportionate to the needs of this case, as it seeks "all" communications by an undefined universe of CPD and City personnel. Defendants further object to the extent this Request seeks documents subject to attorney-client privilege, deliberative process privilege, or attorney work product protection. To the extent that the request seeks e-mail records, Defendants request a 37.2 conference to discuss limiting the scope of the request to specific individuals and/or search terms. Subject to and without waiving those objections and Defendants' General Objections, Defendants will produce responsive, non-privileged communications that are relevant to the claims and defenses in this case. For their first production, Defendants refer Plaintiffs to documents included herewith Bates numbered SFL0001251, SFL001255–SFL001264, SFL001497–SFL001498, SFL001971–SFL0001979, SFL002038, SFL002062–SFL002078, SFL002150–SFL002152, SFL002164–SFL002166, SFL002987–SFL003011, SFL003062–SFL003067, SFL003208–SFL003221, and SFL003244–SFL003277.

8.     The personnel file, employment history, disciplinary history, and complaint history for each individual Defendant officer (including but not limited to all misconduct complaints, Complaint Register files, Log Number files, Universal files, Extraordinary Occurrence files, Non-Disciplinary Intervention files, Summary Punishment Action Requests, and disciplinary records.

**RESPONSE**: Defendants object on the grounds that the terms and/or phrases "personnel file", "employment history," "complaint history," "non-disciplinary intervention files,' "extraordinary occurrence files," "disciplinary history" and "misconduct" are vague and ambiguous. Defendants further object to the extent that the request calls for information that is outside its personal custody or control and/or is equally available to Plaintiff, seeks information that is subject to the attorney-client, joint defense, work product, and/or investigatory privileges, to the extent that the request is overly broad, unduly burdensome, and seeks information that is not relevant to any party's claim(s) or defense(s) or proportional to the needs of the case. Defendants further object on the grounds that the request calls for inadmissible evidence under F.R.E. Rules 403 and 404.

Subject to and without waiving the above objections, Defendants will produce at a later date to Plaintiff the following documents (hereinafter "histories") related to complaints against the Individual Officers: Five-Year Employee Complaint Register History, Employee Complaint Histories from CRMS (2000-2/11/19), and Column CMS (since 2/11/19), CLEAR – Accused search results, and Disciplinary Action History, and pre-2000 history search. Additionally, and pursuant to a Confidentiality Order, Defendants will produce to Plaintiff the CLEAR file materials (before 2/11/2019) or Column CMS file materials (after 2/11/2019) for closed log file numbers in the histories for the period of December 10, 2019 through December 10, 2024 or February 24, 2020 through February 24, 2025 (depending on specific incident in which each defendant was involved), which is the period of 5 years preceding the events of December 10,

7

2024 and February 24, 2025 that have been found to be "sustained" or that contain allegations similar to those being made in this matter (whether "sustained," "unsustained," or otherwise), and the Face Sheets, Quick View print-outs and/or Complaints Against Individual Defendants for any remaining log file numbers listed in the histories for the period of December 10, 2019 through December 10, 2024 or February 24, 2020 through February 24, 2025, which is the period of 5 years preceding the events of December 10, 2024 and February 24, 2025. Answering further, Defendants are not searching for and will not be producing any log file numbers or materials related to log file numbers outside of the time period described in the definition of histories, (December 10, 2019 through December 10, 2024 or February 24, 2020 through February 24, 2025), or full files for open log files other than the underlying log file related to the underlying incident as described in Plaintiff's complaint, as such materials are not proportional to the needs of the case, and impose an undue burden on Defendant. Defendant is also not searching for or producing any hard copy working files, hard drive – computer-based working files, or other ESI; COPA evidence specialist files; or re-open request files not otherwise uploaded into the CLEAR or Column CMS systems for any log file numbers in the histories because doing so would be overly burdensome and not proportional to the needs of the case and as the respective CR and /or Log file materials in the CLEAR or Column CMS systems will provide all necessary information in this matter without overly burdening Defendant. Further, Defendants reserve the right to withhold responsive documents on the basis of the attorney-client, attorney work product, investigative, evidentiary, or deliberative process privileges and will produce a privilege log in the event any documents are withheld on these bases. Answering further, Defendants state that they will produce SPAR Histories, subject to the Confidentiality Order entered in this case. For their first production, Defendants refer Plaintiffs to documents

8

included herewith Bates numbered SFL001330–SFL001357, SFL002048–SFL002058, SFL002269–SFL002742, and SFL002819–SFL002986.

9.     All misconduct complaints, Complaint Register files, Log Number files, Universal files, or disciplinary records relating to the CPD officer(s) primarily responsible for the Acevedo Incident—including the officer named as a defendant in the Acevedo Incident—concerning: (a) unlawful or false arrest; (b) First Amendment activity; (c) enforcement of noise, sound, or amplification ordinances; or (d) use of custodial arrest in lieu of citation or ANOV.

**RESPONSE**: Defendants object to this Request as overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case.

10.     All policy documents (e.g., policies, procedures, general orders, special orders, directives, or guidance) governing CPD officer enforcement of the Ordinance, including any relating to: (a) what constitutes a violation; (b) what measurement or investigation is required before enforcement; (c) when an ANOV may be issued in lieu of a custodial arrest; and (d) enforcement in public forums including sidewalks and plazas.

**RESPONSE**: Subject to and without waiving Defendants' General Objections, Defendants will produce responsive, non-privileged policy documents, general orders, and directives governing CPD enforcement of Chicago Municipal Ordinance Section 8-32-070, to the extent such documents exist. For their first production, Defendants refer Plaintiffs to documents included herewith Bates numbered SFL002987–SFL003242.

11.     All policy documents (e.g., policies, procedures, general orders, special orders, directives, or guidance) relating to the Ordinance's sound amplification requirements and limitations as well as all such documents relating to noise complaints in the City of Chicago, to the extent not responsive to Request No. 10 above.

**RESPONSE**: Defendants object to this Request as ambiguous, overbroad, unduly burdensome, irrelevant, and not proportional to the needs of this case insofar as it seeks "all documents relating to noise complaints in the City of Chicago." Defendants further object on the grounds that the terms and/or phrase "noise complaint" is vague and ambiguous. Defendants

9

further object to this Request as duplicative of Request No. 10 and incorporate their objections and responses here.

