# Exhibit A

***Raio v. City of Chicago*, No. 25-cv-02709**

**Plaintiffs' First Set of Requests for Production of Documents**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRETT RAIO,<br>PEREZ NDI, and<br>REETIK DHAMALA,<br><br>*Plaintiffs,*<br>*v.*<br><br>The CITY OF CHICAGO, an Illinois municipal corporation, and Chicago Police Officers MARIO L. JACKSON, NICO A. SUTOR, CARLOS R. CAMEY SANDOVAL, MICHAEL P. JOYCE, WILLIAM E. GATLIN, and MICHAEL PETRASKI in their official and individual capacities,<br><br>*Defendants.* | Case No. 1:25-cv-02709<br><br>**The Hon. Sara L. Ellis** |

**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Brett Raio, Perez Ndi, and Reetik Dhamala ("Plaintiffs"), by and through their undersigned counsel, request that, no later than thirty (30) days from the date of service of this Plaintiffs' First Set of Requests for Production of Documents, defendants City of Chicago and Officers Jackson, Joyce, Petraski, Sandoval, Sutor, and Gatlin (collectively, "Defendants"), produce for inspection and copying the documents, data, and information described herein. Each of the following document requests (each, a "request") is to be read in accordance with the definitions and instructions that follow.

## I. DEFINITIONS

1. Notwithstanding any definition set forth below, each word, term, or phrase used in the Requests for Production is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

2. “Document” shall be construed to the fullest and broadest scope of things discoverable under Federal Rule of Civil Procedure 34(a), encompassing material of whatever kind or nature, whether typed, printed, handwritten, or otherwise produced and however stored, printed, recorded, or preserved, including, without limitation, all communications, correspondence, letters, memoranda (whether internal or external), meeting minutes, notes, reports, grievances, training materials, handbooks, policies, directives, guidelines, contracts, bills, invoices, photographs, calendars, text messages, SMS, instant messages, facsimiles, photocopies, audio or video recordings, and electronic data compilations, including computerized files, computer discs, hard drives, servers, database records, voicemail recordings, electronic mail (e-mail) messages, and electronic calendar invites.

3. “ESI” means electronically stored information and shall be construed to the fullest and broadest scope of things discoverable under Fed. R. Civ. P. 34(a).

4. “Communication” means any act or instance of transferring, transmitting, passing, delivering, or giving information by oral, written, signed, or electronic means, including, without limitation, in-person discussions, virtual meetings, memos, notes, letters, text messages, SMS, instant messages, facsimiles, electronic mail (e-mail), phone calls, and voicemail.

5. “Relating to” means referring to, pertaining to, related to, reflecting, concerning, and their variants, and shall be construed to bring within the scope of the Request any information that explicitly or implicitly comprises, evidences, embodies, constitutes, describes, responds to, reflects, was reviewed in conjunction with, or was generated as a result of, the subject matter of the Request for Production.

6. “Plaintiffs” means plaintiffs named in the Complaint in the above-captioned action, including Brett Raio, Reetik Dhamala, and Perez Ndi.

7. “Defendants” means defendants named in the Complaint in the above-captioned action, including the City of Chicago, and Officers Jackson, Joyce, Petraski, Sandoval, Sutor, and

Gatlin, and also their directors, officers, employees, affiliates, representatives, advisors, agents, associates, and/or any other person acting for or at the direction thereof, and any such person's subsidiaries, predecessors, and successors.

8. "Person" means any natural person, corporation, partnership, proprietorship, association, joint venture, group, governmental or public entity, or any other form or organization of legal entity, and all of their directors, officers, employees, representatives, or agents.

9. "Ordinance" means, unless otherwise specified, Chicago Municipal Ordinance Section 8-32-070 (Music and amplified sound).

10. "ANOV" means Administrative Notice of Violation.

11. "CPD" means Chicago Police Department.

12. "December Incident" means the arrest of Plaintiff Raio on December 10, 2024, as alleged in Plaintiffs' Amended Complaint (Doc. 17).

