# Exhibit C

***Raio v. City of Chicago*, No. 25-cv-02709**

**City's Responses and Objections to Plaintiffs' Notice of Rule 30(b)(6) Deposition**

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

BRETT RAIO, PEREZ NDI, and REETIK DHAMALA,

*Plaintiffs,*

v.

THE CITY OF CHICAGO, an Illinois municipal corporation, and Chicago Police Officers MARIO L. JACKSON, NICO A. SUTOR, CARLOS R. CAMEY SANDOVAL, MICHAEL P. JOYCE, WILLIAM E. GATLIN, and MICHAEL PETRASKI, in their official and individual capacities,

*Defendants.*

Case No. 1:25-cv-02709

Hon. Sara L. Ellis

**DEFENDANT CITY OF CHICAGO'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION**

Defendant City of Chicago (the "City"), by its attorneys, serves the following objections and responses to Plaintiffs' Notice of Taking Rule 30(b)(6) Deposition of Defendant City of Chicago. For each Matter for Examination, the City reproduces the Matter, states its objections, and describes the testimony its designee will provide. By describing that testimony, the City does not concede that any Matter is relevant or admissible, and it does not waive any privilege or protection. The City reserves the right to seek a protective order under Rule 26(c) as to any Matter the parties are unable to resolve, and to supplement or amend these objections and responses.

**GENERAL OBJECTIONS AND LIMITATIONS**

1. **Duration.** The City proposes that the examination of its designees be limited to seven hours per designee.

2. **Sources of information.** The City will prepare its designees using information reasonably available from the Chicago Police Department ("CPD"). The City will not prepare its designees using information held by other City departments except as otherwise stated below.

3. **Relevant Period.** The City objects to the Relevant Period of July 1, 2019 through the date of the deposition. Unless otherwise stated below, the City will prepare its designees for the period corresponding to its discovery production, January 1, 2021 through March 14, 2025 (the "Narrowed Period").

4. **Policies.** Unless otherwise stated below, the City will address policies, practices, and guidance in effect during the Narrowed Period.

**OBJECTIONS AND RESPONSES TO THE MATTERS FOR EXAMINATION**

**MATTER NO. 1:**

> The organizational structure and allocation of responsibility and authority within the City during the Relevant Period for: interpreting and issuing operational guidance concerning the Amplification Ordinance; responding to and dispatching amplified-sound or noise complaints; investigating and enforcing the Amplification Ordinance; training and supervising CPD members; issuing, reviewing, correcting, cancelling, prosecuting, adjudicating, and tracking ANOVs; processing custodial arrests and seized property; receiving and investigating complaints; and maintaining the associated records. This matter includes the responsible departments, offices, divisions, units, and positions, their reporting relationships, and the scope of their responsibilities and authority.

**OBJECTIONS:**

The City objects to Matter No. 1 as overbroad and not proportional to the needs of the case to the extent it seeks testimony regarding "reviewing, correcting, cancelling, prosecuting, adjudicating, and tracking ANOVs"; and "processing custodial arrests and seized property." Plaintiffs do not assert any claim challenging the City's DOAH system, nor any claim challenging property seizure. The City objects to Matter No. 1 as vague because it is unclear what "receiving and investigating complaints; and maintaining the associated records" refers to.

**RESPONSE:**

The City will designate a witness to testify regarding the City departments and CPD units, and the positions within them, responsible for (a) dispatching CPD members to complaints concerning amplified sound on the public way; (b) enforcing MCC § 8-32-070 against persons using amplification on a public way; (c) providing CPD training or written guidance relevant to the enforcement of § 8-32-070; and (d) supervising CPD members.

**MATTER NO. 2:**

> The City's interpretation and operational application during the Relevant Period of the Amplification Ordinance, including: "average conversational level"; the 100-foot distance requirement; ambient noise; the distinctions between Sections 8-32-020 and 8-32-070 and their subsections; the distinction between public and private locations; the observations, measurements, investigation, and documentation considered sufficient to establish a violation; the role of a decibel meter, mobile-phone application, complainant estimate, officer estimate, or other measurement; and the standards communicated to officers for determining whether probable cause or another legally sufficient factual basis exists for enforcement.

**OBJECTIONS:**

The designee will not offer legal interpretations regarding the meaning of the Ordinance. The meaning of the Ordinance is a question of law for the Court, which has already rejected Plaintiffs' facial challenges to the Ordinance. The designee will not offer legal interpretations regarding whether probable cause exists in any particular situation. The City also objects to the Matter as overbroad to the extent it extends to every subsection of §§ 8-32-020 and 8-32-070 and to amplification on private property, because Plaintiffs' claims concern amplification on the public way.

**RESPONSE:**

The City will designate a witness to testify regarding written directives, bulletins, training materials, and other guidance provided to CPD members that is relevant to the enforcement of § 8-32-070 against persons using amplification on the public way.

