**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRETT RAIO; PEREZ NDI; and REETIK DHAMALA,<br>*Plaintiffs,*<br>*v.*<br>The CITY OF CHICAGO, an Illinois municipal corporation, and Chicago Police Officers MARIO L. JACKSON, NICO A. SUTOR, CARLOS R. CAMEY SANDOVAL, MICHAEL P. JOYCE, WILLIAM E. GATLIN, and MICHAEL PETRASKI in their official and individual capacities.<br>*Defendants.* | Case No. 1:25-cv-02709<br><br>**The Hon. Sara L. Ellis** |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE ATTACHED JOINT DISCOVERY MOTION WITHOUT DEFENDANTS' COMPLETED PORTION**

Pursuant to Fed. R. Civ. P. 37(a), Local Rule 37.2, and this Court's Standing Orders, Plaintiffs respectfully move for leave to file the attached proposed Joint Motion Regarding Discovery Disputes without Defendants' completed portion, attached to this Motion as Exhibits 1 (Proposed Motion) and 2 (Exhibits to the Proposed Motion). In support, Plaintiffs state as follows:

**BACKGROUND & ARGUMENT**

The parties have been conferring extensively, including through written correspondence and a telephone conference on October 8, 2026, regarding Defendants' incomplete document production, remaining officer and party depositions, the City's Rule 30(b)(6) discovery, Sergeant Zatora's deposition, and related objections. The existing discovery deadline is December 1, 2026. Despite repeated requests, Defendants' production remains incomplete and key depositions have not been scheduled.

On October 22, 2026, Defendants sent Plaintiffs a draft motion to bifurcate for review and requested a summary of Plaintiffs' position. Notably, Defendants did not identify any deadline by which they intended to file the motion or otherwise indicate that an immediate response was required. Later that day, Plaintiffs acknowledged receipt and indicated that they would review the proposed motion and provide a response. In that same correspondence, Plaintiffs transmitted their original proposed Joint Motion Regarding Discovery Disputes, identifying the outstanding discovery issues requiring the Court's attention. Plaintiffs requested Defendants' substantive positions on those disputes, identification of any remaining outstanding discovery, deposition dates, and a firm production timetable so that the joint motion could be finalized and submitted by Monday, October 26, at 1:00 p.m. Central Time. Exhibit 3 at pp. 4–9.

Following receipt of Plaintiffs' proposed joint discovery motion, Defendants advised Plaintiffs at 11:50 a.m. Central Time on October 23, that they intended to file their motion to bifurcate by 3:00 p.m. Central Time that day and notice it for presentment the following Wednesday, despite having

previously provided no filing deadline and notwithstanding Plaintiffs' indication that they would review and respond to the proposed motion. Defendants objected to the proposed joint motion's format and factual background but did not provide their substantive positions or proposed compromises. Exhibit 3 at pp. 3–4.

Plaintiffs responded at 1:25 p.m. Central Time that bifurcation would not promote judicial efficiency, that the *Monell* claims do not rise or fall with the officers' liability, that Defendants had not established undue discovery burden, and that bifurcation would prejudice Plaintiffs. Exhibit 3 at pp. 2–3. Plaintiffs advised that they would file a response on October 26 and requested that their position and request for a written response be included in Defendants' motion. As to discovery, Plaintiffs asked Defendants to make any proposed revisions directly in the joint-motion draft and provide their substantive positions and proposed compromises, explaining that objections without proposed revisions would not advance resolution. Because Defendants had provided only a short response window before their planned filing, Plaintiffs requested Defendants' revisions and positions by 4:00 p.m. Central Time that day and advised that, absent a response, Plaintiffs would file their discovery motion and explain the circumstances to the Court.

Defendants did not provide their proposed revisions, substantive positions, or compromises by the stated deadline. Instead, Defendants responded that revising the proposed motion and supplying their substantive positions would require more time, asserted that the parties had not satisfied the meet-and-confer requirement, and stated that they could not identify the substantive discovery disputes from Plaintiffs' draft. Ex. 3 at p. 1. Plaintiffs therefore attach the original proposed Joint Motion Regarding Discovery Disputes, together with its supporting materials. The attachment identifies the discovery at issue, the parties' conferral history, Plaintiffs' positions, and the relief requested on the underlying disputes.

**RELIEF REQUESTED**

Plaintiffs respectfully request that the Court grant leave to file and present the attached original proposed Joint Motion Regarding Discovery Disputes without Defendants' completed portion. Plaintiffs further request prompt consideration in light of the December 1 discovery deadline and Defendants' request to stay discovery.

Dated October 23, 2026

Respectfully submitted,

By: /s/ Nathan J. Moelker*
Nathan J. Moelker*
Stuart J. Roth
Liam R. Harrell**
Lindsey C. Bachman**
AMERICAN CENTER FOR LAW & JUSTICE
201 Maryland Avenue, NE
Washington, D.C. 20002
Tel: (202) 641-9160
Fax: (202) 546-9309
Email: nmoelker@aclj.org
lharrell@aclj.org
lbachman@aclj.org

Geoffrey R. Surtees*
AMERICAN CENTER FOR LAW & JUSTICE
PO Box 60
New Hope, KY 40052
Tel: (502) 827-0951
Email: gsurtees@aclj.org

*Admitted to this Court's General Bar
** Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on October 23, 2026, he caused a copy of the foregoing Plaintiffs' Motion for Leave to be e-filed using the CM/ECF e-filing system which will serve all parties of record.

*/s/ Nathan J. Moelker*