**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRETT RAIO; PEREZ NDI; and REETIK DHAMALA,<br>*Plaintiffs,*<br>*v.*<br>The CITY OF CHICAGO, an Illinois municipal corporation, and Chicago Police Officers MARIO L. JACKSON, NICO A. SUTOR, CARLOS R. CAMEY SANDOVAL, MICHAEL P. JOYCE, WILLIAM E. GATLIN, and MICHAEL PETRASKI in their official and individual capacities.<br>*Defendants.* | Case No. 1:25-cv-02709<br><br>**The Hon. Sara L. Ellis** |

# JOINT MOTION REGARDING DISCOVERY DISPUTE

Pursuant to FRCP 37(a), LR 37.2, and this Court's Standing Orders, the Parties state:

## FACTUAL BACKGROUND

Plaintiffs served Interrogatories, Requests for Production (RFPs), and Requests for Admission on April 17, 2026. Ex. A. On May 15, Defendants requested, and Plaintiffs granted, a 30-day extension. Ex. B. Plaintiffs timely responded to Defendants' First Interrogatories and RFPs on May 18. Ex. C. On June 17, Defendants answered the Requests for Admission and sought another 30-day extension for the remaining discovery. Ex. C. After a June 22 conference, Plaintiffs extended the deadline again for Defendants' written responses to July 13. Defendants produced nothing further between June 23 and July 13. On July 16, Defendants produced nearly 3,000 additional documents and stated that written responses would follow "soon." Ex. D. On July 17, Plaintiffs requested responses by July 20 and asserted that later objections would be untimely. Ex. E.

Defendants served RFP responses and objections on July 22, asserting general and specific objections to all 37 requests, Ex. F, and served interrogatory answers and objections, with additional documents, on July 24, Ex. G. The Parties conferred but could not resolve the timeliness dispute. On July 31, the Parties filed a Joint Motion Regarding Discovery Disputes addressing the timeliness of those objections and the adequacy of Defendants' responses. Dkt. 67. At an August 6 hearing, the Court directed Defendants to specify objections and identify remaining issues through the meet-and-confer process. Dkt. 70. The Parties continued discussing objections, outstanding discovery, deposition scheduling, email productions, and Rule 30(b)(6) discovery; Defendants proposed dates for the individual officers and Plaintiffs, while Plaintiffs prepared for corporate discovery of the City. Exs. H, I. On September 4, Plaintiffs served a draft Rule 30(b)(6) notice concerning, among other matters, enforcement of the amplification ordinance, the incidents involving Plaintiffs, the City's document-preservation and collection efforts, and its discovery searches. Ex. J Plaintiffs also requested appropriate designees and a conference about objections. Ex. K.

Throughout September, Plaintiffs repeatedly sought completion of Defendants' outstanding production, including officer emails, other electronically stored information, and *Monell*-related materials; dates for the City's Rule 30(b)(6) witness or witnesses; and coordination of the remaining depositions before the December 1 deadline. Ex. L. On September 23, Plaintiffs served a settlement offer, which Defendants acknowledged and stated they would review. Ex. M. Defendants served objections and responses to the Rule 30(b)(6) notice on September 30, 2026. Ex. N.

During a October 8 meet-and-confer conference, Defendants advised Plaintiffs for the first time that they intended to seek bifurcation of Plaintiffs' *Monell* claims and a stay of related discovery. At that time, Defendants' outstanding production had already necessitated postponement of the individual-officer depositions scheduled to begin October 15, 2026. Plaintiffs explained that proceeding without the responsive materials, including officer emails, would risk reopening depositions and incurring additional expense. Plaintiffs requested firm dates for completion of all outstanding production, including *Monell*-related discovery. Plaintiffs also informed Defendants of their opposition to bifurcation and maintained that *Monell* discovery should continue because no motion had been granted and no discovery stay entered. On October 9, Plaintiffs objected in writing to bifurcation and requested completion of all remaining discovery, including *Monell* materials. Ex. O. Plaintiffs stated that Court-ordered production remained incomplete, substantial responsive materials were outstanding, and depositions could not proceed efficiently until production was complete and reviewed. Plaintiffs requested a timetable for the remaining discovery, including officer emails, and a meaningful counteroffer to their September 23 settlement offer. Ex. O.

