# **Exhibit 2**

Exhibits for Proposed Motion

# Exhibit A

| | |
|---|---|
| **Subject:** | Raio v. Chicago: First Round Discovery Requests |
| **Date:** | Friday, April 17, 2026 at 11:48:36 AM Eastern Daylight Time |
| **From:** | Nathan Moelker |
| **To:** | Ellen McLaughlin, Eric Seeleman |
| **CC:** | Ben Sisney, Liam Harrell, Christy Compagnone, Geoffrey Surtees |
| **Attachments:** | Raio v. Chicago - Plaintiffs First Requests for Admissions FINAL.pdf, Raio v. Chicago - Plaintiffs First Requests for Documents FINAL.pdf, Raio v. Chicago - Plaintiffs First Set of Interrogatories FINAL.pdf, Outlook-ihcw1uyd.jpg |

Counsel,

Greetings. Please find, attached, Plaintiffs' first set of written discovery, pursuant to Court order, including the following:

Plaintiffs' First Set of Interrogatories
Plaintiffs' First Set of Requests for Production of Documents
Plaintiffs' First Request for Admissions

Please feel free to reach out with any questions you might have.

Sincerely,

**Nathan J. Moelker**
*Senior Associate Counsel*
**American Center for Law & Justice**
**Admitted in VA**
**Washington, DC 20002**

ACLJ

**CONFIDENTIALITY & METADATA NOTICE:**

**This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.**

# Exhibit B

**Subject:** RE: Raio v. Chicago: First Round Discovery Requests
**Date:** Friday, May 15, 2026 at 1:06:36 PM Eastern Daylight Time
**From:** Ellen McLaughlin
**To:** Nathan Moelker, Eric Seeleman, Hannah Pitcher
**CC:** Ben Sisney, Liam Harrell, Christy Compagnone, Geoffrey Surtees
**Attachments:** image001.jpg, image002.jpg

Dear counsel,

I'm writing to request a 30-day extension of Defendants' deadline to serve written responses and make its initial production. We are diligently gathering responsive documents from multiple departments. Some of the requests are voluminous, and our client departments will need additional time to produce responsive documents, which we then need to review and redact as needed.

Given where we are in the overall schedule, we do not anticipate that this extension would affect any other discovery deadlines or the current case schedule. Of course, we are willing to extend the same courtesy should you need additional time to respond to our initial discovery requests.

Thanks for your consideration. Please reach out if you'd like to discuss this matter.

Sincerely,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW

---

**From:** Nathan Moelker <nmoelker@aclj.org>
**Sent:** Friday, April 17, 2026 10:48 AM
**To:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Eric Seeleman <Eric.Seeleman@cityofchicago.org>
**Cc:** Ben Sisney <bsisney@aclj.org>; Liam Harrell <lharrell@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>

**Subject:** Raio v. Chicago: First Round Discovery Requests

[Warning: External email]

Counsel,

Greetings. Please find, attached, Plaintiffs' first set of written discovery, pursuant to Court order, including the following:

Plaintiffs' First Set of Interrogatories
Plaintiffs' First Set of Requests for Production of Documents
Plaintiffs' First Request for Admissions

Please feel free to reach out with any questions you might have.

Sincerely,

**Nathan J. Moelker**
*Senior Associate Counsel*
**American Center for Law & Justice**
**Admitted in VA**
**Washington, DC 20002**

ACLJ

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

# Exhibit C

**Subject:** RE: Raio v. Chicago: First Round Discovery Requests
**Date:** Wednesday, June 17, 2026 at 5:51:57 PM Eastern Daylight Time
**From:** Ellen McLaughlin
**To:** Liam Harrell, Eric Seeleman, Hannah Pitcher
**CC:** Ben Sisney, Christy Compagnone, Nathan Moelker, Geoffrey Surtees
**Attachments:** image002.jpg, image003.png, Raio - Defs.' Response to RFAs.6.17.26.pdf

Dear Counsel,

Attached please find Defendants' Responses to Plaintiffs' First Set of Requests for Admission.

We write to update you on the progress of our discovery production and to request a 30 day extension of time for Defendants to serve their responses to Plaintiffs' First Set of Interrogatories and First Requests for Production of Documents.

We have been collecting and reviewing a substantial volume of responsive material, including hundreds of pages of violation notices and many hours of body-worn camera recordings related to the incidents at issue in this case. We are currently reviewing these materials, applying Bates numbers, and redacting personally identifiable information as necessary before production. Given the volume of footage and documents involved, Defendants require additional time to complete this review and ensure an accurate and complete response.

We also intend to follow up shortly with a draft confidentiality order for your review which will allow us to produce certain categories of requested records.

We will make every effort to provide our responses sooner than the requested extension. Please note that I will be out of the office from June 24 through July 6, and Eric Seeleman will be engaged in trial the week of July 6 and occupied with trial preparation in the surrounding days, which is why we are asking for some additional time to make sure we can properly review our production.

Please let us know whether Plaintiffs will agree to this extension, or if you would like to discuss further. Thank you for your professional courtesy.

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW

**From:** Liam Harrell <lharrell@aclj.org>
**Sent:** Monday, May 18, 2026 8:41 AM
**To:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>
**Cc:** Ben Sisney <bsisney@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>
**Subject:** Re: Raio v. Chicago: First Round Discovery Requests

[Warning: External email]

Dear Counsel,

Good morning, we hope you are doing well. Please find, attached, Plaintiffs' responses to Defendants' first set of written discovery, including Interrogatories and Requests for Production, and a separate answer in response to Request for Production #19. A link to the folder containing all produced documents is here: Plaintiff's Productions - Raio et al v. Chicago et al. Each of your emails should have access for at least 30 days.

Please do not hesitate to reach out with any questions or if the link gives you any trouble. All the non-videos are also attached to this email. We are also confirming the 30 day extension for Defendants' discovery response.

Sincerely,

ACLJ
AMERICAN CENTER for LAW & JUSTICE

**Liam Harrell**
Associate Counsel
**Phone** (202) 855-1778
**Email** lharrell@aclj.org

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

# Exhibit D

**Subject:** RE: Raio, Brett 25 C 02709
**Date:** Thursday, July 16, 2026 at 6:10:04 PM Eastern Daylight Time
**From:** Ellen McLaughlin
**To:** Lindsey Bachman, Eric Seeleman, Hannah Pitcher
**CC:** Ben Sisney, Christy Compagnone, Geoffrey Surtees, Nathan Moelker, Liam Harrell
**Attachments:** image003.jpg, image004.png, image005.png, image001.jpg

Dear Lindsey,

Welcome to the case! You should have received a link to an additional production today. We will follow up with written responses to the RFPs and interrogatories soon. We will also respond regarding revisions to the protective order.

As to the proposed CPD email-search terms:

- We would like to suggest some revisions to make sure the search does not result in a hit count of unmanageable scope. Just to give a couple of examples, searching for "Jackson" will yield references to anyone with this surname as well as any reference to Jackson Blvd. And "Michigan" paired with "arrest" would yield countless references to Michigan Avenue and Lake Michigan. A search with many thousands of irrelevant results will take a long time to run and even longer to review. If it's okay with you, we can try to come up with some terms that will hopefully focus on what you're looking for.

- We need to identify custodians. We'd propose doing a search using the named defendants as custodians, and another using supervisory personnel that we'll work with CPD to identify.

Let us know if that sounds okay to you.

Sincerely,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Tuesday, July 14, 2026 12:20 PM
**To:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Cc:** Ben Sisney <bsisney@aclj.org>; ccompagnone <ccompagnone@aclj.org>; gsurtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; lharrell <lharrell@aclj.org>
**Subject:** Re: Raio, Brett 25 C 02709

[Warning: External email]

Dear Ms. Pitcher, Mr. Seeleman, and Ms. McLaughlin:

My name is Lindsey Bachman, and I recently joined the ACLJ litigation team and represent Plaintiffs in this matter. I am writing to introduce myself and to follow up regarding Defendants' outstanding discovery production in this matter.

My understanding is that the parties previously agreed to extend Defendants' deadline to respond to Plaintiffs' discovery requests to July 13, 2026. I further understand that the parties agreed to rolling production. As of today, we have not received any additional production since June 22nd, and we did not receive any production yesterday, July 13.

Could you please provide an update regarding the status of Defendants' discovery responses and document production, including when Plaintiffs may expect to receive any outstanding materials? I am happy to visit via telephone if that is easier.

I also want to follow up regarding the proposed CPD email-search terms that we provided following Defendants' invitation to do so. We provided the proposed search terms but have not received a response. Because we have not received any objections or proposed revisions, we are currently operating under the assumption that the proposed search terms are acceptable. Please let us know if Defendants have any concerns or proposed modifications.

We remain willing to work cooperatively to complete discovery efficiently. However, because the extended deadline has now passed and the requested discovery remains outstanding, we would appreciate a prompt response concerning both the anticipated production schedule and the status of the email searches.

Thank you for your attention to these matters.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Liam Harrell <lharrell@aclj.org>
**Date:** Saturday, June 27, 2026 at 8:00 AM
**To:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Subject:** Re: Raio, Brett 25 C 02709

Mr. Seeleman,

Here is our suggested email search form. Please let us know if this is acceptable. Thanks,

-Liam Harrell | 202-855-1778

---

**From:** Liam Harrell <lharrell@aclj.org>
**Sent:** Wednesday, June 24, 2026 4:44 PM
**To:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Ellen McLaughlin

<Ellen.McLaughlin@cityofchicago.org>
**Subject:** Re: Raio, Brett 25 C 02709

Mr. Seeleman,

Thanks so much. Attached is some additional redline on the protective order. Let us know if our changes are acceptable. We will get back to you on the email search form shortly.

Thanks,

-Liam Harrell | (202) 855-1778

---

**From:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>
**Date:** Monday, June 22, 2026 at 2:43 PM
**To:** Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Subject:** Raio, Brett 25 C 02709

Counsel:

Here is a link to bates stamped documents. It currently contains SFL001-488. More to follow. We will send an email as we add additional documents.

Raio, Brett 25 C 2709 - City of Chicago Shared Files

Also, attached are the IT request form that we will use for our email search with CPD and a draft confidentiality order with redline changes to the Northern District's standard order, for your review and comment.

Sincerely,

**Eric Seeleman**

**Assistant Corporation Counsel Supervisor**

**Special Federal Litigation Division**

City of Chicago Department of Law

2 N. LaSalle St. Ste. 420

Chicago, IL 60602

(312) 742-3902

eric.seeleman@cityofchicago.org

www.cityofchicago.org/law

LAW

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

---

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

# Exhibit E

**Subject:** Re: Raio, Brett 25 C 02709
**Date:** Friday, July 17, 2026 at 11:24:23 AM Eastern Daylight Time
**From:** Lindsey Bachman
**To:** Ellen McLaughlin, Eric Seeleman, Hannah Pitcher
**CC:** Ben Sisney, Christy Compagnone, Geoffrey Surtees, Nathan Moelker, Liam Harrell
**Attachments:** image003.jpg, image004.png, image005.png, image001.jpg, image.png

Dear Ellen,

Thank you for your email and for the additional document production. However, we are increasingly concerned about the status of outstanding discovery, including Defendants' written responses to Plaintiffs' First Requests for Production and Interrogatories. As you know, Plaintiffs issued discovery on April 17, 2026. On May 15, Defendants asked for 30 additional days to respond and make initial production, to which Plaintiffs agreed. On June 17, Defendants provided Requests for Admission responses and asked for an additional 30 days to respond to discovery. After a meet and confer call on June 22, Plaintiffs agreed to extend the response deadline to July 13. We also received some production of documents that day from Defendants.

To date, Plaintiffs have not received Defendants' written responses to Plaintiffs' First Requests for Production and Interrogatories. Plaintiffs now consider those responses to be untimely and overdue.

Prior to our seeking court intervention regarding these past due responses, Plaintiffs request that Defendants serve their untimely written responses to the Requests for Production and Interrogatories by the close of business day **Monday, July 20, 2026**.

With respect to the CPD email searches, we appreciate Defendants' concerns regarding the scope of certain search terms. We remain willing to work cooperatively to refine the proposed terms and custodians. To keep discovery moving forward, please provide Defendants' proposed revised search terms by **Monday, July 20**, so that we can promptly resolve any remaining issues and proceed with the searches. We are agreeable to using the named Defendants as custodians and also the supervisory personnel.

As you know, fact discovery in this case closes on December 1, 2026. The outstanding written discovery responses are necessary for Plaintiffs to evaluate the scope of additional discovery, complete document review, and begin scheduling depositions. We therefore ask that Defendants prioritize serving the overdue responses and providing the requested information regarding the email searches.

We hope court intervention will not be necessary and look forward to receiving the overdue discovery responses by Monday. Many thanks.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Sent:** Thursday, July 16, 2026 6:09 PM
**To:** Lindsey Bachman <lbachman@aclj.org>; Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>
**Cc:** Ben Sisney <bsisney@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Liam Harrell <lharrell@aclj.org>
**Subject:** RE: Raio, Brett 25 C 02709

Dear Lindsey,

Welcome to the case! You should have received a link to an additional production today. We will follow up with written responses to the RFPs and interrogatories soon. We will also respond regarding revisions to the protective order.

As to the proposed CPD email-search terms:

- We would like to suggest some revisions to make sure the search does not result in a hit count of unmanageable scope. Just to give a couple of examples, searching for "Jackson" will yield references to anyone with this surname as well as any reference to Jackson Blvd. And "Michigan" paired with "arrest" would yield countless references to Michigan Avenue and Lake Michigan. A search with many thousands of

irrelevant results will take a long time to run and even longer to review. If it's okay with you, we can try to come up with some terms that will hopefully focus on what you're looking for.

- We need to identify custodians. We'd propose doing a search using the named defendants as custodians, and another using supervisory personnel that we'll work with CPD to identify.

Let us know if that sounds okay to you.

Sincerely,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW

---

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Tuesday, July 14, 2026 12:20 PM
**To:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Cc:** Ben Sisney <bsisney@aclj.org>; ccompagnone <ccompagnone@aclj.org>; gsurtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; lharrell <lharrell@aclj.org>
**Subject:** Re: Raio, Brett 25 C 02709

[Warning: External email]

Dear Ms. Pitcher, Mr. Seeleman, and Ms. McLaughlin:

My name is Lindsey Bachman, and I recently joined the ACLJ litigation team and represent Plaintiffs in this matter. I am writing to introduce myself and to follow up regarding Defendants' outstanding discovery production in this matter.

My understanding is that the parties previously agreed to extend Defendants' deadline to

respond to Plaintiffs' discovery requests to July 13, 2026. I further understand that the parties agreed to rolling production. As of today, we have not received any additional production since June 22nd, and we did not receive any production yesterday, July 13.

Could you please provide an update regarding the status of Defendants' discovery responses and document production, including when Plaintiffs may expect to receive any outstanding materials? I am happy to visit via telephone if that is easier.

I also want to follow up regarding the proposed CPD email-search terms that we provided following Defendants' invitation to do so. We provided the proposed search terms but have not received a response. Because we have not received any objections or proposed revisions, we are currently operating under the assumption that the proposed search terms are acceptable. Please let us know if Defendants have any concerns or proposed modifications.

We remain willing to work cooperatively to complete discovery efficiently. However, because the extended deadline has now passed and the requested discovery remains outstanding, we would appreciate a prompt response concerning both the anticipated production schedule and the status of the email searches.

Thank you for your attention to these matters.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Liam Harrell <lharrell@aclj.org>
**Date:** Saturday, June 27, 2026 at 8:00 AM
**To:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Subject:** Re: Raio, Brett 25 C 02709

Mr. Seeleman,

Here is our suggested email search form. Please let us know if this is acceptable. Thanks,

-Liam Harrell | 202-855-1778

---

**From:** Liam Harrell <lharrell@aclj.org>
**Sent:** Wednesday, June 24, 2026 4:44 PM
**To:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Subject:** Re: Raio, Brett 25 C 02709

Mr. Seeleman,

Thanks so much. Attached is some additional redline on the protective order. Let us know if our changes are acceptable. We will get back to you on the email search form shortly.

Thanks,

-Liam Harrell | (202) 855-1778

---

**From:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>
**Date:** Monday, June 22, 2026 at 2:43 PM
**To:** Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Subject:** Raio, Brett 25 C 02709

Counsel:

Here is a link to bates stamped documents. It currently contains SFL001-488. More to follow. We will send an email as we add additional documents.

Raio, Brett 25 C 2709 - City of Chicago Shared Files

Also, attached are the IT request form that we will use for our email search with CPD and a draft confidentiality order with redline changes to the Northern District's standard order, for your review and comment.

Sincerely,

**Eric Seeleman**
**Assistant Corporation Counsel Supervisor**
**Special Federal Litigation Division**
City of Chicago Department of Law
2 N. LaSalle St. Ste. 420
Chicago, IL 60602
(312) 742-3902
eric.seeleman@cityofchicago.org
www.cityofchicago.org/law

LAW

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

---

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

# Exhibit F

**Subject:** RE: Raio, Brett 25 C 02709
**Date:** Wednesday, July 22, 2026 at 3:02:56 PM Eastern Daylight Time
**From:** Ellen McLaughlin
**To:** Lindsey Bachman, Eric Seeleman, Liam Harrell, Geoffrey Surtees, Nathan Moelker, Christy Compagnone, Ben Sisney
**CC:** Hannah Pitcher, Tracy Turner
**Attachments:** image001.jpg, image002.jpg, image003.png, image004.png, 2026.07.22 Raio - Response to 1st RFPs.pdf

Dear counsel,

Attached please find Defendants' Response to Plaintiffs' First RFPs. We will send the Response to the Interrogatories once verified.

We would like to launch the email search soon. Let us know if you have additional suggestions for the terms.

Thanks,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW

---

**From:** Ellen McLaughlin
**Sent:** Tuesday, July 21, 2026 5:12 PM
**To:** 'Lindsey Bachman' <lbachman@aclj.org>; Eric Seeleman <Eric.Seeleman@cityofchicago.org>; lharrell <lharrell@aclj.org>; gsurtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; ccompagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Tracy Turner <tturner@aclj.org>
**Subject:** RE: Raio, Brett 25 C 02709

Hi Lindsey,

I tried to call back but I'm not getting through. I may have misheard your number on the voicemail, and I don't see it in your signature block.

We can do a meet and confer if necessary, but here is an update on what we're working on

at the moment:

- We are finalizing the written responses. These will be sent to you shortly—as soon as we can get the necessary verifications.
- We received a new batch of documents from our client and are reviewing those for our next production.
- As soon as you confirm the search terms, we'll get the email search going. We've worked with CPD to identify a couple dozen custodians for the "policy and training" part of the search.

In sum, we're making good progress.

Sincerely,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW

---

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Tuesday, July 21, 2026 10:11 AM
**To:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Eric Seeleman <Eric.Seeleman@cityofchicago.org>; lharrell <lharrell@aclj.org>; gsurtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; ccompagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Tracy Turner <tturner@aclj.org>
**Subject:** Re: Raio, Brett 25 C 02709

[Warning: External email]

Good morning, Ellen,

Can you please give me a call back today when you get a chance? I left a voicemail a little earlier this morning. We'd like to meet and confer regarding Defendants' responses to Plaintiffs' First Set of Interrogatories and First Set of Requests for Production in a good-faith effort to avoid seeking court intervention.

Regarding the email search terms, I think we are close. We appreciate that Defendants included command-level and training custodians and added searches for general orders, special orders, guidance, and training. However, the revised search strings substantially narrow the original policy/training collection. The original protocol searched for policies, procedures, directives, curriculum materials, instructions, roll-call bulletins, and related training content concerning ordinance enforcement, permits, noise regulation, amplification, arrests, and enforcement practices. Those categories are directly relevant to Plaintiffs' claims regarding municipal policy, training, supervision, and enforcement practices. As such, Plaintiffs request those categories be restored as follows:

**Policies & training**

- ("general order" OR "special order" OR policy OR policies OR procedure OR directive OR guidance) AND WITHIN 25 (ordinance OR noise OR amplif* OR decibel* OR sound OR arrest* OR ANOV OR custodial OR enforce* OR permit OR preach*)
- ("training material" OR training OR curriculum OR instruction OR "roll call" OR bulletin) AND WITHIN 25 (ordinance OR noise OR amplif* OR preach* OR enforce* OR arrest* OR ANOV OR sound OR amendment)

We are happy to discuss this issue as well by telephone today. Many thanks.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002
ACLJ

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Sent:** Monday, July 20, 2026 5:19 PM
**To:** Lindsey Bachman <lbachman@aclj.org>; Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Tracy Turner <tturner@aclj.org>
**Subject:** RE: Raio, Brett 25 C 02709

Dear counsel,

Thank you for sending your proposed email search terms. We have reviewed them carefully and attach the City's proposed email request forms. These incorporate a substantial portion of what you sent.

First, we propose to run this search in two tiers:

- Part 1 covers custodians who participated in an incident at issue — the six named officer defendants and Sgt. Tomasz Zatora, the defendant in *Acevedo v. City of Chicago*, No. 24-cv-12654. For these, we propose a lookback period that begins with the date of the Acevedo incident in March 2024.
- Part 2 covers custodians with supervisory responsibility and is intended to capture communications regarding training and enforcement guidance over the longer look-back period you requested. We are working with our client to identify the individuals who held these positions during this period.

Second, as to terms:

- We have including many of your proposed terms. We have also added terms that seem relevant, including §§ 8-4-055 and 2-84-300 (cited on Mr. Raio's ANOV), and Planned Parenthood, the location where Acevedo's arrest occurred.
- We had concern about some highly general terms. In our experience, a five-year search utilizing a common term (like "Jackson"—both a common surname and a major street in Chicago) could yield an overwhelming number of irrelevant results. We have included some more general terms in the Part 1 search but have attempted to bind general terms in the Part 2 search because it includes more custodians over a longer time frame.
- We propose not running the officers' surnames as standalone terms. If their names appear in their signature blocks, those terms would return each officer's mailbox in its entirety. Instead, we propose using them as custodians.
- We have omitted your proposed strings directed at misconduct, discipline, grievances, and personnel complaints, and those directed at BWC, OEMC/CAD, and incident and arrest reports. But we are not withholding the underlying material. The City is producing the disciplinary and complaint files themselves, so we do not believe related emails would yield relevant material the files do not already identify.

Further, these search terms are extremely general and could swamp the results. As to BWC, dispatch, and report terms, the same is true. We are providing you these documents, which speak for themselves. If the produced files and records leave you with a specific gap that you believe email would fill, tell us what it is, and we will discuss targeted terms addressed to it.

- Finally, in the event that these search terms yield an unmanageable volume of hits, we may need to revise them further to better target any responsive material.

Please let us know whether you would like to propose additional terms or otherwise confer on this search.

We will be sending you our written responses to your RFPs and interrogatories soon. Thanks for your patience.

Sincerely,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW

---

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Monday, July 20, 2026 11:12 AM
**To:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; lharrell <lharrell@aclj.org>; gsurtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; ccompagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Tracy Turner <tturner@aclj.org>
**Subject:** Re: Raio, Brett 25 C 02709

[Warning: External email]

Eric,

Thank you for getting back to us on the Protective Order. We are agreeable to the City's

revisions and agree to removing the carveouts in paragraph 2. Please feel free to make those revisions and send the signed agreement back and we will likewise execute. Many thanks.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002

ACLJ

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>
**Sent:** Friday, July 17, 2026 4:21 PM
**To:** Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; Lindsey Bachman <lbachman@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Subject:** RE: Raio, Brett 25 C 02709

Hello,

I have finally had time after my trial to review the proposed editions to the protective order. It looks like there were only two substantive changes proposed. The first one, we have an issue with, as explained in my comment added to this document. The second one is fine.

Please take a look at my comments in the attached and let me know if you are willing to split on the two proposed changes. The short of it is that you will still get all the information

you are looking for, if it exists. Nothing that you are looking for will be redacted. Some items could hypothetically be marked confidential but not redacted. But, I would be surprised if any of the CR files relate to noise or religion. More likely than not they will relate to excessive force, false arrest, or inappropriate language.

Sincerely,

**Eric Seeleman**
**Assistant Corporation Counsel Supervisor**
**Special Federal Litigation Division**
City of Chicago Department of Law
2 N. LaSalle St. Ste. 420
Chicago, IL 60602
(312) 742-3902
eric.seeleman@cityofchicago.org
www.cityofchicago.org/law

LAW

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

---

**From:** Liam Harrell <lharrell@aclj.org>
**Sent:** Wednesday, June 24, 2026 3:44 PM
**To:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; gsurtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; ccompagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Subject:** Re: Raio, Brett 25 C 02709

[Warning: External email]

Mr. Seeleman,

Thanks so much. Attached is some additional redline on the protective order. Let us know if our changes are acceptable. We will get back to you on the email search form shortly.

Thanks,

-Liam Harrell | (202) 855-1778

**From:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>
**Date:** Monday, June 22, 2026 at 2:43 PM
**To:** Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>
**Cc:** Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Subject:** Raio, Brett 25 C 02709

Counsel:

Here is a link to bates stamped documents. It currently contains SFL001-488. More to follow. We will send an email as we add additional documents.

Raio, Brett 25 C 2709 - City of Chicago Shared Files

Also, attached are the IT request form that we will use for our email search with CPD and a draft confidentiality order with redline changes to the Northern District's standard order, for your review and comment.

Sincerely,

Eric Seeleman
**Assistant Corporation Counsel Supervisor**
**Special Federal Litigation Division**
City of Chicago Department of Law
2 N. LaSalle St. Ste. 420
Chicago, IL 60602
(312) 742-3902
eric.seeleman@cityofchicago.org
www.cityofchicago.org/law

LAW

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

---

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

# Exhibit G

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRETT RAIO; PEREZ NDI; and REETIK DHAMALA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO, an Illinois municipal corporation, and Chicago Police Officers MARIO L. JACKSON, NICO A. SUTOR, CARLOS R. CAMEY SANDOVAL, MICHAEL P. JOYCE, WILLIAM E. GATLIN, and MICHAEL PETRASKI, in their official and individual capacities,<br><br>Defendants. | ) | No. 25-cv-02709<br><br>The Hon. Sara L. Ellis |

**DEFENDANTS' ANSWERS AND OBJECTIONS TO PLAINTIFFS' FIRST SET OF INTERROGATORIES**

Defendants City of Chicago, Mario L. Jackson, Nico A. Sutor, Carlos R. Camey Sandoval, Michael P. Joyce, William E. Gatlin, and Michael Petraski (collectively, "Defendants"), by and through their attorneys, hereby answer and object to Plaintiffs' First Set of Interrogatories pursuant to Federal Rules of Civil Procedure 26 and 33.

**GENERAL OBJECTIONS**

1. Defendants object to Plaintiffs' definitions of "Identify," "Document," "Communication," "Relating to," and similar terms to the extent they purport to expand Defendants' discovery obligations beyond those imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

2. Defendants object to each Interrogatory to the extent it fails to specify a reasonable time period, is not limited to the claims and defenses at issue in this action, or

otherwise seeks information that is overbroad and not proportional to the needs of the case under Federal Rule of Civil Procedure 26(b)(1). Defendants further object that, where an Interrogatory purports to seek information from "the past five (5) years," that phrase is ambiguous as to whether it is measured from the date of service of the Interrogatories or some other date; Defendants construe it, for purposes of these Answers, as measured from the date of this response unless otherwise indicated.

