# **Exhibit 3**

Emails Regarding Coordination of Filing Discovery Motion

**Subject:** RE: Raio v City of Chicago, et al - 25 C 02709
**Date:** Friday, October 23, 2026 at 4:43:55 PM Eastern Daylight Time
**From:** Ellen McLaughlin
**To:** Lindsey Bachman, Tracy Turner, Wendy.Bohan, Christy Compagnone, Ben Sisney, Geoffrey Surtees, Nathan Moelker, Liam Harrell, Garrett Taylor
**CC:** Eric.Seeleman, Hannah Pitcher, Hannah.Gelbort, Ryan.Sun, Nura.Zaki
**Category:** Litify
**Attachments:** image001.jpg, image002.jpg

Dear Counsel,

As to the motion to bifurcate, we will include your position and request to file a written response. We dispute Plaintiffs' characterization of the timing of motion to bifurcate. This is not a joint discovery motion, but Defendants' own motion, and we have satisfied the Local Rules and the Court's standing order by providing you with an opportunity to state your position—and even providing you with the full motion as a courtesy after notifying you of our intent to seek this relief weeks ago.

Under the Court's standing order regarding discovery disputes, different and more extensive procures apply to your proposed joint discovery motion, which you sent us only last night, October 22, 2026, just before 6:00PM Central Time. Including Defendants' substantive position into the motion and revising the motion to be sufficiently "joint" to comply with the Court's standing order will require more time than what Plaintiffs have demanded. Nor have the parties complied with the meet and confer requirement for this motion—indeed, Defendants cannot tell from the draft what the substantive discovery issues in dispute actually are, other than the bifurcation issue, which will be separately briefed for the court and need not be raised in this motion. Although we do believe that Plaintiffs have outstanding discovery obligations, we are willing to allow Plaintiffs the opportunity to cure them before we seek intervention from the Court.

Thank you,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Friday, October 23, 2026 1:25 PM
**To:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Tracy Turner <tturner@aclj.org>; Wendy Bohan <Wendy.Bohan@cityofchicago.org>; ccompagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; gsurtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; lharrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Hannah Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan Sun <Ryan.Sun@cityofchicago.org>; Nura Zaki <Nura.Zaki@cityofchicago.org>
**Subject:** Re: Raio v City of Chicago, et al - 25 C 02709

[Warning: External email]

Dear Counsel,

Plaintiffs' position is that bifurcation would not serve the interests of judicial efficiency, as the *Monell* claims do not rise or fall with the officers' liability, Defendants have not established an undue burden from discovery, and bifurcation would prejudice Plaintiffs. Plaintiffs will file a response to Defendants' motion on Monday, October 26. Please include this position and our request to file a written response in your motion.

Regarding the joint discovery motion, if the City believes revisions are necessary, please make those revisions directly to the draft and provide your substantive positions and proposed compromises. Simply objecting to the draft without offering proposed revisions does nothing to advance resolution of these disputes.

You provided your proposed bifurcation motion on October 22 without identifying any deadline for our response. Yet, in your email today at 11:50 a.m. CT, you gave us barely three hours to respond before your planned filing. Given your decision to proceed on this expedited schedule and notice the motion for Wednesday, we intend to seek resolution of the outstanding discovery disputes on the same schedule. **Please return your proposed revisions to our joint discovery motion, including the City's substantive positions, by 4:00 p.m. CT today.**

If the City proceeds with filing its bifurcation motion today and we do not receive your revisions by that deadline, we will proceed with filing our discovery motion today and advise the Court of the circumstances surrounding the City's failure to provide its positions.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002

ACLJ

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Sent:** Friday, October 23, 2026 12:50 PM
**To:** Lindsey Bachman <lbachman@aclj.org>; Tracy Turner <tturner@aclj.org>; Wendy.Bohan <Wendy.Bohan@cityofchicago.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Liam Harrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc:** Eric.Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Hannah.Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan.Sun <Ryan.Sun@cityofchicago.org>; Nura.Zaki <Nura.Zaki@cityofchicago.org>
**Subject:** RE: Raio v City of Chicago, et al - 25 C 02709

Dear Counsel,

We plan to file Defendants' Motion to Bifurcate by **3PM Central today** so that we can notice it for presentment next Wednesday morning, per the Court's standing order. To comply with the meet and confer requirement, we will indicate that we provided the motion to Plaintiffs for review prior to filing, and that Plaintiffs oppose the motion. If that is inaccurate, please let us know before 3PM Central so that we can edit the motion accordingly. If Plaintiffs would like to include a request to file a written opposition to the motion and include a date for such filing, we're happy to add that request as well.

We believe the draft joint discovery motion you've provided fails to comply with the Court's

standing order, which requires that such a motion "must set out each issue in a separate section and include in that section each party's position (with appropriate legal authority) and proposed compromise. (This process allows a side-by-side analysis of each disputed issue.)." Nor are we able to sign on to the "background" section as currently drafted, as it contains irrelevant material and inappropriate party argument. Please revise the joint motion accordingly, and we will then review it and provide Defendants' positions.

Thank you for undertaking the additional searches for responsive materials we have requested and for agreeing to update your responses to indicate the materials that have been lost or destroyed. We are still working to understand Plaintiffs' production. Could you please identify the folders that contain the encrypted messages for each Plaintiff's Meta account, so that we can confirm those documents have been retrieved and produced? And can you confirm whether one-to-one Meta communications exists or existed between Ndi and Dhamala during the period covered by the RFPs?

We are working to obtain dates for the Defendant Officers' depositions.

Thank you,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW

---

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Thursday, October 22, 2026 5:54 PM
**To:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Tracy Turner <tturner@aclj.org>; Wendy Bohan <Wendy.Bohan@cityofchicago.org>; ccompagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; gsurtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; lharrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Hannah Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan Sun <Ryan.Sun@cityofchicago.org>; Nura Zaki <Nura.Zaki@cityofchicago.org>
**Subject:** Re: Raio v City of Chicago, et al - 25 C 02709

[Warning: External email]

Dear Counsel,

Thank you for the additional productions. We are reviewing the materials and will advise if we encounter any issues accessing them. We are also in receipt of your motion to bifurcate.

**Defendants' Outstanding Discovery**

While we appreciate the additional productions, Defendants' discovery obligations remain outstanding. We have repeatedly requested complete production sufficiently in advance of depositions to allow meaningful review and preparation. The City has had ample time to complete its production, yet we remain without confirmation of when all responsive materials will be produced.

With the December 1 discovery deadline approaching, continued uncertainty is unworkable. To that end, we have attached a proposed Joint Discovery Motion for your review. Please provide the City's position on the outstanding disputes, as well as identify precisely what remains outstanding, so that we can promptly finalize the motion for submission to the Court by Monday at 1:00 p.m. CT.

**Defendant Officer Depositions**

We appreciate your efforts to obtain dates for the remaining defendant officers. Although November 9–20 was our preferred window, we are willing to accommodate dates outside that period, provided the depositions occur before December 1. Please provide the officers' availability through the discovery deadline. Given the limited time remaining, we must schedule these depositions now.

**Rule 30(b)(6) and Officer Zatora Depositions**

We strongly disagree with the City's proposal to suspend negotiations concerning the Rule 30(b)(6) topics and defer scheduling the Rule 30(b)(6) witness(es) as well as Officer Zatora.

The parties have already engaged in the meet-and-confer process, and Plaintiffs recently provided detailed, substantive responses to the City's objections, including concessions intended to narrow the remaining disputes. It makes little sense to abandon that process now simply because the City intends to seek bifurcation.

While we now have your draft of the bifurcation motion, it has not been filed with the Court. More importantly, there is no Court Order staying *Monell* discovery. The City's preference to defer discovery at this late hour is not a substitute for a court order. The December 1

deadline remains in effect, and Defendants are obligated to comply with it. We do not agree that the City may unilaterally suspend discovery while awaiting a ruling on a motion it has yet to file.

Accordingly, we expect the City to continue negotiating the remaining Rule 30(b)(6) issues in good faith and promptly provide deposition dates for its corporate witness(es) and Officer Zatora. We are available to confer next week and expect the City to participate in resolving the remaining disputes.

We will timely review the proposed bifurcation motion and confirm our opposition for inclusion in the filing. In the meantime, discovery must proceed.

**Plaintiffs' Depositions**

We also disagree with the City's refusal to confirm Plaintiffs' deposition dates based on alleged deficiencies in Plaintiffs' discovery production.

The City requested completion of Plaintiffs' native-file production by October 30. That deadline has not passed. Plaintiffs have already made substantial supplemental productions, and counsel has devoted considerable time and resources to collecting, reviewing, and producing responsive materials. We are promptly investigating the additional questions identified in your email and will supplement as appropriate. But the City cannot reasonably insist that every follow-up question be resolved before it will even confirm deposition dates.

We previously offered November 4 for Ndi's deposition and November 11 or 12 for Raio's deposition. Ndi is relocating to Washington State on November 5 for missionary work, and Raio has limited availability to travel to Chicago before the December 1 deadline. Those dates were provided to accommodate in-person depositions. If the City cannot proceed on those dates, the parties will need to arrange remote depositions on mutually agreeable dates before the deadline. We have included this issue in the discovery motion in the event the City declines to proceed on the existing dates or objects to remote depositions if those dates are moved.

Moreover, while we will continue to work in good faith towards any remaining items the City feels are missing, the City will have the opportunity to question Plaintiffs directly concerning the communications, recordings, and collection efforts identified in your email. The existence of follow-up discovery questions is not a sufficient reason to leave depositions unscheduled indefinitely.

Please confirm whether the City will proceed on the dates offered or agree to remote depositions.

**Search and Production of Plaintiffs' Communications**

We take issue with the suggestion that Plaintiffs have failed to conduct adequate searches for responsive communications. Plaintiffs and counsel have undertaken extensive efforts to identify, preserve, collect, and produce responsive materials. Those efforts have included traveling to Chicago on the next business day after you raised your concerns to meet with our clients and review accounts and devices, providing detailed preservation and collection instructions, reviewing available electronic communications, and conducting repeated follow-up inquiries. We certainly take discovery obligations seriously.

As to the specific issues raised:

- **End-to-end encrypted Meta messages:** These messages have already been produced. The Meta exports contained three separately labeled categories—Encrypted, Archived, and Inbox—all of which were included in our production. The Encrypted category contains the actual message content. Accordingly, to our knowledge, all responsive Meta messages from these categories have been produced.
- **Messenger communications between Dhamala and Ndi:** Plaintiffs conducted diligent searches for responsive communications and produced the materials identified through those searches.
- **Telegram communications:** We have specifically contacted our clients concerning the reference to Telegram and are awaiting their responses. We will promptly advise once we have additional information.
- **Communications with media outlets:** Plaintiffs have not intentionally withheld responsive communications concerning podcasts, interviews, or other media appearances. We are following up with our clients to confirm whether any additional responsive communications exist.
- **Email, Instagram, and TikTok:** Plaintiffs have confirmed that no responsive communications occurred through these platforms.

**Privilege Claims**

Plaintiffs have not withheld additional documents on privilege grounds in connection with the supplemental productions made after the September 16 privilege log.

**Dhamala Video and Other Potentially Unavailable Documents**

We have been working with Dhamala and the other Plaintiffs to locate the video referenced in your email. Locating that particular recording has proven challenging, and we have not located it at this time, although we are still investigating whether other avenues may be available to locate it. If we locate it, we will promptly produce it. If our efforts are ultimately unsuccessful, we will address the applicable supplementation requirements in our RFP responses.

We also note that the December 10 incident was extensively recorded. Ndi livestreamed

the event, Raio made additional recordings, and the responding officers were equipped with body-worn cameras. Substantial contemporaneous footage is therefore available to both parties. The suggestion that the absence of this particular recording has left the underlying events undocumented would be unfounded.

**Presence Evangelism Book and related communications**

We have reviewed *Presence Evangelism* and do not believe it is responsive to RFP No. 19, which seeks texts relating to Plaintiffs' alleged religious belief that amplified street preaching is required. The book addresses evangelism generally, and therefore we believe it is nonresponsive. Nevertheless, we will obtain a copy and produce the book. For the same reason, we do not believe communications concerning its drafting or editing are responsive to Defendants' requests.

**Dhamala Street Performer License**

Dhamala obtained a physical street performer license in January 2025, but the document was subsequently lost and is no longer in his possession. Despite efforts to locate it, the license has not been found. We will supplement our discovery responses as appropriate.

**Bates Stamping of Native Files**

The native files were produced with Bates-stamped placeholders identifying the corresponding materials. We are reviewing the production format and will advise if any additional clarification is necessary.

**Next Steps**

Please provide the remaining defendant officers' deposition availability, dates for the City's Rule 30(b)(6) witness(es) and Officer Zatora, confirmation of Plaintiffs' deposition dates, and a firm timetable for completing the City's outstanding productions. Please provide Defendants' portion of the discovery motion by Monday. We will likewise work to respond to your bifurcation motion soon.

We remain available to confer next week, but these matters need to move forward without further delay.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO

Washington, DC 20002

ACLJ

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Sent:** Thursday, October 22, 2026 1:06 PM
**To:** Lindsey Bachman <lbachman@aclj.org>; Tracy Turner <tturner@aclj.org>; Wendy.Bohan <Wendy.Bohan@cityofchicago.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Liam Harrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc:** Eric.Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Hannah.Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan.Sun <Ryan.Sun@cityofchicago.org>; Nura.Zaki <Nura.Zaki@cityofchicago.org>
**Subject:** RE: Raio v City of Chicago, et al - 25 C 02709

Dear Counsel,

Attached is a draft of Defendants' Joint Motion to Bifurcate for your review and consideration. We would like to include a summary of Plaintiff's position in the highlighted section titled "Local Rule 37.2 Statement." (The other highlights are just reminders to include exhibits and update the filing date.)

Sincerely,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW