# EXHIBIT 3

## PLAINTIFFS' OCTOBER 9, 2026 EMAIL

Outstanding Discovery and Deposition Scheduling

Outlook

## Re: Raio v City of Chicago, et al - 25 C 02709

**From** Lindsey Bachman <lbachman@aclj.org>
**Date** Fri 10/9/2026 11:17 AM
**To** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Tracy Turner <tturner@aclj.org>; Wendy Bohan <Wendy.Bohan@cityofchicago.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Liam Harrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc** Eric.Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Hannah Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan Sun <Ryan.Sun@cityofchicago.org>; Nura Zaki <Nura.Zaki@cityofchicago.org>

Ellen,

Thank you for meeting with us yesterday. We wanted to follow up on several issues discussed during our meeting, particularly the City's outstanding discovery obligations and their impact on the remaining schedule.

First, with respect to the City's proposed bifurcation, which was raised for the first time during our conference yesterday, we have discussed the matter internally and do not agree that bifurcation of the Monell claims is appropriate. Plaintiffs' claims arise from a common nucleus of operative fact, and separating them at this stage would create unnecessary duplication, increase litigation costs, and further delay resolution of this matter. More fundamentally, we do not believe that the City's continued inability to complete its discovery production provides a justification for restructuring the litigation.

Our principal concern remains Defendants' longstanding failure to complete discovery responses that the Court has already ordered them to produce. Months have passed since the Court directed Defendants to fulfill their discovery obligations, yet substantial responsive materials remain outstanding. The Court has already addressed these obligations, and Defendants have had considerable time to comply.

As we discussed, the continued absence of this discovery has already necessitated postponement of the individual officer depositions scheduled to begin October 15. Plaintiffs are entitled to review the relevant discovery before conducting those depositions so that the examinations can proceed meaningfully and efficiently. Proceeding without materials that Defendants were previously ordered to produce risks the need to reopen depositions, resulting in additional expense and further delay. We do not believe Plaintiffs should be placed in that position because Defendants have yet to fulfill their discovery obligations.

We understand that the City anticipates producing the individual officers' emails next week. Please confirm that timeline and provide a firm date by which the remaining responsive discovery will be produced, including the outstanding Monell-related materials. We expect Defendants to prioritize completing these obligations so that depositions can proceed without further unnecessary delay.

We remain willing to coordinate deposition dates and are continuing to work toward completing the remaining discovery. However, we cannot meaningfully proceed with the affected depositions until Defendants produce all outstanding discovery materials and we have had a reasonable opportunity to

review them. We recognize that the December 1 discovery deadline is approaching, but any discussion of an extension must account for the substantial discovery that remains outstanding and the delays resulting from Defendants' incomplete production. We are not prepared to agree to scheduling modifications that merely accommodate further delay without a definite timetable for full compliance.

We also need a meaningful counteroffer to our outstanding settlement offer. Before the parties expend the considerable additional time and resources necessary to complete discovery, we expect Defendants to provide a meaningful response so that we can determine whether resolution is possible or whether the parties must continue to incur the substantial costs of litigation.

For our part, we continue working to obtain the requested native files from our clients. We expect to produce Ndi's native Meta files this month and are working to produce Raio's native files on the same schedule.

We would prefer to resolve these issues cooperatively and avoid further motion practice. Nevertheless, given the Court's prior ruling and the considerable time that has elapsed without full compliance, absent prompt production and a definite timetable for completing the remaining discovery, Plaintiffs will have to consider seeking further relief from the Court.

Please provide the requested production dates and a meaningful counteroffer to our settlement offer so that we can determine how best to proceed.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Sent:** Wednesday, October 7, 2026 1:54 PM
**To:** Lindsey Bachman <lbachman@aclj.org>; Tracy Turner <tturner@aclj.org>; Wendy Bohan <Wendy.Bohan@cityofchicago.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Liam Harrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc:** Eric.Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>;

Hannah Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan Sun <Ryan.Sun@cityofchicago.org>; Nura Zaki <Nura.Zaki@cityofchicago.org>
**Subject:** RE: Raio v City of Chicago, et al - 25 C 02709

HI Lindsey,

Would Thursday (10/8) at 3PM Central work for you?

Thanks!

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW

---

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Tuesday, October 6, 2026 3:55 PM
**To:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Tracy Turner <tturner@aclj.org>; Wendy Bohan <Wendy.Bohan@cityofchicago.org>; ccompagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; gsurtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; lharrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Hannah Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan Sun <Ryan.Sun@cityofchicago.org>; Nura Zaki <Nura.Zaki@cityofchicago.org>
**Subject:** Re: Raio v City of Chicago, et al - 25 C 02709

[Warning: External email]

Hi Ellen,

Thanks for speaking with me earlier today. This email is to confirm our understanding that the depositions currently scheduled in this matter will be rescheduled.

We'd like to set up a call this week to discuss alternative dates and coordinate a revised schedule. Please let us know your team's availability for a call this week, and we will coordinate accordingly. Thanks.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO

Washington, DC 20002

ACLJ

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Sent:** Wednesday, September 30, 2026 6:40 PM
**To:** Tracy Turner <tturner@aclj.org>; Wendy Bohan <Wendy.Bohan@cityofchicago.org>; Lindsey Bachman <lbachman@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Liam Harrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc:** Eric.Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Hannah Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan Sun <Ryan.Sun@cityofchicago.org>; Nura Zaki <Nura.Zaki@cityofchicago.org>
**Subject:** Raio v City of Chicago, et al - 25 C 02709

Dear Counsel,

I'm attaching two amended discovery documents:

- We have updated our Rule 26 disclosures.
- We have amended the City's RFP responses to conform to the discussions between the parties regarding the scope of the City's objections and production.

Also attached are the City's objections and responses to the Rule 30(b)(6) matters.

I hope you've been able to access the document production we shared today. We will continue to review and process the additional documents as quickly as we can.

Thanks,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW