# EXHIBIT 4

## DEFENDANTS' OCTOBER 9, 2026 EMAIL

Discovery, Depositions, Bifurcation, and Scheduling

Outlook

## RE: Raio v City of Chicago, et al - 25 C 02709

**From** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>

**Date** Fri 10/9/2026 6:44 PM

**To** Lindsey Bachman <lbachman@aclj.org>; Tracy Turner <tturner@aclj.org>; Wendy Bohan <Wendy.Bohan@cityofchicago.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Liam Harrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>

**Cc** Eric.Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Hannah Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan Sun <Ryan.Sun@cityofchicago.org>; Nura Zaki <Nura.Zaki@cityofchicago.org>

Dear Lindsey and ACLJ Team,

Thank you for your email. We write to respond and to confirm what we agreed to during our October 8 video conference.

**Depositions.** Plaintiffs are cancelling their notices for non-party Officer Zatora and all Defendant Officers except Defendant Sutor, whose deposition remains set for November 12. Defendants are cancelling their notices for Plaintiffs while Plaintiffs complete their production. The parties will work to reschedule the Defendant Officers' depositions for the weeks of November 9 and November 16, and Plaintiffs' depositions for the week of November 16. Please note that we believe that Defendant Jackson will be on furlough and is not expected to be available until mid-December.

**Defendants' production.** We disagree with your characterization of the Court's order. Dkt. 70 required the parties to meet and confer and directed Defendants to specify their objections and identify any issues by August 18, 2026. It did not order Defendants to produce specific materials by any date certain. Defendants have complied. The parties met and conferred, Defendants clarified their objections, and Defendants have since produced additional documents. We anticipate a further production, including the Defendant Officers' emails, as early as next week. We expect that production to complete written discovery on the individual claims.

**Bifurcation.** We understand Plaintiffs oppose bifurcation. Because the Monell claims depend on first establishing an underlying constitutional violation, we believe staying Monell discovery is the most efficient path. It would likely narrow or eliminate the remaining Monell discovery, including the Rule 30(b)(6) depositions and Officer Zatora's deposition. We will send a draft motion for your review and will include your position as the Court requires.

**Plaintiffs' production.** Thank you for the text messages produced to date. On our call, you anticipated producing all of Plaintiffs' communications by October 30. We will look for a production by that date and will include responsive communications from all platforms (texts, Meta, email, and any other messaging apps).

**Schedule.** With production outstanding and Defendant Jackson unavailable until mid-December, the December 1 deadline is likely unworkable. We will be willing to confer on a joint proposal for a modest extension.

**Settlement.** Defendants have considered Plaintiffs' demand and are unable to accept it or make a counteroffer at this time, but we are open to revisiting the possibility of settlement as the case proceeds.

Sincerely,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

---

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Friday, October 9, 2026 10:18 AM
**To:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Tracy Turner <tturner@aclj.org>; Wendy Bohan <Wendy.Bohan@cityofchicago.org>; ccompagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; gsurtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; lharrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Hannah Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan Sun <Ryan.Sun@cityofchicago.org>; Nura Zaki <Nura.Zaki@cityofchicago.org>
**Subject:** Re: Raio v City of Chicago, et al - 25 C 02709

[Warning: External email]

Ellen,

Thank you for meeting with us yesterday. We wanted to follow up on several issues discussed during our meeting, particularly the City's outstanding discovery obligations and their impact on the remaining schedule.

First, with respect to the City's proposed bifurcation, which was raised for the first time during our conference yesterday, we have discussed the matter internally and do not agree that bifurcation of the Monell claims is appropriate. Plaintiffs' claims arise from a common nucleus of operative fact, and separating them at this stage would create unnecessary duplication, increase litigation costs, and further delay resolution of this matter. More fundamentally, we do not believe that the City's continued inability to complete its discovery production provides a justification for restructuring the litigation.

Our principal concern remains Defendants' longstanding failure to complete discovery responses that the Court has already ordered them to produce. Months have passed since the Court directed Defendants to fulfill their discovery obligations, yet substantial responsive materials remain outstanding. The Court has already addressed these obligations, and Defendants have had considerable time to comply.

As we discussed, the continued absence of this discovery has already necessitated postponement of the individual officer depositions scheduled to begin October 15. Plaintiffs are entitled to review the relevant discovery before conducting those depositions so that the examinations can proceed meaningfully and efficiently. Proceeding without materials that Defendants were previously ordered to produce risks the need to reopen depositions, resulting in additional expense and further delay. We do not believe Plaintiffs should be placed in that position because Defendants have yet to fulfill their discovery obligations.

We understand that the City anticipates producing the individual officers' emails next week. Please confirm that timeline and provide a firm date by which the remaining responsive discovery will be produced, including the outstanding Monell-related materials. We expect Defendants to prioritize completing these obligations so that depositions can proceed without further unnecessary delay.

We remain willing to coordinate deposition dates and are continuing to work toward completing the remaining discovery. However, we cannot meaningfully proceed with the affected depositions until Defendants produce all outstanding discovery materials and we have had a reasonable opportunity to review them. We recognize that the December 1 discovery deadline is approaching, but any discussion of an extension must account for the substantial discovery that remains outstanding and the delays resulting from Defendants' incomplete production. We are not prepared to agree to scheduling modifications that merely accommodate further delay without a definite timetable for full compliance.

We also need a meaningful counteroffer to our outstanding settlement offer. Before the parties expend the considerable additional time and resources necessary to complete discovery, we expect Defendants to provide a meaningful response so that we can determine whether resolution is possible or whether the parties must continue to incur the substantial costs of litigation.

For our part, we continue working to obtain the requested native files from our clients. We expect to produce Ndi's native Meta files this month and are working to produce Raio's native files on the same schedule.

We would prefer to resolve these issues cooperatively and avoid further motion practice. Nevertheless, given the Court's prior ruling and the considerable time that has elapsed without full compliance, absent prompt production and a definite timetable for completing the remaining discovery, Plaintiffs will have to consider seeking further relief from the Court.

Please provide the requested production dates and a meaningful counteroffer to our settlement offer so that we can determine how best to proceed.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Sent:** Wednesday, October 7, 2026 1:54 PM
**To:** Lindsey Bachman <lbachman@aclj.org>; Tracy Turner <tturner@aclj.org>; Wendy Bohan <Wendy.Bohan@cityofchicago.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Liam Harrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc:** Eric.Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Hannah Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan Sun <Ryan.Sun@cityofchicago.org>; Nura Zaki <Nura.Zaki@cityofchicago.org>
**Subject:** RE: Raio v City of Chicago, et al - 25 C 02709

HI Lindsey,

Would Thursday (10/8) at 3PM Central work for you?

Thanks!

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW

---

**From:** Lindsey Bachman <lbachman@aclj.org>
**Sent:** Tuesday, October 6, 2026 3:55 PM
**To:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>; Tracy Turner <tturner@aclj.org>; Wendy Bohan <Wendy.Bohan@cityofchicago.org>; ccompagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; gsurtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; lharrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc:** Eric Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Hannah Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan Sun <Ryan.Sun@cityofchicago.org>; Nura Zaki <Nura.Zaki@cityofchicago.org>
**Subject:** Re: Raio v City of Chicago, et al - 25 C 02709

[Warning: External email]

Hi Ellen,

Thanks for speaking with me earlier today. This email is to confirm our understanding that the depositions currently scheduled in this matter will be rescheduled.

We'd like to set up a call this week to discuss alternative dates and coordinate a revised schedule. Please let us know your team's availability for a call this week, and we will coordinate accordingly. Thanks.

Best regards,

Lindsey C. Bachman
Senior Litigation Counsel
American Center for Law & Justice
Admitted in TX and MO
Washington, DC 20002

CONFIDENTIALITY & METADATA NOTICE:

This message and any attached documents contain information from the American Center for Law and Justice (ACLJ) that may be confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute, or use this information. All recipients are hereby notified that any metadata contained in any document attached to this message has been sent inadvertently and should not be reviewed without the consent of the ACLJ. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Ellen McLaughlin <Ellen.McLaughlin@cityofchicago.org>
**Sent:** Wednesday, September 30, 2026 6:40 PM
**To:** Tracy Turner <tturner@aclj.org>; Wendy Bohan <Wendy.Bohan@cityofchicago.org>; Lindsey Bachman <lbachman@aclj.org>; Christy Compagnone <ccompagnone@aclj.org>; Ben Sisney <bsisney@aclj.org>; Geoffrey Surtees <gsurtees@aclj.org>; Nathan Moelker <nmoelker@aclj.org>; Liam Harrell <lharrell@aclj.org>; Garrett Taylor <gtaylor@aclj.org>
**Cc:** Eric.Seeleman <Eric.Seeleman@cityofchicago.org>; Hannah Pitcher <Hannah.Pitcher@cityofchicago.org>; Hannah Gelbort <Hannah.Gelbort@cityofchicago.org>; Ryan Sun <Ryan.Sun@cityofchicago.org>; Nura Zaki <Nura.Zaki@cityofchicago.org>
**Subject:** Raio v City of Chicago, et al - 25 C 02709

Dear Counsel,

I'm attaching two amended discovery documents:

- We have updated our Rule 26 disclosures.
- We have amended the City's RFP responses to conform to the discussions between the parties regarding the scope of the City's objections and production.

Also attached are the City's objections and responses to the Rule 30(b)(6) matters.

I hope you've been able to access the document production we shared today. We will continue to review and process the additional documents as quickly as we can.

Thanks,

Ellen Wight McLaughlin
Chief Assistant Corporation Counsel, Constitutional & Commercial Litigation Division
City of Chicago Department of Law
2 N. LaSalle Street, Suite 520
Chicago, IL 60602
312.742.5147
Ellen.mclaughlin@cityofchicago.org
www.cityofchicago.org/law

LAW