**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| BRETT RAIO, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 1:25-cv-02709 |
| | ) | |
| v. | ) | Honorable Sara L. Ellis |
| | ) | |
| CITY OF CHICAGO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE JOINT DISCOVERY MOTION <u>WITHOUT DEFENDANTS' COMPLETED PORTION</u>**

Defendants Officers Mario L. Jackson, Nico A. Sutor, Michael P. Joyce, and William E. Gatlin, Sergeant Carlos R. Camey Sandoval, Lieutenant Michael Petraski (the "Defendant Officers"), and the City of Chicago, by their attorneys, respectfully request that this Court deny Plaintiffs' Motion for Leave to File Joint Discovery Motion Without Defendants' Completed Portion, Dkt. 81, and require Plaintiffs to comply with Local Rule 37.2 and the Court's format and content requirements for joint discovery motions.

**FACTUAL BACKGROUND**

Defendants state the following factual history regarding the parties' communications as relevant to Plaintiffs' Motion.

- On October 8, 2026 at or around 3pm CDT, during a meet and confer conducted via videoconference, Defendants informed Plaintiffs that they intended to file a motion to bifurcate, explained the grounds for that motion, and sought Plaintiffs' position on it. *See* ECF No. 81-2 at 156. Plaintiffs indicated during that call that they would likely oppose the motion. *See id.* In a subsequent correspondence, Plaintiffs stated that they opposed Plaintiff's plan to seek bifurcation and a stay of *Monell* discovery. *Id.*

- At 12:07pm CDT on October 22, Defendants sent Plaintiffs a draft of their Motion to Bifurcate as a courtesy, indicating that Defendants would like to include a summary of Plaintiff's position in the motion. ECF No. 81-3 at 10.

- Just before 6pm CDT on October 22, Plaintiffs provided a draft Joint Discovery Motion to Defendants, asking Defendants to provide any edits and a portion stating their "position" by October 26. *Id.* at 5–6. Plaintiffs had not previously indicated they would be preparing such a motion and did not propose a time to meet and confer on the motion. *See id*.

- At 11:50am CDT on October 23, Defendants informed Plaintiffs that Defendants planned to file their Motion to Bifurcate by 3pm that day, and that "[t]o comply with the meet and confer requirement, we will indicate that we provided the motion to Plaintiffs for review prior to filing, and that Plaintiffs oppose the motion." *Id.* at 4. Defendants asked Plaintiffs to inform Defendants before 3pm (1) if that was inaccurate, so that the motion could be edited accordingly, and (2) if Plaintiffs would like Defendants to include a request and proposed date for Plaintiffs to file a written opposition to the Motion. *Id.*

- At 1:25pm CDT on October 23, Plaintiffs demanded Defendants' edits to and position on their draft Joint Discovery Motion by 4pm the same day, still without any meet and confer. *Id.* at 3.

- At 3:44pm CDT on October 23, Defendants responded that "[i]ncluding Defendants' substantive position into the [Joint Discovery] motion and revising the motion to be sufficiently 'joint' to comply with the Court's standing order will require more time than what Plaintiffs have demanded." Defendants also noted that "the parties [have not] complied with the meet and confer requirement for this motion—indeed, Defendants cannot tell from the draft what the substantive discovery issues in dispute actually are, other than the bifurcation issue, which will be separately briefed for the court and need not be raised in this motion." *Id.* at 2.

- Just after 7pm CDT on October 23, Plaintiffs filed their (1) Motion for Leave to File Attached Joint Discovery Motion Without Defendants' Completed Portion, Dkt. 81; (2) Joint Motion Regarding Discovery Dispute, Dkt. 81-1; (3) 169 pages of "Exhibits for Proposed Motion," Dkt. 81-2; and (4) 11 pages of "Emails Regarding Coordination of Filing Discovery Motion," Dkt. 81-3.

## ARGUMENT

### I. Plaintiffs Failed To Comply With Local Rule 37.2.

Plaintiffs' rushed filing of their one-sided "Motion for Leave to File Joint Discovery Motion Without Defendants' Completed Portion" blatantly flouts Local Rule 37.2 and this Court's meet and confer requirements. The Court's Standing Order provides that

> The Court will not hear or consider any discovery motions unless the parties have complied with the meet and confer requirement under Local Rule 37.2. Any

> discovery motion must state with specificity when and how the movant complied with Local Rule 37.2.[1]

The Standing Order further specifies that "**good faith effort** to resolve discovery disputes" typically requires "**communication that takes place face to face or by telephone**."[2]

Plaintiffs first raised the issue of a discovery motion just before 6pm CDT on Thursday, October 22, when they sent Defendants their draft discovery motion without proposing any meet and confer. Over Defendants' objections that (1) the draft motion failed to comply with the Court's formatting and content requirements for discovery motions, and (2) the parties had not satisfied the Court's meet and confer requirement, Plaintiffs filed their "Motion for Leave to File Joint Discovery Motion Without Defendants' Completed Portion" the very next day, October 23. Neither Plaintiffs' Motion for Leave nor its substantive proposed "Joint Discovery Motion" contains a Rule 37.2 statement.

The Court should reject Plaintiffs' attempt to unilaterally opt out of Local Rule 37.2 and the Court's requirements regarding good faith communication to resolve discovery disputes. Instead, Plaintiffs should be required to meet and confer with Defendants regarding any outstanding discovery disputes and, if necessary, work collaboratively with Defendants to prepare a discovery motion that is "Joint" in more than name.

## II. Plaintiffs' Motion Does Not Comply with the Court's Standing Order Governing the Form and Content of Joint Discovery Motions.

This Court should also reject Plaintiffs' "Motion for Leave to File Joint Discovery Motion Without Defendants' Completed Portion" because their proposed discovery motion violates the Court's Standing Order's requirements for such motions. The Court's Standing

[1] Judge Sara L. Ellis, Case Procedures, Discovery Motions, https://www.ilnd.uscourts.gov/judge_display.php?LastName=Ellis (last visited Oct. 27, 2026).

[2] *Id.*

Order provides that, if the parties are not able to resolve a discovery dispute via meet and confers,

> the parties must file a **joint** motion of no more than five pages. The joint motion must set out each issue in a separate section and include in that section each party's position (with appropriate legal authority) and proposed compromise. (This process allows a side-by-side analysis of each disputed issue.)[3]

Plaintiffs' proposed discovery motion disregards those requirements in just about every way possible. *First*, it is not "joint"—it was drafted entirely by Plaintiffs, who rejected Defendants' request for sufficient time to weigh in. *Second*, it does not "set out each issue in a separate section." It features only a lengthy and convoluted "Factual Background" section and a single section regarding "Plaintiffs' Position" on numerous matters. *Third*, it fails to "include in that section each party's position"; again, it includes only Plaintiffs' position (indeed, in the draft shared with Defendants and submitted to the Court, Plaintiffs allocated themselves four pages, leaving a single page for Defendants' contribution, Dkt. 81-1 at 5). *Fourth*, it includes no proposed compromises (nor could it, given that the parties did not confer). *Finally*, Plaintiffs' submission of 180 pages of "Exhibits for Proposed Motion" and "Emails Regarding Coordination of Filing Discovery Motion," Dkt. 81-2; Dkt. 81-3, flies in the face of the Court's five-page limit.

## III. Defendants' Motion to Bifurcate Does Not Excuse Plaintiffs' Noncompliance with the Court's Standing Order and Local Rule 37.2.

Plaintiffs cannot justify their failure to comply with Local Rule 37.2 or the Court's Standing Order by pointing to Defendants' Motion to Bifurcate.

[3] *Id.*

*First*, a party has an independent duty to comply with the Local Rules and the Court's Standing Order; that duty is not excused even if there were noncompliance by another party in another aspect of the litigation (there was no such noncompliance here).

*Second*, the Court should reject Plaintiffs' attempt to create a false equivalence between Defendants' filing of their Motion to Bifurcate and Plaintiffs' filing of their "Motion for Leave to File Joint Discovery Motion Without Defendants' Completed Portion." Defendants first raised their Motion to Bifurcate to Plaintiffs on October 8 (over *two weeks* before it was filed), explaining the grounds for the motion and seeking Plaintiffs' position. In contrast, Plaintiffs filed their "Motion for Leave to File Joint Discovery Motion Without Defendants' Completed Portion" just over 24 hours after first raising any discovery motion and providing their draft to Defendants. And, importantly, Defendants' Motion to Bifurcate is not a joint discovery motion that requires Plaintiffs' substantive input. Defendants satisfied their obligations on that motion by ascertaining Plaintiffs' opposition in advance of filing. Providing the full draft motion to Plaintiffs was a courtesy, not a requirement. Plaintiffs' proposed "Joint Discovery Motion," on the other hand, is clearly covered by Local Rule 37.2's meet and confer requirement as well as the Court's Standing Order imposing content and format requirements on such joint discovery motions.

**CONCLUSION**

For all these reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave to File Joint Discovery Motion Without Defendants' Completed Portion, Dkt. 81, and require Plaintiffs to comply with Local Rule 37.2 and the Court's format and content requirements for joint discovery motions.

Date: October 27, 2026

Respectfully submitted,

RENEE CAMILLE HATCHER,
Acting Corporation Counsel for
the City of Chicago

By: /s/ Ellen W. McLaughlin
Chief Assistant Corporation Counsel

ELLEN W. MCLAUGHLIN
ellen.mclaughlin@cityofchicago.org
HANNAH L. PITCHER
hannah.pitcher@cityofchicago.org
City of Chicago Department of Law
2 North LaSalle Street, Suite 520
Chicago, Illinois 60602
(312) 742-5147 / -6238
*Attorneys for Defendant City of Chicago*

ERIC SEELEMAN
eric.seeleman@cityofchicago.org
NURA ZAKI
nura.zaki@cityofchicago.org
City of Chicago Department of Law
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 742-3902
*Attorneys for Defendant Officers*