12.     All instructional documents (e.g., training materials, presentations, curricula, PowerPoints, instructional videos, roll call bulletins, or other instructional documents) provided to CPD officers concerning: (a) enforcement of the Ordinance; (b) First Amendment rights of individuals engaged in religious speech, street preaching, or evangelism in public forums; (c) the requirement to measure sound at a distance of 100 feet as set forth in the Ordinance; and (d) when amplified speech in a public forum is constitutionally protected.

RESPONSE: Defendants object to this Request as duplicative of Request No. 10 and incorporate their objections and responses here. Subject to and without waiving that objection and Defendants' General Objections, Defendants will produce responsive, non-privileged documents concerning enforcement of the Ordinance and related First Amendment considerations, to the extent such documents exist and are in Defendants' possession, custody, or control.

13.     All documents sufficient to identify every enforcement action taken under the Ordinance during the past five (5) years, including all arrests, ANOVs, warnings, and field contacts, and for each action: (a) the date and location; (b) the disposition (arrest, ANOV, warning, or no action); (c) whether identification was requested and whether it was provided or refused; (d) whether any measurement of volume or distance was taken; and (e) the nature of the activity involved (e.g., street preaching, musical performance, political protest, or other).

RESPONSE: Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents" related to "every enforcement action" under the Ordinance city-wide for five years. Defendants further object to the extent this Request calls for production of third-party personal identifying information without an appropriate protective order in place. Subject to those objections and Defendants' General Objections, Defendants will produce responsive, non-privileged documents relating to Ordinance enforcement. To the extent that Plaintiffs seek additional records related to these enforcement actions which are voluminous and time-consuming to retrieve, Defendants request a

10

Local Rule 37.2 conference to discuss limiting the scope of the request to specific matters. For their first production, Defendants refer Plaintiffs to documents included herewith Bates numbered SFL000001–SFL000639.

14.     All documents relating to any complaints, grievances, or inquiries received by CPD or the City of Chicago concerning the enforcement of the Ordinance against individuals engaged in religious speech, street preaching, or evangelical activity, including the complaints themselves, CPD's responses, and any internal communications relating thereto.

**RESPONSE**: Defendants object to the vague and ambiguous use of the terms and/or phrases "complaints," "grievances," "inquiries," "received by," "religious speech," "street preaching," and "evangelical activity." Defendants further object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents," without time limitation, and calls for information outside of the knowledge of Defendants and assumes facts not in evidence. Subject to and without waiving these objections and Defendants' General Objections, Defendants will produce responsive, non-privileged documents relating to complaints concerning Ordinance enforcement, to the extent such documents exist, that were created within the last five years.

15.     All communications (including but not limited to emails, text messages, radio transmissions, internal memoranda, or bulletins) among CPD officers, supervisors, or officials concerning: (a) the enforcement of the Ordinance in the Millennium Park/Michigan Avenue area; (b) street preaching, religious speech, or amplified religious activity in public spaces; or (c) handling or managing complaints about street preachers or other such religious message speakers.

**RESPONSE**: Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all communications," without time limitation, among unspecified "officers, supervisors, or officials," about the vague subjects "street preaching," "religious speech," "amplified religious activity in public spaces," and "other such religious message speakers." Defendants object to this Request as seeking Documents and

11

Communications subject to attorney-client privilege, deliberative process privilege, or attorney work product protection. To the extent that the request seeks e-mail records, Defendants request a 37.2 conference to discuss limiting the scope of the request to specific individuals and/or search terms.

Subject to and without waiving these objections and Defendants' General Objections, Defendants will produce responsive, non-privileged communications. For their first production, Defendants refer Plaintiffs to documents included herewith Bates numbered SFL0001251, SFL001255–SFL001264, SFL001497–SFL001498, SFL001971–SFL0001979, SFL002038, SFL002062–SFL002078, SFL002150–SFL002152, SFL002164–SFL002166, SFL002987– SFL003011, SFL003062–SFL003067, SFL003208–SFL003221, and SFL003244–SFL003277.

16.     All documents relating to the Plaintiffs' religious messages, including any documents generated by Defendants referencing Plaintiffs' religious beliefs, the content of their preaching, or the religious nature of their activities.

**RESPONSE**: Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents relating to the Plaintiffs' religious messages." Defendants further object to the Request to the extent it seeks Documents subject to attorney-client privilege or work product protection, seeks information outside the custody or control of Defendants, and seeks information equally or more available to Plaintiffs Subject to these objections and Defendants' General Objections, Defendants will produce any responsive, non-privileged documents generated by Defendants that reference Plaintiffs' religious beliefs, the content of their preaching, or the religious nature of their activities. To the extent that the request seeks e-mail records, Defendants request a 37.2 conference to discuss limiting the scope of the request to specific individuals and/or search terms. For their first production, Defendants refer Plaintiffs to documents included herewith

12

Bates numbered SFL000674, SFL001499, SFL002044–SFL002047, SFL002151–SFL002152, SFL002159–SFL002163, and SFL002251–SFL002256.

17.     All sound measurement records (including but not limited to decibel readings, sound measurements, or other objective noise measurements taken by any CPD officer or City employee) relating to either the December Incident or the February Incident.

**RESPONSE**: Defendant objects on the grounds that the terms and/or phrase "all sound measurement records" is vague and ambiguous. Subject to this and Defendants' General Objections, Defendants will produce all responsive, non-privileged sound measurement records relating to the December Incident and the February Incident, to the extent any such records exist and are in Defendants' possession, custody, or control. For their first production, Defendants refer Plaintiffs to documents included herewith Bates numbered SFL00674, SFL001259– SFL001260, SFL001499, SFL001971, SFL001979, SFL002038, SFL002062, SFL002067, SFL002073–SFL002074, and SFL002165–SFL002166.

18.     All documents governing CPD's determination of what conduct constitutes an arrest (e.g., written policies, procedures, directives, general orders, special orders, or training materials).

**RESPONSE**: Defendant objects on the grounds that the phrase "what conduct constitutes an arrest" is vague and ambiguous. Defendants object that this Request overlaps with Request No. 10(c) above to the extent it seeks the same policy documents governing when an ANOV may be issued in lieu of a custodial arrest and incorporate their objections and response thereto.

19.     All documents relating to when a permit is required for the use of amplified sound in public spaces in the City of Chicago (e.g., any CPD policies, directives, or internal guidance on how officers should assess whether a permit is required under the Ordinance).

**RESPONSE**: Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all documents relating to when a permit is required for the use of amplified sound in public spaces in the City of Chicago,"

13

without limitation to conduct governed by the ordinance provisions at issue in this case. Defendants further object to the Request to the extent it seeks Documents subject to attorney-client privilege or work product protection. Subject to and without waiving these objections and Defendants' General Objections, Defendants will produce responsive, non-privileged documents related to whether a permit is required under the Ordinance, to the extent such documents exist and are in Defendants' possession, custody, or control.

20.     All documents relating to the use of decibel meters or other sound-measuring equipment by officers in noise ordinance enforcement (e.g., any CPD policies, directives, or guidance).

**RESPONSE**: Defendants object to this Request to the extent that it is duplicative of Request No. 17 and incorporate their objections and responses here. Subject to and without waiving this objection and Defendants' General Objections, Defendants will produce any responsive, non-privileged documents that exist and are in Defendants' possession, custody, or control.

21.     All communications (e.g., emails, text messages, radio communications, memoranda, or other communications) between or among any of the individual Defendant officers relating to either the December Incident or the February Incident, including any communications before, during, or after each incident.

**RESPONSE**: Defendants object to this Request as seeking Documents and Communications subject to attorney-client privilege or attorney work product protection. To the extent that the Request seeks e-mail records, Defendants request a Rule 37.2 conference to discuss limiting the scope of the Request to specific individuals and/or search terms. Subject to and without waiving those objections and Defendants' General Objections, Defendants will produce responsive, non-privileged communications among the individual Defendant Officers relating to the December Incident and the February Incident, to the extent such communications exist and are in Defendants' possession, custody, or control. For their first production,

14

Defendants refer Plaintiffs to documents included herewith Bates numbered SFL001259–SFL001263, SFL001971–SFL0001979, SFL002038, SFL002062–SFL002067, SFL002073–SFL002074, SFL002077, SFL002150–SFL002152, and SFL002164–SFL002166.

22.     All documents relating to the factual basis for the decision to arrest Plaintiffs in either the December Incident or the February Incident, including any documentation of observations made by Defendant Officers relating to the volume, distance, or nature of Plaintiffs' amplification prior to the arrest.

**RESPONSE**: Defendants object to this Request as seeking Documents and Communications subject to attorney-client privilege, deliberative process privilege, or attorney work product protection. Defendants further object to the extent that the term "arrest" is used in a vague and ambiguous manner and the request assumes facts not in evidence. Subject to and without waiving that objection and Defendants' General Objections, Defendants will produce responsive, non-privileged documents relating to the factual basis for the arrests and/or detention at issue, to the extent such documents exist and are in Defendants' possession, custody, or control. For their first production, Defendants refer Plaintiffs to documents included herewith Bates numbered SFL000653–SFL000660, SFL000663–000670, SFL000674–SFL000676, SFL001251–SFL001329, SFL001373–SFL001380, SFL001386–SFL001393, SFL001497–SFL001501, SFL001971–SFL002047, SFL002059–SFL002268, SFL002815–SFL00002818, SFL002987–SFL003011, and SFL003099–SFL003100.

23.     All documents relating to any measurement, observation, or assessment—whether by decibel meter, distance measurement, or any other method—of the volume or audibility of Plaintiffs' amplification from either the December Incident or the February Incident, or the absence of any such measurement, to the extent not responsive to Request No. 21 above.

**RESPONSE**: Defendants object to this Request as duplicative of Requests No. 17 and 21. Subject to and without waiving this and Defendants' General Objections, Defendants will produce all responsive, non-privileged documents relating to any measurement or assessment of volume in connection with the December Incident or February Incident, to the extent such

documents exist, are in Defendants' possession, custody, or control, and are not otherwise produced in response to Request No. 17 or 21.

24.    All documents relating to CPD policies, practices, or training relating to when officers are authorized to effect a custodial arrest, as opposed to issuing an ANOV, for alleged violations of the Ordinance, including any supervisory guidance or decision-making criteria.

**RESPONSE**: Defendants object that this Request overlaps with Request No. 10(c) above to the extent it seeks the same policy documents governing when an ANOV may be issued in lieu of a custodial arrest and incorporate their objections and response thereto.

25.    All documents relating to CPD policies, practices, or training relating to whether and when officers may effect a custodial arrest when a person declines to provide identification relating to an alleged ordinance violation.

**RESPONSE**:  Defendants object that this Request overlaps with Requests No. 10(c) and 24 and incorporate their objections and response thereto.

26.    All documents relating to any post-Incident review, investigation, supervisory inquiry, or disciplinary proceeding concerning any Defendant Officer's conduct during either the December Incident or the February Incident, including the identity of the reviewing authority, the scope and findings of any review, and its outcome.

**RESPONSE**: Defendants object on the grounds that the terms "post-Incident review, investigation, supervisory inquiry, or disciplinary proceeding" are vague and ambiguous. Defendants object to this Request as seeking Documents and Communications subject to attorney-client privilege, deliberative process privilege, investigatory privilege, or attorney work product protection. Subject to and without waiving these objections and Defendants' General Objections, Defendants will produce responsive, non-privileged documents relating to any post-incident review or investigation of the Defendant Officers' conduct during the December Incident or February Incident, to the extent such documents exist and are in Defendants' possession, custody, or control.

16

27.    All communications (e.g., emails, text messages other digital messaging, memoranda or other communications) between any of the individual Defendant officers and any CPD supervisor, commander, or City official relating to either Incident or to Plaintiffs.

**RESPONSE**: Defendants object on the grounds that the term "City official" is vague and ambiguous. Defendants object to this Request as seeking Documents and Communications subject to attorney-client privilege or attorney work product protection. To the extent that the Request seeks e-mail records, Defendants request a Rule 37.2 conference to discuss limiting the scope of the Request to specific individuals and/or search terms. Subject to and without waiving those objections and Defendants' General Objections, Defendants will produce responsive, non-privileged communications between the Defendant Officers and CPD supervisors or City officials relating to the December Incident or February Incident, to the extent such communications exist and are in Defendants' possession, custody, or control. For their first production, Defendants refer Plaintiffs to documents included herewith Bates numbered SFL001251, SFL001256–SFL001261, SFL001497, SFL001971–SFL0001979, SFL002038, SFL002062–SFL002077, SFL002150–SFL002152, and SFL002164–SFL002166.

28.    All communications between any CPD officer or City official and any third party—including the individual who allegedly called the police on December 10, 2024—relating to Plaintiffs, the December Incident, or the February Incident.

**RESPONSE**: Defendants object to this Request to the extent it seeks information that would identify third-party complainants or witnesses who have a privacy interest in their identities, and to the extent production of such information is not warranted absent an appropriate protective order. Defendants further object to the extent this Request seeks Documents subject to attorney-client privilege or work product protection. Subject to and without waiving those objections and Defendants' General Objections, Defendants will produce responsive, non-privileged communications with third parties relating to the incidents at issue.

17

For their first production, Defendants refer Plaintiffs to documents included herewith Bates numbered SFL000674, SFL001259–SFL001260, SFL001499, SFL001971, SFL001979, SFL002038, SFL002062, SFL002067, SFL002073–SFL002074, and SFL002165–SFL002166.

29.     All documents (e.g., records, logs, reports, or databases) identifying every citation, arrest, or detention made pursuant to the Ordinance or any related noise ordinance from January 1, 2021, to the present, including the date, location, identity of the individual cited or arrested, the officer involved, and the outcome of any charge.

RESPONSE: Defendants object to this Request as duplicative of Request No. 13 above to the extent it seeks records of every Ordinance enforcement action city-wide for substantially the same time period and incorporate their objections and response to Request No. 13. Defendants further object to the extent this Request seeks the production of personal identifying information of third-party individuals—including names, addresses, dates of birth, and other personal descriptors appearing on citation records—without an appropriate protective order in place. Defendants further object on the grounds that the phrase "any related noise ordinance" is vague and ambiguous, and this request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it would require discovery into the enforcement of ordinances not at issue in this case.

30.     All documents (e.g., records, logs, reports, or databases) identifying every noise complaint received by CPD relating to the area of East Madison Street and North Michigan Avenue from January 1, 2021, to the present.

**RESPONSE**: Defendants object on the grounds that the phrase "every noise complaint," "East Madison Street", and "North Michigan Avenue" are vague and ambiguous, and this request is overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it would require discovery into the enforcement of ordinances not at issue in this case. Subject to and without waiving these objections and Defendants' General Objections, Defendants will produce responsive, non-privileged records of noise complaints received by

18

CPD relating to the area of East Madison Street and North Michigan Avenue from January 1, 2021, to the present, to the extent such records exist and are in Defendants' possession, custody, or control, subject to appropriate redaction of third-party personal identifying information.

31.     All complaints, grievances, civil claims, or lawsuits filed against the City of Chicago or any CPD officer from January 1, 2021, to the present relating to the alleged CPD officers' suppression of First Amendment-protected speech, religious expression, or street preaching.

**RESPONSE**: Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks records of all complaints, grievances, civil claims or lawsuits city-wide without limitation as to the officers or subject matter involved. Defendants further object that this Request overlaps with Request No. 14 above to the extent it seeks complaints or grievances concerning Ordinance enforcement against religious speech or street preaching, and with Request No. 8 above to the extent it seeks disciplinary records concerning the Defendant Officers and incorporate their objections and responses to those Requests. Subject to and without waiving these objections and Defendants' General Objections, Defendants will produce responsive, non-privileged records. To the extent that Plaintiffs, after reviewing Defendants' production, seek additional records associated with these matters, Defendants request a Rule 37.2 conference to discuss limiting the scope of the Request. For their first production, Defendants refer Plaintiffs to documents included herewith Bates numbered SFL002743–SFL002814.

32.     All documents identifying permits issued by the City of Chicago for the use of amplified sound in public spaces in or around Millennium Park from January 1, 2021, to the present, including the identity of the permittee, the date, and the nature of the event.

**RESPONSE**: Defendants object to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks all documents identifying permits for the use of amplified sound in or around Millennium Park without limitation.

19

33.     All documents (including but not limited to records or communications) relating to any event or gathering in or around Millennium Park or the Madison/Michigan Avenue intersection at which amplified sound was used, regardless of whether a permit was obtained or a citation was issued.

**RESPONSE**: Defendants object to this Request as overbroad and not proportional to the needs of the case to the extent it seeks records of all events involving amplified sound in or around Millennium Park without limitation, and to the extent it fails to specify a relevant time frame. Defendants further object that this Request is duplicative of Request No. 32.

34.     All documents identifying or relating to any CPD officer's or supervisor's awareness, prior to or during the February Incident, of: (a) Plaintiffs' prior ANOV or citation; (b) Plaintiffs' prior preaching activity in the Millennium Park/Michigan Avenue area; or (c) any prior complaints received about Plaintiffs or individuals engaged in religious preaching in that area.

**RESPONSE**: Defendants object to this Request as overbroad and not proportional to the needs of the case to the extent it seeks records of all complaints received about "individuals engaged in religious preaching in that area," with no time limit and no limitation to complaints about the use of amplification. To the extent that the Request seeks e-mail records, Defendants request a Rule 37.2 conference to discuss limiting the scope of the Request to specific individuals and/or search terms. Subject to and without waiving the above objections and Defendants' General Objections, Defendants will produce responsive, non-privileged documents relating to any documented awareness by Defendant Officers of prior enforcement actions or complaints involving Plaintiffs' use of amplification, to the extent such documents exist and are in Defendants' possession, custody, or control.

35.     All documents (e.g., OEMC records, CAD entries, complaint logs, or dispatch records) relating to any complaint received by CPD concerning Plaintiffs or concerning any individual engaged in street preaching, amplification of religious speech, or religious speech in the Millennium Park/Michigan Avenue area during the past five (5) years, including the substance of each complaint, the identity of the complainant (to the extent known), and the enforcement action taken.

20

**RESPONSE**: Defendants object to this Request as overbroad and not proportional to the needs of the case to the extent it seeks records of all complaints concerning "religious speech in the Millennium Park/Michigan Avenue area during the past five (5) years," without limitation to complaints about amplification. Defendants object to this Request as overlapping with Request No. 14 above to the extent it seeks complaint records concerning Ordinance enforcement or street preaching in the Millennium Park/Michigan Avenue area and incorporate their objections and response to that Request. Defendants object to this Request to the extent it seeks the identities of third-party complainants who have a privacy interest in such information, and to the extent production is not warranted absent an appropriate protective order. Subject to and without waiving that objection and Defendants' General Objections, Defendants will produce responsive, non-privileged documents relating to complaints about Plaintiffs or street preaching in the Millennium Park/Michigan Avenue area, subject to appropriate redaction of third-party complainant identifying information. For their first production, Defendants refer Plaintiffs to documents included herewith Bates numbered SFL000674, SFL001499, SFL001971, SFL001979–SFL001982, SFL001996–SFL001997, SFL002038, SFL002041–SFL002043, SFL002062, SFL002067, SFL002079–SFL002081, SFL002100–SFL002101, SFL002155– SFL002158, SFL002186–SFL002188, and SFL002243–SFL002250.

36.     All documents or records (including body-worn camera footage, audio recordings, written notes, reports, forms or communications) containing or identifying any statement made by any Defendant Officer or CPD supervisor relating to: (a) the content, message, or viewpoint of Plaintiffs' speech; (b) Plaintiffs' religion or religious beliefs; (c) Plaintiffs' use of amplification for religious purposes; or (d) any First Amendment rights asserted by Plaintiffs before, during, or after either Incident.

**RESPONSE**: Defendants object to this Request as duplicative of Request No. 16 above to the extent it seeks documents reflecting Defendants' statements concerning the content, religious nature, or viewpoint of Plaintiffs' speech, and incorporate their objections and response

21

to Request No. 16. Defendants further object to this Request as seeking Documents and

Communications subject to attorney-client privilege or attorney work product protection. Subject

to and without waiving those objections and Defendants' General Objections, Defendants will

additionally produce responsive, non-privileged documents containing statements by Defendant

Officers or CPD supervisors specifically relating to any First Amendment rights asserted by

Plaintiffs before, during, or after either Incident, to the extent such documents exist and are in

Defendants' possession, custody, or control. For their first production, Defendants refer Plaintiffs

to documents included herewith Bates numbered SFL001972.

37.　　All documents containing or relating to any CPD officer's or supervisor's communications with, or responses to, the individual(s) who complained about Plaintiffs' preaching on December 10, 2024, or February 24, 2025, including the identity of such complainants, the substance of the complaints, and all follow-up communications.

**RESPONSE**: Defendants object to this Request to the extent it seeks the identities of

third-party complainants who have a privacy interest in such information and will not produce

complainant identifying information absent an appropriate protective order or further order of the

Court. Subject to and without waiving that objection and Defendants' General Objections,

Defendants will produce responsive, non-privileged documents relating to CPD's

communications with and responses to complainants on December 10, 2024, and February 24,

2025, with third-party complainant identifying information redacted or substituted with

anonymous identifiers. For their first production, Defendants refer Plaintiffs to documents

included herewith Bates numbered SFL001971, SFL001980–SFL001982, SFL002038,

SFL002041–SFL002043, SFL002062, SFL002079–SFL002081, SFL002155–SFL002158, and

SFL002243–SFL002250.

## RESERVATION OF RIGHTS

Defendants continue to investigate this matter and reserve their right to supplement their responses accordingly.

Date:     July 22, 2026

ELLEN MCLAUGHLIN
ellen.mclaughlin@cityofchicago.org
HANNAH PITCHER
hannah.pitcher@cityofchicago.org
ERIC SEELEMAN
eric.seeleman@cityofchicago.org
City of Chicago Department of Law
2 North LaSalle, Suite 420
Chicago, IL 60602
(312) 742-5147 / -6238 / -3902

*Attorneys for Defendants*

MARY B. RICHARDSON-LOWRY,
Corporation Counsel for the City of Chicago

By: */s/ Ellen W. McLaughlin*

**CERTIFICATE OF SERVICE**

I, Ellen W. McLaughlin, an attorney for Defendants, hereby certify that on July 22, 2026,

I served by email the foregoing Reponses to Plaintiffs' First Requests for Production of Documents

to the following counsel:


Liam Harrell
Nathan Moelker
Lindsey Bachman
AMERICAN CENTER FOR LAW & JUSTICE
201 Maryland Ave., NE
Washington, DC 20002
lharrell@aclj.org
nmoelker@aclj.org
lbachman@aclj.org

Geoffrey Surtees
AMERICAN CENTER FOR LAW & JUSTICE
PO Box 60
New Hope, KY 40052
gsurtees@aclj.org

/s/ *Ellen W. McLaughlin*

Exhibit R
Email dated July 24, 2026

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRETT RAIO; PEREZ NDI; and REETIK DHAMALA, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 25-cv-02709 |
| | ) | |
| CITY OF CHICAGO, an Illinois municipal corporation, and Chicago Police Officers MARIO L. JACKSON, NICO A. SUTOR, CARLOS R. CAMEY SANDOVAL, MICHAEL P. JOYCE, WILLIAM E. GATLIN, and MICHAEL PETRASKI, in their official and individual capacities, | ) ) ) ) ) ) ) ) | The Hon. Sara L. Ellis |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendants City of Chicago, Mario L. Jackson, Nico A. Sutor, Carlos R. Camey Sandoval, Michael P. Joyce, William E. Gatlin, and Michael Petraski (collectively, "Defendants"), by and through their attorneys, hereby answer and object to Plaintiffs' First Set of Interrogatories pursuant to Federal Rules of Civil Procedure 26 and 33.

**GENERAL OBJECTIONS**

1. Defendants object to Plaintiffs' definitions of "Identify," "Document," "Communication," "Relating to," and similar terms to the extent they purport to expand Defendants' discovery obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

2. Defendants object to each Interrogatory to the extent it fails to specify a reasonable time period, is not limited to the claims and defenses at issue in this action, or

otherwise seeks information that is overbroad and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Defendants further object that, where an Interrogatory purports to seek information from "the past five (5) years," that phrase is ambiguous as to whether it is measured from the date of service of the Interrogatories or some other date; Defendants construe it, for purposes of these Answers, as measured from the date of this response unless otherwise indicated.

3.      Defendants object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, the deliberative process privilege, or the attorney work-product doctrine. Defendants will provide a privilege log consistent with Federal Rule of Civil Procedure 26(b)(5) to the extent any responsive information is withheld on privilege grounds. Any inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

4.      Defendants object to each Interrogatory to the extent it calls for a legal conclusion.

5.      Defendants object to providing the names, addresses, or other personally identifiable information of third-party complainants or witnesses without entry of an appropriate protective order governing the use and confidentiality of such information.

6.      Discovery in this matter is ongoing and Defendants' investigation continues. The Answers provided herein are based on the information currently known to Defendants and are subject to supplementation pursuant to Federal Rule of Civil Procedure 26(e).

7.      Each Answer below is made subject to, and without waiver of, the foregoing General Objections, whether or not separately repeated within the specific Answer.

**ANSWERS TO INTERROGATORIES**

1.       With respect to these Interrogatories, please identify the person answering them, all persons who provided assistance in answering them, and specify which Interrogatories each person assisted in answering.

**RESPONSE:** Defendants object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work-product doctrine, including communications between counsel and Defendants concerning the preparation of these Answers. Subject to that objection, these Answers are submitted on behalf of Defendants and were prepared by counsel for Defendants from the City of Chicago Department of Law, with assistance from Defendants and the individual signing the Verifications appended hereto. Defendants will supplement this Answer to the extent additional persons are identified as having assisted in the preparation of these Answers.

2.       Identify each person who has knowledge about the Plaintiffs' claims or your defenses in the above-captioned action describing the knowledge you believe each person has.

**RESPONSE:** Defendants object to this Interrogatory to the extent it seeks identification of every person who may have knowledge, however remote, of Plaintiffs' claims or Defendants' defenses, as overbroad and not proportional to the needs of the case. Subject to that objection, Defendants identify the following individuals as possessing relevant knowledge: Plaintiffs Brett Raio, Perez Ndi, and Reetik Dhamala, who have personal knowledge of the December Incident and/or the February Incident; Defendant Officers Mario L. Jackson, Nico A. Sutor, Carlos R. Camey Sandoval, Michael P. Joyce, William E. Gatlin, and Michael Petraski, each of whom has personal knowledge of his respective role in the December Incident and/or the February Incident; and any individual(s) who contacted CPD or the Office of Emergency Management and Communications ("OEMC") regarding Plaintiffs' amplified preaching, who have knowledge of the basis for the call(s) that precipitated CPD's response. Defendants further identify such

3

additional persons as may be reflected in the body-worn camera footage, OEMC records, and CPD reports produced in this matter. Defendants reserve the right to supplement this Answer as discovery proceeds.

3.     Identify each CPD officer/supervisor/employee involved in each of Plaintiffs' enumerated stops/arrests/citations as set forth in the Amended Complaint (Doc. 17) and the arrest in the Acevedo Incident, describing the nature and scope of each person's involvement in each incident.

**RESPONSE:** Defendants object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks the identity of "each CPD officer/supervisor/employee involved in each of Plaintiffs' enumerated stops/arrests/citations," with no limitation to the actions or decisions giving rise to Plaintiffs' claims in this lawsuit. Defendants object to this Interrogatory to the extent it seeks information regarding the Acevedo Incident, a separate matter involving different parties, different officers, and a different arrest, on the grounds that it is overbroad, not proportional to the needs of this case, and seeks information equally available to Plaintiffs from the public docket in *Acevedo v. Zatora, et al.*, No. 1:24-cv-12654 (N.D. Ill.). Subject to that objection, Defendants identify the following individuals who were allegedly involved in either the December Incident, the February Incident, or the Acevedo Incident: Officer Mario L. Jackson; Officer Nico A. Sutor; Officer Carlos R. Camey Sandoval; Officer Michael P. Joyce; Officer William E. Gatlin; Officer Michael Petraski; Sergeant Tomasz Zatora. Defendants refer Plaintiffs to the CPD arrest reports, case reports, and body-worn camera footage from the December Incident, February Incident, and Acevedo Incident produced in this matter for a further description of each individual's involvement. Defendants reserve the right to supplement this Answer as discovery proceeds.

4.     For each CPD officer/supervisor/employee identified in your answer to Interrogatory No. 3, identify all misconduct complaints relating to that individual (e.g., Log Number files, Complaint Register files, Universal files, Extraordinary Occurrence files, Non-

4

Disciplinary Intervention files, and Summary Punishment Action Requests), explaining in detail what actions, if any, Defendant CPD took in response to each of those complaints.

**RESPONSE:** Defendants object to this Interrogatory to the extent it seeks information regarding the Acevedo Incident, a separate matter involving different parties, different officers, and a different arrest, on the grounds that it is overbroad and not proportional to the needs of this case. Defendants further object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks the complete misconduct history of each Defendant Officer without limitation as to subject matter or time, and as seeking information protected by the investigatory privilege, Federal Rules of Evidence 403 and 404, and any applicable confidentiality order. Subject to those objections, Defendants will produce, subject to entry of an appropriate confidentiality order, materials identified in Defendants' response to Plaintiffs' related Request for Production No. 8, and direct Plaintiffs to those materials in lieu of restating each complaint herein.

5.      Identify each person (e.g., supervisor, training officer, or policymaker) with knowledge of any CPD policy, custom, practice, or training relating to the enforcement of § 8-32-070, responsible for instruction on that enforcement, summarizing the knowledge each such person possesses.

**RESPONSE:** Defendants object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks the identity of "each person" "with knowledge of any CPD policy, custom, practice, or training relating to the enforcement of § 8-32-070," and because the phrases "with knowledge of" and "relating to" are vague and ambiguous.

6.      Identify all documents (e.g., written policies, procedures, directives, general orders, special orders, or training materials) relating to the enforcement of § 8-32-070 by CPD officers. Examples of responsive documents include, e.g., any guidance regarding: (a) what constitutes a violation of the Ordinance; (b) what measurement, if any, is required before enforcement action is taken; (c) when an officer may arrest as opposed to issuing an ANOV; (d) enforcement in public forums including sidewalks; (e) the First Amendment rights of street

5

preachers or religious speakers; (f) viewpoint- or content-neutral enforcement of noise ordinances; (g) the requirement to measure sound "at a distance of 100 feet" under the Ordinance; and (h) when amplification is constitutionally protected.

**RESPONSE:** Subject to Defendants' General Objections, Defendants refer Plaintiffs to documents produced in response to Plaintiffs' related Requests for Production Nos. 10 and 12, and will supplement this Answer if further responsive documents are identified.

7.      Describe, to the extent known, all enforcement actions taken under the Ordinance during the past five (5) years, including the total number of arrests, ANOVs, and warnings, grouped by year, and for each action state: (a) whether identification was requested; (b) whether identification was provided or refused; (c) whether the activity involved religious speech or evangelism and (d) the nature of the speech or activity involved (e.g., street preaching, musical performance, political protest, or other).

**RESPONSE:** Defendants object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks a citywide accounting of every enforcement action taken under the Ordinance over a five-year period, broken out by data points—such as whether each encounter involved religious speech—that are not systematically tracked in any City database in the form requested, such that compiling this information would require manual review of individual incident reports citywide. Subject to those objections, Defendants refer Plaintiffs to documents produced in response to Plaintiffs' related Requests for Production Nos. 13. To the extent that Plaintiffs seek additional records related to these enforcement actions which are voluminous and time-consuming to retrieve, Defendants request a Local Rule 37.2 conference to discuss limiting the scope of the request to specific matters.

8.      Identify all complaints received by CPD or the City of Chicago in the past five (5) years from any person concerning Plaintiffs, any other individuals engaged in street preaching, or the amplification of religious speech, including the source of each complaint, full name, address, and contact information for each source, the nature of the complaint, and the enforcement response taken.

**RESPONSE:** Defendants object to this Interrogatory to the extent it seeks the identities and contact information of third-party complainants who have a privacy interest in that

6

information, and Defendants will not provide such identifying information absent entry of an appropriate protective order. Defendants further object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all complaints" concerning "any other individuals engaged in street preaching," without limitation to complaints about the volume of amplification, over a five-year period. Subject to those objections, Defendants refer Plaintiffs to the OEMC records and body-worn camera audio produced in this matter. Defendants will supplement this Answer as discovery proceeds.

9.      Identify all communications between CPD officers, supervisors, dispatch, or City of Chicago Officials relating to Plaintiffs, the December Incident, the February Incident, or the Acevedo Incident.

**RESPONSE:** Defendants object to this Interrogatory as seeking information protected by the attorney-client privilege and attorney work-product doctrine, and to the extent it seeks "all communications" without limitation as overbroad and not proportional to the needs of the case. Defendants further object to this Interrogatory to the extent it seeks information regarding the Acevedo Incident, for the reasons stated in response to Interrogatory No. 3. Subject to those objections, Defendants direct Plaintiffs to the OEMC dispatch records, CAD records, and body-worn camera footage produced in response to Plaintiffs' related Requests for Production Nos. 3 and 5, which include relevant communications among CPD personnel concerning the December Incident and the February Incident. Defendants will supplement this Answer as discovery proceeds.

10.      Identify all persons within CPD or the City of Chicago who had knowledge of the Acevedo Incident and describe when and how they became aware of it.

**RESPONSE:** Defendants object to this Interrogatory as seeking information regarding a separate lawsuit involving different parties and different officers, which is not relevant to any claim or defense in this action, is not proportional to the needs of the case, and is equally

available to Plaintiffs from the public docket in *Acevedo v. Zatora, et al.*, No. 1:24-cv-12654

(N.D. Ill.). Defendants object to this Interrogatory as seeking information protected by the

attorney-client privilege and attorney work-product doctrine. Subject to these objections,

Defendants state that none of the Defendant Officers in this action was involved in the Acevedo

Incident, and Defendants are not otherwise aware of any connection between the Acevedo

Incident and the enforcement actions at issue in this case. Defendants reserve the right to

supplement this Answer as discovery proceeds.

11.     Describe all actions, if any, taken by CPD or the City of Chicago (e.g., changes to policy, training, supervision, or internal guidance) in response to the December Incident, the February Incident, or the Acevedo Incident.

**RESPONSE:** Subject to Defendants' General Objections, including the objections stated

in response to Interrogatory No. 10 regarding the Acevedo Incident, Defendants state that, to

date, no changes to CPD policy, training, or supervision have been identified as having been

made specifically in response to the December Incident, the February Incident, or the Acevedo

Incident. Defendants will supplement this Answer if any such actions are identified through

Defendants' continuing investigation.

12.     Identify what, if any, articulable facts supported Defendants' decision to stop/arrest/cite each Plaintiff.

**RESPONSE:** Defendants object to this Interrogatory to the extent it calls for a legal

conclusion regarding the existence of reasonable suspicion or probable cause. Subject to that

objection, Defendants refer Plaintiffs to the arrest reports, case reports, and body-worn camera

footage produced in this matter for a complete account of the facts known to each officer at the

time of each enforcement action. Defendants will supplement this Answer as appropriate.

13.     Identify all documents (e.g., written policies, procedures, directives, general orders, special orders, or training materials) identifying or relating to CPD's determination of what conduct constitutes an arrest.

8

**RESPONSE:** Subject to Defendants' General Objections, Defendants refer Plaintiffs to documents produced in response to Plaintiffs' related Request for Production No. 18.

14. Identify all facts that Defendants contend established arguable probable cause to arrest each Plaintiff on February 24, 2025, and December 10, 2024, each officer possessing knowledge of that fact at the time of the arrest, and any documents, communications, or observations supporting it.

**RESPONSE:** Defendants object to this Interrogatory to the extent it calls for a legal conclusion. Subject to that objection, Defendants refer Plaintiffs to the documents produced in this matter in response to Plaintiffs' related Request for Production No. 22.

15. Identify whether any CPD officer on February 24, 2025, and December 10, 2024, measured, or attempted to measure, the volume of Plaintiffs' amplification, whether by decibel meter, distance measurement, or any other objective means. If no measurement was taken, explain in detail why not and identify all officers who decided not to conduct a measurement.

**RESPONSE:** Subject to Defendants' General Objections, Defendants state that, based on materials reviewed to date, no CPD Officer used a decibel meter or other dedicated sound-measuring device to measure the volume of Plaintiffs' amplification on either December 10, 2024, or February 24, 2025. CPD officers are not issued decibel meters as standard equipment and make enforcement decisions under the Ordinance based on their own auditory perception and observation of the surrounding circumstances. Defendants refer Plaintiffs to the documents produced in this matter in response to Plaintiffs' related Request for Production No. 22.

16. State whether any CPD officer verified—prior to arresting Plaintiffs on February 24, 2025, or December 10, 2024—that Plaintiffs' amplification could be heard at a distance of 100 feet or more at a volume louder than an average conversational level, as required by the Ordinance. If no such verification was performed, explain why not.

**RESPONSE:** Defendants object that the term "arresting" is used in a vague and ambiguous manner, and the request assumes facts not in evidence. Subject to Defendants' General Objections and incorporating Defendants' Answer to Interrogatory No. 15, Defendants state that CPD officers directly observed the volume and audibility of Plaintiffs' amplification,

and the complaints received from third parties also indicated that the sound was audible at a distance of 100 feet or more from its source at a volume louder than an average conversational level.

17.     To the extent Defendants contend that any of the enforcement actions described in Plaintiffs' Amended Complaint (Doc. 17), or the written and unwritten policies and practices that comprise the same, as alleged in Plaintiffs' Amended Complaint (Doc. 17), are justified by any legitimate, non-discriminatory policy objective and are necessary to the attainment of that objective, explain in detail such objective and why those policies and practices are necessary to attain that objective, and identify all documents and communications relating to that objective.

**RESPONSE:** Defendants object that the term "the written and unwritten policies and practices that comprise the same" is used in a vague and ambiguous manner, and the request assumes facts not in evidence. Defendants object to this Interrogatory to the extent it calls for a legal conclusion. Subject to and without waiving these objections and Defendants' General Objections, Defendants state that the Ordinance and CPD's enforcement of it serve the City's legitimate, content-neutral interest in regulating noise in public spaces to protect the public's quiet enjoyment, prevent disturbances, and promote pedestrian and traffic safety, regardless of the content or viewpoint of any speech being amplified. Defendants contend that the enforcement actions at issue were applied based on the volume of the amplification rather than the religious content of Plaintiffs' speech. Defendants identify Chicago Municipal Code § 8-32-070 and the documents produced in response to Plaintiffs' related Requests for Production Nos. 10 and 12 as the documents principally relating to this objective. Defendants will supplement this Answer as discovery proceeds, if necessary.

18.     Identify any Defendant Officer or CPD supervisor who was aware, prior to or during the February Incident, that Plaintiffs had previously received an ANOV or other enforcement action arising from street preaching or amplified religious speech.

**RESPONSE:** Subject to Defendants' General Objections, Defendants state that, based on the investigation to date, Defendants are not presently aware of any Defendant Officer or CPD

10

supervisor who had specific knowledge, prior to or during the February Incident, that Plaintiffs had previously received an ANOV or other enforcement action arising from street preaching or amplified religious speech. Defendants will supplement this Answer as discovery proceeds, if necessary.

19.    Identify all communications among Defendant Officers, supervisors, dispatch, or any other CPD personnel relating to Plaintiffs or any individuals engaged in street preaching or amplification of religious messages in the Millennium Park/Michigan Avenue area, on any date prior to the February Incident or December Incident, in the past five (5) years, including any references to the content, viewpoint, or subject matter of Plaintiffs' or any other such person's speech.

**RESPONSE:** Defendants object to this Interrogatory as overbroad and not proportional to the needs of the case to the extent it seeks "all communications" among an undefined universe of CPD personnel over a five-year period, and to the extent it seeks communications about "any individuals engaged in street preaching," without limitation to the use of amplification. Defendants further object to the extent this Interrogatory seeks information protected by the attorney-client privilege or attorney work-product doctrine. Subject to those objections, Defendants are not presently aware of any CPD communication referencing the content or viewpoint of Plaintiffs' or any other individual's religious speech prior to the incidents at issue, beyond the documents Defendants will produce in response to Plaintiffs' related Request for Production No. 15. Defendants will supplement this Answer as discovery proceeds.

20.    State whether any Defendant Officer, supervisor, or CPD official expressed, orally or in writing, any view, opinion, or characterization regarding Plaintiffs' preaching, their religious message, or their use of amplification for religious speech in the past five (5) years (so without regard to whether before, during, or after the February Incident or December Incident) and identify all persons with knowledge of any such statements.

**RESPONSE:** Defendants object to this Interrogatory as overbroad and not proportional to the needs of the case to the extent it seeks statements by an undefined universe of CPD personnel over a five-year period. Defendants further object to the extent this Interrogatory seeks

11

information protected by the attorney-client privilege or attorney work-product doctrine. Subject to those objections and Defendants' General Objections, Defendants state that, based on the investigation and review of materials to date, Defendants are not presently aware of any Defendant Officer, supervisor, or CPD official expressing a view, opinion, or characterization regarding the content of Plaintiffs' religious message, beyond statements made in the ordinary course of enforcing the Ordinance as reflected on the body-worn camera footage produced in this matter. Defendants further state that the body-worn camera footage shows that Officer Sandoval stated to Plaintiff Dhamala on December 10, 2024, in response to Dhamala's comment about preaching the gospel, "I commend you for that." Defendants will supplement this Answer as discovery proceeds, if necessary.

### RESERVATION OF RIGHTS

Defendants continue to investigate this matter and reserve their right to supplement these Answers accordingly pursuant to Federal Rule of Civil Procedure 26(e).

Date: July 24, 2026

MARY B. RICHARDSON-LOWRY,

Corporation Counsel for the City of Chicago

ELLEN MCLAUGHLIN
ellen.mclaughlin@cityofchicago.org
HANNAH PITCHER
hannah.pitcher@cityofchicago.org
ERIC SEELEMAN
eric.seeleman@cityofchicago.org
City of Chicago Department of Law
2 North LaSalle, Suite 420
Chicago, IL 60602
(312) 742-5147 / -6238 / -3902
*Attorneys for Defendants*

By:  */s/ Eric Seeleman*

12

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRETT RAIO; PEREZ NDI; and REETIK DHAMALA, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, an Illinois municipal corporation, and Chicago Police Officers MARIO L. JACKSON, NICO A. SUTOR, CARLOS R. CAMEY SANDOVAL, MICHAEL P. JOYCE, WILLIAM E. GATLIN, and MICHAEL PETRASKI, in their official and individual capacities, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> No. 25-cv-02709 <br><br> The Hon. Sara L. Ellis |

## VERIFICATION

Under penalties as provided by law pursuant to 28 U.S.C. §1746, I, Sergeant Thomas Corbett, assigned to the Office of Legal Affairs, Chicago Police Department, certify that I signed the foregoing Answers and Objections to Plaintiff's First Set of Interrogatories, that I am duly authorized to do so, that certain of the matters stated in the foregoing Answers are not within my personal knowledge and belief, that there is no employee of the City of Chicago who has personal knowledge of all such matters. The foregoing Answers are based on knowledge, information, and belief formed after reasonable inquiry into documents and information which have been assembled by authorized employees and counsel of the City of Chicago, and that I am informed and believe that the statements set forth in the foregoing are complete and correct as of

Jul 24 2026

Signature:  Sergeant Thomas Corbett
Office of Legal Affairs
Chicago Police Department

14

## <u>CERTIFICATE OF SERVICE</u>

I, Eric Seeleman, an attorney for Defendants, hereby certify that on July 24, 2026, I served by email the foregoing Defendants' Answers and Objections to Plaintiffs' First Set of Interrogatories on the following counsel of record:


Nathan J. Moelker
Benjamin P. Sisney
Liam R. Harrell
Lindsey Bachman
AMERICAN CENTER FOR LAW & JUSTICE
201 Maryland Avenue, NE
Washington, D.C. 20002
nmoelker@aclj.org
bsisney@aclj.org
lharrell@aclj.org
lbachman@aclj.org

Geoffrey R. Surtees
AMERICAN CENTER FOR LAW & JUSTICE
PO Box 60
New Hope, KY 40052
gsurtees@aclj.org


Dated: July 24, 2026.                     */s/ Eric Seeleman*
                                          ERIC SEELEMAN
                                          Assistant Corporation Counsel