13. "February Incident" means the arrests of Plaintiffs Ndi and Dhamala on February 24, 2025, as alleged in Plaintiffs' Amended Complaint (Doc. 17).

14. "Acevedo Incident" means the March 2024 arrest of Ethan Acevedo by Chicago Police Department ("CPD") officers at or near 1200 N. LaSalle Drive, Chicago, Illinois, which is the subject of the lawsuit captioned *Acevedo v. Zatora, et al.*, No. 1:24-cv-12654 (N.D. Ill.), and includes all events and enforcement actions arising from or relating to that arrest.

## II. RULES OF CONSTRUCTION

1. The terms "You" and "Your" shall be construed to include Defendants and their directors, officers, employees, affiliates, representatives, advisors, agents, associates, and/or any other person acting for or at the direction thereof, and any such person's subsidiaries, predecessors, and successors.

2. The terms "and" and "or" shall be construed either conjunctively or disjunctively as required by the context so as to bring within the scope of a request any information that might otherwise be considered to be beyond it.

3. The terms "any," "all," and "each" shall be construed in the broadest sense possible to be consistent with an interpretation that results in a more expansive response.

4. The use of the singular form of any word shall be construed to include the plural and vice versa.

5. All phrases following the terms "including" are intended to illustrate the kinds of information responsive to each request, and shall be construed as "including, but not limited to." Such examples are not intended to be exhaustive of the information sought by the request and shall not in any way be read to limit the scope of the request.

6. The use of a verb in any tense, voice, or mood shall be construed as the use of the verb in all other tenses, voices, or moods, as necessary to bring within the scope of the request any information that might otherwise be construed to be outside of its scope.

## III. INSTRUCTIONS

1. Each Request shall be construed and answered separately and shall not be combined for the purpose of supplying a common response thereto. Each answer shall set forth verbatim the Request to which it responds. The answer to a Request shall not be supplied by referring to the answer to another Request, unless the Request referred to supplies a complete and accurate answer to the Request being answered. The specificity of any Request shall not be construed or understood as limiting the generality or breadth of any other Request.

2. If You object to any part of a Request, state with particularity both the grounds and reasons for Your objection, specify the portion(s) of the request to which You object, and answer so much of the Request as is not objectionable.

3. These Requests require You to produce Documents that are in Your physical possession, custody, or control, as well as Documents in the possession, custody, or control of any of Your directors, officers, employees, affiliates, representatives, advisors, agents, associates, and/or any other person acting for or at the direction thereof, and any such person's subsidiaries, predecessors, and successors.

4. In addition to original and final versions of Documents, any Request for Documents includes a Request for all drafts, alterations, modifications, changes, and amendments of such Documents, as well as copies non-identical to the original in any respect, including any copies bearing non-identical markings or notations of any kind.

5. If any requested Document was, but no longer is, in Defendants' possession, state whether a copy thereof is in the possession, custody or control of some other person, partnership, or corporation.

6. Defendants are hereby requested to produce in a searchable, electronic format all ESI found to be responsive to these Requests, in accordance with an ESI Protocol to be discussed by the parties and entered by the Court. ESI should be produced in native or near-native format with an associated OCR text file or layer or associated metadata file that includes all text for the corresponding file. Native format requires production in the same format in which the Document was customarily created, used, and stored by You. Documents that do not exist in a native electronic format or which require redaction of privileged content shall be produced in searchable .PDF format with logical unitization preserved.

7. Responsive Documents are to be clearly designated so as to reflect their source, owner, and/or custodian.

8. Each requested Document shall be produced in its entirety. If an identical copy appears in more than one person's files, each of the copies shall be produced or the extracted metadata shall

reflect the source, owner and/or custodian for all persons with identical copies. If a Document responsive to any Request cannot be produced in full, it shall be produced to the extent possible with an explanation stating why production of the remainder is not possible.

9. The instructions relating to assertion of claims of privilege set forth in Federal Rule of Civil Procedure 26(b)(5) are hereby incorporated by reference. With respect to each responsive Document called for by these Requests that is withheld under a claim of privilege or otherwise, state separately for each Document withheld:

a. The nature of the privilege or immunity that is being claimed;

b. The type of Document;

c. The general subject matter of the Document;

d. The date of the Document;

e. The custodian from whose possession the Document is being produced;

f. The author(s) of the Document;

g. The addressee(s) and/or recipient(s) of the Document; and

h. Where not apparent, the relationship of the author(s) and addressee(s) to each other.

10. If there are no Documents responsive to a particular Request, please provide a written response so stating.

11. If You find the meaning of any term in any Request unclear, without waiver of Plaintiffs' rights to seek a full and complete response to the Request, You shall assume a reasonable meaning, state what the assumed meaning is, and respond to the Request according to the assumed meaning.

12. Unless otherwise stated, all Requests herein refer to the period of time from 2021 to the present, and shall include all Documents that relate to or were created during that period, or to

events or circumstances during that period, even though dated, prepared, generated, used, or received prior to or after that period.

13. These Requests are continuing in nature as to require supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

14. These Requests are for discovery purposes only. Plaintiffs do not hereby waive any objections to the introduction of evidence at trial on the subjects covered by these Requests.

## IV. REQUESTS FOR PRODUCTION

1. All documents identified, referenced, or relied on in preparing Defendants' initial disclosures under Rule 26(a)(1)(A).

2. All documents identified, referenced, or relied upon in preparing Defendants' Responses to Plaintiffs' First Set of Interrogatories.

3. All video or audio recordings of body-worn cameras, dashboard camera footage, in-car cameras, and any other applicable sources relating to or arising out of each of Plaintiffs' enumerated stops/arrests/citations as set forth in the Amended Complaint (Doc. 17).

4. Any of the following documents relating to each Plaintiff:

   a. Criminal history reports (including arrest reports);

   b. Traffic citations;

   c. Hot desk inquiry searches;

   d. Information relating to Complaint Registers or other misconduct complaints filed by Plaintiffs against CPD personnel; and

   e. Office of Emergency Management and Communications (OEMC) records and communications, event queries, and audio recordings.

5. Communications between any CPD supervisory personnel and any other CPD personnel, including their superiors or subordinates, relating to the enumerated stops/arrests/citations

as set forth in Plaintiffs' Amended Complaint (Doc. 17), including all dispatch audio recordings, radio communications, and Computer Aided Dispatch ("CAD") records relating to or generated relating to the February Incident or December Incident..

6. All documents relating to the Acevedo Incident, including but not limited to: all body-worn camera footage from every officer present, all in-car camera footage, all OEMC recordings and dispatch logs, all CAD entries and incident reports, all arrest records, charging documents, and ANOV, all supervisor approval or review records; and all internal communications generated on or after the date of the Acevedo Incident relating to that arrest.

7. All communications—including emails, text messages, memoranda, bulletins, or oral communications documented in any form—among CPD officers, supervisors, commanders, or City of Chicago officials concerning: (a) the Acevedo Incident or (b) any CPD enforcement under the Ordinance against individuals engaged in religious speech or amplified evangelism on public sidewalks.

8. The personnel file, employment history, disciplinary history, and complaint history for each individual Defendant officer (including but not limited to all misconduct complaints, Complaint Register files, Log Number files, Universal files, Extraordinary Occurrence files, Non-Disciplinary Intervention files, Summary Punishment Action Requests, and disciplinary records).

9. All misconduct complaints, Complaint Register files, Log Number files, Universal files, or disciplinary records relating to the CPD officer(s) primarily responsible for the Acevedo Incident—including the officer named as a defendant in the Acevedo Incident—concerning: (a) unlawful or false arrest; (b) First Amendment activity; (c) enforcement of noise, sound, or amplification ordinances; or (d) use of custodial arrest in lieu of citation or ANOV.

10. All policy documents (e.g., policies, procedures, general orders, special orders, directives, or guidance) governing CPD officer enforcement of the Ordinance, including any relating

to: (a) what constitutes a violation; (b) what measurement or investigation is required before enforcement; (c) when an ANOV may be issued in lieu of a custodial arrest; and (d) enforcement in public forums including sidewalks and plazas.

11. All policy documents (e.g., policies, procedures, general orders, special orders, directives, or guidance) relating to the Ordinance's sound amplification requirements and limitations as well as all such documents relating to noise complaints in the City of Chicago, to the extent not responsive to Request No. 10 above.

12. All instructional documents (e.g., training materials, presentations, curricula, PowerPoints, instructional videos, roll call bulletins, or other instructional documents) provided to CPD officers concerning: (a) enforcement of the Ordinance; (b) First Amendment rights of individuals engaged in religious speech, street preaching, or evangelism in public forums; (c) the requirement to measure sound at a distance of 100 feet as set forth in the Ordinance; and (d) when amplified speech in a public forum is constitutionally protected.

13. All documents sufficient to identify every enforcement action taken under the Ordinance during the past five (5) years, including all arrests, ANOVs, warnings, and field contacts, and for each action: (a) the date and location; (b) the disposition (arrest, ANOV, warning, or no action); (c) whether identification was requested and whether it was provided or refused; (d) whether any measurement of volume or distance was taken; and (e) the nature of the activity involved (e.g., street preaching, musical performance, political protest, or other).

14. All documents relating to any complaints, grievances, or inquiries received by CPD or the City of Chicago concerning the enforcement of the Ordinance against individuals engaged in religious speech, street preaching, or evangelical activity, including the complaints themselves, CPD's responses, and any internal communications relating thereto.

15. All communications (including but not limited to emails, text messages, radio transmissions, internal memoranda, or bulletins) among CPD officers, supervisors, or officials concerning: (a) the enforcement of the Ordinance in the Millennium Park/Michigan Avenue area; (b) street preaching, religious speech, or amplified religious activity in public spaces; or (c) handling or managing complaints about street preachers or other such religious message speakers.

16. All documents relating to the Plaintiffs' religious messages, including any documents generated by Defendants referencing Plaintiffs' religious beliefs, the content of their preaching, or the religious nature of their activities.

17. All sound measurement records (including but not limited to decibel readings, sound measurements, or other objective noise measurements taken by any CPD officer or City employee) relating to either the December Incident or the February Incident.

18. All documents governing CPD's determination of what conduct constitutes an arrest (e.g., written policies, procedures, directives, general orders, special orders, or training materials).

19. All documents relating to when a permit is required for the use of amplified sound in public spaces in the City of Chicago (e.g., any CPD policies, directives, or internal guidance on how officers should assess whether a permit is required under the Ordinance).

20. All documents relating to the use of decibel meters or other sound-measuring equipment by officers in noise ordinance enforcement (e.g., any CPD policies, directives, or guidance).

21. All communications (e.g., emails, text messages, radio communications, memoranda, or other communications) between or among any of the individual Defendant officers relating to either the December Incident or the February Incident, including any communications before, during, or after each incident.

22. All documents relating to the factual basis for the decision to arrest Plaintiffs in either the December Incident or the February Incident, including any documentation of observations made by Defendant Officers relating to the volume, distance, or nature of Plaintiffs' amplification prior to the arrest.

23. All documents relating to any measurement, observation, or assessment—whether by decibel meter, distance measurement, or any other method—of the volume or audibility of Plaintiffs' amplification from either the December Incident or the February Incident, or the absence of any such measurement, to the extent not responsive to Request No. 21 above.

24. All documents relating to CPD policies, practices, or training relating to when officers are authorized to effect a custodial arrest, as opposed to issuing an ANOV, for alleged violations of the Ordinance, including any supervisory guidance or decision-making criteria.

25. All documents relating to CPD policies, practices, or training relating to whether and when officers may effect a custodial arrest when a person declines to provide identification relating to an alleged ordinance violation.

26. All documents relating to any post-Incident review, investigation, supervisory inquiry, or disciplinary proceeding concerning any Defendant Officer's conduct during either the December Incident or the February Incident, including the identity of the reviewing authority, the scope and findings of any review, and its outcome.

27. All communications (e.g., emails, text messages other digital messaging, memoranda or other communications) between any of the individual Defendant officers and any CPD supervisor, commander, or City official relating to either Incident or to Plaintiffs.

28. All communications between any CPD officer or City official and any third party — including the individual who allegedly called the police on December 10, 2024 — relating to Plaintiffs, the December Incident, or the February Incident.

29. All documents (e.g., records, logs, reports, or databases) identifying every citation, arrest, or detention made pursuant to the Ordinance or any related noise ordinance from January 1, 2021, to the present, including the date, location, identity of the individual cited or arrested, the officer involved, and the outcome of any charge.

30. All documents (e.g., records, logs, reports, or databases) identifying every noise complaint received by CPD relating to the area of East Madison Street and North Michigan Avenue from January 1, 2021, to the present.

31. All complaints, grievances, civil claims, or lawsuits filed against the City of Chicago or any CPD officer from January 1, 2021, to the present relating to the alleged CPD officers' suppression of First Amendment-protected speech, religious expression, or street preaching.

32. All documents identifying permits issued by the City of Chicago for the use of amplified sound in public spaces in or around Millennium Park from January 1, 2021, to the present, including the identity of the permittee, the date, and the nature of the event.

33. All documents (including but not limited to records or communications) relating to any event or gathering in or around Millennium Park or the Madison/Michigan Avenue intersection at which amplified sound was used, regardless of whether a permit was obtained or a citation was issued.

34. All documents identifying or relating to any CPD officer's or supervisor's awareness, prior to or during the February Incident, of: (a) Plaintiffs' prior ANOV or citation; (b) Plaintiffs' prior preaching activity in the Millennium Park/Michigan Avenue area; or (c) any prior complaints received about Plaintiffs or individuals engaged in religious preaching in that area.

35. All documents (e.g., OEMC records, CAD entries, complaint logs, or dispatch records) relating to any complaint received by CPD concerning Plaintiffs or concerning any individual engaged in street preaching, amplification of religious speech, or religious speech in the Millennium

Park/Michigan Avenue area during the past five (5) years, including the substance of each complaint, the identity of the complainant (to the extent known), and the enforcement action taken.

36. All documents or records (including body-worn camera footage, audio recordings, written notes, reports, forms or communications) containing or identifying any statement made by any Defendant Officer or CPD supervisor relating to: (a) the content, message, or viewpoint of Plaintiffs' speech; (b) Plaintiffs' religion or religious beliefs; (c) Plaintiffs' use of amplification for religious purposes; or (d) any First Amendment rights asserted by Plaintiffs before, during, or after either Incident.

37. All documents containing or relating to any CPD officer's or supervisor's communications with, or responses to, the individual(s) who complained about Plaintiffs' preaching on December 10, 2024, or February 24, 2025, including the identity of such complainants, the substance of the complaints, and all follow-up communications.

**Dated: April 17, 2026**

Respectfully Submitted,

*/s/ Nathan J. Moelker*
Nathan J. Moelker*
Benjamin P. Sisney***
Liam R. Harrell**
AMERICAN CENTER FOR LAW & JUSTICE
201 Maryland Avenue, NE
Washington, D.C. 20002
Tel: (202) 641-9160
Fax: (202) 546-9309
Email: nmoelker@aclj.org
bsisney@aclj.org
lharrell@aclj.org

Geoffrey R. Surtees*
AMERICAN CENTER FOR LAW & JUSTICE
PO Box 60
New Hope, KY 40052
Tel: (502) 549-7020
Fax: (502) 549-5252
Email: gsurtees@aclj.org

*Admitted to this Court's General Bar
**Admitted *Pro Hac Vice*
****Pro Hac Vice Application* Forthcoming

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 17, 2026, the foregoing *Plaintiffs' First Set of Requests for Production of Documents* was served on the following counsel of record via e-mail:

Ellen Wright McLaughlin
Eric T. Seeleman
City of Chicago Department of Law
2 N. LaSalle St.
Suite 580
Chicago, IL 60602
Ellen.McLaughlin@cityofchicago.org
Eric.Seeleman@cityofchicago.org

*/s/ Nathan J. Moelker*
Nathan J. Moelker
*Counsel for Plaintiffs*