**MATTER NO. 3:**

> The permits, licenses, registrations, or other authorizations, if any, that the City makes available or requires for a person using portable voice or music amplification while speaking, preaching, singing, performing, or promoting goods or services on a public way, including: whether a separate amplification permit exists; the relationship between any street-performer license and the Amplification Ordinance; how a person obtains such authorization; what conduct it authorizes or restricts; how CPD members are instructed to identify and evaluate such authorization; and the operational effect of the absence or possession of such authorization on warning, ANOV issuance, arrest, or other enforcement.

**OBJECTIONS:**

The designee will not offer legal interpretations regarding the meaning of the Ordinance or other ordinances and regulations that establish permit and license requirements. The meaning

of the Ordinance and the other ordinances and regulations is a question of law for the Court, which has already rejected Plaintiffs' facial challenges to the Ordinance. The City also objects to Matter No. 3 as overbroad and not relevant to the extent it seeks testimony regarding every permit, license, registration, or authorization relating to persons "promoting goods or services" or engaged in other commercial activity, because such activity is not at issue in this case. Further, the information requested in Matter No. 3 is more reliably and efficiently provided, to the extent it is discoverable, in documentary form, and the City has produced documents explaining permit requirements.

**RESPONSE:**

The City will designate a witness to testify as to whether any permit is required for amplified speech on a public way, and what CPD tells officers about permits.

**MATTER NO. 4:**

> The content, purpose, effective dates, origin, implementation, revision history, reasons for material revisions, and persons or positions responsible for adopting, revising, approving, interpreting, communicating, or enforcing the City's policies, general orders, special orders, directives, bulletins, written instructions, and guidance during the Relevant Period concerning: First Amendment activity and public gatherings; free exercise of religion; public forums; amplified sound and noise complaints; preliminary investigation and evidentiary sufficiency; permits and licenses; ANOV issuance, correction, cancellation, prosecution, and hearings; field arrests, detention, and processing; property seizure, inventory, retention, and return; and supervisory review of enforcement actions involving public speech or gatherings.

**OBJECTIONS:**

The City objects to Matter No. 4 as overbroad, unduly burdensome, and not proportional to the needs of the case. The drafting history and reasons for revisions of every City policy, order, directive, bulletin, instruction, and guidance document in ten subject areas over more than seven years, plus predecessor materials, are not relevant to the alleged unwritten practice Plaintiffs claim exists. Plaintiffs concede that no express policy is at issue. The City further objects to Matter No. 4 as overbroad and not proportional to the needs of the case to the extent it seeks testimony regarding ANOV "correction, cancellation, prosecution, and hearings"; and

"property seizure, inventory, retention, and return." Plaintiffs do not assert any claim challenging the City's DOAH system, nor any claim challenging property seizure.

**RESPONSE:**

The City will designate a witness to identify the written CPD directives, orders, bulletins, and guidance relevant to (a) First Amendment activity and public gatherings; (b) the enforcement of § 8-32-070; (c) the issuance of ANOVs or custodial arrest for an ordinance violation; (d) establishing probable cause under the Fourth Amendment, and (e) supervisory review of enforcement actions.

**MATTER NO. 5:**

> The development, content, implementation, delivery, attendance, testing, evaluation, and remedial or corrective training during the Relevant Period provided to: the named Defendant officers; their supervisors; Sergeant Tomasz Zatora; CPD members assigned to or reasonably likely to respond to public-way amplified-sound complaints; and personnel responsible for reviewing such enforcement. This matter includes course content, learning objectives, scenarios, examinations or evaluations, attendance and completion records, material changes, identified deficiencies, and remedial or corrective instruction concerning First Amendment activity and public gatherings; free exercise of religion; public forums; amplified sound and noise complaints; interpretation and enforcement of the Amplification Ordinance; preliminary investigation and evidentiary sufficiency; permits and licenses; ANOV issuance and review; custodial arrests and detention; property seizure and return; supervisory review of enforcement actions; and interactions with individuals engaged in expressive activity on public ways.

**OBJECTIONS:**

The City objects to Matter No. 5 as overbroad, unduly burdensome, and not proportional to the needs of the case, and lacking the reasonable particularity required by Rule 30(b)(6). As drafted, the Matter asks the City to prepare a designee on eight categories of training, for five groups of personnel (encompassing essentially all CPD members), across twelve subject areas. The City objects to the subjects "permits and licenses," "ANOV review," and "custodial arrests and detention," to the extent they extend beyond enforcement of § 8-32-070 against persons using amplification on a public way, and to "property seizure and return," which is not relevant to Plaintiffs' claims.

The City further objects to the request for "identified deficiencies" as it presumes any deficiencies were identified and any "remedial or corrective" training was warranted. The City

does not concede that any such deficiency existed. The terms "identified deficiencies" and "remedial or corrective training" are also vague and ambiguous.

The City objects to testimony regarding the "interpretation . . . of the Amplification Ordinance" for the reasons stated in its objections to Matter No. 2. The designee will testify regarding what CPD training materials state, not the legal meaning of the Ordinance. The City further objects to testimony regarding the "development" of training and "material changes" to it to the extent that testimony would disclose privileged communications, including legal advice from the Department of Law, or deliberative material.

**RESPONSE:**

The City will designate a witness to testify regarding the content of training provided to CPD members that is relevant to the enforcement of § 8-32-070 on the public way.

**MATTER NO. 6:**

> The City's policies, standards, procedures, and actual practices during the Relevant Period for supervising and reviewing public-way amplified-sound enforcement, including: the circumstances requiring a supervisor to respond to or approve an enforcement action; review of body-worn-camera recordings, reports, ANOVs, arrests, charges, and property inventories; the standards applied in reviewing compliance with the Amplification Ordinance and constitutional-policing requirements; identification, documentation, and escalation of deficient investigations or recurring misinterpretations; and the persons, positions, or units responsible for such review and for initiating corrective action.

**OBJECTIONS:**

The City objects to Matter No. 6 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks testimony regarding review of specific enforcement actions, because how a particular supervisor responded to, approved, or reviewed a particular enforcement action is within that supervisor's personal knowledge and is reflected in the records of that action. Lieutenant Michael Petraski, the supervisor involved in the February 24, 2025 incident, is a party and is available to testify regarding his own conduct. The City further objects to Matter No. 6 as overbroad and not proportional to the needs of the case to the extent it seeks testimony regarding the review of "charges" and "property inventories." Plaintiffs do not assert any claim challenging the City's prosecution of ANOVs before DOAH or its handling of seized property. The City objects to the phrase "standards applied in reviewing compliance with . . .

constitutional-policing requirements" as vague and as calling for a legal conclusion. Whether any enforcement action complied with the First or Fourth Amendment is a question of law. The designee will testify regarding the standards set out in CPD policies and procedures, not whether any enforcement action was lawful. Finally, the City also objects to Matter No. 6 to the extent it presumes that "deficient investigations or recurring misinterpretations" of the Ordinance occurred. The City does not concede that any such deficiency or misinterpretation existed. The City will construe that portion of the Matter to refer to the procedures by which supervisors document and escalate any deficiencies they identify in reviewing an enforcement action.

**RESPONSE:**

The City will designate a witness to testify regarding the policies and procedures governing supervisory response to, approval of, and review of ANOVs issued and custodial arrests made under § 8-32-070 for the use of amplification on a public way; the positions responsible for that review; and the means by which deficiencies identified in that review are documented or escalated.

**MATTER NO. 7:**

> The criteria, policies, and actual practices during the Relevant Period for selecting among or escalating the following responses to a suspected Amplification Ordinance violation on a public way: no enforcement; an informal warning; a direction to reduce volume; relocation; a direction to cease amplification; dispersal; an investigatory stop; issuance, correction, or cancellation of an ANOV; custodial arrest; ordinance or criminal charging; detention and pretrial processing; and seizure, inventory, retention, or return of sound equipment and related property. This matter includes required supervisory approval and the facts officers are expected to investigate and document for each response.

**OBJECTIONS:**

The City objects to Matter No. 7 as overbroad and not proportional to the needs of the case to the extent it seeks testimony regarding "detention and pretrial processing; and seizure, inventory, retention, or return of sound equipment and related property." Plaintiffs' complaint includes no claims challenging City policies regarding these matters. Further, the designee will not testify regarding the reasons individual officers selected a particular response in a given

encounter. Those reasons are within the personal knowledge of the officers involved, and the Defendant Officers are parties who are available to testify about their own decisions.

**RESPONSE:**

The City will designate a witness to testify regarding the written policies, directives, and training that address the options available to CPD members in responding to a suspected violation of § 8-32-070 involving amplification on a public way, including warnings, directions to reduce volume, ANOV issuance, and custodial arrest; any written criteria for selecting among those options; any required supervisory approval; and the documentation required when an ANOV is issued or an arrest is made for such a violation.

**MATTER NO. 8:**

> All information known or reasonably available to the City concerning the December 10, 2024 response at East Madison Street and North Michigan Avenue, including: the originating call or request for service and OEMC Event No. 2434505532; information communicated to responding units; the roles of Officers Mario L. Jackson, Nico A. Sutor, Carlos R. Camey Sandoval, and other City personnel; the investigation performed or not performed concerning volume, distance, ambient noise, permits, or licenses; the detention and handcuffing of Brett Raio; the handling of the speaker; the selection, preparation, and legal or administrative processing of charges under MCC Sections 8-4-055 and 2-84-300(a); the February 21, 2025 dismissal; any supervisory, administrative, or corrective review; and the nonprivileged factual basis for the City's present position concerning the response and charges.

**OBJECTIONS:**

The City objects to Matter No. 8 to the extent it seeks testimony regarding the observations, perceptions, or reasoning of the Defendant Officers, who are parties to this action. A designee's account of those matters would be both speculative and duplicative of the officers' own testimony. "A Rule 30(b)(6) representative is authorized to relay an organization's collective knowledge or viewpoint, but he or she cannot testify as to specific facts observed by an individual, even if that individual happens to be an employee of the organization." *Young v. Experian Info. Sols., Inc.*, No. 3:22 C 50222, 2026 WL 1346505, at *4 (N.D. Ill. May 14, 2026).

The City objects to the request for testimony regarding "the originating call or request for service and OEMC Event No. 2434505532; information communicated to responding units; the roles of Officers Mario L. Jackson, Nico A. Sutor, Carlos R. Camey Sandoval, and other City

personnel; the investigation performed or not performed concerning volume, distance, ambient noise, permits, or licenses; the detention and handcuffing of Brett Raio; [and] the handling of the speaker" because those subjects are addressed by the City's document production, including audio and video recordings. The Court must limit discovery that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The City further objects to the request for testimony regarding "the selection, preparation, and legal or administrative processing of charges" and "the February 21, 2025 dismissal" because it seeks the mental impressions and decisions of the attorneys who prosecuted the ANOV on the City's behalf. The City also objects to the request for "the nonprivileged factual basis for the City's present position concerning the response and charges." "[A] party may not serve a Rule 30(b)(6) notice for the purpose of requiring the opposing party to marshal all of its factual proof and prepare a witness to be able to testify on a particular defense." *Gossar v. Soo Line R.R. Co.*, No. 3:09-cv-9-RLY-WGH, 2009 WL 3570335, at *2 (S.D. Ind. Oct. 27, 2009) (cleaned up).

**RESPONSE:**

The City will not designate a witness on Matter No. 8.

**MATTER NO. 9:**

All information known or reasonably available to the City concerning the February 24, 2025 response at East Madison Street and North Michigan Avenue, including: the originating 911 call and OEMC Event No. 2505506988; information communicated to responding units; the roles of Officers Michael P. Joyce and William E. Gatlin, Lieutenant Michael Petraski, and other City personnel; the investigation performed or not performed concerning volume, distance, ambient noise, permits, or licenses; the factual basis for the arrests and charges under MCC Section 8-32-070; the decision to use custodial arrest and pretrial processing rather than an ANOV, warning, or lesser response; the seizure, inventory, retention, and return or nonreturn of Plaintiffs' equipment; the length and conditions of detention; the disposition of the charges; any supervisory, administrative, or corrective review; and the nonprivileged factual basis for the City's present position concerning probable cause, arguable probable cause, and the propriety of the response.

**OBJECTIONS:**

The City objects to Matter No. 9 for the reasons stated in its objections to Matter No. 8, which apply equally here. The City objects to Matter No. 9 as overbroad and not proportional to the needs of the case to the extent it seeks testimony regarding "the seizure, inventory, retention, and return or nonreturn of Plaintiffs' equipment" and "the length and conditions of detention." Plaintiffs' complaint includes no claims challenging City policies regarding these matters.

**RESPONSE:**

The City will not designate a witness on Matter No. 9.

**MATTER NO. 10:**

> OEMC policies and procedures actually applicable to Plaintiffs' Incidents and the City's handling of OEMC Event Nos. 2434505532 and 2505506988, including: call intake and questioning of callers; event classification and priority; recording and transmitting caller descriptions; dispatch and assignment of units; radio and PDT communications; unit-status entries; GPS information; event closure; quality assurance; retention and retrieval of records; prior or recurring complaints reflected in the event information; and how statements describing religious content, street preaching, or recurring speaker activity were recorded and conveyed to CPD personnel.

**OBJECTIONS:**

The City objects to Matter No. 10 as duplicative and unduly burdensome. The City is producing the 911 audio and OEMC records for both events, which are the best evidence of how those events were handled. The Office of Emergency Management and Communications is a separate department from CPD, and preparing an additional designee from that department to recite the content of those records would impose a burden disproportionate to any benefit. OEMC does not enforce the Ordinance and its only relevance to Plaintiffs' claims is the information provided to the officers about the incidents.

**RESPONSE:**

The City will not designate a witness on Matter No. 10.

**MATTER NO. 11:**

> The creation, operation, retention, preservation, retrieval, completeness, and authentication of City records concerning Plaintiffs' Incidents and the Acevedo Matter, including body-worn-camera recordings and associated audit logs, in-car-

camera recordings, 911 audio, OEMC event and unit queries, radio and PDT communications, GPS data, reports, ANOVs, arrest and detention records, property and inventory records, and administrative or court disposition records. This matter includes whether the City-produced records are complete and the explanation for any missing, unavailable, overwritten, corrupted, or unproduced record.

**RESPONSE:**

The City will designate a witness to testify regarding the systems in which the City creates and maintains the categories of records, to the extent they exist, listed in Matter No. 11. The City will also confer with Plaintiffs regarding a stipulation establishing the authenticity of City-produced records concerning Plaintiffs' Incidents.

**MATTER NO. 12:**

The City's systems and practices during the Relevant Period for issuing, coding, recording, reviewing, amending, cancelling, prosecuting, resolving, and tracking ANOVs under MCC Section 8-32-070, including: the roles of CPD, City prosecuting personnel, and DOAH; the data fields and records maintained; identification of matters involving public-way or portable amplification; dispositions including nonsuit, not liable, default, plea, set-aside, dismissal, or amendment to another charge; reasons known to the City for nonsuits, dismissals, corrections, or failures of proof; and the use of outcomes to train, supervise, review, or correct personnel.

**OBJECTIONS:**

The City objects to Matter No. 12 as irrelevant and unduly burdensome. The City's prosecution of ANOVs is not relevant to any of Plaintiffs' claims. The City further objects to the request for testimony regarding "reasons known to the City for nonsuits, dismissals, corrections, or failures of proof" because it would require a review of individual hearing files across the entire Relevant Period, and because the reasons for such outcomes frequently reflect the mental impressions of the attorneys prosecuting ANOVs on the City's behalf. The request regarding "the use of outcomes to train, supervise, review, or correct personnel" duplicates Matter No. 19.

**RESPONSE:**

The City will not designate a witness on Matter No. 12.

**MATTER NO. 13:**

Enforcement of MCC Section 8-32-070 during the Relevant Period, to the extent reflected in or identifiable through the City's record systems, including aggregate

> data, analyses, reports, summaries, databases, and information sufficient to identify the responsive population. This matter includes the number and geographic distribution of ANOVs, arrests, and other charges; the conduct reported; the type and location of the amplification involved; the investigation performed and evidence documented; whether distance, conversational level, ambient noise, permits, or licenses were considered; warnings or other lesser enforcement responses; the identity, assignment, and unit of involved personnel; the disposition of the matter; and whether the records and data produced by the City constitute the complete responsive population maintained or reasonably retrievable by the City.

**OBJECTIONS:**

The City objects to Matter No. 13 to the extent it asks a designee to testify regarding "the conduct reported," "the investigation performed and evidence documented," whether particular factors "were considered," and "the identity, assignment, and unit of involved personnel" for each enforcement action over more than seven years. That information can be obtained only by reviewing individual incident files, is not a proper subject of testimony, and is more reliably and efficiently provided, to the extent it is discoverable, in documentary form.

**RESPONSE:**

The City will designate a witness to testify regarding any reports, analyses, or summaries of § 8-32-070 enforcement that were prepared by the City in the ordinary course of business.

**<u>MATTER NO. 14:</u>**

> The City's knowledge and handling of the following Public-Way Amplification Matters reflected in its production: the Andrew Johnston matters beginning approximately in July 2019; the Eugene Quack or Kwak and Ajamu Lawrence matters at or near 410 N. Michigan Avenue; the Ivan Lupa, Eugene Clay or Kwau, and Linford Vaughn matters; and other public-way amplification matters identified in or reflected by the City's production involving portable amplification on a public way that resulted in a warning, ANOV, arrest, charge, nonsuit, dismissal, not-liable finding, or other disposition. This matter includes the conduct reported, evidence gathered, officer interpretation, enforcement response, disposition, and City review or corrective action.

**OBJECTIONS:**

The City objects to testimony regarding "officer interpretation" because an officer's understanding in a particular encounter is within that officer's personal knowledge. The City further objects that information regarding these enforcement actions can also be obtained only by

reviewing individual incident files, is not a proper subject of oral testimony, and is more reliably and efficiently provided, to the extent it is discoverable, in documentary form.

**RESPONSE:**

The City will not designate a witness on Matter No. 14. The City will provide documentary evidence in its possession relevant to the listed matters.

**MATTER NO. 15:**

> Complaints, service requests, 911 calls, CAD or OEMC events, dispatches, and CPD responses during the Relevant Period involving portable amplification on a public way that did not result in an ANOV, arrest, or charge, to the extent reflected in or identifiable through the City's record systems. This matter includes the records, databases, data fields, coding practices, reports, summaries, and other information the City maintains concerning such responses; the criteria and methods used to identify, classify, search for, retrieve, or code such matters; the response and investigation undertaken; the reasons reflected in the City's records for the absence of formal enforcement; and the City's ability to identify, quantify, or retrieve materially comparable non-enforcement matters from its records systems.

**OBJECTIONS:**

The City objects to Matter No. 15 because it is not relevant to any surviving claim or defense and is not proportional to the needs of the case. The Matter seeks testimony about every complaint, service request, 911 call, event, dispatch, and CPD response involving amplification on any public way in the City over more than seven years that did not result in enforcement. Its evident purpose is to develop comparative evidence that other speakers were not cited or arrested, which is the selective-enforcement and equal protection theory the Court dismissed because Plaintiffs had not alleged any similarly situated speaker who was treated differently.

**RESPONSE:**

The City will not designate a witness on Matter No. 15.

**MATTER NO. 16:**

> The City's policies, instructions, criteria, communications, data, and actual practices during the Relevant Period concerning enforcement involving amplified religious speech, street preaching, singing, musical performance, political or other expressive activity, and commercial promotion on public ways, including similarities or differences in the investigation, permit demands, warnings, ANOVs,

arrests, seizures, and dispositions applied to those categories when the message or activity was known to City personnel.

**OBJECTIONS:**

The City objects to Matter No. 16 as not relevant to any surviving claim or defense and not proportional to the needs of the case to the extent it seeks testimony regarding "similarities or differences" in the enforcement actions applied to religious speech, street preaching, singing, musical performance, political or other expressive activity, and commercial promotion. That portion of the Matter seeks comparative enforcement evidence to show that speakers in other categories were treated differently than Plaintiffs. That is the selective-enforcement and equal protection theory the Court dismissed because Plaintiffs had not alleged any similarly situated speaker who was treated differently.

The City further objects to Matter No. 16 as overbroad and unduly burdensome to the extent it seeks testimony regarding the "data" and "actual practices" of enforcement against every category of expressive and commercial activity on every public way in the City over more than seven years. The City does not classify enforcement actions by the content of the speech involved. Testimony comparing enforcement across those categories could be prepared only by reviewing individual incident files. It is not a proper subject of oral testimony and is more reliably and efficiently provided, to the extent it is discoverable, in documentary form. See Fed. R. Civ. P. 26(b)(2)(C)(i).

The City objects to the phrase "when the message or activity was known to City personnel" because it calls for the knowledge and state of mind of individual officers in particular encounters. That knowledge is within the personal knowledge of those officers, and a designee could address it only by speculating. The Defendant Officers are parties and are available to testify regarding their own knowledge of Plaintiffs' speech.

The City objects to Matter No. 16 as overbroad and not proportional to the needs of the case to the extent it seeks testimony regarding "seizures" and "dispositions." Plaintiffs do not assert any claim challenging the City's handling of seized property or the City's prosecution of

ANOVs before DOAH. The City further objects to the request for testimony regarding "communications" as unduly burdensome and duplicative of the City's document production.

**RESPONSE:**

The City will designate a witness to testify regarding whether any written City policy, directive, bulletin, training material, or other guidance instructs or permits CPD members to treat amplified speech on a public way differently based on its content, including whether it is religious, or on the speaker's status as a street preacher.

**MATTER NO. 17:**

> All information known or reasonably available to the City concerning the Acevedo Matter, including: the originating call or request for service; information available to responding officers; Sergeant Tomasz Zatora's interpretation and application of the Amplification Ordinance and any permit requirement; the investigation of volume and distance; the arrest, charges, seizure and handling of equipment, detention, prosecution, and disposition; policies, training, and supervision applicable to Zatora; any City review, complaint, remedial action, or knowledge derived from the incident or its adjudication; and nonprivileged facts concerning similarities or differences between the Acevedo Matter and Plaintiffs' Incidents.

**OBJECTIONS:**

The City objects to Matter No. 17 for the reasons stated in its objections to Matter No. 8, which apply equally here. The City will produce documents concerning the March 30, 2024 encounter, namely the call for service and the enforcement action taken. Sergeant Tomasz Zatora is available to testify regarding his own interpretation and application of the Amplification Ordinance and any permit requirement.

**RESPONSE:**

The City will not designate a witness on Matter No. 17.

**MATTER NO. 18:**

> The City's receipt, identification, aggregation, investigation, disposition, and use during the Relevant Period of complaints, administrative outcomes, lawsuits, judicial rulings, supervisory reports, audits, or other information alleging or indicating that City personnel: misinterpreted or improperly enforced an amplified-sound or noise ordinance against expressive or religious activity; required a nonexistent or inapplicable permit; failed to assess the required distance or sound standard; used arrest, detention, or seizure without a sufficient factual basis; or otherwise interfered with protected public speech. This matter includes what

> responsible City personnel learned, when they learned it, and how the information was communicated and used.

**OBJECTIONS:**

The City objects to Matter No. 18 as overbroad, unduly burdensome, and not proportional to the needs of the case. The request for testimony regarding complaints and allegations that City personnel "used arrest, detention, or seizure without a sufficient factual basis; or otherwise interfered with protected public speech" would encompass wide-ranging and irrelevant material that is vastly out of proportion to the need for discovery in this case. The Matter is also overbroad to the extent it requests information about the enforcement of ordinances other than MCC § 8-32-070. Further, the factual subjects the Matter describes, including those found in "complaints, administrative outcomes, lawsuits, judicial rulings, supervisory reports, audits, or other information," will be addressed by the City's document production and are therefore duplicative.

**RESPONSE:**

The City will designate a witness to testify regarding (a) the City systems used to receive, log, and classify complaints against CPD members, and whether those systems permit identification of complaints concerning enforcement of § 8-32-070 or amplified speech on a public way; and (b) the number and disposition of complaints, identified by log number, alleging improper enforcement of § 8-32-070 against persons using amplification on a public way, to the extent identifiable.

**<u>MATTER NO. 19:</u>**

> Any supervisory review, investigation, counseling, discipline, policy change, training change, remedial instruction, audit, or corrective action taken, considered, rejected, or not taken in response to: Plaintiffs' Incidents; the Acevedo Matter; complaints or lawsuits concerning similar enforcement; ANOV dismissals, nonsuits, or not-liable findings; or identified recurring officer interpretations concerning amplification, permits, distance, conversational level, religious activity, arrest, or property seizure. This matter includes the nonprivileged reasons for the City's action or inaction.

**OBJECTIONS:**

The City objects to Matter No. 19 as overbroad, unduly burdensome, and not proportional to the needs of the case because it covers subjects that are irrelevant to Plaintiffs' remaining

claims, including "[a]ny supervisory review, investigation, counseling, discipline, policy change, training change, remedial instruction, audit, or corrective action" not related to Plaintiffs' Incidents.

**RESPONSE:**

The City will designate a witness to testify regarding any documented supervisory review, complaint investigation, discipline, counseling, policy change, training change, or other corrective action taken in response to Plaintiffs' Incidents, through the date of the deposition.

**MATTER NO. 20:**

> The City's policies, criteria, recordkeeping, and actual practices during the Relevant Period for seizing, inventorying, storing, retaining, releasing, returning, forfeiting, or disposing of speakers, microphones, stands, cameras, telephones, and other property associated with an amplification-related ANOV, arrest, or charge, including the handling and current status of property taken during the February 24, 2025 incident and the Acevedo Matter.

**OBJECTIONS:**

The City objects to Matter No. 20 as not relevant and not proportional to the needs of the case. None of Plaintiffs' surviving claims challenges the City's policies or practices for handling seized property, and the Matter extends to property taken in connection with every amplification-related enforcement action.

**RESPONSE:**

The City will not designate a witness on Matter No. 20.

**MATTER NO. 21:**

> The nonprivileged factual basis known to the City concerning Plaintiffs' allegation that the City maintained, tolerated, or failed to correct an unwritten widespread custom or practice of enforcing the Amplification Ordinance against street preachers or amplified religious speakers without evidence satisfying the ordinance. This matter includes: the frequency and geographic distribution of relevant enforcement; recurring officer statements or interpretations that amplification itself is prohibited, that a permit is always required, or that a sound assessment at 100 feet is unnecessary; similarities and differences among Plaintiffs' Incidents, the Acevedo Matter, identified comparators, and other Public-Way Amplification Matters; City data, analyses, audits, or reviews; facts supporting any City position that the incidents were isolated; and actions taken to prevent recurrence.

**OBJECTIONS:**

The City objects to Matter No. 21. Selecting and organizing the evidence bearing on a party's contentions necessarily reflects counsel's mental impressions. The factual subjects the Matter describes, including enforcement data, will be addressed by the City's document production.

**RESPONSE:**

The City will not designate a witness on Matter No. 21.

**MATTER NO. 22:**

> The nonprivileged facts known or reasonably available to the City relating to: whether any challenged action was motivated by Plaintiffs' protected speech or religious exercise; whether the Amplification Ordinance was enforced neutrally and generally applicable in actual practice; and whether the City's actions substantially burdened Plaintiffs' religious exercise. This matter excludes counsel's legal analysis, mental impressions, and privileged communications.

**OBJECTIONS:**

The City objects to Matter No. 22 because it seeks legal conclusions on the ultimate issues in the case. Whether a challenged action was motivated by Plaintiffs' speech or religious exercise concerns the state of mind of the individual officers, who are parties and can testify about their own motivations. Whether the ordinance was enforced neutrally and whether Plaintiffs' religious exercise was substantially burdened are legal questions. The facts concerning Plaintiffs' Incidents will be addressed by the City's document production and the testimony of the Defendant Officers.

**RESPONSE:**

The City will not designate a witness on Matter No. 22.

**MATTER NO. 23:**

> The nonprivileged facts, complaints, studies, analyses, audits, reports, data, operational experience, and other information known or reasonably available to the City concerning the governmental interests served by applying the Amplification Ordinance to amplified speech on public sidewalks and other public ways, including interests concerning sound levels, pedestrian or vehicular access, public safety, disruption, complaints, or competing uses of public space; the means by which the City evaluates or measures those interests; and the enforcement

alternatives available, considered, used, recommended, or rejected to address those interests, including warnings, requests for volume reduction, relocation, verification at 100 feet, ANOVs, or other measures short of custodial arrest, detention, seizure, or complete cessation of amplification.

**RESPONSE:**

The City will designate a witness to testify regarding the governmental interests served by regulating amplified sound on public ways, including at and near the intersection of East Madison Street and North Michigan Avenue; the nature and volume of amplified-sound complaints in that area, to the extent identifiable; pedestrian, traffic, and public-safety considerations associated with amplified sound in that area; and the enforcement options available to CPD members.

**MATTER NO. 24:**

The City's current policies, instructions, training, and actual practices concerning public-way voice amplification and enforcement of MCC Section 8-32-070, including: current safeguards against enforcement based solely on the use of amplification, the absence of a permit, religious content, or an assessment that does not apply the ordinance's distance and conversational-level standards; and the nonprivileged facts known or reasonably available to the City concerning how Plaintiffs' intended future amplified street preaching at or near Millennium Park would be handled under current practice.

**OBJECTIONS:**

The City objects to Matter No. 24 insofar as it asks the City to speculate "how Plaintiffs' intended future amplified street preaching at or near Millennium Park would be handled under current practice." This requires knowledge of predicate facts about Plaintiffs' future behavior that are unknown. Further, Plaintiffs are legally required to familiarize themselves with and comply with all applicable City ordinances and other laws, regardless of whether enforcement action is taken.

**RESPONSE:**

The City will designate a witness to testify regarding the written policies, directives, bulletins, and training currently in effect concerning enforcement of § 8-32-070 against persons using amplification on a public way, including any guidance concerning the measurement of sound, the 100-foot standard, permits, and the enforcement options available, and any changes to those materials since December 10, 2024.

**MATTER NO. 25:**

> Nonprivileged internal and external Communications during the Relevant Period that conveyed, adopted, revised, implemented, or explained Citywide interpretations, instructions, training, supervisory guidance, or corrective action concerning the Amplification Ordinance or amplified expressive activity on public ways. This matter includes the senders, recipients, dates, subjects, information communicated, decisions or instructions conveyed, and actions taken as a result.

**OBJECTIONS:**

The City objects to Matter No. 25 as overbroad, unduly burdensome, and not proportional to the needs of the case because "external" communications regarding the Ordinance are not relevant to Plaintiffs' surviving claims, which only concern the actions and policies of the Defendant Officers and CPD.

**RESPONSE:**

The City will designate a witness to testify regarding the formal, nonprivileged, means by which CPD communicated guidance concerning § 8-32-070 to its members, such as directives, bulletins, and roll-call training.

**MATTER NO. 26:**

> The City's nonprivileged preservation, collection, search, review, and production of emails and other electronically stored information responsive to Plaintiffs' discovery requests, including: the custodians and data sources searched; the date ranges and the parties' agreed search terms applied; whether any agreed custodians, sources, date ranges, or search terms were modified, omitted, or limited in implementation; the status and completion date of the City's rolling production; quality-control or validation measures used to confirm that the agreed searches were implemented; known gaps, inaccessible sources, deleted information, or failed searches; and the factual information concerning the implementation of searches and collections. This matter does not seek attorney-client communications, counsel's mental impressions, legal advice, or the reasons underlying the parties' selection of the agreed search terms.

**OBJECTIONS:**

The City's collection, search, review, and production of documents in this litigation is conducted by and at the direction of counsel, is not relevant to any party's claim or defense, and implicates the work-product doctrine.

**RESPONSE:**

The City will not designate a witness on Matter No. 26. The City's counsel will provide Plaintiffs' counsel with a written description of the custodians and data sources searched, the date ranges and search terms applied, and the status of the City's production, and will confer regarding any specific concern Plaintiffs identify.

Date: September 30, 2026

MARY B. RICHARDSON-LOWRY,
Corporation Counsel for the City of Chicago

By: */s/ Ellen W. McLaughlin*

ELLEN MCLAUGHLIN
ellen.mclaughlin@cityofchicago.org
HANNAH PITCHER
hannah.pitcher@cityofchicago.org
ERIC SEELEMAN
eric.seeleman@cityofchicago.org
City of Chicago Department of Law
2 North LaSalle, Suite 420
Chicago, IL 60602
(312) 742-5147 / -6238 / -3902

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I, Ellen W. McLaughlin, an attorney for Defendants, hereby certify that on September 30, 2026, I served by email the foregoing Objections and Responses to Plaintiffs' Notice of Rule 30(b)(6) Deposition to the following counsel:

Liam Harrell
Nathan Moelker
Lindsey Bachman
AMERICAN CENTER FOR LAW & JUSTICE
201 Maryland Ave., NE
Washington, DC 20002
lharrell@aclj.org
nmoelker@aclj.org
lbachman@aclj.org

Geoffrey Surtees
AMERICAN CENTER FOR LAW & JUSTICE
PO Box 60
New Hope, KY 40052
gsurtees@aclj.org

/s/ *Ellen W. McLaughlin*