On October 16, Plaintiffs narrowed multiple disputed topics and made concessions to facilitate the deposition and avoid motion practice, while maintaining requests for testimony concerning the City's policies, practices, ordinance enforcement, and discovery-collection efforts. Ex. P. Also on October 16, Plaintiffs advised that their additional production was complete, requested

dates for the City's Rule 30(b)(6) witness or witnesses, and demanded completion of Defendants' outstanding production. Ex. Q. Plaintiffs also offered November 4 for Plaintiff Ndi's deposition and November 11 or 12 for Plaintiff Raio's deposition, but Defendants have declined to confirm those dates. Ndi will relocate to the State of Washington on November 5, and Raio resides in Maine. Defendants previously rejected a request for Raio's deposition to proceed remotely. Plaintiffs requested identification of remaining disputes by October 21 and deposition dates before December 1. Ex. Q. Because no bifurcation motion had been granted, and no discovery stay entered, Plaintiffs stated they would proceed under the existing schedule with all remaining discovery, including *Monell* discovery and the City's Rule 30(b)(6) deposition. Ex. Q.

On October 21, 2026, the City produced additional documents described as relevant to the claims against the individual officers, but represented that the current deadline of December 1 as "likely unworkable.". Ex. R. The City did not confirm proposed deposition dates for Plaintiffs or its remaining Defendant Officers, and refused to provide deposition dates for the Rule 30(b)(6) witness(es) and Officer Zatora based on its not-yet-filed bifurcation motion. Ex. R. As a result, discovery production remains incomplete, depositions are not yet scheduled, and disputes over its adequacy and timing, *Monell* materials, and Rule 30(b)(6) discovery remains unresolved. With the December 1 deadline approaching, Plaintiffs have already lost scheduled deposition dates because of incomplete discovery production and now face further delays in obtaining the remaining testimony.

**PLAINTIFFS' POSITION**

Defendants' continued failure to complete discovery has already necessitated postponement of scheduled depositions and now threatens Plaintiffs' ability to complete discovery before the December 1 deadline. Despite Plaintiffs' repeated requests, substantial responsive materials remain outstanding, including *Monell*-related discovery. Under Fed. R. Civ. P. 37, Plaintiffs request an order compelling Defendants to finish all outstanding production by a date certain, allowing sufficient time

to review the materials before remaining depositions.

This Court's Minute Order of August 6, 2026 (ECF No. 70), required the Parties to meet and confer and directed Defendants, by August 18, 2026, to specify objections and identify any remaining issues. Yet more than two months after that court-imposed deadline, Defendants still have not completed their production or resolved the outstanding disputes, and their continued noncompliance has prevented Plaintiffs from taking the remaining depositions within the existing discovery schedule.

Defendants have also refused to schedule the City's Rule 30(b)(6) deposition and Sergeant Zatora's deposition based on their anticipated bifurcation motion. But no stay has been entered and the Court's standing procedures expressly provide that "the pendency of a motion, such as a motion to dismiss, does not – absent court order – operate as a stay of discovery." *See* Hon. Sara L. Ellis, Case Management Procedures, "Discovery Motions," U.S. Dist. Ct. for the N. Dist. of Ill. Plaintiffs have substantially narrowed their Rule 30(b)(6) topics and offered reasonable compromises, yet Defendants have neither identified the remaining disputes nor provided deposition dates. Plaintiffs request that the Court resolve any outstanding objections and compel Defendants to produce and adequately prepare Rule 30(b)(6) witness(es) and make the remaining witnesses available for deposition before December 1.

Finally, Plaintiffs have offered specific dates for Plaintiffs' depositions prior to the December 1 deadline, which Defendants have not confirmed. Given Ndi's imminent relocation to Washington State and Raio's residence in Maine, Plaintiffs request the Court order Defendants to confirm the offered dates promptly or, alternatively, authorize their depositions by videoconference pursuant to Fed. R. Civ. P. 30(b)(4), on mutually agreeable dates before December 1.

**DEFENDANTS' POSITION**

Dated October 26, 2026

Respectfully submitted,

By: /s/ Nathan J. Moelker*
Nathan J. Moelker*
Stuart J. Roth
Liam R. Harrell**
Lindsey C. Bachman**
AMERICAN CENTER FOR LAW & JUSTICE
201 Maryland Avenue, NE
Washington, D.C. 20002
Tel: (202) 641-9160
Fax: (202) 546-9309
Email: nmoelker@aclj.org
lharrell@aclj.org
lbachman@aclj.org

Geoffrey R. Surtees*
AMERICAN CENTER FOR LAW & JUSTICE
PO Box 60
New Hope, KY 40052
Tel: (502) 827-0951
Email: gsurtees@aclj.org

*Admitted to this Court's General Bar
** Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*