3. Defendants object to each Interrogatory to the extent it seeks information protected by the attorney-client privilege, the deliberative process privilege, or the attorney work-product doctrine. Defendants will provide a privilege log consistent with Federal Rule of Civil Procedure 26(b)(5) to the extent any responsive information is withheld on privilege grounds. Any inadvertent disclosure of privileged information shall not constitute a waiver of any applicable privilege.

4. Defendants object to each Interrogatory to the extent it calls for a legal conclusion.

5. Defendants object to providing the names, addresses, or other personally identifiable information of third-party complainants or witnesses without entry of an appropriate protective order governing the use and confidentiality of such information.

6. Discovery in this matter is ongoing and Defendants' investigation continues. The Answers provided herein are based on the information currently known to Defendants and are subject to supplementation pursuant to Federal Rule of Civil Procedure 26(e).

7. Each Answer below is made subject to, and without waiver of, the foregoing General Objections, whether or not separately repeated within the specific Answer.

## ANSWERS TO INTERROGATORIES

1. With respect to these Interrogatories, please identify the person answering them, all persons who provided assistance in answering them, and specify which Interrogatories each person assisted in answering.

**RESPONSE:** Defendants object to this Interrogatory to the extent it seeks information protected by the attorney-client privilege or attorney work-product doctrine, including communications between counsel and Defendants concerning the preparation of these Answers. Subject to that objection, these Answers are submitted on behalf of Defendants and were prepared by counsel for Defendants from the City of Chicago Department of Law, with assistance from Defendants and the individual signing the Verifications appended hereto. Defendants will supplement this Answer to the extent additional persons are identified as having assisted in the preparation of these Answers.

2. Identify each person who has knowledge about the Plaintiffs' claims or your defenses in the above-captioned action describing the knowledge you believe each person has.

**RESPONSE:** Defendants object to this Interrogatory to the extent it seeks identification of every person who may have knowledge, however remote, of Plaintiffs' claims or Defendants' defenses, as overbroad and not proportional to the needs of the case. Subject to that objection, Defendants identify the following individuals as possessing relevant knowledge: Plaintiffs Brett Raio, Perez Ndi, and Reetik Dhamala, who have personal knowledge of the December Incident and/or the February Incident; Defendant Officers Mario L. Jackson, Nico A. Sutor, Carlos R. Camey Sandoval, Michael P. Joyce, William E. Gatlin, and Michael Petraski, each of whom has personal knowledge of his respective role in the December Incident and/or the February Incident; and any individual(s) who contacted CPD or the Office of Emergency Management and Communications ("OEMC") regarding Plaintiffs' amplified preaching, who have knowledge of the basis for the call(s) that precipitated CPD's response. Defendants further identify such

additional persons as may be reflected in the body-worn camera footage, OEMC records, and CPD reports produced in this matter. Defendants reserve the right to supplement this Answer as discovery proceeds.

3. Identify each CPD officer/supervisor/employee involved in each of Plaintiffs' enumerated stops/arrests/citations as set forth in the Amended Complaint (Doc. 17) and the arrest in the Acevedo Incident, describing the nature and scope of each person's involvement in each incident.

**RESPONSE:** Defendants object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks the identity of "each CPD officer/supervisor/employee involved in each of Plaintiffs' enumerated stops/arrests/citations," with no limitation to the actions or decisions giving rise to Plaintiffs' claims in this lawsuit. Defendants object to this Interrogatory to the extent it seeks information regarding the Acevedo Incident, a separate matter involving different parties, different officers, and a different arrest, on the grounds that it is overbroad, not proportional to the needs of this case, and seeks information equally available to Plaintiffs from the public docket in *Acevedo v. Zatora, et al.*, No. 1:24-cv-12654 (N.D. Ill.). Subject to that objection, Defendants identify the following individuals who were allegedly involved in either the December Incident, the February Incident, or the Acevedo Incident: Officer Mario L. Jackson; Officer Nico A. Sutor; Officer Carlos R. Camey Sandoval; Officer Michael P. Joyce; Officer William E. Gatlin; Officer Michael Petraski; Sergeant Tomasz Zatora. Defendants refer Plaintiffs to the CPD arrest reports, case reports, and body-worn camera footage from the December Incident, February Incident, and Acevedo Incident produced in this matter for a further description of each individual's involvement. Defendants reserve the right to supplement this Answer as discovery proceeds.

4. For each CPD officer/supervisor/employee identified in your answer to Interrogatory No. 3, identify all misconduct complaints relating to that individual (e.g., Log Number files, Complaint Register files, Universal files, Extraordinary Occurrence files, Non-

Disciplinary Intervention files, and Summary Punishment Action Requests), explaining in detail what actions, if any, Defendant CPD took in response to each of those complaints.

**RESPONSE:** Defendants object to this Interrogatory to the extent it seeks information regarding the Acevedo Incident, a separate matter involving different parties, different officers, and a different arrest, on the grounds that it is overbroad and not proportional to the needs of this case. Defendants further object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks the complete misconduct history of each Defendant Officer without limitation as to subject matter or time, and as seeking information protected by the investigatory privilege, Federal Rules of Evidence 403 and 404, and any applicable confidentiality order. Subject to those objections, Defendants will produce, subject to entry of an appropriate confidentiality order, materials identified in Defendants' response to Plaintiffs' related Request for Production No. 8, and direct Plaintiffs to those materials in lieu of restating each complaint herein.

5. Identify each person (e.g., supervisor, training officer, or policymaker) with knowledge of any CPD policy, custom, practice, or training relating to the enforcement of § 8-32-070, responsible for instruction on that enforcement, summarizing the knowledge each such person possesses.

**RESPONSE:** Defendants object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks the identity of "each person" "with knowledge of any CPD policy, custom, practice, or training relating to the enforcement of § 8-32-070," and because the phrases "with knowledge of" and "relating to" are vague and ambiguous.

6. Identify all documents (e.g., written policies, procedures, directives, general orders, special orders, or training materials) relating to the enforcement of § 8-32-070 by CPD officers. Examples of responsive documents include, e.g., any guidance regarding: (a) what constitutes a violation of the Ordinance; (b) what measurement, if any, is required before enforcement action is taken; (c) when an officer may arrest as opposed to issuing an ANOV; (d) enforcement in public forums including sidewalks; (e) the First Amendment rights of street

preachers or religious speakers; (f) viewpoint- or content-neutral enforcement of noise ordinances; (g) the requirement to measure sound "at a distance of 100 feet" under the Ordinance; and (h) when amplification is constitutionally protected.

**RESPONSE:** Subject to Defendants' General Objections, Defendants refer Plaintiffs to documents produced in response to Plaintiffs' related Requests for Production Nos. 10 and 12, and will supplement this Answer if further responsive documents are identified.

7. Describe, to the extent known, all enforcement actions taken under the Ordinance during the past five (5) years, including the total number of arrests, ANOVs, and warnings, grouped by year, and for each action state: (a) whether identification was requested; (b) whether identification was provided or refused; (c) whether the activity involved religious speech or evangelism and (d) the nature of the speech or activity involved (e.g., street preaching, musical performance, political protest, or other).

**RESPONSE:** Defendants object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks a citywide accounting of every enforcement action taken under the Ordinance over a five-year period, broken out by data points—such as whether each encounter involved religious speech—that are not systematically tracked in any City database in the form requested, such that compiling this information would require manual review of individual incident reports citywide. Subject to those objections, Defendants refer Plaintiffs to documents produced in response to Plaintiffs' related Requests for Production Nos. 13. To the extent that Plaintiffs seek additional records related to these enforcement actions which are voluminous and time-consuming to retrieve, Defendants request a Local Rule 37.2 conference to discuss limiting the scope of the request to specific matters.

8. Identify all complaints received by CPD or the City of Chicago in the past five (5) years from any person concerning Plaintiffs, any other individuals engaged in street preaching, or the amplification of religious speech, including the source of each complaint, full name, address, and contact information for each source, the nature of the complaint, and the enforcement response taken.

**RESPONSE:** Defendants object to this Interrogatory to the extent it seeks the identities and contact information of third-party complainants who have a privacy interest in that

information, and Defendants will not provide such identifying information absent entry of an appropriate protective order. Defendants further object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks "all complaints" concerning "any other individuals engaged in street preaching," without limitation to complaints about the volume of amplification, over a five-year period. Subject to those objections, Defendants refer Plaintiffs to the OEMC records and body-worn camera audio produced in this matter. Defendants will supplement this Answer as discovery proceeds.

9. Identify all communications between CPD officers, supervisors, dispatch, or City of Chicago Officials relating to Plaintiffs, the December Incident, the February Incident, or the Acevedo Incident.

**RESPONSE:** Defendants object to this Interrogatory as seeking information protected by the attorney-client privilege and attorney work-product doctrine, and to the extent it seeks "all communications" without limitation as overbroad and not proportional to the needs of the case. Defendants further object to this Interrogatory to the extent it seeks information regarding the Acevedo Incident, for the reasons stated in response to Interrogatory No. 3. Subject to those objections, Defendants direct Plaintiffs to the OEMC dispatch records, CAD records, and body-worn camera footage produced in response to Plaintiffs' related Requests for Production Nos. 3 and 5, which include relevant communications among CPD personnel concerning the December Incident and the February Incident. Defendants will supplement this Answer as discovery proceeds.

10. Identify all persons within CPD or the City of Chicago who had knowledge of the Acevedo Incident and describe when and how they became aware of it.

**RESPONSE:** Defendants object to this Interrogatory as seeking information regarding a separate lawsuit involving different parties and different officers, which is not relevant to any claim or defense in this action, is not proportional to the needs of the case, and is equally

available to Plaintiffs from the public docket in *Acevedo v. Zatora, et al.*, No. 1:24-cv-12654 (N.D. Ill.). Defendants object to this Interrogatory as seeking information protected by the attorney-client privilege and attorney work-product doctrine. Subject to these objections, Defendants state that none of the Defendant Officers in this action was involved in the Acevedo Incident, and Defendants are not otherwise aware of any connection between the Acevedo Incident and the enforcement actions at issue in this case. Defendants reserve the right to supplement this Answer as discovery proceeds.

11. Describe all actions, if any, taken by CPD or the City of Chicago (e.g., changes to policy, training, supervision, or internal guidance) in response to the December Incident, the February Incident, or the Acevedo Incident.

**RESPONSE:** Subject to Defendants' General Objections, including the objections stated in response to Interrogatory No. 10 regarding the Acevedo Incident, Defendants state that, to date, no changes to CPD policy, training, or supervision have been identified as having been made specifically in response to the December Incident, the February Incident, or the Acevedo Incident. Defendants will supplement this Answer if any such actions are identified through Defendants' continuing investigation.

12. Identify what, if any, articulable facts supported Defendants' decision to stop/arrest/cite each Plaintiff.

**RESPONSE:** Defendants object to this Interrogatory to the extent it calls for a legal conclusion regarding the existence of reasonable suspicion or probable cause. Subject to that objection, Defendants refer Plaintiffs to the arrest reports, case reports, and body-worn camera footage produced in this matter for a complete account of the facts known to each officer at the time of each enforcement action. Defendants will supplement this Answer as appropriate.

13. Identify all documents (e.g., written policies, procedures, directives, general orders, special orders, or training materials) identifying or relating to CPD's determination of what conduct constitutes an arrest.

**RESPONSE:** Subject to Defendants' General Objections, Defendants refer Plaintiffs to documents produced in response to Plaintiffs' related Request for Production No. 18.

14. Identify all facts that Defendants contend established arguable probable cause to arrest each Plaintiff on February 24, 2025, and December 10, 2024, each officer possessing knowledge of that fact at the time of the arrest, and any documents, communications, or observations supporting it.

**RESPONSE:** Defendants object to this Interrogatory to the extent it calls for a legal conclusion. Subject to that objection, Defendants refer Plaintiffs to the documents produced in this matter in response to Plaintiffs' related Request for Production No. 22.

15. Identify whether any CPD officer on February 24, 2025, and December 10, 2024, measured, or attempted to measure, the volume of Plaintiffs' amplification, whether by decibel meter, distance measurement, or any other objective means. If no measurement was taken, explain in detail why not and identify all officers who decided not to conduct a measurement.

**RESPONSE:** Subject to Defendants' General Objections, Defendants state that, based on materials reviewed to date, no CPD Officer used a decibel meter or other dedicated sound-measuring device to measure the volume of Plaintiffs' amplification on either December 10, 2024, or February 24, 2025. CPD officers are not issued decibel meters as standard equipment and make enforcement decisions under the Ordinance based on their own auditory perception and observation of the surrounding circumstances. Defendants refer Plaintiffs to the documents produced in this matter in response to Plaintiffs' related Request for Production No. 22.

16. State whether any CPD officer verified—prior to arresting Plaintiffs on February 24, 2025, or December 10, 2024—that Plaintiffs' amplification could be heard at a distance of 100 feet or more at a volume louder than an average conversational level, as required by the Ordinance. If no such verification was performed, explain why not.

**RESPONSE:** Defendants object that the term "arresting" is used in a vague and ambiguous manner, and the request assumes facts not in evidence. Subject to Defendants' General Objections and incorporating Defendants' Answer to Interrogatory No. 15, Defendants state that CPD officers directly observed the volume and audibility of Plaintiffs' amplification,

and the complaints received from third parties also indicated that the sound was audible at a distance of 100 feet or more from its source at a volume louder than an average conversational level.

17. To the extent Defendants contend that any of the enforcement actions described in Plaintiffs' Amended Complaint (Doc. 17), or the written and unwritten policies and practices that comprise the same, as alleged in Plaintiffs' Amended Complaint (Doc. 17), are justified by any legitimate, non-discriminatory policy objective and are necessary to the attainment of that objective, explain in detail such objective and why those policies and practices are necessary to attain that objective, and identify all documents and communications relating to that objective.

**RESPONSE:** Defendants object that the term "the written and unwritten policies and practices that comprise the same" is used in a vague and ambiguous manner, and the request assumes facts not in evidence. Defendants object to this Interrogatory to the extent it calls for a legal conclusion. Subject to and without waiving these objections and Defendants' General Objections, Defendants state that the Ordinance and CPD's enforcement of it serve the City's legitimate, content-neutral interest in regulating noise in public spaces to protect the public's quiet enjoyment, prevent disturbances, and promote pedestrian and traffic safety, regardless of the content or viewpoint of any speech being amplified. Defendants contend that the enforcement actions at issue were applied based on the volume of the amplification rather than the religious content of Plaintiffs' speech. Defendants identify Chicago Municipal Code § 8-32-070 and the documents produced in response to Plaintiffs' related Requests for Production Nos. 10 and 12 as the documents principally relating to this objective. Defendants will supplement this Answer as discovery proceeds, if necessary.

18. Identify any Defendant Officer or CPD supervisor who was aware, prior to or during the February Incident, that Plaintiffs had previously received an ANOV or other enforcement action arising from street preaching or amplified religious speech.

**RESPONSE:** Subject to Defendants' General Objections, Defendants state that, based on the investigation to date, Defendants are not presently aware of any Defendant Officer or CPD

supervisor who had specific knowledge, prior to or during the February Incident, that Plaintiffs had previously received an ANOV or other enforcement action arising from street preaching or amplified religious speech. Defendants will supplement this Answer as discovery proceeds, if necessary.

19. Identify all communications among Defendant Officers, supervisors, dispatch, or any other CPD personnel relating to Plaintiffs or any individuals engaged in street preaching or amplification of religious messages in the Millennium Park/Michigan Avenue area, on any date prior to the February Incident or December Incident, in the past five (5) years, including any references to the content, viewpoint, or subject matter of Plaintiffs' or any other such person's speech.

**RESPONSE:** Defendants object to this Interrogatory as overbroad and not proportional to the needs of the case to the extent it seeks "all communications" among an undefined universe of CPD personnel over a five-year period, and to the extent it seeks communications about "any individuals engaged in street preaching," without limitation to the use of amplification. Defendants further object to the extent this Interrogatory seeks information protected by the attorney-client privilege or attorney work-product doctrine. Subject to those objections, Defendants are not presently aware of any CPD communication referencing the content or viewpoint of Plaintiffs' or any other individual's religious speech prior to the incidents at issue, beyond the documents Defendants will produce in response to Plaintiffs' related Request for Production No. 15. Defendants will supplement this Answer as discovery proceeds.

20. State whether any Defendant Officer, supervisor, or CPD official expressed, orally or in writing, any view, opinion, or characterization regarding Plaintiffs' preaching, their religious message, or their use of amplification for religious speech in the past five (5) years (so without regard to whether before, during, or after the February Incident or December Incident) and identify all persons with knowledge of any such statements.

**RESPONSE:** Defendants object to this Interrogatory as overbroad and not proportional to the needs of the case to the extent it seeks statements by an undefined universe of CPD personnel over a five-year period. Defendants further object to the extent this Interrogatory seeks

information protected by the attorney-client privilege or attorney work-product doctrine. Subject to those objections and Defendants' General Objections, Defendants state that, based on the investigation and review of materials to date, Defendants are not presently aware of any Defendant Officer, supervisor, or CPD official expressing a view, opinion, or characterization regarding the content of Plaintiffs' religious message, beyond statements made in the ordinary course of enforcing the Ordinance as reflected on the body-worn camera footage produced in this matter. Defendants further state that the body-worn camera footage shows that Officer Sandoval stated to Plaintiff Dhamala on December 10, 2024, in response to Dhamala's comment about preaching the gospel, "I commend you for that." Defendants will supplement this Answer as discovery proceeds, if necessary.

**RESERVATION OF RIGHTS**

Defendants continue to investigate this matter and reserve their right to supplement these Answers accordingly pursuant to Federal Rule of Civil Procedure 26(e).

Date: July 24, 2026

MARY B. RICHARDSON-LOWRY,

Corporation Counsel for the City of Chicago

By: */s/ Eric Seeleman*

ELLEN MCLAUGHLIN
ellen.mclaughlin@cityofchicago.org
HANNAH PITCHER
hannah.pitcher@cityofchicago.org
ERIC SEELEMAN
eric.seeleman@cityofchicago.org
City of Chicago Department of Law
2 North LaSalle, Suite 420
Chicago, IL 60602
(312) 742-5147 / -6238 / -3902
*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BRETT RAIO; PEREZ NDI; and REETIK DHAMALA,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF CHICAGO, an Illinois municipal corporation, and Chicago Police Officers MARIO L. JACKSON, NICO A. SUTOR, CARLOS R. CAMEY SANDOVAL, MICHAEL P. JOYCE, WILLIAM E. GATLIN, and MICHAEL PETRASKI, in their official and individual capacities,<br><br>Defendants. | ) | No. 25-cv-02709<br><br>The Hon. Sara L. Ellis |

**VERIFICATION**

Under penalties as provided by law pursuant to 28 U.S.C. §1746, I, Sergeant Thomas Corbett, assigned to the Office of Legal Affairs, Chicago Police Department, certify that I signed the foregoing Answers and Objections to Plaintiff's First Set of Interrogatories, that I am duly authorized to do so, that certain of the matters stated in the foregoing Answers are not within my personal knowledge and belief, that there is no employee of the City of Chicago who has personal knowledge of all such matters. The foregoing Answers are based on knowledge, information, and belief formed after reasonable inquiry into documents and information which have been assembled by authorized employees and counsel of the City of Chicago, and that I am informed and believe that the statements set forth in the foregoing are complete and correct as of

JUL 24, 2026

Signature: Thomas G Corbett

Sergeant Thomas Corbett
Office of Legal Affairs
Chicago Police Department

**CERTIFICATE OF SERVICE**

I, Eric Seeleman, an attorney for Defendants, hereby certify that on July 24, 2026, I served by email the foregoing Defendants' Answers and Objections to Plaintiffs' First Set of Interrogatories on the following counsel of record:

Nathan J. Moelker
Benjamin P. Sisney
Liam R. Harrell
Lindsey Bachman
AMERICAN CENTER FOR LAW & JUSTICE
201 Maryland Avenue, NE
Washington, D.C. 20002
nmoelker@aclj.org
bsisney@aclj.org
lharrell@aclj.org
lbachman@aclj.org

Geoffrey R. Surtees
AMERICAN CENTER FOR LAW & JUSTICE
PO Box 60
New Hope, KY 40052
gsurtees@aclj.org

Dated: July 24, 2026.

*/s/ Eric Seeleman*
ERIC SEELEMAN
Assistant Corporation Counsel

# Exhibit H

**Subject:** Re: Raio v City of Chicago, et al - Deposition Scheduling & Meet/Confer
**Date:** Tuesday, August 18, 2026 at 3:43:22 PM Eastern Daylight Time
**From:** Lindsey Bachman
**To:** Ellen.McLaughlin, Liam Harrell, Eric.Seeleman, Hannah Pitcher
**CC:** Christy Compagnone, Nathan Moelker, Garrett Taylor, Tracy Turner
**Category:** Litify
**Attachments:** image002.jpg, image003.png, image.png, Parties Joint Status re Discovery 8.18.26.docx

Counsel,

Please find attached joint status report regarding discovery for your review. If you have any revisions, please let us know. Otherwise, if the draft is acceptable, please feel free to file it with the Court as it is due today.

Many thanks.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Sent:** Wednesday, August 12, 2026 5:55 PM
**To:** Liam Harrell <lharrell@aclj.org>; Eric.Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>
**Cc:** Christy Compagnone <ccompagnone@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Garrett Taylor <gtaylor@aclj.org>; Lindsey Bachman <lbachman@aclj.org>
**Subject:** RE: Raio v City of Chicago, et al - Deposition Scheduling & Meet/Confer

Hi Liam,

Would Tuesday at 10am Central work for you?

We are double checking the deposition dates.

Thanks!

Ellen

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW

**From:** Liam Harrell <lharrell@aclj.org>
**Sent:** Tuesday, August 11, 2026 2:06 PM
**To:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>
**Cc:** ccompagnone <ccompagnone@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Garrett Taylor <gtaylor@aclj.org>; Lindsey Bachman <lbachman@aclj.org>
**Subject:** Raio v City of Chicago, et al - Deposition Scheduling & Meet/Confer

[Warning: External email]

Counsel,

Please see attached our First Amended 26(a) Disclosures.

In light of the Court's ruling concerning the City's objections, Plaintiffs would like to schedule a meet and confer. Would Monday or Tuesday provide the City with sufficient time to review the objections and prepare to discuss? Please advise as to the City's availability.

Given the City's witnesses' availability, Plaintiffs propose the following deposition dates:

Michael Joyce: Thursday, October 15
William Gatlin: Thursday, October 15
Mario Jackson: Friday, October 16
Lt. Michael Petraski: Friday, October 16
Brett Raio: October 20/21 (virtual requested)
Perez Ndi: October 20/21
Reetik Dhamala: October 20/21
Carlos Sandoval: Thursday, October 22
Sgt. Thomas Zatora: Thursday, October 22
Nico Sutor: Thursday, November 12
City of Chicago Rule 30(b)(6) witness or witnesses: Friday, October 23, subject to confirmation, and additional dates as needed

Plaintiffs expect to provide proposed Rule 30(b)(6) topics shortly so that the City can identify the appropriate witness or witnesses and confirm their availability. We are tentatively holding October 23 for a Rule 30(b)(6) but understand that may need to change.

Plaintiffs do not anticipate issues for in-person depositions of Perez Ndi and Reetik Dhamala. However, Plaintiffs do ask for consideration of a remote deposition for Plaintiff Brett Raio as he resides in Maine and travelling for the deposition would be an undue financial burden. They are each available October 21-22. Please advise whether the City agrees to Brett Raio's deposition to proceed remotely.

We appreciate your attention to these matters and are certainly willing to discuss any of these items further at our meet and confer. Thanks.

Sincerely,

ACLJ
AMERICAN CENTER for LAW & JUSTICE

**Liam Harrell**
Associate Counsel
**Phone** (202) 855-1778
**Email** lharrell@aclj.org

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

# Exhibit I

**Subject:** Raio, Brett, et al. v. City et al., 25 C 2709 - Proposed Deposition Dates
**Date:** Thursday, August 6, 2026 at 2:22:33 PM Eastern Daylight Time
**From:** Eric Seeleman
**To:** Lindsey Bachman
**CC:** Nathan Moelker, Liam Harrell, Geoffrey Surtees, Tracy Turner, Ellen.McLaughlin, Hannah Pitcher
**Category:** Litify
**Attachments:** image001.png

Good afternoon Lindsey:

We have conferred with our clients and we propose to present our clients for their depositions on any of the following dates:

October 15, 16, 22, 23, 26, 27, November 2, 5, 12, 13

*Sutor is only available on November 12, 13 due to furlough time off
**Jackson is not available November 5-13 due to furlough time off

We also propose to take plaintiffs' respective depositions in-person at our offices at 2 N. LaSalle St., Chicago, IL 60602, on any of the following dates:

October 20, 21, 29, 30, Nov. 6, 9.

Please let us know what you think so that we can pencil in some dates and get the notices out.

Sincerely,

**Eric Seeleman**
**Assistant Corporation Counsel Supervisor**
**Special Federal Litigation Division**
City of Chicago Department of Law
2 N. LaSalle St. Ste. 420
Chicago, IL 60602
(312) 742-3902
eric.seeleman@cityofchicago.org
www.cityofchicago.org/law

LAW

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any

dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

---

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

# Exhibit J

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRETT RAIO,<br>PEREZ NDI, and<br>REETIK DHAMALA,<br><br>*Plaintiffs,*<br>*v.*<br><br>The CITY OF CHICAGO, an Illinois municipal corporation, and Chicago Police Officers MARIO L. JACKSON, NICO A. SUTOR, CARLOS R. CAMEY SANDOVAL, MICHAEL P. JOYCE, WILLIAM E. GATLIN, and MICHAEL PETRASKI in their official and individual capacities.<br><br>*Defendants.* | Case No. 1:25-cv-02709<br><br>**The Hon. Sara L. Ellis** |

**NOTICE OF TAKING RULE 30(b)(6) DEPOSITION OF DEFENDANT CITY OF CHICAGO**

**TO**: Counsel for Defendant

Attn: Ellen McLaughlin
Hannah Pitcher
Eric Seeleman
City of Chicago Department of Law
2 North LaSalle, Suite 420
Chicago, IL 60602
ellen.mclaughlin@cityofchicago.org
hannah.pitcher@cityofchicago.org
eric.seeleman@cityofchicago.org
312-742-5147 / 744-4216 / 742-3902

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiffs Brett Raio, Perez Ndi, and Reetik Dhamala, by and through their attorneys of record, will take the deposition upon oral examination of Defendant City of Chicago (the "City") on **_____________, 2026, at 9:30 a.m. Central Time**, at the offices of the City of Chicago Department

of Law, 2 North LaSalle Street, Suite 420, Chicago, Illinois 60602, or at another Chicago location agreed by counsel. The deposition will concern all information known or reasonably available to the Defendant City of Chicago regarding the matters for examination set forth in Exhibit A, attached hereto.

The City must designate and prepare one or more officers, directors, managing agents, or other persons who consent to testify on its behalf concerning the matters described with reasonable particularity in Exhibit A. The persons designated must testify about all nonprivileged information known or reasonably available to the City. The City may designate different witnesses for different matters, but each matter must be covered fully.

In accordance with Rule 30(b)(6), the parties shall confer in good faith about the matters for examination before or promptly after service of this Notice. To facilitate that conference and avoid disputes at the deposition, Plaintiffs request that the City identify each proposed designee and the matter or matters assigned to that designee at least ten calendar days before the deposition, and that the City provide any objections and proposed narrowing language sufficiently in advance of the deposition to permit a meaningful conference.

This deposition will be recorded stenographically and may utilize instant visual display of the testimony of the deponent, pursuant to Federal Rule of Civil Procedure 30(b)(3)(A). Any audiovisual recording of the deposition may be used at trial or for any other purpose pursuant to Federal Rule of Civil Procedure 30(b)(3) and 32. It will continue from day to day, subject to Rule 30(d)(1), any stipulation of the parties, and any order of the Court, until completed. The deposition is taken for discovery, for use at trial, and for any other purpose permitted by the Federal Rules of Civil Procedure.

DATED this ___ day of September 2026.

**THE AMERICAN CENTER FOR LAW AND JUSTICE**

**Dated: September ___, 2026**

Respectfully Submitted,
By: ________________

Liam R. Harrell**
Lindsey Bachman**
Nathan J. Moelker*
AMERICAN CENTER FOR LAW & JUSTICE
201 Maryland Avenue, NE
Washington, D.C. 20002
Tel: (202) 641-9160
Fax: (202) 546-9309
Email: lharrell@aclj.org;
nmoelker@aclj.org

Geoffrey R. Surtees*
AMERICAN CENTER FOR LAW & JUSTICE
PO Box 60
New Hope, KY 40052
Tel: (502) 549-7020
Fax: (502) 549-5252
gsurtees@aclj.org

*Admitted to this Court's General Bar
**Admitted *Pro Hac Vice*

*Counsel for Plaintiffs*

# EXHIBIT A

## MATTERS FOR EXAMINATION

The City's designated representative or representatives must be prepared to testify concerning all nonprivileged information known or reasonably available to the City regarding each matter below. The following definitions and instructions apply.

## DEFINITIONS

1. **"City"** means Defendant City of Chicago and, to the extent relevant to a Matter for Examination, its departments, agencies, offices, divisions, units, employees, agents, and representatives, including the Chicago Police Department ("CPD"), the Office of Emergency Management and Communications ("OEMC"), and the Department of Administrative Hearings ("DOAH").

2. **"Amplification Ordinance"** means Sections 8-32-020 and 8-32-070 of the Municipal Code of Chicago ("MCC"), including their subsections, any predecessor or successor provisions, and the City's written or operational interpretations of those provisions.

3. **"Public-Way Amplification Matter"** means any report, complaint, 911 call, service request, dispatch, investigation, encounter, warning, direction, stop, detention, ANOV, arrest, charge, prosecution, hearing, or disposition involving the use or suspected use of portable voice or music amplification on a sidewalk, street, park, plaza, or other public way or traditional public forum.

4. **"Plaintiffs' Incidents"** means the City's responses on December 10, 2024, and February 24, 2025, at or near East Madison Street and North Michigan Avenue adjacent to Millennium Park, including OEMC Event Nos. 2434505532 and 2505506988 and all resulting detentions, ANOVs, arrests, charges, property handling, proceedings, dispositions, and reviews.

5. **"Acevedo Matter"** means the March 30, 2024 encounter, arrest, charging, detention, property handling, prosecution, adjudication, complaints, reviews, and related events involving Ethan Acevedo and CPD Sergeant Tomasz Zatora at or near 1200 N. LaSalle Street, together with the City's knowledge derived from that matter.

6. **"ANOV"** means an Administrative Notice of Ordinance Violation, including the associated citation, data entry, amendment, cancellation, prosecution, administrative hearing, disposition, and records.

7. **"Communication"** means any nonprivileged oral, written, electronic, or recorded transmission of information, including meetings, conversations, telephone or radio communications, emails, text or instant messages, memoranda, reports, directives, social-media messages, and communications through City systems.

## INSTRUCTIONS

1. Unless a Matter for Examination states otherwise, the relevant period is July 1, 2019 through the date of the Rule 30(b)(6) deposition (the "Relevant Period").

2. For policies, directives, guidance, training, and procedures, the scope includes predecessor or superseded materials issued before July 1, 2019 if they remained in effect during the Relevant Period or are necessary to explain the origin, revision, continuation, implementation, or interpretation of a policy or practice in effect during the Relevant Period.

3. For Plaintiffs' Incidents, the Acevedo Matter, and any specifically identified Public-Way Amplification Matter, the scope includes the complete matter from the originating report or encounter through final disposition, return or nonreturn of property, complaint, review, and corrective action, even if part of that lifecycle falls outside the Relevant Period.

4. The City must prepare each designee after a reasonable inquiry into information known or reasonably available to the City, including relevant City records, databases, electronically

stored information, policies, training materials, and persons whose knowledge is reasonably available to the City. A designee's lack of personal involvement does not limit the City's preparation duty.

5. The City may designate more than one person. If it does, the City must identify the Matters for Examination assigned to each person and ensure that the testimony of all designees collectively provides the City's complete testimony on every matter.

6. The Matters seek nonprivileged facts, operational interpretations and practices, organizational knowledge, and the factual bases for City positions. They do not seek attorney-client communications, protected work product, counsel's mental impressions, settlement communications, or a witness's legal opinion on ultimate constitutional liability. Underlying nonprivileged facts are not excluded merely because they were communicated to counsel.

7. The words "including" and "includes" identify subjects within the stated matter and do not limit the matter to the listed examples. They do not expand a matter beyond its stated subject, time period, and objective definitions.

8. If the City's position is that responsive information does not exist, is not maintained, cannot be identified, or is not reasonably available, the designee must be prepared to explain the reasonable inquiry undertaken and the nonprivileged factual basis for that position.

9. Plaintiffs reserve the right to serve an amended or supplemental notice consistent with Rules 26 and 30 based on the City's rolling email production, additional discovery, individual depositions, or information first disclosed during the required Rule 30(b)(6) conference.

**MATTERS FOR EXAMINATION**

1. The organizational structure and allocation of responsibility and authority within the City during the Relevant Period for: interpreting and issuing operational guidance concerning the Amplification Ordinance; responding to and dispatching amplified-sound or noise

complaints; investigating and enforcing the Amplification Ordinance; training and supervising CPD members; issuing, reviewing, correcting, cancelling, prosecuting, adjudicating, and tracking ANOVs; processing custodial arrests and seized property; receiving and investigating complaints; and maintaining the associated records. This matter includes the responsible departments, offices, divisions, units, and positions, their reporting relationships, and the scope of their responsibilities and authority.

2. The City's interpretation and operational application during the Relevant Period of the Amplification Ordinance, including: "average conversational level"; the 100-foot distance requirement; ambient noise; the distinctions between Sections 8-32-020 and 8-32-070 and their subsections; the distinction between public and private locations; the observations, measurements, investigation, and documentation considered sufficient to establish a violation; the role of a decibel meter, mobile-phone application, complainant estimate, officer estimate, or other measurement; and the standards communicated to officers for determining whether probable cause or another legally sufficient factual basis exists for enforcement.

3. The permits, licenses, registrations, or other authorizations, if any, that the City makes available or requires for a person using portable voice or music amplification while speaking, preaching, singing, performing, or promoting goods or services on a public way, including: whether a separate amplification permit exists; the relationship between any street-performer license and the Amplification Ordinance; how a person obtains such authorization; what conduct it authorizes or restricts; how CPD members are instructed to identify and evaluate such authorization; and the operational effect of the absence or possession of such authorization on warning, ANOV issuance, arrest, or other enforcement.

4. The content, purpose, effective dates, origin, implementation, revision history, reasons for material revisions, and persons or positions responsible for adopting, revising, approving,

interpreting, communicating, or enforcing the City's policies, general orders, special orders, directives, bulletins, written instructions, and guidance during the Relevant Period concerning: First Amendment activity and public gatherings; free exercise of religion; public forums; amplified sound and noise complaints; preliminary investigation and evidentiary sufficiency; permits and licenses; ANOV issuance, correction, cancellation, prosecution, and hearings; field arrests, detention, and processing; property seizure, inventory, retention, and return; and supervisory review of enforcement actions involving public speech or gatherings.

5. The development, content, implementation, delivery, attendance, testing, evaluation, and remedial or corrective training during the Relevant Period provided to: the named Defendant officers; their supervisors; Sergeant Tomasz Zatora; CPD members assigned to or reasonably likely to respond to public-way amplified-sound complaints; and personnel responsible for reviewing such enforcement. This matter includes course content, learning objectives, scenarios, examinations or evaluations, attendance and completion records, material changes, identified deficiencies, and remedial or corrective instruction concerning First Amendment activity and public gatherings; free exercise of religion; public forums; amplified sound and noise complaints; interpretation and enforcement of the Amplification Ordinance; preliminary investigation and evidentiary sufficiency; permits and licenses; ANOV issuance and review; custodial arrests and detention; property seizure and return; supervisory review of enforcement actions; and interactions with individuals engaged in expressive activity on public ways.

6. The City's policies, standards, procedures, and actual practices during the Relevant Period for supervising and reviewing public-way amplified-sound enforcement, including: the circumstances requiring a supervisor to respond to or approve an enforcement action; review of body-worn-camera recordings, reports, ANOVs, arrests, charges, and property inventories;

the standards applied in reviewing compliance with the Amplification Ordinance and constitutional-policing requirements; identification, documentation, and escalation of deficient investigations or recurring misinterpretations; and the persons, positions, or units responsible for such review and for initiating corrective action.

7. The criteria, policies, and actual practices during the Relevant Period for selecting among or escalating the following responses to a suspected Amplification Ordinance violation on a public way: no enforcement; an informal warning; a direction to reduce volume; relocation; a direction to cease amplification; dispersal; an investigatory stop; issuance, correction, or cancellation of an ANOV; custodial arrest; ordinance or criminal charging; detention and pretrial processing; and seizure, inventory, retention, or return of sound equipment and related property. This matter includes required supervisory approval and the facts officers are expected to investigate and document for each response.

8. All information known or reasonably available to the City concerning the December 10, 2024 response at East Madison Street and North Michigan Avenue, including: the originating call or request for service and OEMC Event No. 2434505532; information communicated to responding units; the roles of Officers Mario L. Jackson, Nico A. Sutor, Carlos R. Camey Sandoval, and other City personnel; the investigation performed or not performed concerning volume, distance, ambient noise, permits, or licenses; the detention and handcuffing of Brett Raio; the handling of the speaker; the selection, preparation, and legal or administrative processing of charges under MCC Sections 8-4-055 and 2-84-300(a); the February 21, 2025 dismissal; any supervisory, administrative, or corrective review; and the nonprivileged factual basis for the City's present position concerning the response and charges.

9. All information known or reasonably available to the City concerning the February 24, 2025 response at East Madison Street and North Michigan Avenue, including: the originating 911

call and OEMC Event No. 2505506988; information communicated to responding units; the roles of Officers Michael P. Joyce and William E. Gatlin, Lieutenant Michael Petraski, and other City personnel; the investigation performed or not performed concerning volume, distance, ambient noise, permits, or licenses; the factual basis for the arrests and charges under MCC Section 8-32-070; the decision to use custodial arrest and pretrial processing rather than an ANOV, warning, or lesser response; the seizure, inventory, retention, and return or nonreturn of Plaintiffs' equipment; the length and conditions of detention; the disposition of the charges; any supervisory, administrative, or corrective review; and the nonprivileged factual basis for the City's present position concerning probable cause, arguable probable cause, and the propriety of the response.

10. OEMC policies and procedures actually applicable to Plaintiffs' Incidents and the City's handling of OEMC Event Nos. 2434505532 and 2505506988, including: call intake and questioning of callers; event classification and priority; recording and transmitting caller descriptions; dispatch and assignment of units; radio and PDT communications; unit-status entries; GPS information; event closure; quality assurance; retention and retrieval of records; prior or recurring complaints reflected in the event information; and how statements describing religious content, street preaching, or recurring speaker activity were recorded and conveyed to CPD personnel.

11. The creation, operation, retention, preservation, retrieval, completeness, and authentication of City records concerning Plaintiffs' Incidents and the Acevedo Matter, including body-worn-camera recordings and associated audit logs, in-car-camera recordings, 911 audio, OEMC event and unit queries, radio and PDT communications, GPS data, reports, ANOVs, arrest and detention records, property and inventory records, and administrative or court disposition

records. This matter includes whether the City-produced records are complete and the explanation for any missing, unavailable, overwritten, corrupted, or unproduced record.

12. The City's systems and practices during the Relevant Period for issuing, coding, recording, reviewing, amending, cancelling, prosecuting, resolving, and tracking ANOVs under MCC Section 8-32-070, including: the roles of CPD, City prosecuting personnel, and DOAH; the data fields and records maintained; identification of matters involving public-way or portable amplification; dispositions including nonsuit, not liable, default, plea, set-aside, dismissal, or amendment to another charge; reasons known to the City for nonsuits, dismissals, corrections, or failures of proof; and the use of outcomes to train, supervise, review, or correct personnel.

13. Enforcement of MCC Section 8-32-070 during the Relevant Period, to the extent reflected in or identifiable through the City's record systems, including aggregate data, analyses, reports, summaries, databases, and information sufficient to identify the responsive population. This matter includes the number and geographic distribution of ANOVs, arrests, and other charges; the conduct reported; the type and location of the amplification involved; the investigation performed and evidence documented; whether distance, conversational level, ambient noise, permits, or licenses were considered; warnings or other lesser enforcement responses; the identity, assignment, and unit of involved personnel; the disposition of the matter; and whether the records and data produced by the City constitute the complete responsive population maintained or reasonably retrievable by the City.

14. The City's knowledge and handling of the following Public-Way Amplification Matters reflected in its production: the Andrew Johnston matters beginning approximately in July 2019; the Eugene Quack or Kwak and Ajamu Lawrence matters at or near 410 N. Michigan Avenue; the Ivan Lupa, Eugene Clay or Kwau, and Linford Vaughn matters; and other public-way amplification matters identified in or reflected by the City's production involving

portable amplification on a public way that resulted in a warning, ANOV, arrest, charge, nonsuit, dismissal, not-liable finding, or other disposition. This matter includes the conduct reported, evidence gathered, officer interpretation, enforcement response, disposition, and City review or corrective action.

15. Complaints, service requests, 911 calls, CAD or OEMC events, dispatches, and CPD responses during the Relevant Period involving portable amplification on a public way that did not result in an ANOV, arrest, or charge, to the extent reflected in or identifiable through the City's record systems. This matter includes the records, databases, data fields, coding practices, reports, summaries, and other information the City maintains concerning such responses; the criteria and methods used to identify, classify, search for, retrieve, or code such matters; the response and investigation undertaken; the reasons reflected in the City's records for the absence of formal enforcement; and the City's ability to identify, quantify, or retrieve materially comparable non-enforcement matters from its records systems.

16. The City's policies, instructions, criteria, communications, data, and actual practices during the Relevant Period concerning enforcement involving amplified religious speech, street preaching, singing, musical performance, political or other expressive activity, and commercial promotion on public ways, including similarities or differences in the investigation, permit demands, warnings, ANOVs, arrests, seizures, and dispositions applied to those categories when the message or activity was known to City personnel.

17. All information known or reasonably available to the City concerning the Acevedo Matter, including: the originating call or request for service; information available to responding officers; Sergeant Tomasz Zatora's interpretation and application of the Amplification Ordinance and any permit requirement; the investigation of volume and distance; the arrest, charges, seizure and handling of equipment, detention, prosecution, and disposition; policies,

training, and supervision applicable to Zatora; any City review, complaint, remedial action, or knowledge derived from the incident or its adjudication; and nonprivileged facts concerning similarities or differences between the Acevedo Matter and Plaintiffs' Incidents.

18. The City's receipt, identification, aggregation, investigation, disposition, and use during the Relevant Period of complaints, administrative outcomes, lawsuits, judicial rulings, supervisory reports, audits, or other information alleging or indicating that City personnel: misinterpreted or improperly enforced an amplified-sound or noise ordinance against expressive or religious activity; required a nonexistent or inapplicable permit; failed to assess the required distance or sound standard; used arrest, detention, or seizure without a sufficient factual basis; or otherwise interfered with protected public speech. This matter includes what responsible City personnel learned, when they learned it, and how the information was communicated and used.

19. Any supervisory review, investigation, counseling, discipline, policy change, training change, remedial instruction, audit, or corrective action taken, considered, rejected, or not taken in response to: Plaintiffs' Incidents; the Acevedo Matter; complaints or lawsuits concerning similar enforcement; ANOV dismissals, nonsuits, or not-liable findings; or identified recurring officer interpretations concerning amplification, permits, distance, conversational level, religious activity, arrest, or property seizure. This matter includes the nonprivileged reasons for the City's action or inaction.

20. The City's policies, criteria, recordkeeping, and actual practices during the Relevant Period for seizing, inventorying, storing, retaining, releasing, returning, forfeiting, or disposing of speakers, microphones, stands, cameras, telephones, and other property associated with an amplification-related ANOV, arrest, or charge, including the handling and current status of property taken during the February 24, 2025 incident and the Acevedo Matter.

21. The nonprivileged factual basis known to the City concerning Plaintiffs' allegation that the City maintained, tolerated, or failed to correct an unwritten widespread custom or practice of enforcing the Amplification Ordinance against street preachers or amplified religious speakers without evidence satisfying the ordinance. This matter includes: the frequency and geographic distribution of relevant enforcement; recurring officer statements or interpretations that amplification itself is prohibited, that a permit is always required, or that a sound assessment at 100 feet is unnecessary; similarities and differences among Plaintiffs' Incidents, the Acevedo Matter, identified comparators, and other Public-Way Amplification Matters; City data, analyses, audits, or reviews; facts supporting any City position that the incidents were isolated; and actions taken to prevent recurrence.
22. The nonprivileged facts known or reasonably available to the City relating to: whether any challenged action was motivated by Plaintiffs' protected speech or religious exercise; whether the Amplification Ordinance was enforced neutrally and generally applicable in actual practice; and whether the City's actions substantially burdened Plaintiffs' religious exercise. This matter excludes counsel's legal analysis, mental impressions, and privileged communications.
23. The nonprivileged facts, complaints, studies, analyses, audits, reports, data, operational experience, and other information known or reasonably available to the City concerning the governmental interests served by applying the Amplification Ordinance to amplified speech on public sidewalks and other public ways, including interests concerning sound levels, pedestrian or vehicular access, public safety, disruption, complaints, or competing uses of public space; the means by which the City evaluates or measures those interests; and the enforcement alternatives available, considered, used, recommended, or rejected to address those interests, including warnings, requests for volume reduction, relocation, verification at

100 feet, ANOVs, or other measures short of custodial arrest, detention, seizure, or complete cessation of amplification.

24. The City's current policies, instructions, training, and actual practices concerning public-way voice amplification and enforcement of MCC Section 8-32-070, including: current safeguards against enforcement based solely on the use of amplification, the absence of a permit, religious content, or an assessment that does not apply the ordinance's distance and conversational-level standards; and the nonprivileged facts known or reasonably available to the City concerning how Plaintiffs' intended future amplified street preaching at or near Millennium Park would be handled under current practice.

25. Nonprivileged internal and external Communications during the Relevant Period that conveyed, adopted, revised, implemented, or explained Citywide interpretations, instructions, training, supervisory guidance, or corrective action concerning the Amplification Ordinance or amplified expressive activity on public ways. This matter includes the senders, recipients, dates, subjects, information communicated, decisions or instructions conveyed, and actions taken as a result.

26. The City's nonprivileged preservation, collection, search, review, and production of emails and other electronically stored information responsive to Plaintiffs' discovery requests, including: the custodians and data sources searched; the date ranges and the parties' agreed search terms applied; whether any agreed custodians, sources, date ranges, or search terms were modified, omitted, or limited in implementation; the status and completion date of the City's rolling production; quality-control or validation measures used to confirm that the agreed searches were implemented; known gaps, inaccessible sources, deleted information, or failed searches; and the factual information concerning the implementation of searches and collections. This matter does not seek attorney-client communications, counsel's mental

impressions, legal advice, or the reasons underlying the parties' selection of the agreed search terms.

**CERTIFICATE OF SERVICE**

I certify that on ___________, 2026, I caused the foregoing Plaintiffs' Notice of Rule 30(b)(6) Deposition of Defendant City of Chicago to be served by electronic mail upon counsel for Defendants at the email addresses identified in the Notice.

_______________
Liam R. Harrell

# Exhibit K

**Subject:** Re: Raio, Brett, et al. v. City et al., 25 C 2709 - Proposed Deposition Dates
**Date:** Friday, September 4, 2026 at 1:35:50 PM Eastern Daylight Time
**From:** Lindsey Bachman
**To:** Ellen.McLaughlin, Eric.Seeleman
**CC:** Nathan Moelker, Liam Harrell, Geoffrey Surtees, Tracy Turner, Hannah Pitcher
**Attachments:** image002.jpg, image003.jpg, image004.png, image.png, Raio - 30(b)6 Notice 9.4.26.docx

Ellen,

Please see attached draft Rule 30(b)(6) notice and topics. As you'll see, we have not yet set deposition dates as we wanted to give the City time to review and identify the appropriate witness(es).

We are available next week to meet and confer regarding scheduling and the topics if that works for your team.

We hope you all have a safe and enjoyable holiday weekend. Thanks.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Sent:** Wednesday, September 2, 2026 12:23 PM
**To:** Lindsey Bachman <lbachman@aclj.org>; Eric.Seeleman <Eric.Seeleman@cityofchicago.org>
**Cc:** Nathan Moelker <nmoelker@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees

<gsurtees@aclj.org>; Tracy Turner <tturner@aclj.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>
**Subject:** RE: Raio, Brett, et al. v. City et al., 25 C 2709 - Proposed Deposition Dates

Hi Lindsey,

On location, we're happy to host the individual Defendants and the City's Rule 30(b)(6) witness here at 2 N. LaSalle.

We have a concern about noticing the Plaintiffs' depositions at Mauck & Baker, as they aren't counsel of record in this case, though they are counsel adverse to the City in other pending matters. We have a mezzanine level at 2 N. LaSalle that is a comfortable space with plenty of room for counsel, the witnesses, and the reporter, and it has the presentation technology we'll want for handling exhibits. We propose noticing Plaintiffs' depositions for that location. We will get those notices out for Mr. Ndi and Mr. Dhamala, but I believe we're still waiting for a date convenient for Mr. Raio.

On Sgt. Zatora, we'll accept service of the subpoena and coordinate his appearance. He is available on October 22 and would much prefer to go in the morning that day.

Lastly, please go ahead and send the Rule 30(b)(6) topics so we can confer on those if necessary and start identifying the appropriate witness(es).

Thanks,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW

---

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Wednesday, September 2, 2026 10:06 AM
**To:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>
**Cc:** Nathan Moelker <nmoelker@aclj.org>; lharrell <lharrell@aclj.org>; gsurtees <gsurtees@aclj.org>; Tracy Turner <tturner@aclj.org>; Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>
**Subject:** Re: Raio, Brett, et al. v. City et al., 25 C 2709 - Proposed Deposition Dates

[Warning: External email]

Hi Eric,

A few items as we start scheduling depositions.

Would Defendants agree that each side's party witnesses can be deposed at the offices selected by their counsel? We would notice the individual Defendants and the City's Rule 30(b)(6) deposition at your offices, and our clients' depositions can occur at Mauck & Baker, L.L.C., 1 N. LaSalle Street, Suite 3150, Chicago, IL. My understanding is that office is just steps from your office, so this should be convenient for everyone. And because we will be taking more depositions, most of the depositions would occur at your offices. We are working on the notices now, including the Rule 30(b)(6) topics, and will get those to you once we're able to confirm location.

Also, would you agree to accept service of a deposition subpoena for Sgt. Zatora and produce him at your offices? If not, please let us know so we can arrange for personal service.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002

ACLJ

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>
**Sent:** Thursday, August 6, 2026 2:22 PM
**To:** Lindsey Bachman <lbachman@aclj.org>
**Cc:** Nathan Moelker <nmoelker@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Tracy Turner <tturner@aclj.org>; Ellen.McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>
**Subject:** Raio, Brett, et al. v. City et al., 25 C 2709 - Proposed Deposition Dates

Good afternoon Lindsey:

We have conferred with our clients and we propose to present our clients for their depositions on any of the following dates:

October 15, 16, 22, 23, 26, 27, November 2, 5, 12, 13

*Sutor is only available on November 12, 13 due to furlough time off
**Jackson is not available November 5-13 due to furlough time off

We also propose to take plaintiffs' respective depositions in-person at our offices at 2 N. LaSalle St., Chicago, IL 60602, on any of the following dates:

October 20, 21, 29, 30, Nov. 6, 9.

Please let us know what you think so that we can pencil in some dates and get the notices out.

Sincerely,

**Eric Seeleman**
**Assistant Corporation Counsel Supervisor**
**Special Federal Litigation Division**
City of Chicago Department of Law
2 N. LaSalle St. Ste. 420
Chicago, IL 60602
(312) 742-3902
eric.seeleman@cityofchicago.org
www.cityofchicago.org/law

LAW

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any

dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

---

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

# Exhibit L

**Subject:** RE: Raio, Brett, et al. v. City et al., 25 C 2709 - Deposition Notices
**Date:** Monday, September 21, 2026 at 10:38:27 AM Eastern Daylight Time
**From:** Ellen McLaughlin
**To:** Lindsey Bachman, Liam Harrell, Eric.Seeleman
**CC:** Nathan Moelker, Geoffrey Surtees, Tracy Turner, Hannah Pitcher, Christy Compagnone
**Category:** Litify
**Attachments:** image001.jpg, image002.jpg, image003.png, image004.png

Great, let's do 3PM Central. We'll send an invite.

---

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Saturday, September 19, 2026 9:28 AM
**To:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; lharrell <lharrell@aclj.org>; Eric Seeleman <Eric.Seeleman@cityofchicago.org>
**Cc:** Nathan Moelker <nmoelker@aclj.org>; gsurtees <gsurtees@aclj.org>; Tracy Turner <tturner@aclj.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; ccompagnone <ccompagnone@aclj.org>
**Subject:** Re: Raio, Brett, et al. v. City et al., 25 C 2709 - Deposition Notices

[Warning: External email]

Dear Ellen,

Thank you for your email. We are happy to meet and confer on Monday and can make ourselves available at any time. We are happy to walk through the items you raise below. Just let us know what time works best for your team. Thanks.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002

ACLJ

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All

recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Sent:** Friday, September 18, 2026 5:17 PM
**To:** Liam Harrell <lharrell@aclj.org>; Lindsey Bachman <lbachman@aclj.org>; Eric.Seeleman <Eric.Seeleman@cityofchicago.org>
**Cc:** Nathan Moelker <nmoelker@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Tracy Turner <tturner@aclj.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Christy Compagnone <ccompagnone@aclj.org>
**Subject:** RE: Raio, Brett, et al. v. City et al., 25 C 2709 - Deposition Notices

Dear counsel,

Thank you for the supplemental production and for your responses. We were unavailable Thursday and Friday, but we can meet and confer on Monday, September 21, if there is a time that works for you. If not, please pick another day next week. In addition to the items below, we can discuss the Rule 30(b)(6) deposition topics and update you on the status of the City's email production.

Our responses to your notes follow.

*Privilege log (RFP 10).*

- The redactions at ACLJ-PRIV-000012–000018 are unsupported by the privilege log, which invokes attorney-client privilege. The communications at issue are between two non-lawyer Plaintiffs, not between a client and counsel, and the common-interest doctrine cannot supply a privilege that does not otherwise exist. Accordingly, we request that you produce the unredacted document.

*Mr. Dhamala's video.*

- We are glad to discuss this on Monday.

*RFP 10: Communications Among Plaintiffs.*

- RFP 10 seeks "[a]ll communications among the Plaintiffs related to events alleged in the Amended Complaint on December 10, 2024, and February 24, 2025." The only communications among Plaintiffs produced to date are the nineteen pages Bates-labeled ACLJ-PRIV-000001 through -000019. That production does not appear to satisfy Plaintiffs' obligations.

- First, the production appears to have been collected from only one Plaintiff. Every page is a screenshot of a single Facebook Messenger thread, displayed on a device

whose user is communicating with Mr. Dhamala. The device user's messages indicate that the device belongs to Mr. Raio, and the screenshots appear to have been captured in a single session: the device clock reads between 12:47 and 12:49 on every page. No communications were produced from Mr. Dhamala's or Mr. Ndi's devices or accounts, and none were produced between Mr. Raio and Mr. Ndi or between Mr. Dhamala and Mr. Ndi. Rule 34(a)(1) requires each responding party to produce responsive documents within that party's possession, custody, or control. A collection from one Plaintiff's phone does not discharge the obligations of the other two. The omission is significant. Mr. Dhamala and Mr. Ndi were present at the December 10, 2024 incident and were arrested together on February 24, 2025. Mr. Ndi has also preached with Mr. Raio on several other occasions, so we would expect additional communications between them to exist. And Mr. Dhamala obviously possesses his own version of his communications with Mr. Raio (which we need because, as we next explain, Mr. Raio's screenshots are incomplete).

- Second, the Raio–Dhamala thread itself appears incomplete. No communications were produced from the days before December 10, 2024, when Plaintiffs presumably arranged to preach together. After Mr. Raio's 8:20 PM message on December 10, the thread is silent until February 10, 2025, a gap of two months. Nothing was produced in which any Plaintiff discussed the December 10 encounter with police, the resulting citations, the livestream, or the FOIA request for body-worn camera footage from that date (ACLJ-000042). There also appears to be a gap in the messages: ACLJ-PRIV-000003 ends at a message timestamped February 17, 2025 at 8:32 AM whose content is cut off, and ACLJ-PRIV-000004 resumes on February 19, 2025 at 8:08 PM. The intervening messages were not produced. The production ends mid-thread on March 27, 2025. RFP 10 has no end date, and Plaintiffs' communications about these events presumably continued through the filing of this lawsuit and beyond.

- Accordingly, please:

  - For each Plaintiff, identify every device and account searched for responsive communications, including phone numbers, Facebook/Messenger, Instagram, TikTok direct messaging, WhatsApp, SMS/iMessage, email, and any group chats. For each, state the collection method, the date range searched, any search terms used, and who performed the collection.

  - Produce all responsive communications from Mr. Dhamala's and Mr. Ndi's devices and accounts, and from Mr. Raio's remaining threads and accounts, without date limitation. Produce all messages before and after December 10, 2024 relating to the events alleged, the messages between February 17 and February 19, 2025, all messages after March 27, 2025, and all attachments.

  - Please produce the complete conversations among Plaintiffs in native or near-

native form. Rule 34 requires electronically stored information to be produced in the form in which it is ordinarily maintained or in a reasonably usable form. Screenshots omit metadata and attachments and cannot show whether messages are missing. Messenger and similar applications allow users to download complete conversation histories.

- State whether any responsive messages have been deleted, unsent, or set to disappear on any Plaintiff's device or account.

We look forward to speaking on Monday.

Sincerely,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW

---

**From:** Liam Harrell <lharrell@aclj.org>
**Sent:** Thursday, September 17, 2026 1:19 PM
**To:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Lindsey Bachman <lbachman@aclj.org>; Eric Seeleman <Eric.Seeleman@cityofchicago.org>
**Cc:** Nathan Moelker <nmoelker@aclj.org>; gsurtees <gsurtees@aclj.org>; Tracy Turner <tturner@aclj.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; ccompagnone <ccompagnone@aclj.org>
**Subject:** Re: Raio, Brett, et al. v. City et al., 25 C 2709 - Deposition Notices

[Warning: External email]

Ms. McLaughlin,

Additionally, there are some native documents in that production which can be downloaded here: Supplemental Production 9.16.26 (as well as the attachments).

-Liam Harrell | (202) 855-1778

**From:** Liam Harrell <lharrell@aclj.org>
**Date:** Wednesday, September 16, 2026 at 5:40 PM
**To:** Ellen.McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Lindsey Bachman <lbachman@aclj.org>; Eric.Seeleman <Eric.Seeleman@cityofchicago.org>
**Cc:** Nathan Moelker <nmoelker@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Tracy Turner <tturner@aclj.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Christy Compagnone <ccompagnone@aclj.org>
**Subject:** Re: Raio, Brett, et al. v. City et al., 25 C 2709 - Deposition Notices

Ms. McLaughlin,

Please see attached supplemental production in this matter that hopefully resolves any outstanding questions. Does your team have time for a meet and confer tomorrow/Thursday or Friday? We'd like to touch base on the status of the email production, deposition scheduling for the Rule 30(b)(6) witness(es), and also any remaining items from our production today.

With regard to the questions raised in your email below, in addition to the attached supplemental production, we are providing additional clarity below in red. Please let us know if you have any further questions. Thanks.

- You agreed to provide a privilege log of any records responsive to RFP #10 that you are withholding under a claim of privilege. Please also review the relevant case law. You appear to rely on *United States v. BDO Seidman*, LLP, 492 F.3d 806 (7th Cir. 2007), incorrectly cited as "*BDO Seidman v. Hirshberg*, 492 F.3d 815 (7th Cir. 2007)." *BDO Seidman* holds that "the common interest doctrine is really an exception to the rule that no privilege attaches to communications between a client and an attorney in the presence of a third person," and that it applies only "where the parties undertake a joint effort with respect to a common legal interest." 492 F.3d at 815–16. It does not create privilege where none otherwise attached. *See Nat'l Asset Consultants LLC v. Midwest Holdings-Indianapolis, LLC*, No. 1:18-cv-01616-JRS-DML, 2019 WL 12528996, at *7 (S.D. Ind. Dec. 17, 2019) (clients not permitted to shield communications shared between them without participation by counsel). Accordingly, please confirm that your log will (1) reflect that communications among Plaintiffs in which no attorney participated are being produced, and (2) identify the date on which the claimed joint legal effort was formed.
    - We have removed the objection and providing the requested communication along with a privilege log. Once you have time to review the additional production, we are happy to discuss in more detail the privilege log, which only contains one item.
- You agreed to determine whether Plaintiffs are using any social media platforms not identified in their interrogatory responses, as well as to produce any media that

Plaintiffs have written or published, and all communications with members of the press.
  - After discussing this with our clients, we are unaware any additional social media platforms not identified or any media related communications not produced.
- You agreed to produce Plaintiff Ndi's "permit to preach with amplification," referenced in response to ROG #15.
  - Our attached production includes photos of Mr. Ndi's "Street Performer" permit that he was referencing in his response.
- You agreed to produce any video recordings taken by Plaintiff Dhamala of the events alleged in the Amended Complaint on December 10, 2024.
  - After discussing with our clients, we are unaware of any additional videos that have not been produced. After further review of the videos, we do not believe any are missing. We are happy to discuss this specific video you requested on a meet and confer to clear up any confusion.

Sincerely,

ACLJ
American Center for Law & Justice

**Liam Harrell**
Associate Counsel
**Phone** (202) 855-1778
**Email** lharrell@aclj.org

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Date:** Friday, September 11, 2026 at 5:47 PM
**To:** Lindsey Bachman <lbachman@aclj.org>; Eric.Seeleman <Eric.Seeleman@cityofchicago.org>
**Cc:** Nathan Moelker <nmoelker@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Tracy Turner <tturner@aclj.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Christy Compagnone <ccompagnone@aclj.org>
**Subject:** RE: Raio, Brett, et al. v. City et al., 25 C 2709 - Deposition Notices

Hi Lindsey,

Thank you for the notices. Attached please find notices of deposition for the Plaintiffs. You had inquired whether a private room would be available for you to use during the depositions. We'll be sure to reserve a separate room for your use.

We're still reviewing the lengthy list of Rule 30(b)(6) topics, so we'll reply separately on that point.

I wanted to circle back with a reminder about the outstanding discovery we are expecting from Plaintiffs – here is the list I sent in my August 19, 2026 email:

- You agreed to provide a privilege log of any records responsive to RFP #10 that you are withholding under a claim of privilege. Please also review the relevant case law. You appear to rely on *United States v. BDO Seidman, LLP,* 492 F.3d 806 (7th Cir. 2007), incorrectly cited as "*BDO Seidman v. Hirshberg*, 492 F.3d 815 (7th Cir. 2007)." *BDO Seidman* holds that "the common interest doctrine is really an exception to the rule that no privilege attaches to communications between a client and an attorney in the presence of a third person," and that it applies only "where the parties undertake a joint effort with respect to a common legal interest." 492 F.3d at 815–16. It does not create privilege where none otherwise attached. *See Nat'l Asset Consultants LLC v. Midwest Holdings-Indianapolis, LLC,* No. 1:18-cv-01616-JRS-DML, 2019 WL 12528996, at *7 (S.D. Ind. Dec. 17, 2019) (clients not permitted to shield communications shared between them without participation by counsel). Accordingly, please confirm that your log will (1) reflect that communications among Plaintiffs in which no attorney participated are being produced, and (2) identify the date on which the claimed joint legal effort was formed.
- You agreed to determine whether Plaintiffs are using any social media platforms not identified in their interrogatory responses, as well as to produce any media that Plaintiffs have written or published, and all communications with members of the press.
- You agreed to produce Plaintiff Ndi's "permit to preach with amplification," referenced in response to ROG #15.
- You agreed to produce any video recordings taken by Plaintiff Dhamala of the events alleged in the Amended Complaint on December 10, 2024.

On our end, we continue to work through the email search results and will be rolling out that production as soon as possible.

Thanks,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW

---

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Thursday, September 10, 2026 1:19 PM
**To:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Eric Seeleman <Eric.Seeleman@cityofchicago.org>
**Cc:** Nathan Moelker <nmoelker@aclj.org>; lharrell <lharrell@aclj.org>; gsurtees <gsurtees@aclj.org>; Tracy Turner <tturner@aclj.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; ccompagnone <ccompagnone@aclj.org>
**Subject:** Re: Raio, Brett, et al. v. City et al., 25 C 2709 - Deposition Notices

[Warning: External email]

Hi Ellen,

Please see attached notices of deposition in the Raio matter.

I also wanted to follow up on the below Rule 30(b)(6) deposition notice sent last week to see if you and your team have had a chance to review. When would be a good time for a meet and confer regarding same?

Many thanks.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002

ACLJ

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not

the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Friday, September 4, 2026 1:35 PM
**To:** Ellen.McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Eric.Seeleman <Eric.Seeleman@cityofchicago.org>
**Cc:** Nathan Moelker <nmoelker@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Tracy Turner <tturner@aclj.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>
**Subject:** Re: Raio, Brett, et al. v. City et al., 25 C 2709 - Proposed Deposition Dates

Ellen,

Please see attached draft Rule 30(b)(6) notice and topics. As you'll see, we have not yet set deposition dates as we wanted to give the City time to review and identify the appropriate witness(es).

We are available next week to meet and confer regarding scheduling and the topics if that works for your team.

We hope you all have a safe and enjoyable holiday weekend. Thanks.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002

ACLJ

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to

this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Sent:** Wednesday, September 2, 2026 12:23 PM
**To:** Lindsey Bachman <lbachman@aclj.org>; Eric.Seeleman <Eric.Seeleman@cityofchicago.org>
**Cc:** Nathan Moelker <nmoelker@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Tracy Turner <tturner@aclj.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>
**Subject:** RE: Raio, Brett, et al. v. City et al., 25 C 2709 - Proposed Deposition Dates

Hi Lindsey,

On location, we're happy to host the individual Defendants and the City's Rule 30(b)(6) witness here at 2 N. LaSalle.

We have a concern about noticing the Plaintiffs' depositions at Mauck & Baker, as they aren't counsel of record in this case, though they are counsel adverse to the City in other pending matters. We have a mezzanine level at 2 N. LaSalle that is a comfortable space with plenty of room for counsel, the witnesses, and the reporter, and it has the presentation technology we'll want for handling exhibits. We propose noticing Plaintiffs' depositions for that location. We will get those notices out for Mr. Ndi and Mr. Dhamala, but I believe we're still waiting for a date convenient for Mr. Raio.

On Sgt. Zatora, we'll accept service of the subpoena and coordinate his appearance. He is available on October 22 and would much prefer to go in the morning that day.

Lastly, please go ahead and send the Rule 30(b)(6) topics so we can confer on those if necessary and start identifying the appropriate witness(es).

Thanks,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Wednesday, September 2, 2026 10:06 AM
**To:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>
**Cc:** Nathan Moelker <nmoelker@aclj.org>; lharrell <lharrell@aclj.org>; gsurtees <gsurtees@aclj.org>; Tracy Turner <tturner@aclj.org>; Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>
**Subject:** Re: Raio, Brett, et al. v. City et al., 25 C 2709 - Proposed Deposition Dates

[Warning: External email]

Hi Eric,

A few items as we start scheduling depositions.

Would Defendants agree that each side's party witnesses can be deposed at the offices selected by their counsel? We would notice the individual Defendants and the City's Rule 30(b)(6) deposition at your offices, and our clients' depositions can occur at Mauck & Baker, L.L.C., 1 N. LaSalle Street, Suite 3150, Chicago, IL. My understanding is that office is just steps from your office, so this should be convenient for everyone. And because we will be taking more depositions, most of the depositions would occur at your offices. We are working on the notices now, including the Rule 30(b)(6) topics, and will get those to you once we're able to confirm location.

Also, would you agree to accept service of a deposition subpoena for Sgt. Zatora and produce him at your offices? If not, please let us know so we can arrange for personal service.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002

ACLJ

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>
**Sent:** Thursday, August 6, 2026 2:22 PM
**To:** Lindsey Bachman <lbachman@aclj.org>
**Cc:** Nathan Moelker <nmoelker@aclj.org>; Liam Harrell <lharrell@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Tracy Turner <tturner@aclj.org>; Ellen.McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>
**Subject:** Raio, Brett, et al. v. City et al., 25 C 2709 - Proposed Deposition Dates

Good afternoon Lindsey:

We have conferred with our clients and we propose to present our clients for their depositions on any of the following dates:

October 15, 16, 22, 23, 26, 27, November 2, 5, 12, 13

*Sutor is only available on November 12, 13 due to furlough time off
**Jackson is not available November 5-13 due to furlough time off

We also propose to take plaintiffs' respective depositions in-person at our offices at 2 N. LaSalle St., Chicago, IL 60602, on any of the following dates:

October 20, 21, 29, 30, Nov. 6, 9.

Please let us know what you think so that we can pencil in some dates and get the notices out.

Sincerely,
**Eric Seeleman**
**Assistant Corporation Counsel Supervisor**

**Special Federal Litigation Division**
City of Chicago Department of Law
2 N. LaSalle St. Ste. 420
Chicago, IL 60602
(312) 742-3902
eric.seeleman@cityofchicago.org
www.cityofchicago.org/law

LAW

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

---

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail (or the person responsible for delivering this document to the intended recipient), you are hereby notified that any dissemination, distribution, printing or copying of this e-mail, and any attachment thereto, is strictly prohibited. If you have received this e-mail in error, please respond to the individual sending the message, and permanently delete the original and any copy of any e-mail and printout thereof.

# Exhibit M

**Subject:** RE: Settlement Offer - Raio et al. v. City of Chicago, 1:25-cv-02709
**Date:** Wednesday, September 23, 2026 at 5:28:16 PM Eastern Daylight Time
**From:** Ellen McLaughlin
**To:** Lindsey Bachman
**CC:** Eric.Seeleman, Hannah Pitcher, Christy Compagnone, Ben Sisney, Geoffrey Surtees, Nathan Moelker, Liam Harrell, Garrett Taylor, Tracy Turner
**Category:** Litify
**Attachments:** image001.jpg

Received, Lindsey. Thanks. We will review.

---

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Wednesday, September 23, 2026 4:18 PM
**To:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Cc:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; ccompagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; gsurtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; lharrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>; Tracy Turner <tturner@aclj.org>
**Subject:** Settlement Offer - Raio et al. v. City of Chicago, 1:25-cv-02709

[Warning: External email]

Hi Ellen,

Please see the attached settlement offer in the Raio matter. Please feel free to reach out if you have any questions or would like to discuss further. Thank you.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002
ACLJ

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All

recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

# Exhibit N

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRETT RAIO, PEREZ NDI, and REETIK DHAMALA,<br><br>*Plaintiffs,*<br><br>v.<br><br>THE CITY OF CHICAGO, an Illinois municipal corporation, and Chicago Police Officers MARIO L. JACKSON, NICO A. SUTOR, CARLOS R. CAMEY SANDOVAL, MICHAEL P. JOYCE, WILLIAM E. GATLIN, and MICHAEL PETRASKI, in their official and individual capacities,<br><br>*Defendants.* | Case No. 1:25-cv-02709<br><br>Hon. Sara L. Ellis |

**DEFENDANT CITY OF CHICAGO'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION**

Defendant City of Chicago (the "City"), by its attorneys, serves the following objections and responses to Plaintiffs' Notice of Taking Rule 30(b)(6) Deposition of Defendant City of Chicago. For each Matter for Examination, the City reproduces the Matter, states its objections, and describes the testimony its designee will provide. By describing that testimony, the City does not concede that any Matter is relevant or admissible, and it does not waive any privilege or protection. The City reserves the right to seek a protective order under Rule 26(c) as to any Matter the parties are unable to resolve, and to supplement or amend these objections and responses.

**GENERAL OBJECTIONS AND LIMITATIONS**

1. **Duration.** The City proposes that the examination of its designees be limited to seven hours per designee.

2. **Sources of information.** The City will prepare its designees using information reasonably available from the Chicago Police Department ("CPD"). The City will not prepare its designees using information held by other City departments except as otherwise stated below.

3. **Relevant Period.** The City objects to the Relevant Period of July 1, 2019 through the date of the deposition. Unless otherwise stated below, the City will prepare its designees for the period corresponding to its discovery production, January 1, 2021 through March 14, 2025 (the "Narrowed Period").

4. **Policies.** Unless otherwise stated below, the City will address policies, practices, and guidance in effect during the Narrowed Period.

**OBJECTIONS AND RESPONSES TO THE MATTERS FOR EXAMINATION**

**MATTER NO. 1:**

> The organizational structure and allocation of responsibility and authority within the City during the Relevant Period for: interpreting and issuing operational guidance concerning the Amplification Ordinance; responding to and dispatching amplified-sound or noise complaints; investigating and enforcing the Amplification Ordinance; training and supervising CPD members; issuing, reviewing, correcting, cancelling, prosecuting, adjudicating, and tracking ANOVs; processing custodial arrests and seized property; receiving and investigating complaints; and maintaining the associated records. This matter includes the responsible departments, offices, divisions, units, and positions, their reporting relationships, and the scope of their responsibilities and authority.

**OBJECTIONS:**

The City objects to Matter No. 1 as overbroad and not proportional to the needs of the case to the extent it seeks testimony regarding "reviewing, correcting, cancelling, prosecuting, adjudicating, and tracking ANOVs"; and "processing custodial arrests and seized property." Plaintiffs do not assert any claim challenging the City's DOAH system, nor any claim challenging property seizure. The City objects to Matter No. 1 as vague because it is unclear what "receiving and investigating complaints; and maintaining the associated records" refers to.

**RESPONSE:**

The City will designate a witness to testify regarding the City departments and CPD units, and the positions within them, responsible for (a) dispatching CPD members to complaints concerning amplified sound on the public way; (b) enforcing MCC § 8-32-070 against persons using amplification on a public way; (c) providing CPD training or written guidance relevant to the enforcement of § 8-32-070; and (d) supervising CPD members.

**MATTER NO. 2:**

> The City's interpretation and operational application during the Relevant Period of the Amplification Ordinance, including: "average conversational level"; the 100-foot distance requirement; ambient noise; the distinctions between Sections 8-32-020 and 8-32-070 and their subsections; the distinction between public and private locations; the observations, measurements, investigation, and documentation considered sufficient to establish a violation; the role of a decibel meter, mobile-phone application, complainant estimate, officer estimate, or other measurement; and the standards communicated to officers for determining whether probable cause or another legally sufficient factual basis exists for enforcement.

**OBJECTIONS:**

The designee will not offer legal interpretations regarding the meaning of the Ordinance. The meaning of the Ordinance is a question of law for the Court, which has already rejected Plaintiffs' facial challenges to the Ordinance. The designee will not offer legal interpretations regarding whether probable cause exists in any particular situation. The City also objects to the Matter as overbroad to the extent it extends to every subsection of §§ 8-32-020 and 8-32-070 and to amplification on private property, because Plaintiffs' claims concern amplification on the public way.

**RESPONSE:**

The City will designate a witness to testify regarding written directives, bulletins, training materials, and other guidance provided to CPD members that is relevant to the enforcement of § 8-32-070 against persons using amplification on the public way.

**MATTER NO. 3:**

> The permits, licenses, registrations, or other authorizations, if any, that the City makes available or requires for a person using portable voice or music amplification while speaking, preaching, singing, performing, or promoting goods or services on a public way, including: whether a separate amplification permit exists; the relationship between any street-performer license and the Amplification Ordinance; how a person obtains such authorization; what conduct it authorizes or restricts; how CPD members are instructed to identify and evaluate such authorization; and the operational effect of the absence or possession of such authorization on warning, ANOV issuance, arrest, or other enforcement.

**OBJECTIONS:**

The designee will not offer legal interpretations regarding the meaning of the Ordinance or other ordinances and regulations that establish permit and license requirements. The meaning

of the Ordinance and the other ordinances and regulations is a question of law for the Court, which has already rejected Plaintiffs' facial challenges to the Ordinance. The City also objects to Matter No. 3 as overbroad and not relevant to the extent it seeks testimony regarding every permit, license, registration, or authorization relating to persons "promoting goods or services" or engaged in other commercial activity, because such activity is not at issue in this case. Further, the information requested in Matter No. 3 is more reliably and efficiently provided, to the extent it is discoverable, in documentary form, and the City has produced documents explaining permit requirements.

**RESPONSE:**

The City will designate a witness to testify as to whether any permit is required for amplified speech on a public way, and what CPD tells officers about permits.

**MATTER NO. 4:**

> The content, purpose, effective dates, origin, implementation, revision history, reasons for material revisions, and persons or positions responsible for adopting, revising, approving, interpreting, communicating, or enforcing the City's policies, general orders, special orders, directives, bulletins, written instructions, and guidance during the Relevant Period concerning: First Amendment activity and public gatherings; free exercise of religion; public forums; amplified sound and noise complaints; preliminary investigation and evidentiary sufficiency; permits and licenses; ANOV issuance, correction, cancellation, prosecution, and hearings; field arrests, detention, and processing; property seizure, inventory, retention, and return; and supervisory review of enforcement actions involving public speech or gatherings.

**OBJECTIONS:**

The City objects to Matter No. 4 as overbroad, unduly burdensome, and not proportional to the needs of the case. The drafting history and reasons for revisions of every City policy, order, directive, bulletin, instruction, and guidance document in ten subject areas over more than seven years, plus predecessor materials, are not relevant to the alleged unwritten practice Plaintiffs claim exists. Plaintiffs concede that no express policy is at issue. The City further objects to Matter No. 4 as overbroad and not proportional to the needs of the case to the extent it seeks testimony regarding ANOV "correction, cancellation, prosecution, and hearings"; and

"property seizure, inventory, retention, and return." Plaintiffs do not assert any claim challenging the City's DOAH system, nor any claim challenging property seizure.

**RESPONSE:**

The City will designate a witness to identify the written CPD directives, orders, bulletins, and guidance relevant to (a) First Amendment activity and public gatherings; (b) the enforcement of § 8-32-070; (c) the issuance of ANOVs or custodial arrest for an ordinance violation; (d) establishing probable cause under the Fourth Amendment, and (e) supervisory review of enforcement actions.

**MATTER NO. 5:**

> The development, content, implementation, delivery, attendance, testing, evaluation, and remedial or corrective training during the Relevant Period provided to: the named Defendant officers; their supervisors; Sergeant Tomasz Zatora; CPD members assigned to or reasonably likely to respond to public-way amplified-sound complaints; and personnel responsible for reviewing such enforcement. This matter includes course content, learning objectives, scenarios, examinations or evaluations, attendance and completion records, material changes, identified deficiencies, and remedial or corrective instruction concerning First Amendment activity and public gatherings; free exercise of religion; public forums; amplified sound and noise complaints; interpretation and enforcement of the Amplification Ordinance; preliminary investigation and evidentiary sufficiency; permits and licenses; ANOV issuance and review; custodial arrests and detention; property seizure and return; supervisory review of enforcement actions; and interactions with individuals engaged in expressive activity on public ways.

**OBJECTIONS:**

The City objects to Matter No. 5 as overbroad, unduly burdensome, and not proportional to the needs of the case, and lacking the reasonable particularity required by Rule 30(b)(6). As drafted, the Matter asks the City to prepare a designee on eight categories of training, for five groups of personnel (encompassing essentially all CPD members), across twelve subject areas. The City objects to the subjects "permits and licenses," "ANOV review," and "custodial arrests and detention," to the extent they extend beyond enforcement of § 8-32-070 against persons using amplification on a public way, and to "property seizure and return," which is not relevant to Plaintiffs' claims.

The City further objects to the request for "identified deficiencies" as it presumes any deficiencies were identified and any "remedial or corrective" training was warranted. The City

does not concede that any such deficiency existed. The terms "identified deficiencies" and "remedial or corrective training" are also vague and ambiguous.

The City objects to testimony regarding the "interpretation . . . of the Amplification Ordinance" for the reasons stated in its objections to Matter No. 2. The designee will testify regarding what CPD training materials state, not the legal meaning of the Ordinance. The City further objects to testimony regarding the "development" of training and "material changes" to it to the extent that testimony would disclose privileged communications, including legal advice from the Department of Law, or deliberative material.

**RESPONSE:**

The City will designate a witness to testify regarding the content of training provided to CPD members that is relevant to the enforcement of § 8-32-070 on the public way.

**MATTER NO. 6:**

> The City's policies, standards, procedures, and actual practices during the Relevant Period for supervising and reviewing public-way amplified-sound enforcement, including: the circumstances requiring a supervisor to respond to or approve an enforcement action; review of body-worn-camera recordings, reports, ANOVs, arrests, charges, and property inventories; the standards applied in reviewing compliance with the Amplification Ordinance and constitutional-policing requirements; identification, documentation, and escalation of deficient investigations or recurring misinterpretations; and the persons, positions, or units responsible for such review and for initiating corrective action.

**OBJECTIONS:**

The City objects to Matter No. 6 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks testimony regarding review of specific enforcement actions, because how a particular supervisor responded to, approved, or reviewed a particular enforcement action is within that supervisor's personal knowledge and is reflected in the records of that action. Lieutenant Michael Petraski, the supervisor involved in the February 24, 2025 incident, is a party and is available to testify regarding his own conduct. The City further objects to Matter No. 6 as overbroad and not proportional to the needs of the case to the extent it seeks testimony regarding the review of "charges" and "property inventories." Plaintiffs do not assert any claim challenging the City's prosecution of ANOVs before DOAH or its handling of seized property. The City objects to the phrase "standards applied in reviewing compliance with . . .

constitutional-policing requirements" as vague and as calling for a legal conclusion. Whether any enforcement action complied with the First or Fourth Amendment is a question of law. The designee will testify regarding the standards set out in CPD policies and procedures, not whether any enforcement action was lawful. Finally, the City also objects to Matter No. 6 to the extent it presumes that "deficient investigations or recurring misinterpretations" of the Ordinance occurred. The City does not concede that any such deficiency or misinterpretation existed. The City will construe that portion of the Matter to refer to the procedures by which supervisors document and escalate any deficiencies they identify in reviewing an enforcement action.

**RESPONSE:**

The City will designate a witness to testify regarding the policies and procedures governing supervisory response to, approval of, and review of ANOVs issued and custodial arrests made under § 8-32-070 for the use of amplification on a public way; the positions responsible for that review; and the means by which deficiencies identified in that review are documented or escalated.

**MATTER NO. 7:**

> The criteria, policies, and actual practices during the Relevant Period for selecting among or escalating the following responses to a suspected Amplification Ordinance violation on a public way: no enforcement; an informal warning; a direction to reduce volume; relocation; a direction to cease amplification; dispersal; an investigatory stop; issuance, correction, or cancellation of an ANOV; custodial arrest; ordinance or criminal charging; detention and pretrial processing; and seizure, inventory, retention, or return of sound equipment and related property. This matter includes required supervisory approval and the facts officers are expected to investigate and document for each response.

**OBJECTIONS:**

The City objects to Matter No. 7 as overbroad and not proportional to the needs of the case to the extent it seeks testimony regarding "detention and pretrial processing; and seizure, inventory, retention, or return of sound equipment and related property." Plaintiffs' complaint includes no claims challenging City policies regarding these matters. Further, the designee will not testify regarding the reasons individual officers selected a particular response in a given

encounter. Those reasons are within the personal knowledge of the officers involved, and the Defendant Officers are parties who are available to testify about their own decisions.

**RESPONSE:**

The City will designate a witness to testify regarding the written policies, directives, and training that address the options available to CPD members in responding to a suspected violation of § 8-32-070 involving amplification on a public way, including warnings, directions to reduce volume, ANOV issuance, and custodial arrest; any written criteria for selecting among those options; any required supervisory approval; and the documentation required when an ANOV is issued or an arrest is made for such a violation.

**MATTER NO. 8:**

> All information known or reasonably available to the City concerning the December 10, 2024 response at East Madison Street and North Michigan Avenue, including: the originating call or request for service and OEMC Event No. 2434505532; information communicated to responding units; the roles of Officers Mario L. Jackson, Nico A. Sutor, Carlos R. Camey Sandoval, and other City personnel; the investigation performed or not performed concerning volume, distance, ambient noise, permits, or licenses; the detention and handcuffing of Brett Raio; the handling of the speaker; the selection, preparation, and legal or administrative processing of charges under MCC Sections 8-4-055 and 2-84-300(a); the February 21, 2025 dismissal; any supervisory, administrative, or corrective review; and the nonprivileged factual basis for the City's present position concerning the response and charges.

**OBJECTIONS:**

The City objects to Matter No. 8 to the extent it seeks testimony regarding the observations, perceptions, or reasoning of the Defendant Officers, who are parties to this action. A designee's account of those matters would be both speculative and duplicative of the officers' own testimony. "A Rule 30(b)(6) representative is authorized to relay an organization's collective knowledge or viewpoint, but he or she cannot testify as to specific facts observed by an individual, even if that individual happens to be an employee of the organization." *Young v. Experian Info. Sols., Inc.*, No. 3:22 C 50222, 2026 WL 1346505, at *4 (N.D. Ill. May 14, 2026).

The City objects to the request for testimony regarding "the originating call or request for service and OEMC Event No. 2434505532; information communicated to responding units; the roles of Officers Mario L. Jackson, Nico A. Sutor, Carlos R. Camey Sandoval, and other City

personnel; the investigation performed or not performed concerning volume, distance, ambient noise, permits, or licenses; the detention and handcuffing of Brett Raio; [and] the handling of the speaker" because those subjects are addressed by the City's document production, including audio and video recordings. The Court must limit discovery that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The City further objects to the request for testimony regarding "the selection, preparation, and legal or administrative processing of charges" and "the February 21, 2025 dismissal" because it seeks the mental impressions and decisions of the attorneys who prosecuted the ANOV on the City's behalf. The City also objects to the request for "the nonprivileged factual basis for the City's present position concerning the response and charges." "[A] party may not serve a Rule 30(b)(6) notice for the purpose of requiring the opposing party to marshal all of its factual proof and prepare a witness to be able to testify on a particular defense." *Gossar v. Soo Line R.R. Co.*, No. 3:09-cv-9-RLY-WGH, 2009 WL 3570335, at *2 (S.D. Ind. Oct. 27, 2009) (cleaned up).

**RESPONSE:**

The City will not designate a witness on Matter No. 8.

**MATTER NO. 9:**

All information known or reasonably available to the City concerning the February 24, 2025 response at East Madison Street and North Michigan Avenue, including: the originating 911 call and OEMC Event No. 2505506988; information communicated to responding units; the roles of Officers Michael P. Joyce and William E. Gatlin, Lieutenant Michael Petraski, and other City personnel; the investigation performed or not performed concerning volume, distance, ambient noise, permits, or licenses; the factual basis for the arrests and charges under MCC Section 8-32-070; the decision to use custodial arrest and pretrial processing rather than an ANOV, warning, or lesser response; the seizure, inventory, retention, and return or nonreturn of Plaintiffs' equipment; the length and conditions of detention; the disposition of the charges; any supervisory, administrative, or corrective review; and the nonprivileged factual basis for the City's present position concerning probable cause, arguable probable cause, and the propriety of the response.

**OBJECTIONS:**

The City objects to Matter No. 9 for the reasons stated in its objections to Matter No. 8, which apply equally here. The City objects to Matter No. 9 as overbroad and not proportional to the needs of the case to the extent it seeks testimony regarding "the seizure, inventory, retention, and return or nonreturn of Plaintiffs' equipment" and "the length and conditions of detention." Plaintiffs' complaint includes no claims challenging City policies regarding these matters.

**RESPONSE:**

The City will not designate a witness on Matter No. 9.

**MATTER NO. 10:**

> OEMC policies and procedures actually applicable to Plaintiffs' Incidents and the City's handling of OEMC Event Nos. 2434505532 and 2505506988, including: call intake and questioning of callers; event classification and priority; recording and transmitting caller descriptions; dispatch and assignment of units; radio and PDT communications; unit-status entries; GPS information; event closure; quality assurance; retention and retrieval of records; prior or recurring complaints reflected in the event information; and how statements describing religious content, street preaching, or recurring speaker activity were recorded and conveyed to CPD personnel.

**OBJECTIONS:**

The City objects to Matter No. 10 as duplicative and unduly burdensome. The City is producing the 911 audio and OEMC records for both events, which are the best evidence of how those events were handled. The Office of Emergency Management and Communications is a separate department from CPD, and preparing an additional designee from that department to recite the content of those records would impose a burden disproportionate to any benefit. OEMC does not enforce the Ordinance and its only relevance to Plaintiffs' claims is the information provided to the officers about the incidents.

**RESPONSE:**

The City will not designate a witness on Matter No. 10.

**MATTER NO. 11:**

> The creation, operation, retention, preservation, retrieval, completeness, and authentication of City records concerning Plaintiffs' Incidents and the Acevedo Matter, including body-worn-camera recordings and associated audit logs, in-car-

> camera recordings, 911 audio, OEMC event and unit queries, radio and PDT communications, GPS data, reports, ANOVs, arrest and detention records, property and inventory records, and administrative or court disposition records. This matter includes whether the City-produced records are complete and the explanation for any missing, unavailable, overwritten, corrupted, or unproduced record.

**RESPONSE:**

The City will designate a witness to testify regarding the systems in which the City creates and maintains the categories of records, to the extent they exist, listed in Matter No. 11. The City will also confer with Plaintiffs regarding a stipulation establishing the authenticity of City-produced records concerning Plaintiffs' Incidents.

**MATTER NO. 12:**

> The City's systems and practices during the Relevant Period for issuing, coding, recording, reviewing, amending, cancelling, prosecuting, resolving, and tracking ANOVs under MCC Section 8-32-070, including: the roles of CPD, City prosecuting personnel, and DOAH; the data fields and records maintained; identification of matters involving public-way or portable amplification; dispositions including nonsuit, not liable, default, plea, set-aside, dismissal, or amendment to another charge; reasons known to the City for nonsuits, dismissals, corrections, or failures of proof; and the use of outcomes to train, supervise, review, or correct personnel.

**OBJECTIONS:**

The City objects to Matter No. 12 as irrelevant and unduly burdensome. The City's prosecution of ANOVs is not relevant to any of Plaintiffs' claims. The City further objects to the request for testimony regarding "reasons known to the City for nonsuits, dismissals, corrections, or failures of proof" because it would require a review of individual hearing files across the entire Relevant Period, and because the reasons for such outcomes frequently reflect the mental impressions of the attorneys prosecuting ANOVs on the City's behalf. The request regarding "the use of outcomes to train, supervise, review, or correct personnel" duplicates Matter No. 19.

**RESPONSE:**

The City will not designate a witness on Matter No. 12.

**MATTER NO. 13:**

> Enforcement of MCC Section 8-32-070 during the Relevant Period, to the extent reflected in or identifiable through the City's record systems, including aggregate

data, analyses, reports, summaries, databases, and information sufficient to identify the responsive population. This matter includes the number and geographic distribution of ANOVs, arrests, and other charges; the conduct reported; the type and location of the amplification involved; the investigation performed and evidence documented; whether distance, conversational level, ambient noise, permits, or licenses were considered; warnings or other lesser enforcement responses; the identity, assignment, and unit of involved personnel; the disposition of the matter; and whether the records and data produced by the City constitute the complete responsive population maintained or reasonably retrievable by the City.

**OBJECTIONS:**

The City objects to Matter No. 13 to the extent it asks a designee to testify regarding "the conduct reported," "the investigation performed and evidence documented," whether particular factors "were considered," and "the identity, assignment, and unit of involved personnel" for each enforcement action over more than seven years. That information can be obtained only by reviewing individual incident files, is not a proper subject of testimony, and is more reliably and efficiently provided, to the extent it is discoverable, in documentary form.

**RESPONSE:**

The City will designate a witness to testify regarding any reports, analyses, or summaries of § 8-32-070 enforcement that were prepared by the City in the ordinary course of business.

**MATTER NO. 14:**

The City's knowledge and handling of the following Public-Way Amplification Matters reflected in its production: the Andrew Johnston matters beginning approximately in July 2019; the Eugene Quack or Kwak and Ajamu Lawrence matters at or near 410 N. Michigan Avenue; the Ivan Lupa, Eugene Clay or Kwau, and Linford Vaughn matters; and other public-way amplification matters identified in or reflected by the City's production involving portable amplification on a public way that resulted in a warning, ANOV, arrest, charge, nonsuit, dismissal, not-liable finding, or other disposition. This matter includes the conduct reported, evidence gathered, officer interpretation, enforcement response, disposition, and City review or corrective action.

**OBJECTIONS:**

The City objects to testimony regarding "officer interpretation" because an officer's understanding in a particular encounter is within that officer's personal knowledge. The City further objects that information regarding these enforcement actions can also be obtained only by

reviewing individual incident files, is not a proper subject of oral testimony, and is more reliably and efficiently provided, to the extent it is discoverable, in documentary form.

**RESPONSE:**

The City will not designate a witness on Matter No. 14. The City will provide documentary evidence in its possession relevant to the listed matters.

**MATTER NO. 15:**

> Complaints, service requests, 911 calls, CAD or OEMC events, dispatches, and CPD responses during the Relevant Period involving portable amplification on a public way that did not result in an ANOV, arrest, or charge, to the extent reflected in or identifiable through the City's record systems. This matter includes the records, databases, data fields, coding practices, reports, summaries, and other information the City maintains concerning such responses; the criteria and methods used to identify, classify, search for, retrieve, or code such matters; the response and investigation undertaken; the reasons reflected in the City's records for the absence of formal enforcement; and the City's ability to identify, quantify, or retrieve materially comparable non-enforcement matters from its records systems.

**OBJECTIONS:**

The City objects to Matter No. 15 because it is not relevant to any surviving claim or defense and is not proportional to the needs of the case. The Matter seeks testimony about every complaint, service request, 911 call, event, dispatch, and CPD response involving amplification on any public way in the City over more than seven years that did not result in enforcement. Its evident purpose is to develop comparative evidence that other speakers were not cited or arrested, which is the selective-enforcement and equal protection theory the Court dismissed because Plaintiffs had not alleged any similarly situated speaker who was treated differently.

**RESPONSE:**

The City will not designate a witness on Matter No. 15.

**MATTER NO. 16:**

> The City's policies, instructions, criteria, communications, data, and actual practices during the Relevant Period concerning enforcement involving amplified religious speech, street preaching, singing, musical performance, political or other expressive activity, and commercial promotion on public ways, including similarities or differences in the investigation, permit demands, warnings, ANOVs,

arrests, seizures, and dispositions applied to those categories when the message or activity was known to City personnel.

**OBJECTIONS:**

The City objects to Matter No. 16 as not relevant to any surviving claim or defense and not proportional to the needs of the case to the extent it seeks testimony regarding “similarities or differences” in the enforcement actions applied to religious speech, street preaching, singing, musical performance, political or other expressive activity, and commercial promotion. That portion of the Matter seeks comparative enforcement evidence to show that speakers in other categories were treated differently than Plaintiffs. That is the selective-enforcement and equal protection theory the Court dismissed because Plaintiffs had not alleged any similarly situated speaker who was treated differently.

The City further objects to Matter No. 16 as overbroad and unduly burdensome to the extent it seeks testimony regarding the “data” and “actual practices” of enforcement against every category of expressive and commercial activity on every public way in the City over more than seven years. The City does not classify enforcement actions by the content of the speech involved. Testimony comparing enforcement across those categories could be prepared only by reviewing individual incident files. It is not a proper subject of oral testimony and is more reliably and efficiently provided, to the extent it is discoverable, in documentary form. See Fed. R. Civ. P. 26(b)(2)(C)(i).

The City objects to the phrase “when the message or activity was known to City personnel” because it calls for the knowledge and state of mind of individual officers in particular encounters. That knowledge is within the personal knowledge of those officers, and a designee could address it only by speculating. The Defendant Officers are parties and are available to testify regarding their own knowledge of Plaintiffs’ speech.

The City objects to Matter No. 16 as overbroad and not proportional to the needs of the case to the extent it seeks testimony regarding “seizures” and “dispositions.” Plaintiffs do not assert any claim challenging the City's handling of seized property or the City’s prosecution of

ANOVs before DOAH. The City further objects to the request for testimony regarding "communications" as unduly burdensome and duplicative of the City's document production.

**RESPONSE:**

The City will designate a witness to testify regarding whether any written City policy, directive, bulletin, training material, or other guidance instructs or permits CPD members to treat amplified speech on a public way differently based on its content, including whether it is religious, or on the speaker's status as a street preacher.

**MATTER NO. 17:**

> All information known or reasonably available to the City concerning the Acevedo Matter, including: the originating call or request for service; information available to responding officers; Sergeant Tomasz Zatora's interpretation and application of the Amplification Ordinance and any permit requirement; the investigation of volume and distance; the arrest, charges, seizure and handling of equipment, detention, prosecution, and disposition; policies, training, and supervision applicable to Zatora; any City review, complaint, remedial action, or knowledge derived from the incident or its adjudication; and nonprivileged facts concerning similarities or differences between the Acevedo Matter and Plaintiffs' Incidents.

**OBJECTIONS:**

The City objects to Matter No. 17 for the reasons stated in its objections to Matter No. 8, which apply equally here. The City will produce documents concerning the March 30, 2024 encounter, namely the call for service and the enforcement action taken. Sergeant Tomasz Zatora is available to testify regarding his own interpretation and application of the Amplification Ordinance and any permit requirement.

**RESPONSE:**

The City will not designate a witness on Matter No. 17.

**MATTER NO. 18:**

> The City's receipt, identification, aggregation, investigation, disposition, and use during the Relevant Period of complaints, administrative outcomes, lawsuits, judicial rulings, supervisory reports, audits, or other information alleging or indicating that City personnel: misinterpreted or improperly enforced an amplified-sound or noise ordinance against expressive or religious activity; required a nonexistent or inapplicable permit; failed to assess the required distance or sound standard; used arrest, detention, or seizure without a sufficient factual basis; or otherwise interfered with protected public speech. This matter includes what

> responsible City personnel learned, when they learned it, and how the information was communicated and used.

**OBJECTIONS:**

The City objects to Matter No. 18 as overbroad, unduly burdensome, and not proportional to the needs of the case. The request for testimony regarding complaints and allegations that City personnel "used arrest, detention, or seizure without a sufficient factual basis; or otherwise interfered with protected public speech" would encompass wide-ranging and irrelevant material that is vastly out of proportion to the need for discovery in this case. The Matter is also overbroad to the extent it requests information about the enforcement of ordinances other than MCC § 8-32-070. Further, the factual subjects the Matter describes, including those found in "complaints, administrative outcomes, lawsuits, judicial rulings, supervisory reports, audits, or other information," will be addressed by the City's document production and are therefore duplicative.

**RESPONSE:**

The City will designate a witness to testify regarding (a) the City systems used to receive, log, and classify complaints against CPD members, and whether those systems permit identification of complaints concerning enforcement of § 8-32-070 or amplified speech on a public way; and (b) the number and disposition of complaints, identified by log number, alleging improper enforcement of § 8-32-070 against persons using amplification on a public way, to the extent identifiable.

**MATTER NO. 19:**

> Any supervisory review, investigation, counseling, discipline, policy change, training change, remedial instruction, audit, or corrective action taken, considered, rejected, or not taken in response to: Plaintiffs' Incidents; the Acevedo Matter; complaints or lawsuits concerning similar enforcement; ANOV dismissals, nonsuits, or not-liable findings; or identified recurring officer interpretations concerning amplification, permits, distance, conversational level, religious activity, arrest, or property seizure. This matter includes the nonprivileged reasons for the City's action or inaction.

**OBJECTIONS:**

The City objects to Matter No. 19 as overbroad, unduly burdensome, and not proportional to the needs of the case because it covers subjects that are irrelevant to Plaintiffs' remaining

claims, including "[a]ny supervisory review, investigation, counseling, discipline, policy change, training change, remedial instruction, audit, or corrective action" not related to Plaintiffs' Incidents.

**RESPONSE:**

The City will designate a witness to testify regarding any documented supervisory review, complaint investigation, discipline, counseling, policy change, training change, or other corrective action taken in response to Plaintiffs' Incidents, through the date of the deposition.

**MATTER NO. 20:**

> The City's policies, criteria, recordkeeping, and actual practices during the Relevant Period for seizing, inventorying, storing, retaining, releasing, returning, forfeiting, or disposing of speakers, microphones, stands, cameras, telephones, and other property associated with an amplification-related ANOV, arrest, or charge, including the handling and current status of property taken during the February 24, 2025 incident and the Acevedo Matter.

**OBJECTIONS:**

The City objects to Matter No. 20 as not relevant and not proportional to the needs of the case. None of Plaintiffs' surviving claims challenges the City's policies or practices for handling seized property, and the Matter extends to property taken in connection with every amplification-related enforcement action.

**RESPONSE:**

The City will not designate a witness on Matter No. 20.

**MATTER NO. 21:**

> The nonprivileged factual basis known to the City concerning Plaintiffs' allegation that the City maintained, tolerated, or failed to correct an unwritten widespread custom or practice of enforcing the Amplification Ordinance against street preachers or amplified religious speakers without evidence satisfying the ordinance. This matter includes: the frequency and geographic distribution of relevant enforcement; recurring officer statements or interpretations that amplification itself is prohibited, that a permit is always required, or that a sound assessment at 100 feet is unnecessary; similarities and differences among Plaintiffs' Incidents, the Acevedo Matter, identified comparators, and other Public-Way Amplification Matters; City data, analyses, audits, or reviews; facts supporting any City position that the incidents were isolated; and actions taken to prevent recurrence.

**OBJECTIONS:**

The City objects to Matter No. 21. Selecting and organizing the evidence bearing on a party's contentions necessarily reflects counsel's mental impressions. The factual subjects the Matter describes, including enforcement data, will be addressed by the City's document production.

**RESPONSE:**

The City will not designate a witness on Matter No. 21.

**MATTER NO. 22:**

> The nonprivileged facts known or reasonably available to the City relating to: whether any challenged action was motivated by Plaintiffs' protected speech or religious exercise; whether the Amplification Ordinance was enforced neutrally and generally applicable in actual practice; and whether the City's actions substantially burdened Plaintiffs' religious exercise. This matter excludes counsel's legal analysis, mental impressions, and privileged communications.

**OBJECTIONS:**

The City objects to Matter No. 22 because it seeks legal conclusions on the ultimate issues in the case. Whether a challenged action was motivated by Plaintiffs' speech or religious exercise concerns the state of mind of the individual officers, who are parties and can testify about their own motivations. Whether the ordinance was enforced neutrally and whether Plaintiffs' religious exercise was substantially burdened are legal questions. The facts concerning Plaintiffs' Incidents will be addressed by the City's document production and the testimony of the Defendant Officers.

**RESPONSE:**

The City will not designate a witness on Matter No. 22.

**MATTER NO. 23:**

> The nonprivileged facts, complaints, studies, analyses, audits, reports, data, operational experience, and other information known or reasonably available to the City concerning the governmental interests served by applying the Amplification Ordinance to amplified speech on public sidewalks and other public ways, including interests concerning sound levels, pedestrian or vehicular access, public safety, disruption, complaints, or competing uses of public space; the means by which the City evaluates or measures those interests; and the enforcement

alternatives available, considered, used, recommended, or rejected to address those interests, including warnings, requests for volume reduction, relocation, verification at 100 feet, ANOVs, or other measures short of custodial arrest, detention, seizure, or complete cessation of amplification.

**RESPONSE:**

The City will designate a witness to testify regarding the governmental interests served by regulating amplified sound on public ways, including at and near the intersection of East Madison Street and North Michigan Avenue; the nature and volume of amplified-sound complaints in that area, to the extent identifiable; pedestrian, traffic, and public-safety considerations associated with amplified sound in that area; and the enforcement options available to CPD members.

**MATTER NO. 24:**

The City's current policies, instructions, training, and actual practices concerning public-way voice amplification and enforcement of MCC Section 8-32-070, including: current safeguards against enforcement based solely on the use of amplification, the absence of a permit, religious content, or an assessment that does not apply the ordinance's distance and conversational-level standards; and the nonprivileged facts known or reasonably available to the City concerning how Plaintiffs' intended future amplified street preaching at or near Millennium Park would be handled under current practice.

**OBJECTIONS:**

The City objects to Matter No. 24 insofar as it asks the City to speculate "how Plaintiffs' intended future amplified street preaching at or near Millennium Park would be handled under current practice." This requires knowledge of predicate facts about Plaintiffs' future behavior that are unknown. Further, Plaintiffs are legally required to familiarize themselves with and comply with all applicable City ordinances and other laws, regardless of whether enforcement action is taken.

**RESPONSE:**

The City will designate a witness to testify regarding the written policies, directives, bulletins, and training currently in effect concerning enforcement of § 8-32-070 against persons using amplification on a public way, including any guidance concerning the measurement of sound, the 100-foot standard, permits, and the enforcement options available, and any changes to those materials since December 10, 2024.

**MATTER NO. 25:**

> Nonprivileged internal and external Communications during the Relevant Period that conveyed, adopted, revised, implemented, or explained Citywide interpretations, instructions, training, supervisory guidance, or corrective action concerning the Amplification Ordinance or amplified expressive activity on public ways. This matter includes the senders, recipients, dates, subjects, information communicated, decisions or instructions conveyed, and actions taken as a result.

**OBJECTIONS:**

The City objects to Matter No. 25 as overbroad, unduly burdensome, and not proportional to the needs of the case because "external" communications regarding the Ordinance are not relevant to Plaintiffs' surviving claims, which only concern the actions and policies of the Defendant Officers and CPD.

**RESPONSE:**

The City will designate a witness to testify regarding the formal, nonprivileged, means by which CPD communicated guidance concerning § 8-32-070 to its members, such as directives, bulletins, and roll-call training.

**MATTER NO. 26:**

> The City's nonprivileged preservation, collection, search, review, and production of emails and other electronically stored information responsive to Plaintiffs' discovery requests, including: the custodians and data sources searched; the date ranges and the parties' agreed search terms applied; whether any agreed custodians, sources, date ranges, or search terms were modified, omitted, or limited in implementation; the status and completion date of the City's rolling production; quality-control or validation measures used to confirm that the agreed searches were implemented; known gaps, inaccessible sources, deleted information, or failed searches; and the factual information concerning the implementation of searches and collections. This matter does not seek attorney-client communications, counsel's mental impressions, legal advice, or the reasons underlying the parties' selection of the agreed search terms.

**OBJECTIONS:**

The City's collection, search, review, and production of documents in this litigation is conducted by and at the direction of counsel, is not relevant to any party's claim or defense, and implicates the work-product doctrine.

**RESPONSE:**

The City will not designate a witness on Matter No. 26. The City's counsel will provide Plaintiffs' counsel with a written description of the custodians and data sources searched, the date ranges and search terms applied, and the status of the City's production, and will confer regarding any specific concern Plaintiffs identify.

Date: September 30, 2026

MARY B. RICHARDSON-LOWRY,
Corporation Counsel for the City of Chicago

By: /s/ Ellen W. McLaughlin

ELLEN MCLAUGHLIN
ellen.mclaughlin@cityofchicago.org
HANNAH PITCHER
hannah.pitcher@cityofchicago.org
ERIC SEELEMAN
eric.seeleman@cityofchicago.org
City of Chicago Department of Law
2 North LaSalle, Suite 420
Chicago, IL 60602
(312) 742-5147 / -6238 / -3902

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I, Ellen W. McLaughlin, an attorney for Defendants, hereby certify that on September 30, 2026, I served by email the foregoing Objections and Responses to Plaintiffs' Notice of Rule 30(b)(6) Deposition to the following counsel:

Liam Harrell
Nathan Moelker
Lindsey Bachman
AMERICAN CENTER FOR LAW & JUSTICE
201 Maryland Ave., NE
Washington, DC 20002
lharrell@aclj.org
nmoelker@aclj.org
lbachman@aclj.org

Geoffrey Surtees
AMERICAN CENTER FOR LAW & JUSTICE
PO Box 60
New Hope, KY 40052
gsurtees@aclj.org

/s/ *Ellen W. McLaughlin*

# Exhibit O

**Subject:** Re: Raio v City of Chicago, et al - 25 C 02709
**Date:** Friday, October 9, 2026 at 11:17:50 AM Eastern Daylight Time
**From:** Lindsey Bachman
**To:** Ellen McLaughlin, Tracy Turner, Wendy Bohan, Christy Compagnone, Ben Sisney, Geoffrey Surtees, Nathan Moelker, Liam Harrell, Garrett Taylor
**CC:** Eric.Seeleman, Hannah Pitcher, Hannah Gelbort, Ryan Sun, Nura Zaki
**Category:** Litify
**Attachments:** image001.jpg, image002.jpg, image.png

Ellen,

Thank you for meeting with us yesterday. We wanted to follow up on several issues discussed during our meeting, particularly the City's outstanding discovery obligations and their impact on the remaining schedule.

First, with respect to the City's proposed bifurcation, which was raised for the first time during our conference yesterday, we have discussed the matter internally and do not agree that bifurcation of the Monell claims is appropriate. Plaintiffs' claims arise from a common nucleus of operative fact, and separating them at this stage would create unnecessary duplication, increase litigation costs, and further delay resolution of this matter. More fundamentally, we do not believe that the City's continued inability to complete its discovery production provides a justification for restructuring the litigation.

Our principal concern remains Defendants' longstanding failure to complete discovery responses that the Court has already ordered them to produce. Months have passed since the Court directed Defendants to fulfill their discovery obligations, yet substantial responsive materials remain outstanding. The Court has already addressed these obligations, and Defendants have had considerable time to comply.

As we discussed, the continued absence of this discovery has already necessitated postponement of the individual officer depositions scheduled to begin October 15. Plaintiffs are entitled to review the relevant discovery before conducting those depositions so that the examinations can proceed meaningfully and efficiently. Proceeding without materials that Defendants were previously ordered to produce risks the need to reopen depositions, resulting in additional expense and further delay. We do not believe Plaintiffs should be placed in that position because Defendants have yet to fulfill their discovery obligations.

We understand that the City anticipates producing the individual officers' emails next week. Please confirm that timeline and provide a firm date by which the remaining responsive discovery will be produced, including the outstanding Monell-related materials. We expect Defendants to prioritize completing these obligations so that depositions can proceed without further unnecessary delay.

We remain willing to coordinate deposition dates and are continuing to work toward

completing the remaining discovery. However, we cannot meaningfully proceed with the affected depositions until Defendants produce all outstanding discovery materials and we have had a reasonable opportunity to review them. We recognize that the December 1 discovery deadline is approaching, but any discussion of an extension must account for the substantial discovery that remains outstanding and the delays resulting from Defendants' incomplete production. We are not prepared to agree to scheduling modifications that merely accommodate further delay without a definite timetable for full compliance.

We also need a meaningful counteroffer to our outstanding settlement offer. Before the parties expend the considerable additional time and resources necessary to complete discovery, we expect Defendants to provide a meaningful response so that we can determine whether resolution is possible or whether the parties must continue to incur the substantial costs of litigation.

For our part, we continue working to obtain the requested native files from our clients. We expect to produce Ndi's native Meta files this month and are working to produce Raio's native files on the same schedule.

We would prefer to resolve these issues cooperatively and avoid further motion practice. Nevertheless, given the Court's prior ruling and the considerable time that has elapsed without full compliance, absent prompt production and a definite timetable for completing the remaining discovery, Plaintiffs will have to consider seeking further relief from the Court.

Please provide the requested production dates and a meaningful counteroffer to our settlement offer so that we can determine how best to proceed.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002

ACLJ

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not

the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Sent:** Wednesday, October 7, 2026 1:54 PM
**To:** Lindsey Bachman <lbachman@aclj.org>; Tracy Turner <tturner@aclj.org>; Wendy Bohan <Wendy.Bohan@cityofchicago.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Liam Harrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc:** Eric.Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Hannah Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan Sun <Ryan.Sun@cityofchicago.org>; Nura Zaki <Nura.Zaki@cityofchicago.org>
**Subject:** RE: Raio v City of Chicago, et al - 25 C 02709

HI Lindsey,

Would Thursday (10/8) at 3PM Central work for you?

Thanks!

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW

---

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Tuesday, October 6, 2026 3:55 PM
**To:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Tracy Turner <tturner@aclj.org>; Wendy Bohan <Wendy.Bohan@cityofchicago.org>; ccompagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; gsurtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; lharrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Hannah Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan Sun <Ryan.Sun@cityofchicago.org>; Nura Zaki <Nura.Zaki@cityofchicago.org>

**Subject:** Re: Raio v City of Chicago, et al - 25 C 02709

[Warning: External email]

Hi Ellen,

Thanks for speaking with me earlier today. This email is to confirm our understanding that the depositions currently scheduled in this matter will be rescheduled.

We'd like to set up a call this week to discuss alternative dates and coordinate a revised schedule. Please let us know your team's availability for a call this week, and we will coordinate accordingly. Thanks.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Sent:** Wednesday, September 30, 2026 6:40 PM
**To:** Tracy Turner <tturner@aclj.org>; Wendy Bohan <Wendy.Bohan@cityofchicago.org>; Lindsey Bachman <lbachman@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Liam Harrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc:** Eric.Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Hannah Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan Sun

<Ryan.Sun@cityofchicago.org>; Nura Zaki <Nura.Zaki@cityofchicago.org>
**Subject:** Raio v City of Chicago, et al - 25 C 02709

Dear Counsel,

I'm attaching two amended discovery documents:

- We have updated our Rule 26 disclosures.
- We have amended the City's RFP responses to conform to the discussions between the parties regarding the scope of the City's objections and production.

Also attached are the City's objections and responses to the Rule 30(b)(6) matters.

I hope you've been able to access the document production we shared today. We will continue to review and process the additional documents as quickly as we can.

Thanks,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW

# Exhibit P

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| BRETT RAIO,<br>PEREZ NDI, and<br>REETIK DHAMALA,<br><br>*Plaintiffs,*<br>*v.*<br><br>The CITY OF CHICAGO, an Illinois municipal corporation, and Chicago Police Officers MARIO L. JACKSON, NICO A. SUTOR, CARLOS R. CAMEY SANDOVAL, MICHAEL P. JOYCE, WILLIAM E. GATLIN, and MICHAEL PETRASKI in their official and individual capacities.<br><br>*Defendants.* | Case No. 1:25-cv-02709<br><br>**The Hon. Sara L. Ellis** |

**PLAINTIFFS' RESPONSES TO DEFENDANT CITY OF CHICAGO'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' NOTICE OF RULE 30(b)(6) DEPOSITION**

**COMES NOW** Plaintiffs Brett Raio, Perez Ndi, and Reetik Dhamala, by and through their attorneys of record, and submit the following responses to Defendant City of Chicago's Objections and Responses to Plaintiffs' Notice of Rule 30(b)(6) Deposition. For each matter for examination, Plaintiffs reproduce the Matter, the City's objections and response, followed by Plaintiffs' response.

**PLAINTIFFS' RESPONSES TO DEFENDANT CITY OF CHICAGO'S GENERAL OBJECTIONS AND LIMITATIONS:**

1. **DEFENDANT OBJECTION 1: Duration.** The City proposes that the examination of its designees be limited to seven hours per designee.

**PLAINTIFFS' RESPONSE:**
Plaintiffs do not object to the presumptive seven-hour limit under Rule 30(d)(1) for each designee, provided that the City designates and adequately prepares sufficient witnesses to address all agreed-upon matters for examination. Plaintiffs reserve the right to seek additional

time as reasonably necessary to fairly examine any designee, particularly in light of the City's ongoing document production.

2. **DEFENDANT OBJECTION 2: Sources of information.** The City will prepare its designees using information reasonably available from the Chicago Police Department ("CPD"). The City will not prepare its designees using information held by other City departments except as otherwise stated below.

**PLAINTIFFS' RESPONSE:**
Plaintiffs object to the City's categorical limitation of its designees' preparation to information held by CPD. Rule 30(b)(6) requires a governmental entity to prepare its designees to testify concerning nonprivileged information known or reasonably available to the organization, not merely a particular department within it. The City itself is a defendant in this action. Although CPD will likely be the primary source of relevant information, the City must also consider reasonably available information held by other City departments to the extent relevant to the agreed-upon matters for examination. Plaintiffs do not seek an exhaustive inquiry into unrelated City departments. However, any limitation on the City's obligation to obtain reasonably available information from other departments should be based on a specific, articulated burden or proportionality concern, rather than a categorical exclusion.

3. **DEFENDANT OBJECTION 3: Relevant Period.** The City objects to the Relevant Period of July 1, 2019 through the date of the deposition. Unless otherwise stated below, the City will prepare its designees for the period corresponding to its discovery production, January 1, 2021 through March 14, 2025 (the "Narrowed Period").

**PLAINTIFFS' RESPONSE:**
Plaintiffs object to the City's limitation of the Relevant Period to January 1, 2021, through March 14, 2025. The Plaintiffs' requested period of July 1, 2019 to the date of deposition is relevant to Plaintiffs' claims, including widespread municipal practice of improperly enforcing the Amplification Ordinance. The City's own production identifies relevant enforcement matters dating to July 2019, and testimony concerning those matters is necessary to evaluate the existence, duration, and scope of the alleged practice. Additionally, Plaintiffs seek prospective relief, making the City's current policies, practices, training and any changes or corrective action following the incidents relevant. However, Plaintiffs are willing to consider temporal limitations where appropriate. Plaintiffs request that the City identify any specific matters for which it contends the requested period is unduly burdensome so the parties may confer regarding appropriate limitations.

4. **DEFENDANT OBJECTION 4: Policies.** Unless otherwise stated below, the City will address policies, practices, and guidance in effect during the Narrowed Period.

**PLAINTIFFS' RESPONSE:**
Plaintiffs incorporate their response to Defendant's General Objection No. 3 above. Plaintiffs are willing to consider matter-specific limitations but cannot agree to a blanket restriction that excludes relevant historical policies or the City's current practices.

## MATTERS FOR EXAMINATION

1. The organizational structure and allocation of responsibility and authority within the City during the Relevant Period for: interpreting and issuing operational guidance concerning the Amplification Ordinance; responding to and dispatching amplified-sound or noise complaints; investigating and enforcing the Amplification Ordinance; training and supervising CPD members; issuing, reviewing, correcting, cancelling, prosecuting, adjudicating, and tracking ANOVs; processing custodial arrests and seized property; receiving and investigating complaints; and maintaining the associated records. This matter includes the responsible departments, offices, divisions, units, and positions, their reporting relationships, and the scope of their responsibilities and authority.

**DEFENDANT OBJECTIONS:** The City objects to Matter No. 1 as overbroad and not proportional to the needs of the case to the extent it seeks testimony regarding "reviewing, correcting, cancelling, prosecuting, adjudicating, and tracking ANOVs"; and "processing custodial arrests and seized property." Plaintiffs do not assert any claim challenging the City's DOAH system, nor any claim challenging property seizure. The City objects to Matter No. 1 as vague because it is unclear what "receiving and investigating complaints; and maintaining the associated records" refers to.

**DEFENDANT RESPONSE:** The City will designate a witness to testify regarding the City departments and CPD units, and the positions within them, responsible for (a) dispatching CPD members to complaints concerning amplified sound on the public way; (b) enforcing MCC § 8-32-070 against persons using amplification on a public way; (c) providing CPD training or written guidance relevant to the enforcement of § 8-32-070; and (d) supervising CPD members.

**PLAINTIFFS' RESPONSE:**
Plaintiffs generally accept the City's proposed scope but the designee shall also identify the departments, units, and positions responsible for (1) tracking ANOVs issued under MCC § 8-32-070; (2) receiving and reviewing complaints concerning enforcement of that ordinance; and (3) communicating identified enforcement deficiencies to supervisory or training personnel. These responsibilities are relevant to Plaintiffs' claims concerning an alleged widespread municipal practice. Plaintiffs do not seek testimony regarding unrelated DOAH proceedings or custodial-arrest and property-processing functions.

2. The City's interpretation and operational application during the Relevant Period of the Amplification Ordinance, including: "average conversational level"; the 100-foot distance requirement; ambient noise; the distinctions between Sections 8-32-020 and 8-32-070 and their subsections; the distinction between public and private locations; the observations, measurements, investigation, and documentation considered sufficient to establish a violation; the role of a decibel meter, mobile-phone application, complainant estimate, officer estimate, or other measurement; and the standards communicated to officers for determining whether probable cause or another legally sufficient factual basis exists for enforcement.

**DEFENDANT OBJECTIONS**: The designee will not offer legal interpretations regarding the meaning of the Ordinance. The meaning of the Ordinance is a question of law for the Court, which has already rejected Plaintiffs' facial challenges to the Ordinance. The designee will not offer legal interpretations regarding whether probable cause exists in any particular situation. The City also objects to the Matter as overbroad to the extent it extends to every subsection of §§ 8-32-020 and 8-32-070 and to amplification on private property, because Plaintiffs' claims concern amplification on the public way.

**DEFENDANT RESPONSE**: The City will designate a witness to testify regarding written directives, bulletins, training materials, and other guidance provided to CPD members that is relevant to the enforcement of § 8-32-070 against persons using amplification on the public way.

**PLAINTIFFS' RESPONSE:**
Plaintiffs do not seek legal conclusions concerning the meaning of the Amplification Ordinance or probable cause. Plaintiffs do, however, seek testimony concerning how the City interprets and applies the ordinance operationally, including the standards and instructions communicated to officers regarding the 100-foot distance requirement, conversational-level standard, methods of assessing sound, and factual basis required for enforcement. The City's designee shall address these operational policies, practices, and instructions, whether written or unwritten, rather than limiting testimony to written guidance or policy.

3. The permits, licenses, registrations, or other authorizations, if any, that the City makes available or requires for a person using portable voice or music amplification while speaking, preaching, singing, performing, or promoting goods or services on a public way, including: whether a separate amplification permit exists; the relationship between any street-performer license and the Amplification Ordinance; how a person obtains such authorization; what conduct it

authorizes or restricts; how CPD members are instructed to identify and evaluate such authorization; and the operational effect of the absence or possession of such authorization on warning, ANOV issuance, arrest, or other enforcement.

**DEFENDANT OBJECTIONS:** The designee will not offer legal interpretations regarding the meaning of the Ordinance or other ordinances and regulations that establish permit and license requirements. The meaning of the Ordinance and the other ordinances and regulations is a question of law for the Court, which has already rejected Plaintiffs' facial challenges to the Ordinance. The City also objects to Matter No. 3 as overbroad and not relevant to the extent it seeks testimony regarding every permit, license, registration, or authorization relating to persons "promoting goods or services" or engaged in other commercial activity, because such activity is not at issue in this case. Further, the information requested in Matter No. 3 is more reliably and efficiently provided, to the extent it is discoverable, in documentary form, and the City has produced documents explaining permit requirements.

**DEFENDANT RESPONSE:** The City will designate a witness to testify as to whether any permit is required for amplified speech on a public way, and what CPD tells officers about permits.

**PLAINTIFFS' RESPONSE:**
Plaintiffs generally accept the City's proposed scope but the designee shall also address how the relevant permit requirements, including street-performer and amplification permits, have been communicated to officers and applied in practice, including any material changes or corrections to that guidance during the Relevant Period. Plaintiffs do not seek legal conclusions or testimony concerning unrelated commercial permitting requirements.

4. The content, purpose, effective dates, origin, implementation, revision history, reasons for material revisions, and persons or positions responsible for adopting, revising, approving, interpreting, communicating, or enforcing the City's policies, general orders, special orders, directives, bulletins, written instructions, and guidance during the Relevant Period concerning: First Amendment activity and public gatherings; free exercise of religion; public forums; amplified sound and noise complaints; preliminary investigation and evidentiary sufficiency; permits and licenses; ANOV issuance, correction, cancellation, prosecution, and hearings; field arrests, detention, and processing; property seizure, inventory, retention, and return; and supervisory review of enforcement actions involving public speech or gatherings.

**DEFENDANT OBJECTIONS:** The City objects to Matter No. 4 as overbroad, unduly burdensome, and not proportional to the needs of the case. The drafting history and reasons for

revisions of every City policy, order, directive, bulletin, instruction, and guidance document in ten subject areas over more than seven years, plus predecessor materials, are not relevant to the alleged unwritten practice Plaintiffs claim exists. Plaintiffs concede that no express policy is at issue. The City further objects to Matter No. 4 as overbroad and not proportional to the needs of the case to the extent it seeks testimony regarding ANOV "correction, cancellation, prosecution, and hearings"; and "property seizure, inventory, retention, and return." Plaintiffs do not assert any claim challenging the City's DOAH system, nor any claim challenging property seizure.

**DEFENDANT RESPONSE:** The City will designate a witness to identify the written CPD directives, orders, bulletins, and guidance relevant to (a) First Amendment activity and public gatherings; (b) the enforcement of § 8-32-070; (c) the issuance of ANOVs or custodial arrest for an ordinance violation; (d) establishing probable cause under the Fourth Amendment, and (e) supervisory review of enforcement actions.

**PLAINTIFFS' RESPONSE:**
Plaintiffs generally accept narrowing this matter to policies and guidance materially relevant to enforcement of the Amplification Ordinance against expressive activity on public ways, including but not limited to First Amendment activity and public gatherings. However, testimony should not be limited to identifying only written materials. The designee shall also address the substance, implementation, communication to officers, and material changes to relevant policies and guidance during the Relevant Period. Plaintiffs agree not to seek privileged legal advice, comprehensive drafting histories, or testimony concerning unrelated administrative or property-handling procedures.

5. The development, content, implementation, delivery, attendance, testing, evaluation, and remedial or corrective training during the Relevant Period provided to: the named Defendant officers; their supervisors; Sergeant Tomasz Zatora; CPD members assigned to or reasonably likely to respond to public-way amplified-sound complaints; and personnel responsible for reviewing such enforcement. This matter includes course content, learning objectives, scenarios, examinations or evaluations, attendance and completion records, material changes, identified deficiencies, and remedial or corrective instruction concerning First Amendment activity and public gatherings; free exercise of religion; public forums; amplified sound and noise complaints; interpretation and enforcement of the Amplification Ordinance; preliminary investigation and evidentiary sufficiency; permits and licenses; ANOV issuance and review; custodial arrests and detention; property seizure and return; supervisory review of enforcement actions; and interactions with individuals engaged in expressive activity on public ways.

**DEFENDANT OBJECTIONS:** The City objects to Matter No. 5 as overbroad, unduly burdensome, and not proportional to the needs of the case, and lacking the reasonable particularity required by Rule 30(b)(6). As drafted, the Matter asks the City to prepare a designee on eight categories of training, for five groups of personnel (encompassing essentially all CPD members), across twelve subject areas. The City objects to the subjects "permits and licenses," "ANOV review," and "custodial arrests and detention," to the extent they extend beyond enforcement of § 8-32-070 against persons using amplification on a public way, and to "property seizure and return," which is not relevant to Plaintiffs' claims.

The City further objects to the request for "identified deficiencies" as it presumes any deficiencies were identified and any "remedial or corrective" training was warranted. The City does not concede that any such deficiency existed. The terms "identified deficiencies" and "remedial or corrective training" are also vague and ambiguous.

The City objects to testimony regarding the "interpretation . . . of the Amplification Ordinance" for the reasons stated in its objections to Matter No. 2. The designee will testify regarding what CPD training materials state, not the legal meaning of the Ordinance. The City further objects to testimony regarding the "development" of training and "material changes" to it to the extent that testimony would disclose privileged communications, including legal advice from the Department of Law, or deliberative material.

**DEFENDANT RESPONSE:** The City will designate a witness to testify regarding the content of training provided to CPD members that is relevant to the enforcement of § 8-32-070 on the public way.

**PLAINTIFFS' RESPONSE:**
Plaintiffs agree to limit Matter No. 5 to training relevant to enforcement of the Amplification Ordinance against expressive activity on public ways, including applicable permit requirements, investigative standards, enforcement options, and supervisory review. However, Plaintiffs do not agree that testimony should be limited to the content of training materials. The designee shall testify concerning the delivery and implementation of such training, including which relevant personnel received it, material changes during the Relevant Period, and any identified deficiencies or corrective instruction. These matters are directly relevant to Plaintiffs' claim concerning an alleged widespread municipal practice and the City's knowledge of and response to potential enforcement deficiencies. Plaintiffs do not presume that any deficiencies existed but are entitled to discover whether any were identified and what corrective measures, if any, followed. Plaintiffs do not seek privileged communications, legal advice, or testimony concerning unrelated training subjects.

6. The City's policies, standards, procedures, and actual practices during the Relevant Period for supervising and reviewing public-way amplified-sound enforcement, including: the circumstances requiring a supervisor to respond to or approve an enforcement action; review of body-worn-camera recordings, reports, ANOVs, arrests, charges, and property inventories; the standards applied in reviewing compliance with the Amplification Ordinance and

constitutional-policing requirements; identification, documentation, and escalation of deficient investigations or recurring misinterpretations; and the persons, positions, or units responsible for such review and for initiating corrective action.

**DEFENDANT OBJECTIONS:** The City objects to Matter No. 6 as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it seeks testimony regarding review of specific enforcement actions, because how a particular supervisor responded to, approved, or reviewed a particular enforcement action is within that supervisor's personal knowledge and is reflected in the records of that action. Lieutenant Michael Petraski, the supervisor involved in the February 24, 2025 incident, is a party and is available to testify regarding his own conduct. The City further objects to Matter No. 6 as overbroad and not proportional to the needs of the case to the extent it seeks testimony regarding the review of "charges" and "property inventories." Plaintiffs do not assert any claim challenging the City's prosecution of ANOVs before DOAH or its handling of seized property. The City objects to the phrase "standards applied in reviewing compliance with . . .constitutional-policing requirements" as vague and as calling for a legal conclusion. Whether any enforcement action complied with the First or Fourth Amendment is a question of law. The designee will testify regarding the standards set out in CPD policies and procedures, not whether any enforcement action was lawful. Finally, the City also objects to Matter No. 6 to the extent it presumes that "deficient investigations or recurring misinterpretations" of the Ordinance occurred. The City does not concede that any such deficiency or misinterpretation existed. The City will construe that portion of the Matter to refer to the procedures by which supervisors document and escalate any deficiencies they identify in reviewing an enforcement action.

**DEFENDANT RESPONSE:** The City will designate a witness to testify regarding the policies and procedures governing supervisory response to, approval of, and review of ANOVs issued and custodial arrests made under § 8-32-070 for the use of amplification on a public way; the positions responsible for that review; and the means by which deficiencies identified in that review are documented or escalated.

**PLAINTIFFS' RESPONSE:**
Plaintiffs generally accept the City's proposed scope. However, the designee shall address not only written policies and procedures, but also the City's actual supervisory practices concerning enforcement of the Amplification Ordinance against expressive activity on public ways. This includes how supervisory review is conducted, how identified deficiencies or recurring misinterpretations are documented and communicated, and what procedures exist for initiating corrective action. Plaintiffs do not seek legal conclusions or testimony concerning individual officers' subjective reasoning, and do not presume that the City believes any deficiencies occurred. These matters are relevant to Plaintiffs' claim of widespread municipal practice and the City's knowledge of and response to potential enforcement deficiencies.

7. The criteria, policies, and actual practices during the Relevant Period for selecting among or escalating the following responses to a suspected Amplification Ordinance violation on a public way: no enforcement; an informal warning; a direction to reduce volume; relocation; a direction

to cease amplification; dispersal; an investigatory stop; issuance, correction, or cancellation of an ANOV; custodial arrest; ordinance or criminal charging; detention and pretrial processing; and seizure, inventory, retention, or return of sound equipment and related property. This matter includes required supervisory approval and the facts officers are expected to investigate and document for each response.

**DEFENDANT OBJECTIONS:** The City objects to Matter No. 7 as overbroad and not proportional to the needs of the case to the extent it seeks testimony regarding "detention and pretrial processing; and seizure, inventory, retention, or return of sound equipment and related property." Plaintiffs' complaint includes no claims challenging City policies regarding these matters. Further, the designee will not testify regarding the reasons individual officers selected a particular response in a given encounter. Those reasons are within the personal knowledge of the officers involved, and the Defendant Officers are parties who are available to testify about their own decisions.

**DEFENDANT RESPONSE:** The City will designate a witness to testify regarding the written policies, directives, and training that address the options available to CPD members in responding to a suspected violation of § 8-32-070 involving amplification on a public way, including warnings, directions to reduce volume, ANOV issuance, and custodial arrest; any written criteria for selecting among those options; any required supervisory approval; and the documentation required when an ANOV is issued or an arrest is made for such a violation.

**PLAINTIFFS' RESPONSE:**
Plaintiffs generally accept the City's proposed scope but the designee shall address both written policies and actual practices concerning the selection and escalation of enforcement responses to suspected Amplification Ordinance violations on public ways. This includes the circumstances under which officers are instructed or expected to consider warnings, volume reduction, relocation, ANOVs, or custodial arrest, and any applicable supervisory approval requirements. Plaintiffs do not seek testimony concerning individual officers' subjective reasoning or unrelated property-handling procedures.

8. All information known or reasonably available to the City concerning the December 10, 2024 response at East Madison Street and North Michigan Avenue, including: the originating call or request for service and OEMC Event No. 2434505532; information communicated to responding units; the roles of Officers Mario L. Jackson, Nico A. Sutor, Carlos R. Camey Sandoval, and other City personnel; the investigation performed or not performed concerning volume, distance, ambient noise, permits, or licenses; the detention and handcuffing of Brett

Raio; the handling of the speaker; the selection, preparation, and legal or administrative processing of charges under MCC Sections 8-4-055 and 2-84-300(a); the February 21, 2025 dismissal; any supervisory, administrative, or corrective review; and the nonprivileged factual basis for the City's present position concerning the response and charges.

**DEFENDANT OBJECTIONS:** The City objects to Matter No. 8 to the extent it seeks testimony regarding the observations, perceptions, or reasoning of the Defendant Officers, who are parties to this action. A designee's account of those matters would be both speculative and duplicative of the officers' own testimony. "A Rule 30(b)(6) representative is authorized to relay an organization's collective knowledge or viewpoint, but he or she cannot testify as to specific facts observed by an individual, even if that individual happens to be an employee of the organization." *Young v. Experian Info. Sols., Inc.*, No. 3:22 C 50222, 2026 WL 1346505, at *4 (N.D. Ill. May 14, 2026).

The City objects to the request for testimony regarding "the originating call or request for service and OEMC Event No. 2434505532; information communicated to responding units; the roles of Officers Mario L. Jackson, Nico A. Sutor, Carlos R. Camey Sandoval, and other City personnel; the investigation performed or not performed concerning volume, distance, ambient noise, permits, or licenses; the detention and handcuffing of Brett Raio; [and] the handling of the speaker" because those subjects are addressed by the City's document production, including audio and video recordings. The Court must limit discovery that "is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The City further objects to the request for testimony regarding "the selection, preparation, and legal or administrative processing of charges" and "the February 21, 2025 dismissal" because it seeks the mental impressions and decisions of the attorneys who prosecuted the ANOV on the City's behalf. The City also objects to the request for "the nonprivileged factual basis for the City's present position concerning the response and charges." "[A] party may not serve a Rule 30(b)(6) notice for the purpose of requiring the opposing party to marshal all of its factual proof and prepare a witness to be able to testify on a particular defense." *Gossar v. Soo Line R.R. Co., No. 3:09-cv-9-RLY-WGH, 2009 WL 3570335*, at *2 (S.D. Ind. Oct. 27, 2009) (cleaned up).

**DEFENDANT RESPONSE:** The City will not designate a witness on Matter No. 8.

**PLAINTIFFS' RESPONSE:**
While Plaintiffs agree that the individual officers are the appropriate witnesses concerning their firsthand observations and personal enforcement decisions, Plaintiffs do not agree that the availability of such testimony eliminates the City's obligation to address its institutional knowledge, review, and response to the December 10, 2024, incident. Plaintiffs are willing to forego a separate designation under Matter No. 8, provided the City confirms that its designee under Matter No. 19 will be prepared to testify concerning any supervisory or administrative review of the incident, including any resulting findings, corrective action, or decision not to

take action. Plaintiffs agree not to seek privileged prosecutorial communications or counsel's mental impressions.

9. All information known or reasonably available to the City concerning the February 24, 2025 response at East Madison Street and North Michigan Avenue, including: the originating 911 call and OEMC Event No. 2505506988; information communicated to responding units; the roles of Officers Michael P. Joyce and William E. Gatlin, Lieutenant Michael Petraski, and other City personnel; the investigation performed or not performed concerning volume, distance, ambient noise, permits, or licenses; the factual basis for the arrests and charges under MCC Section 8-32-070; the decision to use custodial arrest and pretrial processing rather than an ANOV, warning, or lesser response; the seizure, inventory, retention, and return or nonreturn of Plaintiffs' equipment; the length and conditions of detention; the disposition of the charges; any supervisory, administrative, or corrective review; and the nonprivileged factual basis for the City's present position concerning probable cause, arguable probable cause, and the propriety of the response.

**DEFENDANT OBJECTIONS:** The City objects to Matter No. 9 for the reasons stated in its objections to Matter No. 8, which apply equally here. The City objects to Matter No. 9 as overbroad and not proportional to the needs of the case to the extent it seeks testimony regarding "the seizure, inventory, retention, and return or nonreturn of Plaintiffs' equipment" and "the length and conditions of detention." Plaintiffs' complaint includes no claims challenging City policies regarding these matters.

**DEFENDANT RESPONSE:** The City will not designate a witness on Matter No. 9.

**PLAINTIFFS' RESPONSE:**
While Plaintiffs agree that the individual officers are the appropriate witnesses concerning their firsthand observations and personal enforcement decisions, Plaintiffs do not agree that the availability of such testimony eliminates the City's obligation to address its institutional knowledge, review, and response to the February 24, 2025, incident. Plaintiffs are willing to forego a separate designation under Matter No. 9, provided the City confirms that its designee under Matter No. 19 will be prepared to testify concerning any supervisory or administrative review of the incident, including any resulting findings, corrective action, or decision not to take action. Plaintiffs agree not to seek privileged prosecutorial communications or counsel's mental impressions.

10. OEMC policies and procedures actually applicable to Plaintiffs' Incidents and the City's handling of OEMC Event Nos. 2434505532 and 2505506988, including: call intake and questioning of callers; event classification and priority; recording and transmitting caller descriptions; dispatch and assignment of units; radio and PDT communications; unit-status entries; GPS information; event closure; quality assurance; retention and retrieval of records; prior or recurring complaints reflected in the event information; and how statements describing religious content, street preaching, or recurring speaker activity were recorded and conveyed to CPD personnel.

**DEFENDANT OBJECTIONS:** The City objects to Matter No. 10 as duplicative and unduly burdensome. The City is producing the 911 audio and OEMC records for both events, which are the best evidence of how those events were handled. The Office of Emergency Management and Communications is a separate department from CPD, and preparing an additional designee from that department to recite the content of those records would impose a burden disproportionate to any benefit. OEMC does not enforce the Ordinance and its only relevance to Plaintiffs' claims is the information provided to the officers about the incidents.

**DEFENDANT RESPONSE:** The City will not designate a witness on Matter No. 10.

**PLAINTIFFS' RESPONSE:**
Plaintiffs are willing to forego a separate designation under Matter No. 10, provided the City confirms that its designee under Matter No. 11 will be prepared to address the completeness of the relevant OEMC records, the meaning of applicable event classifications and codes, and how information from the originating calls was recorded and transmitted to responding officers.

11. The creation, operation, retention, preservation, retrieval, completeness, and authentication of City records concerning Plaintiffs' Incidents and the Acevedo Matter, including body-worn-camera recordings and associated audit logs, in-car-camera recordings, 911 audio, OEMC event and unit queries, radio and PDT communications, GPS data, reports, ANOVs, arrest and detention records, property and inventory records, and administrative or court disposition records. This matter includes whether the City-produced records are complete and the explanation for any missing, unavailable, overwritten, corrupted, or unproduced record.

**DEFENDANT RESPONSE:** The City will designate a witness to testify regarding the systems in which the City creates and maintains the categories of records, to the extent they exist, listed

in Matter No. 11. The City will also confer with Plaintiffs regarding a stipulation establishing the authenticity of City-produced records concerning Plaintiffs' Incidents.

**PLAINTIFFS' RESPONSE:**
Plaintiffs generally accept the City's proposed scope and appreciate its willingness to stipulate to the authenticity of relevant City records. The designee shall also address the completeness of the records produced concerning Plaintiffs' incidents and the Acevedo matter, including any known missing, unavailable, or unproduced records. Consistent with Plaintiffs' proposed resolution of Matter No. 10, the designee should also be prepared to explain relevant OEMC event classifications and codes, and how information from the originating calls was recorded and transmitted to responding officers.

12. The City's systems and practices during the Relevant Period for issuing, coding, recording, reviewing, amending, cancelling, prosecuting, resolving, and tracking ANOVs under MCC Section 8-32-070, including: the roles of CPD, City prosecuting personnel, and DOAH; the data fields and records maintained; identification of matters involving public-way or portable amplification; dispositions including nonsuit, not liable, default, plea, set-aside, dismissal, or amendment to another charge; reasons known to the City for nonsuits, dismissals, corrections, or failures of proof; and the use of outcomes to train, supervise, review, or correct personnel.

**DEFENDANT OBJECTIONS:** The City objects to Matter No. 12 as irrelevant and unduly burdensome. The City's prosecution of ANOVs is not relevant to any of Plaintiffs' claims. The City further objects to the request for testimony regarding "reasons known to the City for nonsuits, dismissals, corrections, or failures of proof" because it would require a review of individual hearing files across the entire Relevant Period, and because the reasons for such outcomes frequently reflect the mental impressions of the attorneys prosecuting ANOVs on the City's behalf. The request regarding "the use of outcomes to train, supervise, review, or correct personnel" duplicates Matter No. 19.

**DEFENDANT RESPONSE:** The City will not designate a witness on Matter No. 12.

**PLAINTIFFS' RESPONSE:**
Plaintiffs disagree that Matter No. 12 is irrelevant to their surviving claims. The City's systems for tracking amplification-related ANOVs and their dispositions are relevant to Plaintiffs' claim concerning an alleged widespread municipal practice, including whether recurring enforcement issues were identifiable to City personnel. Plaintiffs, however, are willing to narrow this matter significantly to the City's systems for recording, coding, tracking, and retrieving ANOVs issued under MCC § 8-32-070; the meaning of relevant disposition codes; and any procedures for communicating such outcomes to CPD supervisory or training personnel. Plaintiffs do not seek testimony concerning individual prosecutors' mental impressions or the reasons for every dismissal or disposition, and agree that specific corrective actions may be addressed under Matter No. 19.

13. Enforcement of MCC Section 8-32-070 during the Relevant Period, to the extent reflected in or identifiable through the City's record systems, including aggregate data, analyses, reports, summaries, databases, and information sufficient to identify the responsive population. This matter includes the number and geographic distribution of ANOVs, arrests, and other charges; the conduct reported; the type and location of the amplification involved; the investigation performed and evidence documented; whether distance, conversational level, ambient noise, permits, or licenses were considered; warnings or other lesser enforcement responses; the identity, assignment, and unit of involved personnel; the disposition of the matter; and whether the records and data produced by the City constitute the complete responsive population maintained or reasonably retrievable by the City.

**DEFENDANT OBJECTIONS:** The City objects to Matter No. 13 to the extent it asks a designee to testify regarding "the conduct reported," "the investigation performed and evidence documented," whether particular factors "were considered," and "the identity, assignment, and unit of involved personnel" for each enforcement action over more than seven years. That information can be obtained only by reviewing individual incident files, is not a proper subject of testimony, and is more reliably and efficiently provided, to the extent it is discoverable, in documentary form.

**DEFENDANT RESPONSE:** The City will designate a witness to testify regarding any reports, analyses, or summaries of § 8-32-070 enforcement that were prepared by the City in the ordinary course of business.

**PLAINTIFFS' RESPONSE:**
Plaintiffs agree that the designee need not reconstruct the factual circumstances of every individual enforcement action. However, testimony limited to preexisting reports and summaries is insufficient. The City's enforcement records are relevant to Plaintiffs' claim concerning an alleged widespread municipal practice. The designee shall also address the City's relevant enforcement databases, available data fields and codes, methods for identifying and retrieving enforcement actions under MCC § 8-32-070, aggregate information reasonably available from those systems, and the completeness and limitations of the City's production. Plaintiffs do not seek to require the City to undertake a new, exhaustive review of individual incident files.

14. The City's knowledge and handling of the following Public-Way Amplification Matters reflected in its production: the Andrew Johnston matters beginning approximately in July 2019;

the Eugene Quack or Kwak and Ajamu Lawrence matters at or near 410 N. Michigan Avenue; the Ivan Lupa, Eugene Clay or Kwau, and Linford Vaughn matters; and other public-way amplification matters identified in or reflected by the City's production involving portable amplification on a public way that resulted in a warning, ANOV, arrest, charge, nonsuit, dismissal, not-liable finding, or other disposition. This matter includes the conduct reported, evidence gathered, officer interpretation, enforcement response, disposition, and City review or corrective action.

**DEFENDANT OBJECTIONS:** The City objects to testimony regarding "officer interpretation" because an officer's understanding in a particular encounter is within that officer's personal knowledge. The City further objects that information regarding these enforcement actions can also be obtained only by reviewing individual incident files, is not a proper subject of oral testimony, and is more reliably and efficiently provided, to the extent it is discoverable, in documentary form.

**DEFENDANT RESPONSE:** The City will not designate a witness on Matter No. 14. The City will provide documentary evidence in its possession relevant to the listed matters.

**PLAINTIFFS' RESPONSE:**
The City's knowledge and handling of these Public-Way Amplification Matters are relevant to Plaintiffs' claim concerning an alleged widespread municipal practice. Plaintiffs are willing to narrow Matter No. 14 to the City's documented knowledge, review, and institutional handling of the specifically identified enforcement matters, including any identified recurring enforcement issues and resulting corrective action. Plaintiffs agree that the designee need not reconstruct individual officers' firsthand observations or subjective reasoning concerning each identified enforcement matter. However, the production of individual incident records does not substitute for testimony concerning the City's institutional knowledge and response.

15. Complaints, service requests, 911 calls, CAD or OEMC events, dispatches, and CPD responses during the Relevant Period involving portable amplification on a public way that did not result in an ANOV, arrest, or charge, to the extent reflected in or identifiable through the City's record systems. This matter includes the records, databases, data fields, coding practices, reports, summaries, and other information the City maintains concerning such responses; the criteria and methods used to identify, classify, search for, retrieve, or code such matters; the response and investigation undertaken; the reasons reflected in the City's records for the absence of

formal enforcement; and the City's ability to identify, quantify, or retrieve materially comparable non-enforcement matters from its records systems.

**DEFENDANT OBJECTIONS:** The City objects to Matter No. 15 because it is not relevant to any surviving claim or defense and is not proportional to the needs of the case. The Matter seeks testimony about every complaint, service request, 911 call, event, dispatch, and CPD response involving amplification on any public way in the City over more than seven years that did not result in enforcement. Its evident purpose is to develop comparative evidence that other speakers were not cited or arrested, which is the selective-enforcement and equal protection theory the Court dismissed because Plaintiffs had not alleged any similarly situated speaker who was treated differently.

**DEFENDANT RESPONSE:** The City will not designate a witness on Matter No. 15.

**PLAINTIFFS' RESPONSE:**
Plaintiffs disagree that Matter No. 15 is relevant only to their dismissed claims. Evidence concerning how the City handles amplified-sound complaints without formal enforcement remains relevant to Plaintiffs' surviving claims, including their claim concerning an alleged widespread municipal practice. Plaintiffs do not seek testimony reconstructing every non-enforcement encounter. Instead, Plaintiffs are willing to narrow this matter to the City's recordkeeping systems, methods for identifying and retrieving public-way amplification complaints resolved without an ANOV or arrest, and any existing or reasonably available aggregate information concerning such responses. Plaintiffs seek this information to understand the City's recorded enforcement practices and to determine whether its existing systems permit identification of materially comparable encounters.

16. The City's policies, instructions, criteria, communications, data, and actual practices during the Relevant Period concerning enforcement involving amplified religious speech, street preaching, singing, musical performance, political or other expressive activity, and commercial promotion on public ways, including similarities or differences in the investigation, permit demands, warnings, ANOVs, arrests, seizures, and dispositions applied to those categories when the message or activity was known to City personnel.

**DEFENDANT OBJECTIONS:** The City objects to Matter No. 16 as not relevant to any surviving claim or defense and not proportional to the needs of the case to the extent it seeks testimony regarding "similarities or differences" in the enforcement actions applied to religious speech, street preaching, singing, musical performance, political or other expressive activity, and commercial promotion. That portion of the Matter seeks comparative enforcement evidence to show that speakers in other categories were treated differently than Plaintiffs. That is the selective-enforcement and equal protection theory the Court dismissed because Plaintiffs had not alleged any similarly situated speaker who was treated differently.

The City further objects to Matter No. 16 as overbroad and unduly burdensome to the extent it seeks testimony regarding the "data" and "actual practices" of enforcement against every category of expressive and commercial activity on every public way in the City over more than seven years. The City does not classify enforcement actions by the content of the speech involved. Testimony comparing enforcement across those categories could be prepared only by reviewing individual incident files. It is not a proper subject of oral testimony and is more reliably and efficiently provided, to the extent it is discoverable, in documentary form. See Fed. R. Civ. P. 26(b)(2)(C)(i).

The City objects to the phrase "when the message or activity was known to City personnel" because it calls for the knowledge and state of mind of individual officers in particular encounters. That knowledge is within the personal knowledge of those officers, and a designee could address it only by speculating. The Defendant Officers are parties and are available to testify regarding their own knowledge of Plaintiffs' speech.

The City objects to Matter No. 16 as overbroad and not proportional to the needs of the case to the extent it seeks testimony regarding "seizures" and "dispositions." Plaintiffs do not assert any claim challenging the City's handling of seized property or the City's prosecution of ANOVs before DOAH. The City further objects to the request for testimony regarding "communications" as unduly burdensome and duplicative of the City's document production.

**DEFENDANT RESPONSE:** The City will designate a witness to testify regarding whether any written City policy, directive, bulletin, training material, or other guidance instructs or permits CPD members to treat amplified speech on a public way differently based on its content, including whether it is religious, or on the speaker's status as a street preacher.

**PLAINTIFFS' RESPONSE:**
Plaintiffs disagree that Matter No. 16 is relevant only to their dismissed claims. Evidence concerning differences in the City's enforcement of the Amplification Ordinance against various forms of expressive activity remains relevant to Plaintiffs' surviving claims, including their claim concerning an alleged unwritten municipal practice. Plaintiffs agree that the designee need not reconstruct every enforcement incident or speculate about individual officers' subjective knowledge or motivations. However, testimony limited to written policies and guidance is insufficient. The designee shall also address the City's known operational practices, documented differences in enforcement involving amplified religious and other expressive activities, and any relevant supervisory guidance or communications concerning such differences, to the extent known or reasonably available to the City.

17. All information known or reasonably available to the City concerning the Acevedo Matter, including: the originating call or request for service; information available to responding officers; Sergeant Tomasz Zatora's interpretation and application of the Amplification Ordinance and any permit requirement; the investigation of volume and distance; the arrest, charges, seizure and handling of equipment, detention, prosecution, and disposition; policies,

training, and supervision applicable to Zatora; any City review, complaint, remedial action, or knowledge derived from the incident or its adjudication; and nonprivileged facts concerning similarities or differences between the Acevedo Matter and Plaintiffs' Incidents.

**DEFENDANT OBJECTIONS:** The City objects to Matter No. 17 for the reasons stated in its objections to Matter No. 8, which apply equally here. The City will produce documents concerning the March 30, 2024 encounter, namely the call for service and the enforcement action taken. Sergeant Tomasz Zatora is available to testify regarding his own interpretation and application of the Amplification Ordinance and any permit requirement.

**DEFENDANT RESPONSE:** The City will not designate a witness on Matter No. 17.

**PLAINTIFFS' RESPONSE:**
While Plaintiffs agree that Sergeant Zatora is the appropriate witness concerning his firsthand observations and personal enforcement decisions, Plaintiffs do not agree that his testimony eliminates the City's obligation to address its institutional knowledge, review, and response to the Acevedo matter. Plaintiffs are willing to forego a separate designation under Matter No. 17, provided the City confirms that its designee under Matter No. 19 will be prepared to testify concerning any supervisory or administrative review of the Acevedo matter, including any resulting findings, corrective action, or decision not to take action.

18. The City's receipt, identification, aggregation, investigation, disposition, and use during the Relevant Period of complaints, administrative outcomes, lawsuits, judicial rulings, supervisory reports, audits, or other information alleging or indicating that City personnel: misinterpreted or improperly enforced an amplified-sound or noise ordinance against expressive or religious activity; required a nonexistent or inapplicable permit; failed to assess the required distance or sound standard; used arrest, detention, or seizure without a sufficient factual basis; or otherwise interfered with protected public speech. This matter includes what responsible City personnel learned, when they learned it, and how the information was communicated and used.

**DEFENDANT OBJECTIONS:** The City objects to Matter No. 18 as overbroad, unduly burdensome, and not proportional to the needs of the case. The request for testimony regarding complaints and allegations that City personnel "used arrest, detention, or seizure without a sufficient factual basis; or otherwise interfered with protected public speech" would encompass wide-ranging and irrelevant material that is vastly out of proportion to the need for discovery in this case. The Matter is also overbroad to the extent it requests information about the enforcement of ordinances other than MCC § 8-32-070. Further, the factual subjects the Matter describes, including those found in "complaints, administrative outcomes, lawsuits, judicial

rulings, supervisory reports, audits, or other information," will be addressed by the City's document production and are therefore duplicative.

**DEFENDANT RESPONSE:** The City will designate a witness to testify regarding (a) the City systems used to receive, log, and classify complaints against CPD members, and whether those systems permit identification of complaints concerning enforcement of § 8-32-070 or amplified speech on a public way; and (b) the number and disposition of complaints, identified by log number, alleging improper enforcement of § 8-32-070 against persons using amplification on a public way, to the extent identifiable.

**PLAINTIFFS' RESPONSE:**
Plaintiffs agree to limit Matter No. 18 to complaints, administrative outcomes, lawsuits, and other information materially concerning the enforcement of the Amplification Ordinance against expressive activity on public ways. However, the City's proposed testimony concerning complaint systems, numbers, and dispositions does not adequately address the City's institutional knowledge of potential recurring enforcement deficiencies. The designee also shall address how relevant complaints, findings, and other information were communicated to responsible supervisory or training personnel, what those personnel learned and when, and how the City evaluated or used that information. These matters are directly relevant to Plaintiffs' claim concerning an alleged widespread municipal practice and cannot be resolved merely by producing the underlying documents.

19. Any supervisory review, investigation, counseling, discipline, policy change, training change, remedial instruction, audit, or corrective action taken, considered, rejected, or not taken in response to: Plaintiffs' Incidents; the Acevedo Matter; complaints or lawsuits concerning similar enforcement; ANOV dismissals, nonsuits, or not-liable findings; or identified recurring officer interpretations concerning amplification, permits, distance, conversational level, religious activity, arrest, or property seizure. This matter includes the nonprivileged reasons for the City's action or inaction.

**DEFENDANT OBJECTIONS:** The City objects to Matter No. 19 as overbroad, unduly burdensome, and not proportional to the needs of the case because it covers subjects that are irrelevant to Plaintiffs' remaining claims, including "[a]ny supervisory review, investigation, counseling, discipline, policy change, training change, remedial instruction, audit, or corrective action" not related to Plaintiffs' Incidents.

**DEFENDANT RESPONSE:** The City will designate a witness to testify regarding any documented supervisory review, complaint investigation, discipline, counseling, policy change, training change, or other corrective action taken in response to Plaintiffs' Incidents, through the date of the deposition.

**PLAINTIFF'S RESPONSE:**
Plaintiffs disagree with limiting Matter No. 19 to their two incidents. Plaintiffs' surviving *Monell* claim concerns an alleged widespread municipal practice, making the City's institutional response to materially similar enforcement matters directly relevant. Plaintiffs are willing to narrow this matter to Plaintiffs' December 10, 2024, and February 24, 2025, incidents; the Acevedo matter; specifically identified comparator incidents; and documented complaints or reviews concerning recurring interpretations or enforcement of the Amplification Ordinance. The designee should address whether supervisory or administrative review occurred, any resulting findings, corrective measures taken or considered, and decisions not to take corrective action, including the nonprivileged reasons for those decisions. Where no review or corrective action occurred, the designee should be prepared to confirm that fact based on information reasonably available to the City. This testimony is particularly relevant because Plaintiffs' willingness to forego separate designations under Matters Nos. 8, 9, and 17 is expressly conditioned on the City providing meaningful institutional testimony under Matter No. 19.

20. The City's policies, criteria, recordkeeping, and actual practices during the Relevant Period for seizing, inventorying, storing, retaining, releasing, returning, forfeiting, or disposing of speakers, microphones, stands, cameras, telephones, and other property associated with an amplification-related ANOV, arrest, or charge, including the handling and current status of property taken during the February 24, 2025 incident and the Acevedo Matter.

**DEFENDANT OBJECTIONS:** The City objects to Matter No. 20 as not relevant and not proportional to the needs of the case. None of Plaintiffs' surviving claims challenges the City's policies or practices for handling seized property, and the Matter extends to property taken in connection with every amplification-related enforcement action.

**DEFENDANT RESPONSE:** The City will not designate a witness on Matter No. 20.

**PLAINTIFFS' RESPONSE:**
Plaintiffs are willing to forego a separate designation under Matter No. 20, without conceding that the seizure, retention, or return of equipment in connection with Plaintiffs' incidents or the Acevedo matter is irrelevant or otherwise undiscoverable. Plaintiffs reserve their ability to examine individual witnesses concerning those matters and to rely on relevant City records.

21. The nonprivileged factual basis known to the City concerning Plaintiffs' allegation that the City maintained, tolerated, or failed to correct an unwritten widespread custom or practice of enforcing the Amplification Ordinance against street preachers or amplified religious speakers without evidence satisfying the ordinance. This matter includes: the frequency and geographic distribution of relevant enforcement; recurring officer statements or interpretations that

amplification itself is prohibited, that a permit is always required, or that a sound assessment at 100 feet is unnecessary; similarities and differences among Plaintiffs' Incidents, the Acevedo Matter, identified comparators, and other Public-Way Amplification Matters; City data, analyses, audits, or reviews; facts supporting any City position that the incidents were isolated; and actions taken to prevent recurrence.

**DEFENDANT OBJECTIONS:** The City objects to Matter No. 21. Selecting and organizing the evidence bearing on a party's contentions necessarily reflects counsel's mental impressions. The factual subjects the Matter describes, including enforcement data, will be addressed by the City's document production.

**DEFENDANT RESPONSE:** The City will not designate a witness on Matter No. 21.

**PLAINTIFFS' RESPONSE:**
Plaintiffs do not seek counsel's mental impressions, litigation strategy, or selection of evidence supporting the City's defenses. However, the City's nonprivileged institutional knowledge concerning recurring enforcement practices, relevant enforcement data, and its response to identified deficiencies remains discoverable under Rule 30(b)(6). Plaintiffs are willing to forego a separate designation under Matter No. 21, provided the City confirms that its designees under Matters Nos. 13, 14, 16, 18, and 19 will be prepared to address these underlying institutional facts consistent with Plaintiffs' proposed limitations and clarifications to those matters.

22. The nonprivileged facts known or reasonably available to the City relating to: whether any challenged action was motivated by Plaintiffs' protected speech or religious exercise; whether the Amplification Ordinance was enforced neutrally and generally applicable in actual practice; and whether the City's actions substantially burdened Plaintiffs' religious exercise. This matter excludes counsel's legal analysis, mental impressions, and privileged communications.

**DEFENDANT OBJECTIONS:** The City objects to Matter No. 22 because it seeks legal conclusions on the ultimate issues in the case. Whether a challenged action was motivated by Plaintiffs' speech or religious exercise concerns the state of mind of the individual officers, who are parties and can testify about their own motivations. Whether the ordinance was enforced neutrally and whether Plaintiffs' religious exercise was substantially burdened are legal questions. The facts concerning Plaintiffs' Incidents will be addressed by the City's document production and the testimony of the Defendant Officers.

**DEFENDANT RESPONSE:** The City will not designate a witness on Matter No. 22.

**PLAINTIFFS' RESPONSE:**
Plaintiffs are willing to forego a separate designation under Matter No. 22, provided the City confirms that its designees under Matters Nos. 2, 3, 16, 23, and 24 will address the relevant nonprivileged facts concerning the City's operational practices, enforcement standards, and treatment of amplified religious expression, consistent with Plaintiffs' proposed limitations and clarifications to those matters.

23. The nonprivileged facts, complaints, studies, analyses, audits, reports, data, operational experience, and other information known or reasonably available to the City concerning the governmental interests served by applying the Amplification Ordinance to amplified speech on public sidewalks and other public ways, including interests concerning sound levels, pedestrian or vehicular access, public safety, disruption, complaints, or competing uses of public space; the means by which the City evaluates or measures those interests; and the enforcement alternatives available, considered, used, recommended, or rejected to address those interests, including warnings, requests for volume reduction, relocation, verification at 100 feet, ANOVs, or other measures short of custodial arrest, detention, seizure, or complete cessation of amplification.

**DEFENDANT RESPONSE:** The City will designate a witness to testify regarding the governmental interests served by regulating amplified sound on public ways, including at and near the intersection of East Madison Street and North Michigan Avenue; the nature and volume of amplified-sound complaints in that area, to the extent identifiable; pedestrian, traffic, and public-safety considerations associated with amplified sound in that area; and the enforcement options available to CPD members.

**PLAINTIFFS' RESPONSE:**
Plaintiffs generally accept the City's proposed scope but clarifies that the designee will address not only the governmental interests served by regulating amplified sound and the enforcement options available to officers, but also the nonprivileged factual basis for those interests, including any relevant complaints, studies, analyses, data, or operational experience reasonably available to the City. The designee shall also testify concerning how the City evaluates those interests and whether alternatives such as warnings, volume reduction, relocation, verification of sound levels at 100 feet, or ANOVs have been considered, recommended, or used in practice. Plaintiffs do not seek legal conclusions concerning constitutional scrutiny or speculation about hypothetical enforcement decisions.

24. The City's current policies, instructions, training, and actual practices concerning public-way voice amplification and enforcement of MCC Section 8-32-070, including: current safeguards

against enforcement based solely on the use of amplification, the absence of a permit, religious content, or an assessment that does not apply the ordinance's distance and conversational-level standards; and the nonprivileged facts known or reasonably available to the City concerning how Plaintiffs' intended future amplified street preaching at or near Millennium Park would be handled under current practice.

**DEFENDANT OBJECTIONS:** The City objects to Matter No. 24 insofar as it asks the City to speculate "how Plaintiffs' intended future amplified street preaching at or near Millennium Park would be handled under current practice." This requires knowledge of predicate facts about Plaintiffs' future behavior that are unknown. Further, Plaintiffs are legally required to familiarize themselves with and comply with all applicable City ordinances and other laws, regardless of whether enforcement action is taken.

**DEFENDANT RESPONSE:** The City will designate a witness to testify regarding the written policies, directives, bulletins, and training currently in effect concerning enforcement of § 8-32-070 against persons using amplification on a public way, including any guidance concerning the measurement of sound, the 100-foot standard, permits, and the enforcement options available, and any changes to those materials since December 10, 2024.

**PLAINTIFFS' RESPONSE:**
Testimony limited to current written policies and training materials is insufficient. The designee shall also address the City's current operational practices concerning enforcement of the Amplification Ordinance against expressive activity on public ways, including how officers are instructed or expected to apply the ordinance's 100-foot and conversational-level standards, permit requirements, and available enforcement options. This includes any current safeguards against enforcement based solely on amplification, the absence of a permit, or religious content. The designee shall also testify concerning material changes to these practices since Plaintiffs' incidents. These matters are relevant to Plaintiffs' allegation of an unwritten municipal practice and their request for prospective relief. Plaintiffs agree that the designee need not speculate about how individual officers would respond to hypothetical future encounters involving Plaintiffs.

25. Nonprivileged internal and external Communications during the Relevant Period that conveyed, adopted, revised, implemented, or explained Citywide interpretations, instructions, training, supervisory guidance, or corrective action concerning the Amplification Ordinance or amplified expressive activity on public ways. This matter includes the senders, recipients, dates, subjects, information communicated, decisions or instructions conveyed, and actions taken as a result.

**DEFENDANT OBJECTIONS:** The City objects to Matter No. 25 as overbroad, unduly burdensome, and not proportional to the needs of the case because “external” communications regarding the Ordinance are not relevant to Plaintiffs’ surviving claims, which only concern the actions and policies of the Defendant Officers and CPD.

**DEFENDANT RESPONSE:** The City will designate a witness to testify regarding the formal, nonprivileged, means by which CPD communicated guidance concerning § 8-32-070 to its members, such as directives, bulletins, and roll-call training.

**PLAINTIFFS’ RESPONSE:**
Plaintiffs agree to limit Matter No. 25 to material, nonprivileged communications conveying, implementing, revising, or correcting Citywide interpretations or instructions concerning enforcement of the Amplification Ordinance against expressive activity on public ways. However, testimony limited to formal methods of communicating guidance is insufficient. The designee shall also address the substance of relevant guidance, including informal supervisory instructions and communications with other City departments that materially informed CPD enforcement practices. Plaintiffs do not seek testimony reconstructing every individual communication or concerning privileged legal advice. Rather, the designee shall testify concerning the guidance actually communicated, material changes to that guidance, and resulting operational actions. These matters are relevant to Plaintiffs' claim concerning an alleged unwritten municipal practice.

26. The City’s nonprivileged preservation, collection, search, review, and production of emails and other electronically stored information responsive to Plaintiffs’ discovery requests, including: the custodians and data sources searched; the date ranges and the parties’ agreed search terms applied; whether any agreed custodians, sources, date ranges, or search terms were modified, omitted, or limited in implementation; the status and completion date of the City’s rolling production; quality-control or validation measures used to confirm that the agreed searches were implemented; known gaps, inaccessible sources, deleted information, or failed searches; and the factual information concerning the implementation of searches and collections. This matter does not seek attorney-client communications, counsel’s mental impressions, legal advice, or the reasons underlying the parties’ selection of the agreed search terms.

**DEFENDANT OBJECTIONS:** The City’s collection, search, review, and production of documents in this litigation is conducted by and at the direction of counsel, is not relevant to any party’s claim or defense, and implicates the work-product doctrine.

**DEFENDANT RESPONSE:** The City will not designate a witness on Matter No. 26. The City’s counsel will provide Plaintiffs’ counsel with a written description of the custodians and

data sources searched, the date ranges and search terms applied, and the status of the City’s production, and will confer regarding any specific concern Plaintiffs identify.

**PLAINTIFFS’ RESPONSE:**

Plaintiffs are willing to forego a separate designation under Matter No. 26, provided the City supplies the proposed written description of its ESI collection and searches. The description shall identify the custodians, data sources, date ranges, and search terms actually used; any material deviations from the parties' agreed search parameters; the status and anticipated completion of the City's rolling production; and any known material gaps or limitations affecting the completeness of responsive records. Plaintiffs do not seek privileged communications, counsel's mental impressions, or litigation strategy. Plaintiffs reserve the right to confer regarding any identified deficiencies and, if necessary, seek appropriate additional discovery concerning the completeness of the City's production.

**CERTIFICATE OF SERVICE**

I certify that on October 16, 2026, I caused the foregoing Responses to Defendant's Objections to Plaintiffs' Notice of Rule 30(b)(6) Deposition of Defendant City of Chicago to be served by electronic mail upon counsel for Defendant at the email addresses identified in the Notice.

*/s/ Liam R. Harrell*
Liam R. Harrell

# Exhibit Q

**Subject:** Re: Raio v City of Chicago, et al - 25 C 02709
**Date:** Friday, October 16, 2026 at 3:33:22 PM Eastern Daylight Time
**From:** Lindsey Bachman
**To:** Ellen McLaughlin, Tracy Turner, Wendy Bohan, Christy Compagnone, Ben Sisney, Geoffrey Surtees, Nathan Moelker, Liam Harrell, Garrett Taylor
**CC:** Eric.Seeleman, Hannah Pitcher, Hannah.Gelbort, Ryan Sun, Nura Zaki
**Attachments:** image001.jpg, image002.jpg, image.png, Raio 10.16.26 - Plaintiffs Responses to Defendant's Objections to 30(b)6 Notice.pdf, Raio v. Chicago - 10.16.26 2nd Supplemental Responses to Defs. RFPs Final.pdf

Dear Ellen and Eric,

Please see attached Plaintiffs' Second Supplemental Discovery Responses, which include the remainder of our clients' outstanding native files. The files are available at 2 links here: (1) Supplemental Production 10.16.26; (2) posts. Please let us know if you encounter any issues accessing or downloading them. With this production, we believe we have completed the entirety of our outstanding native-file production obligations.

Also attached are Plaintiffs' Responses to the City's Objections and Responses to our Rule 30(b)(6) Notice of Deposition. We have made several significant concessions in an effort to reasonably narrow the disputed topics and facilitate the depositions. To the extent any disputes remain, we are available to meet and confer early next week. We would like to resolve any remaining disagreements promptly and, if necessary, seek the Court's assistance by the end of next week. Please let us know by October 21 which topics, if any, remain in dispute and provide available dates for the City's Rule 30(b)(6) witness(es) before the December 1 discovery cutoff.

After conferring with our clients, they are available for depositions on the following dates:

- Perez Ndi – November 4
- Reetik Dhamala – November 10
- Brett Raio – November 11 or 12

We recognize that November 11 is Veterans Day, but given the approaching discovery deadline, we are willing to proceed with depositions that day. We also intend to proceed with Officer Sutor's deposition on November 12 and are agreeable to conducting multiple depositions that day if the City does not depose Mr. Raio on November 11. Please confirm the City's preferred dates for Plaintiffs' depositions.

Please also provide available deposition dates for the remaining Defendant Officers to be deposed before our December 1 deadline.

With respect to the City's outstanding discovery production, your last email indicated that the individual officers' emails would be produced as early as this week. As we have previously explained, we need a reasonable opportunity to review *all* responsive materials

before conducting the affected depositions. If we do not receive all outstanding written discovery by October 23, 2026, we will have no choice but to move to compel discovery.

Finally, we understand that the City intends to seek bifurcation and a stay of Monell discovery. Plaintiffs continue to oppose that proposal, and no motion has been filed or stay entered. Accordingly, we intend to proceed with all remaining discovery, including Officer Zatora's deposition and the City's Rule 30(b)(6) deposition(s), under the existing schedule. Please provide dates for Officer Zatora before December 1 as well. For that reason, we must insist on the completion of all written discovery, including that related to *Monell*, in order to be able to proceed with depositions within the Court's schedule.

We remain willing to work cooperatively to complete discovery within the current schedule and narrow any remaining disputes. We look forward to receiving the requested deposition dates and production timetable.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002

ACLJ

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Sent:** Friday, October 9, 2026 6:44 PM
**To:** Lindsey Bachman <lbachman@aclj.org>; Tracy Turner <tturner@aclj.org>; Wendy Bohan <Wendy.Bohan@cityofchicago.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Liam Harrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc:** Eric.Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher

<Hannah.Pitcher@cityofchicago.org>; Hannah Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan Sun <Ryan.Sun@cityofchicago.org>; Nura Zaki <Nura.Zaki@cityofchicago.org>
**Subject:** RE: Raio v City of Chicago, et al - 25 C 02709

Dear Lindsey and ACLJ Team,

Thank you for your email. We write to respond and to confirm what we agreed to during our October 8 video conference.

**Depositions.** Plaintiffs are cancelling their notices for non-party Officer Zatora and all Defendant Officers except Defendant Sutor, whose deposition remains set for November 12. Defendants are cancelling their notices for Plaintiffs while Plaintiffs complete their production. The parties will work to reschedule the Defendant Officers' depositions for the weeks of November 9 and November 16, and Plaintiffs' depositions for the week of November 16. Please note that we believe that Defendant Jackson will be on furlough and is not expected to be available until mid-December.

**Defendants' production.** We disagree with your characterization of the Court's order. Dkt. 70 required the parties to meet and confer and directed Defendants to specify their objections and identify any issues by August 18, 2026. It did not order Defendants to produce specific materials by any date certain. Defendants have complied. The parties met and conferred, Defendants clarified their objections, and Defendants have since produced additional documents. We anticipate a further production, including the Defendant Officers' emails, as early as next week. We expect that production to complete written discovery on the individual claims.

**Bifurcation.** We understand Plaintiffs oppose bifurcation. Because the Monell claims depend on first establishing an underlying constitutional violation, we believe staying Monell discovery is the most efficient path. It would likely narrow or eliminate the remaining Monell discovery, including the Rule 30(b)(6) depositions and Officer Zatora's deposition. We will send a draft motion for your review and will include your position as the Court requires.

**Plaintiffs' production.** Thank you for the text messages produced to date. On our call, you anticipated producing all of Plaintiffs' communications by October 30. We will look for a production by that date and will include responsive communications from all platforms (texts, Meta, email, and any other messaging apps).

**Schedule.** With production outstanding and Defendant Jackson unavailable until mid-December, the December 1 deadline is likely unworkable. We will be willing to confer on a joint proposal for a modest extension.

**Settlement.** Defendants have considered Plaintiffs' demand and are unable to accept it or

make a counteroffer at this time, but we are open to revisiting the possibility of settlement as the case proceeds.

Sincerely,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

---

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Friday, October 9, 2026 10:18 AM
**To:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Tracy Turner <tturner@aclj.org>; Wendy Bohan <Wendy.Bohan@cityofchicago.org>; ccompagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; gsurtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; lharrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Hannah Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan Sun <Ryan.Sun@cityofchicago.org>; Nura Zaki <Nura.Zaki@cityofchicago.org>
**Subject:** Re: Raio v City of Chicago, et al - 25 C 02709

[Warning: External email]

Ellen,

Thank you for meeting with us yesterday. We wanted to follow up on several issues discussed during our meeting, particularly the City's outstanding discovery obligations and their impact on the remaining schedule.

First, with respect to the City’s proposed bifurcation, which was raised for the first time during our conference yesterday, we have discussed the matter internally and do not agree that bifurcation of the Monell claims is appropriate. Plaintiffs' claims arise from a common nucleus of operative fact, and separating them at this stage would create unnecessary duplication, increase litigation costs, and further delay resolution of this matter. More fundamentally, we do not believe that the City's continued inability to complete its discovery production provides a justification for restructuring the litigation.

Our principal concern remains Defendants' longstanding failure to complete discovery responses that the Court has already ordered them to produce. Months have passed since the Court directed Defendants to fulfill their discovery obligations, yet substantial responsive materials remain outstanding. The Court has already addressed these obligations, and Defendants have had considerable time to comply.

As we discussed, the continued absence of this discovery has already necessitated postponement of the individual officer depositions scheduled to begin October 15. Plaintiffs are entitled to review the relevant discovery before conducting those depositions so that the examinations can proceed meaningfully and efficiently. Proceeding without materials that Defendants were previously ordered to produce risks the need to reopen depositions, resulting in additional expense and further delay. We do not believe Plaintiffs should be placed in that position because Defendants have yet to fulfill their discovery obligations.

We understand that the City anticipates producing the individual officers' emails next week. Please confirm that timeline and provide a firm date by which the remaining responsive discovery will be produced, including the outstanding Monell-related materials. We expect Defendants to prioritize completing these obligations so that depositions can proceed without further unnecessary delay.

We remain willing to coordinate deposition dates and are continuing to work toward completing the remaining discovery. However, we cannot meaningfully proceed with the affected depositions until Defendants produce all outstanding discovery materials and we have had a reasonable opportunity to review them. We recognize that the December 1 discovery deadline is approaching, but any discussion of an extension must account for the substantial discovery that remains outstanding and the delays resulting from Defendants' incomplete production. We are not prepared to agree to scheduling modifications that merely accommodate further delay without a definite timetable for full compliance.

We also need a meaningful counteroffer to our outstanding settlement offer. Before the parties expend the considerable additional time and resources necessary to complete discovery, we expect Defendants to provide a meaningful response so that we can determine whether resolution is possible or whether the parties must continue to incur the substantial costs of litigation.

For our part, we continue working to obtain the requested native files from our clients. We expect to produce Ndi's native Meta files this month and are working to produce Raio's native files on the same schedule.

We would prefer to resolve these issues cooperatively and avoid further motion practice. Nevertheless, given the Court's prior ruling and the considerable time that has elapsed without full compliance, absent prompt production and a definite timetable for completing

the remaining discovery, Plaintiffs will have to consider seeking further relief from the Court.

Please provide the requested production dates and a meaningful counteroffer to our settlement offer so that we can determine how best to proceed.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002

ACLJ

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Sent:** Wednesday, October 7, 2026 1:54 PM
**To:** Lindsey Bachman <lbachman@aclj.org>; Tracy Turner <tturner@aclj.org>; Wendy Bohan <Wendy.Bohan@cityofchicago.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Liam Harrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc:** Eric.Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Hannah Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan Sun <Ryan.Sun@cityofchicago.org>; Nura Zaki <Nura.Zaki@cityofchicago.org>
**Subject:** RE: Raio v City of Chicago, et al - 25 C 02709

HI Lindsey,

Would Thursday (10/8) at 3PM Central work for you?

Thanks!

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW

---

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Tuesday, October 6, 2026 3:55 PM
**To:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Tracy Turner <tturner@aclj.org>; Wendy Bohan <Wendy.Bohan@cityofchicago.org>; ccompagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; gsurtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; lharrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Hannah Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan Sun <Ryan.Sun@cityofchicago.org>; Nura Zaki <Nura.Zaki@cityofchicago.org>
**Subject:** Re: Raio v City of Chicago, et al - 25 C 02709

[Warning: External email]

Hi Ellen,

Thanks for speaking with me earlier today. This email is to confirm our understanding that the depositions currently scheduled in this matter will be rescheduled.

We'd like to set up a call this week to discuss alternative dates and coordinate a revised schedule. Please let us know your team's availability for a call this week, and we will coordinate accordingly. Thanks.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Sent:** Wednesday, September 30, 2026 6:40 PM
**To:** Tracy Turner <tturner@aclj.org>; Wendy Bohan <Wendy.Bohan@cityofchicago.org>; Lindsey Bachman <lbachman@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Liam Harrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc:** Eric.Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Hannah Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan Sun <Ryan.Sun@cityofchicago.org>; Nura Zaki <Nura.Zaki@cityofchicago.org>
**Subject:** Raio v City of Chicago, et al - 25 C 02709

Dear Counsel,

I'm attaching two amended discovery documents:

- We have updated our Rule 26 disclosures.
- We have amended the City's RFP responses to conform to the discussions between the parties regarding the scope of the City's objections and production.

Also attached are the City's objections and responses to the Rule 30(b)(6) matters.

I hope you've been able to access the document production we shared today. We will continue to review and process the additional documents as quickly as we can.

Thanks,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520

Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW

# Exhibit R

**Subject:** RE: Raio v City of Chicago, et al - 25 C 02709
**Date:** Friday, October 9, 2026 at 6:44:57 PM Eastern Daylight Time
**From:** Ellen McLaughlin
**To:** Lindsey Bachman, Tracy Turner, Wendy Bohan, Christy Compagnone, Ben Sisney, Geoffrey Surtees, Nathan Moelker, Liam Harrell, Garrett Taylor
**CC:** Eric.Seeleman, Hannah Pitcher, Hannah Gelbort, Ryan Sun, Nura Zaki
**Category:** Litify
**Attachments:** image001.jpg, image002.jpg

Dear Lindsey and ACLJ Team,

Thank you for your email. We write to respond and to confirm what we agreed to during our October 8 video conference.

**Depositions.** Plaintiffs are cancelling their notices for non-party Officer Zatora and all Defendant Officers except Defendant Sutor, whose deposition remains set for November 12. Defendants are cancelling their notices for Plaintiffs while Plaintiffs complete their production. The parties will work to reschedule the Defendant Officers' depositions for the weeks of November 9 and November 16, and Plaintiffs' depositions for the week of November 16. Please note that we believe that Defendant Jackson will be on furlough and is not expected to be available until mid-December.

**Defendants' production.** We disagree with your characterization of the Court's order. Dkt. 70 required the parties to meet and confer and directed Defendants to specify their objections and identify any issues by August 18, 2026. It did not order Defendants to produce specific materials by any date certain. Defendants have complied. The parties met and conferred, Defendants clarified their objections, and Defendants have since produced additional documents. We anticipate a further production, including the Defendant Officers' emails, as early as next week. We expect that production to complete written discovery on the individual claims.

**Bifurcation.** We understand Plaintiffs oppose bifurcation. Because the Monell claims depend on first establishing an underlying constitutional violation, we believe staying Monell discovery is the most efficient path. It would likely narrow or eliminate the remaining Monell discovery, including the Rule 30(b)(6) depositions and Officer Zatora's deposition. We will send a draft motion for your review and will include your position as the Court requires.

**Plaintiffs' production.** Thank you for the text messages produced to date. On our call, you anticipated producing all of Plaintiffs' communications by October 30. We will look for a production by that date and will include responsive communications from all platforms (texts, Meta, email, and any other messaging apps).

**Schedule.** With production outstanding and Defendant Jackson unavailable until mid-December, the December 1 deadline is likely unworkable. We will be willing to confer on a joint proposal for a modest extension.

**Settlement.** Defendants have considered Plaintiffs' demand and are unable to accept it or make a counteroffer at this time, but we are open to revisiting the possibility of settlement as the case proceeds.

Sincerely,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Friday, October 9, 2026 10:18 AM
**To:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Tracy Turner <tturner@aclj.org>; Wendy Bohan <Wendy.Bohan@cityofchicago.org>; ccompagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; gsurtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; lharrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Hannah Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan Sun <Ryan.Sun@cityofchicago.org>; Nura Zaki <Nura.Zaki@cityofchicago.org>
**Subject:** Re: Raio v City of Chicago, et al - 25 C 02709

[Warning: External email]

Ellen,

Thank you for meeting with us yesterday. We wanted to follow up on several issues discussed during our meeting, particularly the City's outstanding discovery obligations and their impact on the remaining schedule.

First, with respect to the City's proposed bifurcation, which was raised for the first time during our conference yesterday, we have discussed the matter internally and do not agree

that bifurcation of the Monell claims is appropriate. Plaintiffs' claims arise from a common nucleus of operative fact, and separating them at this stage would create unnecessary duplication, increase litigation costs, and further delay resolution of this matter. More fundamentally, we do not believe that the City's continued inability to complete its discovery production provides a justification for restructuring the litigation.

Our principal concern remains Defendants' longstanding failure to complete discovery responses that the Court has already ordered them to produce. Months have passed since the Court directed Defendants to fulfill their discovery obligations, yet substantial responsive materials remain outstanding. The Court has already addressed these obligations, and Defendants have had considerable time to comply.

As we discussed, the continued absence of this discovery has already necessitated postponement of the individual officer depositions scheduled to begin October 15. Plaintiffs are entitled to review the relevant discovery before conducting those depositions so that the examinations can proceed meaningfully and efficiently. Proceeding without materials that Defendants were previously ordered to produce risks the need to reopen depositions, resulting in additional expense and further delay. We do not believe Plaintiffs should be placed in that position because Defendants have yet to fulfill their discovery obligations.

We understand that the City anticipates producing the individual officers' emails next week. Please confirm that timeline and provide a firm date by which the remaining responsive discovery will be produced, including the outstanding Monell-related materials. We expect Defendants to prioritize completing these obligations so that depositions can proceed without further unnecessary delay.

We remain willing to coordinate deposition dates and are continuing to work toward completing the remaining discovery. However, we cannot meaningfully proceed with the affected depositions until Defendants produce all outstanding discovery materials and we have had a reasonable opportunity to review them. We recognize that the December 1 discovery deadline is approaching, but any discussion of an extension must account for the substantial discovery that remains outstanding and the delays resulting from Defendants' incomplete production. We are not prepared to agree to scheduling modifications that merely accommodate further delay without a definite timetable for full compliance.

We also need a meaningful counteroffer to our outstanding settlement offer. Before the parties expend the considerable additional time and resources necessary to complete discovery, we expect Defendants to provide a meaningful response so that we can determine whether resolution is possible or whether the parties must continue to incur the substantial costs of litigation.

For our part, we continue working to obtain the requested native files from our clients. We

expect to produce Ndi's native Meta files this month and are working to produce Raio's native files on the same schedule.

We would prefer to resolve these issues cooperatively and avoid further motion practice. Nevertheless, given the Court's prior ruling and the considerable time that has elapsed without full compliance, absent prompt production and a definite timetable for completing the remaining discovery, Plaintiffs will have to consider seeking further relief from the Court.

Please provide the requested production dates and a meaningful counteroffer to our settlement offer so that we can determine how best to proceed.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Sent:** Wednesday, October 7, 2026 1:54 PM
**To:** Lindsey Bachman <lbachman@aclj.org>; Tracy Turner <tturner@aclj.org>; Wendy Bohan <Wendy.Bohan@cityofchicago.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Liam Harrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc:** Eric.Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Hannah Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan Sun <Ryan.Sun@cityofchicago.org>; Nura Zaki <Nura.Zaki@cityofchicago.org>
**Subject:** RE: Raio v City of Chicago, et al - 25 C 02709

HI Lindsey,

Would Thursday (10/8) at 3PM Central work for you?

Thanks!

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW

---

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Tuesday, October 6, 2026 3:55 PM
**To:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Tracy Turner <tturner@aclj.org>; Wendy Bohan <Wendy.Bohan@cityofchicago.org>; ccompagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; gsurtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; lharrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Hannah Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan Sun <Ryan.Sun@cityofchicago.org>; Nura Zaki <Nura.Zaki@cityofchicago.org>
**Subject:** Re: Raio v City of Chicago, et al - 25 C 02709

[Warning: External email]

Hi Ellen,

Thanks for speaking with me earlier today. This email is to confirm our understanding that the depositions currently scheduled in this matter will be rescheduled.

We'd like to set up a call this week to discuss alternative dates and coordinate a revised schedule. Please let us know your team's availability for a call this week, and we will coordinate accordingly. Thanks.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Sent:** Wednesday, September 30, 2026 6:40 PM
**To:** Tracy Turner <tturner@aclj.org>; Wendy Bohan <Wendy.Bohan@cityofchicago.org>; Lindsey Bachman <lbachman@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Liam Harrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc:** Eric.Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Hannah Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan Sun <Ryan.Sun@cityofchicago.org>; Nura Zaki <Nura.Zaki@cityofchicago.org>
**Subject:** Raio v City of Chicago, et al - 25 C 02709

Dear Counsel,

I’m attaching two amended discovery documents:

- We have updated our Rule 26 disclosures.
- We have amended the City’s RFP responses to conform to the discussions between the parties regarding the scope of the City’s objections and production.

Also attached are the City’s objections and responses to the Rule 30(b)(6) matters.

I hope you’ve been able to access the document production we shared today. We will continue to review and process the additional documents as quickly as we can.

Thanks,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW